UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKYLINE SOFTWARE SYSTEMS, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KEYHOLE, INC., )<br>)<br>Defendant. )<br>) | Civil Action No. 04-11129 DPW<br><br>JURY TRIAL REQUESTED |

### DECLARATION OF JOHN HANKE IN SUPPORT OF
### KEYHOLE, INC.'S MOTION TO TRANSFER VENUE

1.  I am currently Chief Executive Officer of Keyhole, Inc., a Delaware corporation ("Keyhole"). I make this affidavit in support of Keyhole's motion to transfer venue. I have personal knowledge of the following facts and could competently testify as to their truth.

2.  I have been Chief Executive Officer of Keyhole for four (4) years.

3.  In my capacity as Chief Executive Officer, I am responsible for managing Keyhole's strategic operations and management. I also supervise day-to-day affairs related to sales, marketing, and development.

4.  Keyhole is a small company with its principal and sole place of business at Mountain View, California, which I am informed and believe is located in the Northern District of California.

5.  Keyhole uses advanced 3D graphics and network streaming innovations to deliver 3D digital models of the entire earth via the Internet.

6.  I was deeply involved in the research and development of the accused products.

7.  All of Keyhole's 34 employees are located in Mountain View, California. Two former employees, Phil Keslin and Don Hatch, also reside in Northern California. Mr. Keslin is Keyhole's former Chief Technology Officer, and was involved in the design and development of

the accused Keyhole technology. Mr. Hatch is a former Keyhole software engineer who was also involved in the design and development of the accused Keyhole technology.

8. Keyhole does not have any employees in Massachusetts. Keyhole does not have any documents or equipment located in Massachusetts.

9. All of Keyhole's documents are located at our offices in Mountain View, California. This includes all documents related to corporate strategy, engineering, research, development, manufacture, assembly, sales revenue, costs, distribution, and marketing of the accused products.

10. All work related to the research, design, development, and manufacturing of the accused Keyhole products occurred and continues to occur in Mountain View, California.

11. Keyhole has only two or three corporate customers located in Massachusetts. Keyhole's contact with these customers is limited to installations of software upgrades.

12. All work related to Keyhole's strategic sales activities, decision-making, revenue forecasting, advertising, marketing, distribution, compensation, product development, product roll-out and new product development occurred and continues to occur in Mountain View, California.

13. The industry in which Keyhole participates is characterized by frequent advances in technology, with constantly evolving customer needs and intense competition. As a result, Keyhole must constantly design, develop, market and sell new and enhanced products and services. Failure to do so could result in a loss of market share, brand value and revenue. Participation of Keyhole's management team and key employees is critical at every stage of the product/service-introduction process. The extended absence of these employees could delay the introduction, market acceptance or availability of new or enhanced products or services.

14. Keyhole has a small management team, consisting primarily of Michael Jones, Daniel Lederman, Brian McCLendon, Bill Kilday, Noah Doyle, and myself. Each of us participates in day-to-day decisions and actions that directly impact Keyhole's bottom line. The management team is responsible for various activities including writing contracts, developing

and approving sales and marketing promotions, and planning and executing engineering releases. The management team regularly deals with unexpected and unforeseen events that frequently arise in this industry. In the event that any of us were required to travel to Massachusetts for court proceedings, with rare exceptions, there would be no one within Keyhole who could step in and take over those responsibilities, resulting in a detrimental impact to the company. Such effects would be vastly reduced if the action were to proceed in Northern California, where all of these employees (including myself) are stationed and reside.

15. In addition, I would also suffer personal hardship if I were required to travel to Massachusetts for court proceedings. As a father of two young children, anytime away from my family would result in personal hardship.

I declare under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the foregoing is true and correct. Executed, this 1st day of November 2004, at Mountain View, California.

_____
John Hanke

22472/00401/LIT/1204392.2