RECEIVED
Clerk's Office
USDC, Mass.
Date 11-17-04
By Cuto
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SKYLINE SOFTWARE SYSTEMS, INC. )
   Plaintiff, )
) CIVIL ACTION NO. 04-111DPW
v. )
)
KEYHOLE, INC., )
   Defendant. )

## PLAINTIFF SKYLINE SOFTWARE SYSTEMS INC.'S
## OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE

Plaintiff Skyline Software Systems, Inc. ("Skyline") submits this memorandum of law in opposition to the motion of Defendant Keyhole Inc. ("Keyhole") to transfer this case to the Northern District of California. For the reasons set forth below and in the accompanying Declaration of Ronald Yaron, Keyhole's motion should be denied.

### INTRODUCTION

Skyline is a small company with firm ties to Massachusetts that has chosen this judicial forum to litigate a case involving the infringement of one of its patents in this state. Skyline's primary United States office and most of its United States employees work and reside in Massachusetts, including its President and co-inventor of the patent in suit. Skyline has no significant presence in any other forum, particularly California, and to try this case elsewhere would be a hardship on the company. As plaintiff, Skyline's choice of forum is favored, and should be disturbed only for exceptional circumstances, which clearly do not exist in this case.

Skyline filed this patent infringement suit against Keyhole on May 28, 2004. In its complaint, Skyline alleges infringement, contributory infringement, and inducement of

infringement by Keyhole of United States Patent No. 6,496,189 (the '189 Patent), entitled "Remote Landscape Display and Pilot Training," which was duly and legally issued to Skyline on December 17, 2002. Rather than defend the case in this forum, where acts of infringement continue to take place, Keyhole has requested that the suit be transferred to its home district because of its opinion that, as a patent infringement case, the litigation is necessarily "defendant-centric" and that Keyhole's business will "placed on hold" if members of its "entire" management team are forced to travel to Massachusetts to participate in the trial.

While Keyhole's wholly solipsistic approach to the venue issue presents an ominous and inaccurate picture of what will happen if the case is allowed to proceed here, its arguments for transfer overlook the great weight that should be given to Skyline's choice of forum, minimize Keyhole's presence in Massachusetts, and exaggerate the impact that a trial here will have on Keyhole's operations in California. According to Keyhole's logic, the strong presumption in favor of the plaintiff's choice of forum should apparently give way in a patent case to the accused infringer's home district because any other venue would fail to accommodate the "defendant-centric" nature of the dispute. Simply put, that is not the law. Not only does this argument focus solely on the defendant, but it also ignores the basic facts that support Skyline's choice of forum amd the well-established factors considered by district courts in evaluating a motion to transfer that strongly favor the plaintiff's choice of forum.

Keyhole's motion really addresses only part of one factor: the convenience of Keyhole. Although Keyhole's brief and supporting affidavits refer to a number of documents and witnesses presently located in California, Keyhole neglects to

acknowledge that a substantial number of witnesses and documents also are located in Massachusetts and elsewhere. Moreover, Keyhole glosses over the fact that, by virtue of the nature of its business, it has a *national* presence with considerable activity, including infringement of Skyline's patent in this state, its infringing patent is marketed to residents of this state, and its conduct adversely effects one of this state's corporate residents.

For these reasons, Keyhole does not satisfy its heavy burden to overcome the plaintiff's choice of forum, and this Court should deny the motion to transfer and allow the case to remain in Skyline's home state of Massachusetts.

