IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKYLINE SOFTWARE SYSTEMS, INC. ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KEYHOLE, INC., ) <br> Defendant. ) <br> ) | CIVIL ACTION NO. 04-111DPW |

## SKYLINE SOFTWARE SYSTEMS INC.'S
## REPLY TO COUNTERCLAIM

Plaintiff / Defendant –in-Counterclaim Skyline Software Systems, Inc. ("Skyline") hereby replies to the Counterclaim of Defendant / Plaintiff-in-Counterclaim Keyhole Inc. ("Keyhole") as follows. The numbered paragraphs herein correspond to the numbered paragraphs of the Counterclaim.

### PARTIES, JURISDICTION AND VENUE

1. Skyline admits that Keyhole, Inc. is a corporation organized and existing under the laws of Delaware and has its principle place of business in Mountain View, California.

2. Skyline admits that it is a corporation organized and existing under the laws of Delaware and that it has its principal place of business at 500 West Cummings Park, Woburn, MA.

3. The allegations of Paragraph 3 of the Counterclaim state legal conclusions that require no answer; however, to the extent that an answer is deemed appropriate, Skyline admits that it contends infringement of its '189 patent.

4. The allegations of Paragraph 4 of the Counterclaim state legal conclusions that require no answer; however, to the extent that an answer is deemed appropriate, Skyline admits that this Court has jurisdiction over the Keyhole's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

5. The allegations of Paragraph 5 of the Counterclaim state legal conclusions that require no answer; however, to the extent that an answer is deemed appropriate, Skyline admits that it is subject to the personal jurisdiction in this judicial district because its corporate headquarters are within this District at 500 West Cummings Park, Woburn, MA.

6. The allegations of Paragraph 6 of the Counterclaim state legal conclusions that require no answer; however, to the extent that an answer is deemed appropriate, Skyline admits that venue is proper in this District pursuant to 28 U.S.C. § 1391(b). Skyline denies all further allegations contained in Paragraph 6.

7. Skyline admits that it has accused Keyhole of directly infringing, contributorily infringing, and inducing infringement of the '189 Patent. Keyhole's denial of these allegations speaks for itself and requires no response.

8. Skyline admits that it claims to be the sole owner of the '189 Patent.

## **FIRST COUNTERCLAIM – INVALIDITY**

9. Paragraph 9 requires no answer; however, Skyline incorporates each and every response contained in Paragraphs 1-8 of this Answer.

10. Skyline denies each and every allegation contained in Paragraph 10.

11. The allegations of Paragraph 11 of the Counterclaim state legal conclusions that require no answer.

12. The allegations of Paragraph 12 of the Counterclaim state legal conclusions that require no answer.

13. The allegations of Paragraph 13 of the Counterclaim state legal conclusions that require no answer; however, to the extent that an answer is deemed appropriate, Skyline denies the each and every allegation contained in Paragraph 13.

### SECOND COUNTERCLAIM -NONINFRINGEMENT

14. Paragraph 14 requires no answer; however, Skyline incorporates each and every response contained in Paragraphs 1-13 of this Answer.

15. Skyline denies each and every allegation made in Paragraph 15.

16. The allegations of Paragraph 16 of the Counterclaim state legal conclusions that require no answer.

17. The allegations of Paragraph 17 of the Counterclaim state legal conclusions that require no answer.

18. The allegations of Paragraph 18 of the Counterclaim state legal conclusions that require no answer; however, to the extent that an answer is deemed appropriate, Skyline denies the each and every allegation contained in Paragraph 18.

SKYLINE SOFTWARE SYSTEMS, INC.
By its attorneys,

_____
H. Joseph Hameline, BBO #218710
Mintz, Levin, Cohn, Ferris,
  Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

November 22, 2004

4

LIT 1458380v1

Case 1:04-cv-11129-DPW    Document 23    Filed 11/22/2004    Page 4 of 5

**CERTIFICATE OF SERVICE**

On this 22nd day of November, 204, I caused a true copy of this document to be served on defendant's counsel of record, Nelson G. Apjohn, Esq. of Nutter, McClennen & Fish LLP, World Trade Center West, 155 Seaport Blvd., Boston, MA 02210 and Darryl M. Woo, Esq. of Fenwick & West LLP, Embarcadero Center West, 275 Battery St., San Francisco, CA 94111 by U.S. mail.

H. Joseph Hameline