IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKYLINE SOFTWARE SYSTEMS, INC. )<br>Plaintiff, )<br>)<br>v. )<br>)<br>KEYHOLE, INC., )<br>Defendant. ) | CIVIL ACTION NO. 04-111DPW<br><br>*04cv11129*<br><br>**PROPOSED BRIEF** |

## PLAINTIFF'S SUR-REPLY BRIEF IN SUPPORT OF ITS OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE

**I. Introduction**

In its Reply Brief in Support of Its Motion to Transfer Venue ("Reply"), Keyhole has made a number of erroneous statements and questionable assertions about the law of transfer in patent cases that are intended only to complicate a relatively straightforward and easily applied principle of Federal Civil Procedure: the plaintiff's choice of forum is afforded great weight and will be disturbed only in particular circumstances, which are not present here.

Keyhole's Reply does little more than re-iterate the legal arguments made in Keyhole's first brief, stating that this litigation - by virtue of being a patent infringement suit - is "defendant-centric," and then inaccurately asserting circumstances by which it attempts to posit California as the center of the case.

## II. Argument

### A. Location of Witnesses is Only One Factor and Does Not Require Transfer to California.

Keyhole argues that by listing a number of potential witnesses located in California, most of whom have little relevant testimony, the Court should automatically discount the plaintiff's choice of forum in order to prevent Keyhole's defense from becoming "far more daunting." Reply at 7. While Keyhole's listing of potential "witnesses" evidences that individuals from California may testify, it incorrectly presupposes there will be no other witnesses from Massachusetts or elsewhere and, more importantly, that this factor alone should tip the scales in favor of Keyhole's preferred choice of forum.

Skyline has identified a number of witnesses in Massachusetts whose testimony is plainly relevant. In addition to Aharon (Ronnie) Yaron, who is Skyline's President, co-inventor of the '189 Patent, and a resident of Massachusetts, at least three other individuals who reside in Massachusetts would be called as witnesses. Specifically, Daphna Yaron, a key software developer at Skyline, Pinhas Goldman, another Skyline manager, and Joseph Faris, Skyline's accountant and financial advisor, are all Skyline witnesses that may testify at trial. Yaron Affidavit at ¶ 3. Additionally, both of Keyhole's customers in Massachusetts are likely witnesses. Similarly, another of Skyline's executives, Paul Collins, who lives in Virginia but is frequently in Massachusetts, would likely be a witness.

Keyhole further distorts the facts by claiming that Skyline's business would not suffer if the case were transferred to California, Reply at 7, stating that it is "entirely possible" that Skyline's Massachusetts sales employees travel extensively as part of their

regular job duties, including to Intel and Oracle in California.[1/] In fact, no Skyline employee has ever visited Oracle or Intel offices in California, nor do Skyline sales or other employees travel to California regularly. Yaron Affidavit at ¶ 4.

Finally, the second inventor of the '189 patent, Ofer Shor, as well as several senior developers for Skyline, reside in Tel Aviv, Israel. Yaron Affidavit at ¶ 6. The East Coast is much more convenient than California for these additional potential witnesses, not only in terms of travel time, but also in terms of time difference (10 hours). To require residents of Israel to travel to the United States would be inconvenient, but travel to the West Coast would clearly add to the burden, both in terms of time (24 hours travel time to California from Tel Aviv) and expense. Yaron Affidavit at ¶ 6. Keyhole's argument on the purported inconvenience of witnesses does not fly.

### B.    Skyline's Principal Place of Business Is Massachusetts.

In its Reply, Keyhole continues to downplay Skyline's presence in and connection to Massachusetts, and exaggerates Skyline's truly minimal connection to the Northern District of California. In fact, Skyline is a Massachusetts corporate resident with its headquarters and most of its United States employees working at its Woburn, Massachusetts offices. For example, Keyhole cites a press release posted on Skyline's website, describing a single September 2003 visit to a trade show in San Francisco made by Paul Collins. Based on this one visit, Keyhole argues that Skyline has a presence in California that is greater than Keyhole's presence in Massachusetts. The very press release which Keyhole offers as evidence of Skyline's California presence, however, clearly states that Skyline is *headquartered* in Woburn, Massachusetts. Yaron Affidavit

---

[1/]    Despite Keyhole's attempt to continue to portray itself as a small, close knit company following its acquisition by Google, it is difficult to believe that Google would allow its latest "specialty group" to fail because one or two of its employees had to travel to the East Coast.

3

Exh. A. As explained in Skyline's initial brief in opposition to Keyhole's Motion to Transfer Venue, the Virginia and Florida offices are essentially staffed by one person each, while all other Skyline United States employees live and work in Massachusetts. Yaron Affidavit at ¶ 3. Moreover, Mr. Collins rarely travels to California. Yaron Affidavit at ¶ 5. Additionally, United States Skyline customers contact Skyline's office in Massachusetts with questions or problems, and contact information for the Massachusetts office is all that is available on its website.[2/]

Notably, Keyhole admits that it has customers in Massachusetts and thereby infringes Skyline's patent in Massachusetts. Keyhole also advertises heavily through its web based marketing and now significantly through direct marketing on Google's web page. See Yaron Affidavit Exh. B. As Skyline's home forum, Massachusetts is the proper venue for this action.

