UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SKYLINE SOFTWARE SYSTEMS, INC. | ) | Civil Action No. 04-11129 DPW |
| Plaintiff, | ) | |
| v. | ) | |
| KEYHOLE, INC., | ) | |
| Defendant. | ) | |

**JOINT SCHEDULING CONFERENCE STATEMENT**

H. Joseph Hameline (BBO No. 218710)
**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPER, P.C.**
One Financial Center
Boston, MA  02111
Tel.  (617) 542-6000
Fax  (617) 542-2241
email: jhameline@mintz.com

Attorneys for Plaintiff and Counterdefendant,
SKYLINE SOFTWARE SYSTEMS, INC.

Nelson G. Apjohn (BBO No. 020373)
**NUTTER McCLENNEN & FISH LLP**
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
Tel.  (617) 439-2000
Fax:  (617) 310-9000
email: napjohn@nutter.com

Of Counsel

Darryl M. Woo, admitted *pro hac vice*
Maclain Wells, admitted *pro hac vice*
Kent E. Kemeny, admitted *pro hac vice*
**FENWICK & WEST LLP**
Embarcadero Center West
275 Battery Street
San Francisco, CA  94111
Tel.  (415) 875-2300
Fax  (415) 281-1350
email: dwoo@fenwick.com
email: mwells@fenwick.com
email: kkemeny@fenwick.com

Attorneys for Defendant and Counterclaimant
KEYHOLE, INC.

Plaintiff Skyline Software Systems, Inc. ("Skyline") and Defendant Keyhole, Inc. ("Keyhole"), the parties to the above-entitled action, jointly submit this Scheduling Conference Statement and [Proposed] Order pursuant to Local Rule 16.1 and the Notice of Scheduling Conference dated November 22, 2004.

**Nature of Case**

This is an action brought by Skyline against Keyhole alleging that Keyhole infringes U.S. Patent No. 6,496,189 ("the '189 patent") by making, selling, using, and/or offering for sale software systems and apparatus that practice the patented invention. The '189 patent, entitled "Remote Landscape Display and Pilot Training," issued on December 17, 2002, and relates to technology for providing an interactive three dimensional display of terrain data over a network using a client server architecture. The Complaint was filed on May 28, 2004. After unsuccessful efforts to resolve the case, Skyline served the Complaint on August 24, 2004.

On December 6, 2004, Skyline filed a motion to amend the Complaint to add Google Inc. ("Google") as a defendant in light of Google's acquisition of Keyhole as a wholly-owned subsidiary on or about October 27, 2004. On November 18, 2004, Google filed a Declaratory Judgment action against Skyline in the Northern District of California seeking declaratory relief with respect to Skyline's claims against Google with respect to the '189 patent. Skyline has filed a motion to dismiss the California action, which is currently noticed for hearing on January 26, 2005.

Keyhole asserts that this case should be transferred to the Northern District of California, and has filed a motion in that regard that is pending as of the date of this joint statement. In the event that the case remains in this district, Keyhole's defenses include its assertions: (i) that Skyline's claims are unenforceable and/or barred by the doctrines of laches, waiver, and/or estoppel; (ii) that Keyhole does not infringe and has not infringed any claim of the '189 patent; (iii) that the '189 patent is invalid; (iv) that Skyline is not entitled to any remedy due to its misuse of the patent; (v) that Skyline's complaint fails to state a claim upon which relief can be

granted; (vi) that Skyline should not pursue its claims in the District of Massachusetts under the doctrine of *forum non conveniens*; and (vii) that any finding of willful infringement based on an alleged failure to exercise due care is in violation of the Due Process Clause.  Keyhole has also asserted counterclaims for declaratory relief based on its affirmative defenses of non-infringement and invalidity.  Keyhole believes that the case can be narrowed or disposed of by the early conduct of a claims construction hearing.

In the event that the case remains in this district, the parties submit the following proposed schedules:

**Plaintiff's Proposed Schedule**

| Description | Plaintiff's Proposed Deadline |
|---|---|
| Fact Discovery Closes | June 10, 2005 |
| Expert Witness Disclosures on which party bears burden of proof | June 24, 2005 |
| Expert Witness Rebuttal Reports | July 22, 2005 |
| Expert Witness Reply Reports | August 19, 2005 |
| Depositions of Expert Witnesses Completed | September 30, 2005 |
| Filing of Disputed Claim Construction Issues and Proposed Claim Construction | October 14, 2005 |
| Filing of Summary Judgment Briefs – Combined with Claim Construction Briefing | November 14, 2005 |
| Trial | February, 2006 |