## ARGUMENT

A. <u>Keyhole has the Burden of Establishing that the Factors Weigh Strongly in Favor of Transfer.</u>

There is a strong presumption in favor of Skyline's choice of forum. *Nowak v. Tak How Investments Ltd.*, 94 F.3d 708, 719 (1st Cir. 1996), *cert. denied* 520 U.S.1155 (1997). Skyline's choice of forum should not be disturbed unless the Court finds that the balance of these factors weighs "strongly" in favor of transfer. *Id.* Moreover, "[t]ransfer is inappropriate if the effect is merely to shift inconvenience from one party to another." *Braley v. Sportec Products Co.*, 2002 DNH 133, 2002 WL 1676293 at *6 (D.N.H. 2002) (quoting *Buckley v. McCraw-Hill, Inc.*, 762 F.Supp 430, 439 (D.N.H. 1991)); *Camar Corp. v. N.R. Acquisition Corp.*, 1997 WL 118419 (D. Mass. 1997). Keyhole has the burden of proof of overcoming the strong presumption in favor of Skyline's chosen forum. *F.A.I. Electronics,* 944 F. Supp. at 80 (citing *Shipley Company, Inc. v. Clark*, 728 F. Supp. 818, 822 (D. Mass. 1990)). The factors to be balanced to determine whether the strong presumption in favor of the plaintiff's choice of forum should be overcome are as follows:

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; and (6) any practical problems associated with trying the case most expeditiously and inexpensively.
> *F.A.I. Electronics Corp. v. Chambers*, 944 F. Supp. 77, 80-81 (D. Mass. 1996) (citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947).

The court should also consider factors of public interest, including Massachusetts' interest in the present case. *Gulf Oil*, 330 U.S. at 508-509.

B.   Skyline's Choice of Massachusetts as a Forum Should Not Be Disturbed.

As noted, Skyline's choice to bring this action in Massachusetts is entitled to great weight. *See Shipley*, 728 F. Supp. at 823 (citing *Home Owners Funding Corp. of America v. Century Bank*, 695 F. Supp. 1343, 1347 (D. Mass. 1988)). The plaintiff's choice of forum is rarely disturbed unless, after balancing the factors described above, the court finds that the balance is *strongly* in favor of transfer. *Gulf Oil,* 330 U.S. at 508. Importantly, "no single factor is dispositive." *Little Bay Lobster Co. v. Daley,* 2001 DNH 12, 2001 WL 274797 at *2 (D.N.H. 2001). Thus, courts first balance factors of convenience (the "private interests") and factors of "public interest," which encompass a determination of the "center of gravity," and then determine whether the balance tips so strongly in favor of transfer that the rare circumstance exists when the plaintiff's choice of forum should be disturbed.

Contrary to Keyhole's statements that Massachusetts has only minimal connection to or interest in this action, *see* Keyhole Brief, p. 14, Massachusetts has a strong connection to Skyline and an interest in Keyhole's activities directed toward this state, and is therefore the appropriate forum for this action. Skyline's primary United

4

States office is located in Massachusetts. While Skyline does have two employees in Virginia, *five of its seven employees* in the United States are located in its Woburn, Massachusetts office. *See* Declaration of Aharon "Ronnie" Yaron ("Yaron Declaration") at ¶ 2 (attached hereto as Exhibit A). Most of Skyline's marketing, sales, and management activities occur in Massachusetts. Yaron Declaration at ¶ ¶ 2, 3. For example, Mr. Yaron, who is the President of Skyline, is located in Massachusetts and supervises most of Skyline's employees from that office. Yaron Declaration at ¶ 3. As a co-inventor of the '189 patent, Mr. Yaron will undoubtedly play a critical role in this case. *See* Yaron Declaration at ¶ ¶ 6, 7. Mr. Yaron and other employees in Woburn have a direct, identifiable connection to this forum. It is therefore a complete mischaracterization to suggest that Skyline's presence in this state is negligible or fortuitous, for there is no dispute that Massachusetts is Skyline's home forum, and that having to litigate this case elsewhere will have a detrimental impact on the company. All of Skyline's non-United States employees are employed at its development center in Israel.

Keyhole attempts to downplay its presence in Massachusetts. Keyhole states that it is "only remotely connected to Massachusetts, maintaining only a few corporate customers [in the state]." Keyhole Brief, p. 14. Notably, Keyhole admits that it in fact has corporate customers in Massachusetts. As a result, Keyhole admits that acts of infringement have occurred in Massachusetts. Keyhole also admits that venue for this action exists in Massachusetts. It is clear that Keyhole's internet based service, is targeted to customers throughout the United States and therefore is marketed to

5

Massachusetts residents.[1/]  Because of these facts, it is virtually certain that Keyhole will continue to sell products which infringe these patents in Massachusetts.