### C. Case Law Overwhelmingly Favors the Plaintiff's Choice of Forum.

Keyhole's argument that the plaintiff's choice of forum has no weight in patent infringement cases ignores the well settled principal that the plaintiff's selected venue should rarely be disturbed. There is a presumption in favor of the plaintiff's chosen forum, Nowak v. Tak How Investments Ltd., 94 F.3d 708, 719 (1st Cir. 1996), which is particularly strong where the plaintiff has chosen his home forum. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255, 102 S.Ct. 252, 70 L.Ed. 2d 419 (1981). "When a plaintiff chooses his home forum, the choice more likely represents considerations of convenience, rather than vexation or harassment to the defendant, thus elevating the

---

[2/] See http://www.skylinesoft.com/corporate/about/about_contact-us.asp, which provides the address and telephone number of Skyline's Woburn, Massachusetts office. There is no contact information for Skyline's other United States offices on the Skyline website.

4

hurdle the defendant is required to clear to warrant transfer." Id. Keyhole has not surmounted that high hurdle.

Similarly, in patent infringement cases, this Court, as well as others, has recognized that "[b]ecause there is a presumption in favor of plaintiff's choice, transfer is not appropriate where its effect is merely to shift the inconvenience from one party to the other." Kleinerman v. Luxtron Corp., 107 F. Supp 2d 122, 125 (D. Mass. 2000) (citing Trans National Travel, Inc. d/b/a TNT Vacations v. Sun Pacific Int'l, Inc., 10 F. Supp. 2d 79, 81 (D. Mass. 1998); Anderson, 943 F. Supp. at 148; Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). Here, transfer would clearly only shift the burden to Skyline, while unfairly denying Skyline of its chosen forum purely based upon the fact that this is a patent infringement action.

In support of transfer, Keyhole has cited a string of patent cases that it claims supports its assertion that venue in patent cases is more appropriate in the defendant's home forum. Reply at 3. What Keyhole fails to explain, however, is that these cases - nearly half of which are from the Northern District of Illinois - involve circumstances that do not exist in this case. For example, in Recycling Sci. Int'l, Inc. v. Soil Restoration & Recycling, LLC, 159 F. Supp. 2d 1095 (N.D. Ill. 2001), as well as the other cases cited by Keyhole, *none* of the alleged acts of infringement occurred in the plaintiff's home forum nor had the defendant ever done business there. Keyhole has admitted that it has at least two Massachusetts customers and does business in this state. Transfer to the defendant's home forum in a patent infringement case is not appropriate where the plaintiff has chosen its home forum, the defendant has contacts with that forum, and transfer would only shift the burden.

5

### D. Keyhole's Relationship to Google Is Significant and Weighs Against Transfer.

Keyhole attempts in its Reply to downplay the significance of its recent acquisition by Google, arguing that Skyline is attempting to join Google as a "ghost" party to the litigation. Simply put, Google purchased Keyhole and all of Keyhole's employees have become Google employees. Keyhole's patent infringing product is featured prominently on its much heralded web page.[3] For Keyhole to suggest, as it does in its Reply, that Google and Keyhole are distinct in all aspects is disingenuous at best. In fact, immediately following Google's acquisition of Keyhole on October 28, 2004, it was announced that John Hanke, *former* CEO of Keyhole, would become the General Manager of *Google's Keyhole Group*. See Joe Francica, Editorial, "Google Acquires Keyhole" Directions Magazine, Oct. 29, 2004, Attached to Yaron Affidavit as Exhibit C.[4] Immediately following its acquisition by Google, Google reduced the price of one of "Keyhole's" products by more than half, as part of the new Google market approach. See id. Nevertheless, Keyhole continues to claim that, as a "small" business, it would face a financial and logistical crisis if a few members of Google's Keyhole Group were forced to travel to Massachusetts to attend a deposition or trial. In both its initial Brief and its Reply, Keyhole attempts to paint a picture of itself as the little guy, facing an opponent of equal if not greater financial strength and resources. When Google acquired Keyhole, any support for that argument died. Keyhole's arguments stressing the hardship and inconvenience to the company and employees should therefore be given little weight,

---

[3] In fact, a direct link to Keyhole's website has appeared on Google's search engine home page. Keyhole is also now listed as a "Google Tool," offered by Google "to help you get more done." See http://www.google.com/options/index.html, Yaron Affidavit Exh. B.

[4] A number of articles about Google's acquisition of Keyhole state that all of Keyhole's employees would be joining Google. Additionally, according to these articles, it was Google, and not Keyhole, that cut the price of Keyhole's product. See Yaron Affidavit Exh. D.

particularly given Google's enormous financial rescources. See <u>Kleinerman</u>, 107 F. Supp. 2d at 125 ("[T]here is a qualitative component to the balance of convenience which must focus on the comparative financial abilities of the parties and the cost of litigation should be borne by the party in the best position to absorb and spread it.") (citing <u>Anderson v. Century Products Co.</u>, 943 F. Supp. 137, 148 (D.N.H. 1996).

### III. Conclusion

For the reasons stated above and those contained in its initial Brief in Opposition to Keyhole's Motion to Transfer Venue, Skyline respectfully requests this Court to deny Keyhole's motion to transfer venue to the Northern District of California.

SKYLINE SOFTWARE SYSTEMS, INC.
By its attorneys,

_____
H. Joseph Hameline, BBO #218710
Mintz, Levin, Cohn, Ferris,
  Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

December 3, 2004

LIT 1491539v1

I HEREBY CERTIFY THAT A COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH PARTY BY MAIL/HAND ON 12/6/04

7