**Defendant's Proposed Schedule (with comparison to Plaintiff's Proposal)**

| Description | Defendant's Proposed Deadline | Plaintiff's Proposed Deadline |
|---|---|---|
| Discovery opens* (see discussion below) | December 21, 2004 | December 21, 2004 |
| Filing of Disputed Claim Construction Issues and Proposed Claim Constructions | March 4, 2005 | October 14, 2005 |
| Filing of Skyline's Opening Claim Construction Brief | March 4, 2005 | November 14, 2005 (combined with summary judgment briefing) |

3

| Description | Defendant's Proposed Deadline | Plaintiff's Proposed Deadline |
|---|---|---|
| Filing of Keyhole's Responsive Claim Construction Brief | March 25, 2005 | -- |
| Filing of Skyline's Reply Claim Construction Brief | April 8, 2005 | -- |
| Claim Construction Hearing | April 22, 2005 (or on Court's availability) | -- |
| Fact Discovery Cutoff | November 4, 2005 | June 10, 2005 |
| Expert Witness Disclosures on which party bears burden of proof | November 18, 2005 | June 24, 2005 |
| Expert Witness Rebuttal Reports | December 16, 2005 | July 22, 2005 |
| Expert Witness Reply Reports | No replies; proceed to expert depos | August 19, 2005 |
| Depositions of Expert Witnesses Completed | January 20, 2006 | September 30, 2005 |
| Filing of Summary Judgment or Other Dispositive Motions | February 10, 2006 | November 14, 2005 (combined with claim construction briefing) |
| Pretrial Conference | April 21, 2006 | -- |
| Trial Start Date | May 22, 2006 (or on Court's availability) | February, 2006 |

**Discovery Plan and Parties' Proposed Schedules**

The parties have agreed to the discovery limits set forth in LR 26.1(C), to wit: each side is presumptively limited to 10 depositions, 25 interrogatories, 25 requests for admissions, and 2 separate sets of requests for production. The parties have agreed to exchange infringement and invalidity contentions as part of written discovery.

While the parties suggest different dates, they also disagree on the sequence of events. Skyline believes that its proposed schedule efficiently sequences fact discovery, followed by expert reports and the filing of summary judgment motions combined with claim construction briefing. Skyline believes that its scheduling proposal will reduce costs to the parties and the

4

burden on the Court.

Keyhole believes that claim construction should precede the close of discovery such that both parties may take discovery thereafter in light of the claim construction actually adopted by the Court, then have a fact discovery cutoff followed by expert discovery. This will lock in the facts and claim constructions, eliminating the need for experts to prepare opinions or reports on alternative claim constructions. Keyhole's proposed sequence is thus: discovery, claim construction and ruling, additional discovery after claim construction ruling, close of fact discovery, expert reports and depositions, and then summary judgment or other dispositive motions.

The parties also differ on whether there should be an initial phase of discovery limited to claim construction discovery. Skyline submits that in this one patent case, phased discovery is not necessary and would only complicate the proceeding. Skyline believes that its proposal avoids uneccesarily complicating the schedule.

Keyhole believes that in order to expedite disposition of this case and reduce costs for both sides, this case should be phased such that discovery is initially limited to inventor depositions and that claim construction be completed prior to discovery regarding the accused product and prior art. Keyhole believes that once claim construction issues have been resolved, discovery can proceed in a more focused and efficient manner.

The parties expect to continue to confer regarding these issues between the date of this joint statement and the scheduling conference on December 20.

**<u>Agenda of Matters to be Discussed</u>**

1. Pending Motions
    - Defendant's Motion to Transfer
    - Plaintiff's Motion to Amend Complaint to Add Google Inc. as a Party
2. Entry of a Protective Order
3. Discovery Schedule

5

**Certifications**

The parties have engaged in extensive settlement discussions, but have not reached agreement. At the present time, neither party is requesting a settlement conference.

The parties will separately file their respective certifications that they have conferred with respect to costs of the litigation and ADR.

Dated: December 15, 2004            MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.

By:    /s/ H. Joseph Hameline
     H. Joseph Hameline

Attorneys for Plaintiff
SKYLINE SOFTWARE SYSTEMS, INC.


Dated: December 15, 2004            FENWICK & WEST LLP

By:    /s/ Darryl M. Woo
     Darryl M. Woo

Attorneys for Defendant
KEYHOLE, INC.


**ORDER**

The Court adopts the schedule set forth in the Joint Scheduling Conference Statement above, choosing the following dates:

Dated: _____   By: _____
                                                      Honorable Douglas P. Woodlock