C.   The Convenience of Witnesses and the Parties

1.   The Location of Keyhole Witnesses Is Not Dispositive.

Where, as here, potential witnesses reside in the plaintiff's choice of forum, the inconvenience to the defendant and its witnesses is not substantially greater than the inconvenience to the plaintiff and the plaintiff's witnesses. *Shipley Co., Inc. v. Clark*, 728 F.Supp. at 824.  Therefore, a motion to transfer such as Keyhole's, that would merely shift the inconvenience to the plaintiff should be denied. *Id.* at 824 n. 16; *Camar Corp. v. N.R. Acquisition Corp.*, 1997 WL 118419 (D. Mass. 1997).  In *Camar*, for example, defendants sought to transfer venue from this forum to the District Court for the District of Maryland, where one of them had its usual place of business and many of the disputed activities had occurred.  After laying out and weighing the *Gulf Oil* factors, this Court denied the defendants' motion, noting "there is no jurisdiction in which litigation would be entirely convenient for all three parties" and that transfer of venue "would simply be trading one inconvenience for another," which in itself was sufficient grounds to respect the plaintiff's choice of forum and to deny transfer. *Id.* at *7. *See also Crosfield Hastech, Inc. v. Harris Corp.*, 672 F. Supp. 580, 589 (D.N.H. 1987) (holding that even if the defendants faced hardship in having to transport witnesses to New Hampshire, this hardship would be no greater than that incurred by the plaintiff in bringing its witnesses to Florida).

---

[1/]   In fact, Keyhole's internet home page advertises its Keyhole 2 PRO application in part by offering a free flyover "Boston Tour" that zeroes in on the celebrated baseball field Fenway Park. Yaron Declaration at ¶11. Undoubtedly, such a product would appeal greatly to Massachusetts residents who are Red Sox fans, of whom there are many.

Keyhole also argues that Skyline has two "significant relationships" with companies based in Northern California, and then concludes that Skyline employees "make regular visits" there. Keyhole Brief, pp. 4, 12. Here again, Keyhole has taken the liberty of presuming far too much. Contrary to Keyhole's assumptions, Skyline's relationship with Oracle has <u>never</u> required a visit to California. Skyline deals with Oracle's spatial database development group in New Hampshire and with its government business group in Virginia. Yaron Declaration at ¶ 5. Similarly, Skyline's relationship with Intel is mostly for marketing purposes and has never required a visit to California by anyone from Skyline. Yaron Affidavit at ¶ 5. Far from frequenting the West Coast, Skyline rarely travels there, thus making their required presence in that forum equally inconvenient and exceptional.

Additionally, Keyhole's claim that litigating this case in Massachusetts has the potential of being too costly for the company to bear must be taken for a grain of salt. On October 27, 2004, Keyhole was acquired by Google, the internet search engine company whose recent public offering raised billions of dollars. It is difficult to believe that one of the most cash rich companies in the United States cannot afford to pay for the airfare and hotel accommodations of executives. Skyline, with seven employees in the United States and ten in Israel, is smaller than Keyhole was even before it was it was acquired, making the equities clearly favor Skyline in terms of which company could more easily afford the cost and inconvenience of a trial outside its home district. Yaron Declaration at ¶¶ 9, 10.

As the Court observed in *Fairview Mach. & Tool Co.*, where witnesses are present in both jurisdictions, "[n]o matter where this case is tried, one side or the other will be inconvenienced." *Fairview Mach. & Tool Co., Inc. v. Oakbrook Intern., Inc.*, 56

7

F.Supp.2d 134, 141-42 (D.Mass. 1999). As a result, Keyhole's motion should be denied because transferring this case to California would only shift the alleged inconvenience from the resource-rich Keyhole to Skyline.

2. While the Location of Documents is a Factor of Reduced Weight, it also Supports Maintaining this Action in Massachusetts.

In this age of overnight courier service, and electronic document production, the factor of the physical location of documents is of reduced weight. *See Coady v. Ashcraft & Gerel*, 996 F.Supp. 95, 101 n.7 (D.Mass. 1998), *rev'd on other grounds,* 223 F.3d 1 (1st Cir. 2000) ("this factor is not given tremendous weight in this Court's assessment as documents are easily transported or reproduced"). Documents can be shipped from California to Massachusetts, in either hard copy or in electronic form, just as easily as they can from Massachusetts to California. Providing documentary discovery will not impose any undue burden on Keyhole, particularly since it is now part of Google. *See Buckley*, 762 F.Supp. at 440 (inconvenience faced by defendants in transporting documents offset by the financial strength of defendant). Conversely, Skyline is a comparably small operation, with no presence whatsoever in California. Yaron Declaration at ¶ 4. Documents relating to the conception and development of the inventions underlying the patents-in-suit are located in Massachusetts. Yaron Declaration at ¶ 8. Thus, the hard copy documents are located in both California and Massachusetts, which is clearly a factor that weighs against a transfer of this action to California.

D.  Keyhole's Argument on the "Center of Gravity" of the Infringement Is Misplaced.

Finally, Keyhole argues that patent litigation is uniquely "defendant-centric" in an attempt to have the Court ignore other considerations which, when balanced, do not come close to weighing so strongly in Keyhole's favor that Skyline's choice of forum should be disturbed.

In fact, even Keyhole's evaluation of the "center of gravity" in this case is inaccurate. Keyhole's inquiry into the center of gravity begins and ends with an examination of its infringing technology. Keyhole fails to mention that the center of gravity for the claim construction, damages, validity, and enforceability issues resides in Massachusetts. As described in more detail above, nearly all the inventors of and documents relating to the patent-in-suit will be found in Massachusetts. The prosecution of the patent-in-suit was handled by a Boston law firm. Consequently, the center of gravity does not reside in California.

The case law simply does not support Keyhole's argument. Those cases cited by Keyhole where the center of gravity is at issue all involve notably different facts. In fact, the majority of cases where courts that have found the rare occasion to disturb the plaintiff's choice of forum relied on other compelling factors, sometimes along with the center of gravity, as weighing in the decision to transfer. *See e.g., Ricoh Company, Ltd. v. Honeywell, Inc.*, 817 F.Supp. 473 (D.N.J. 1993) (Plaintiff was Japanese company with its principal place of business in Japan; had no offices, manufacturing facility or distributing facility in New Jersey; and no evidence that any relevant documents or witnesses were in New Jersey); *Morin v. Engelberth Construction, Inc.*, 1994 WL 287727 (D.N.H. 1994) (New Hampshire action transferred to Vermont because of existing action in Vermont

9

involving the same parties and same facts); *Coloplast A/S v. Amoena Corp.*, 25 U.S.P.Q.2d 1549 (S.D.N.Y.) (Defendant had no office or other facility in New York; the owner of the patent and evidence relating to the patent was in Denmark; and plaintiff failed to identify any potential witnesses in New York); *Mark I Marketing Corp. v. R.R. Donnelley & Sons Co.*, 25 U.S.P.Q.2d 1394 (S.D.N.Y. 1992) (All of plaintiff's witnesses located in Canada, equally convenient to travel to Chicago and New York); *Jarvis v. Marietta Corp.*, 1999 WL 638231 (N.D.Cal. 1999) (Plaintiff already involved in a suit in New York; defendant had no offices in California; and most of the witnesses and evidence were located in New York or, at least, more convenient to New York than California).

Thus, Keyhole's assertion that the center of gravity for this case is in California is both wrong and not a basis for transfer pursuant to 28 U.S.C § 1404(a). Keyhole's bald assertion that patent infringement suits are "defendant-centric" is not accurate and, when *all* the factors are considered, Keyhole cannot satisfy its heavy burden to demonstrate that the balance of the factors weighs strongly in favor of transfer.

## **CONCLUSION**

For the reasons set forth above, Skyline submits that Keyhole's motion to transfer should be denied.

                        SKYLINE SOFTWARE SYSTEMS, INC.
                        By its attorneys,

                        _____
                        H. Joseph Hameline, BBO #218710
                        Mintz, Levin, Cohn, Ferris,
                           Glovsky and Popeo, P.C.
                        One Financial Center
                        Boston, MA  02111
                        (617) 542-6000

November 17, 2004

LIT 1488083v1

11

## CERTIFICATE OF SERVICE

On this 17th day of November, 2004, I caused a true copy of this document to be served on defendant's counsel of record, Nelson G. Apjohn, Esq. of Nutter, McClennen & Fish LLP, World Trade Center West, 155 Seaport Blvd., Boston, MA 02210, by hand delivery, and Darryl M. Woo, Esq. of Fenwick & West LLP, Embarcadero Center West, 275 Battery St., San Francisco, CA 94111, by United States mail.

_____
H. Joseph Hameline

LIT 1488083v1

**EXHIBIT A**

RECEIVED
Clerk's ...
USDC, ...
Date 11-17-04
By \_\_\_\_\_ CML
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKYLINE SOFTWARE SYSTEMS, INC.<br>Plaintiff,<br><br>v.<br><br>KEYHOLE, INC.,<br>Defendant. | CIVIL ACTION NO. 04-111DPW |

### DECLARATION OF AHARON YARON IN SUPPORT OF SKYLINE'S OPPOSITION TO KEYHOLE'S MOTION TO TRANSFER VENUE

1.  I am the President of Skyline Software Systems, Inc. ("Skyline"), a Delaware corporation with its principal place of business located at 500 West Cummings Park, Suite 5960, Woburn, Massachusetts 01801. I make this affidavit in support of Skyline's opposition to the defendant's motion to transfer venue. I have personal knowledge of the following facts and could competently testify as to their truth.

2.  Skyline is a small company with seventeen employees. Seven of these employees work in the United States. Five of the employees work at Skyline's Woburn, Massachusetts office. The other two United States employees reside in Virginia and Florida. The remainder of Skyline's employees are based in Israel. Most of Skyline's marketing, sales, and management activities occur in Massachusetts.

3.  In my role as President of Skyline, I am based in and supervise all employees at the Woburn office. Additionally, I supervise Skyline's salesperson based in Florida and Skyline's employees at its research and development facility in Israel. All of this supervision takes place from Skyline's office in Woburn, Massachusetts.

4. Skyline does not have any documents or employees in California.

5. Skyline employees rarely travel to California. Although Skyline maintains a relationship with Oracle and Intel Corporation, both of which are headquartered in California, this business does not require travel to California. Skyline deals with Oracle through Oracle's New Hampshire based Spatial Database Development Group and its Government Business Group in Washington. The relationship with Intel is primarily for marketing purposes and does not require travel to California.

6. In addition to being President of Skyline, I am a co-inventor of United States Patent No. 6,496,189 (the '189 Patent), entitled "Remote Landscape Display and Pilot Training," which was duly and legally issued on December 17, 2002.

7. As co-inventor of the '189 Patent, I was deeply involved in the development of the technology behind the software it covers.

8. Many of the documents relating to the development of the software and related development of the '189 Patent are located at Skyline's Woburn, Massachusetts office.

9. Given the size of the company and the nature of the software industry, the absence of any one of Skyline's Massachusetts employees would result in a very real strain upon Skyline's operations.

10. In addition, I would suffer personal hardship if I were required to travel to California for court proceedings. I reside in Massachusetts, and my wife is expecting a child in January 2005. This time away from my family would create hardship on us all.

11. I noted in Keyhole's moving papers that Keyhole admits to having corporate customers located in Massachusetts. Based on my review of Keyhole's website

it is also clear that Keyhole advertises to and targets customers throughout the United States and, in particular, in Massachusetts. Indeed, Keyhole's Internet home page advertises one of its applications by offering a free flyer "Boston Tour" that focuses on Fenway Park.

I declare under the pains and penalties of perjury, in accordance with 28 U.S.C. § 1746, that the forgoing is true and correct.

_____
Aharon Yaron

November 16, 2004

LIT 1488583v1

3