UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKYLINE SOFTWARE SYSTEMS, INC. )<br>)<br>                Plaintiff, )<br>)<br>v.                              )<br>)<br>KEYHOLE, INC.,              )<br>)<br>                Defendant. )<br>)<br>)| Civil Action No. 04-11129 DPW |

**DEFENDANT KEYHOLE, INC.'S OPPOSITION TO
SKYLINE'S MOTION FOR LEAVE TO AMEND ITS COMPLAINT**

Nelson G. Apjohn (BBO No. 020373)
**NUTTER McCLENNEN & FISH LLP**
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 439-2000
Fax: (617) 310-9000

Attorneys for Defendant and Counterclaimant
KEYHOLE, INC.

Of Counsel
Darryl M. Woo, admitted *pro hac vice*
Maclain Wells, admitted *pro hac vice*
Kent E. Kemeny, admitted *pro hac vice*
**FENWICK & WEST LLP**
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111
Tel. (415) 875-2300
Fax (415) 281-1350

I.      **FACTUAL BACKGROUND AND SUMMARY OF ARGUMENT**

Plaintiff's Motion for Leave to Amend its Complaint to Add Google Inc. as a Defendant, filed December 7, 2004, is an exercise in futility, and should therefore be denied.[1] Skyline's motion is deficient in at least three respects: (1) once again, Skyline failed to meet and confer with Keyhole regarding the substance of this motion, in violation of Local Rule 7.1(A); (2) Skyline's motion makes only a perfunctory attempt at substantive argument, and contrary to law, apparently just assumes it is entitled to amend its complaint to add a separate entity; (3) Skyline is simply wrong on the law and the application of the law to the facts at hand.

Plaintiff contends it is entitled to file a First Amended Complaint under the liberal pleading policy of Federal Rule of Civil Procedure 15(a), and evidently proposes amending to add Google Inc. as a party to its patent infringement claims *solely* because it acquired Keyhole, Inc. as a corporate subsidiary on or about October 27, 2004. See Motion to Amend at ¶¶ 1, 2. Under controlling law, however, the newly formed corporate relationship between Google and Keyhole is not by itself sufficient to impute liability to Google. Skyline's motion argues no sustainable legal theory that implicates Google's liability for Keyhole's acts. The addition of Google as a defendant would therefore be futile and should be denied. Ironically, because Google's principal place of business is in Mountain View, California, to the extent it would be proper to add this separate corporate entity, it only underscores that the center of gravity of this case is Northern California where this case should be transferred.

It is settled law that if an amendment to a complaint would be futile, or would serve no legitimate purpose, it should not be permitted. *See, e.g. Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 59 (1st Cir. 1990). A proposed amendment is futile if, *inter alia*, its allegations fail to state a claim upon which relief may be granted and would be subject to dismissal under Fed. R. Civ. P. 12(b)(6). *See Hayden v. Grayson*, 134 F.3d 449, 455-56 (1st Cir. 1998).

Here, Skyline mentions Google's acquisition of Keyhole and that Keyhole employees

---

[1] Under Local Rule 7.1(B)(2), Keyhole's opposition would not be due in the ordinary course until December 21, 2004. However, this opposition is filed early because the Court indicated that it may consider Skyline's motion to amend at the December 20, 2004 scheduling conference.

have become Google employees. Google Inc., however, as parent corporation, cannot be held liable for the actions of its subsidiary solely based on its alleged corporate relationship as parent of the subsidiary. *See United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries.") (citations omitted). Furthermore, the mere allegation that Keyhole employees have become Google employees does not permit piercing the corporate veil to hold Google liable for Keyhole's actions. *Andrews-Clarke v. Lucent Techs., Inc.*, no. 01-10055-PBS, 2001 U.S. Dist. LEXIS 21653 (D. Mass. June 25, 2001). Thus, even if all of the allegations made in Skyline's Proposed First Amended Complaint were taken as true (and, of course, for purposes of this motion, the Court must accept Skyline's well-pled factual allegations as true), allowing Skyline to add Google would be a mere exercise in futility, as Google cannot be liable for any alleged infringement by Keyhole.

Furthermore, Skyline's proposed action against Google is not the first-filed action between those parties. In light of correspondence directed by Skyline against Google for its alleged infringement, Google filed suit against Skyline on November 18, 2004 in the Northern District of California. While that action seeks a declaratory judgment of noninfringement and invalidity of U.S. Patent No. 6,496,189, the same patent at issue in this suit, that action, not the present one, is the first-filed action between those parties. Skyline made no attempt to sue Google or join them to this action until December 7, well after the Google complaint had already been filed. Any further action against Google in this Court would be duplicative of the proceedings in the Northern District of California, and a waste of judicial resources.

## II.   ARGUMENT

### A.   THE COURT SHOULD DENY SKYLINE'S MOTION TO AMEND THE COMPLAINT BECAUSE THE PROPOSED AMENDMENT WOULD BE FUTILE

Leave to amend a complaint to add a party is properly denied if the amended complaint

would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 59 (1st Cir. 1990) (amendment that "would be futile or would serve no legitimate purpose" should not be allowed); *Charron v. Picano*, 811 F. Supp. 768, 773 (D.R.I. 1993) ("The First Circuit, relying on *Foman*, has stated that where an amendment would serve no legitimate purpose, the district court should not needlessly prolong matters.") (citations omitted). "[F]utility is a good reason to deny leave to amend." *Chill v. GE*, 101 F.3d 263, 272 (2d Cir. 1996).

An amended complaint would be "futile" if its allegations fail to state a claim upon which relief may be granted and would be subject to dismissal under Fed. R. Civ. P. 12(b)(6). *See Hayden v. Grayson*, 134 F.3d 449, 455-56 (1st Cir. 1998) ("Rule 15 permits the trial court to deny leave to file an amended complaint which would be subject to immediate dismissal under Rule 12(b)(6) for failure to state a viable claim for relief.").

In the present case, Skyline's claims against Google under the Proposed First Amended Complaint would be subject to immediate dismissal under Rule 12(b)(6) for failure to state a viable claim for relief. Skyline's proposed addition of Google to its complaint is based on Google's corporate relationship with Keyhole and acquisition of Keyhole's employees. *See* Motion to Amend, ¶¶ 1, 2. However, the law is abundantly clear that a parent corporation is not liable for the actions of its subsidiary. *See United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries.") (citations omitted). The Federal Circuit and the District of Massachusetts have both reached this same conclusion with respect to the liability of a parent corporation when its subsidiary is accused of patent infringement. *See, e.g., Stucki Co. v. Worthington Industries, Inc.*, 849 F.2d 593, 596 (Fed. Cir. 1988) (holding that parent company is not liable for subsidiary's alleged patent infringement, and further holding that "[m]ere ownership of stock is not enough to pierce the corporate veil"). *See also Clinical Dynamics Corp. v. Dynatech Nev.*, 30 U.S.P.Q.2D (BNA) 1969 (D. Mass 1994) (dismissing

patent infringement allegations against parent corporation, finding that parent and subsidiary were distinct entities, and there was no reason to pierce the corporate veil). Likewise, Google cannot be liable simply by virtue of its acquisition of Keyhole as a subsidiary, as the two companies are distinct legal entities.

A prior case in the district of Massachusetts is instructive here given the similarity in facts. In *Andrews-Clarke v. Lucent Techs., Inc.*, no. 01-10055-PBS, 2001 U.S. Dist. LEXIS 21653 (D. Mass. June 25, 2001), plaintiffs sought to amend their complaint to add the parent company of the defendant, claiming that the parent company was the "majority owner and ha[d] direct control" over its subsidiary. *Id.* at *2. Defendant did not contest that it was a wholly owned subsidiary but opposed the motion to amend on the grounds that it continued to operate as a viable and separate corporate entity. *Id.* at *2-*3. The court rejected plaintiffs' attempt, ruling that "plaintiffs [had] not presented a valid reason to disregard corporate form. Under Massachusetts law, a parent corporation and its subsidiary are separate corporate entities." *Id.* at *3. Thus, the corporate relationship between the defendant and its parent corporation "[was] not sufficient to impute liability" to the parent. *Id.* at *4. The court further noted that the parent company, as here with respect to Google, did not have *any* corporate relationship with the defendant "until after the events forming the basis of the complaint. Thus, plaintiffs do not assert that [the parent] played any role in the actions which form the basis of the complaint. Furthermore, under the plaintiffs' theory of vicarious liability, [the defendant] could not have acted as an agent of [the parent]." *Id.* at *4. Thus, the court determined that plaintiff would have been unable to state a valid claim even if its motion to amend to add the parent corporation were granted, and refused to permit the amended complaint.

The facts of the present matter are similar to those in *Andrews-Clarke*. Google and Keyhole are two separate legal entities; as such, Google is not automatically liable for Keyhole's actions. Further, as in *Andrews-Clarke*, Google did not have a corporate relationship with Keyhole until *after* the events forming the basis for the complaint took place. As plaintiff acknowledges, Google's acquisition of Keyhole as a subsidiary occurred after Skyline's lawsuit

was filed, and long after Keyhole began manufacturing and selling its allegedly infringing products.

It is true that courts on occasion may "pierce the corporate veil" if, for instance, "companies substantially disregard their own separateness, with an eye toward committing fraud or other injustice." *Clinical Dynamics*, 30 U.S.P.Q.2D (BNA) at 1971. "However, there must be specific, unusual circumstances in order to pierce the corporate veil." *Id.* (citations omitted). "Piercing the corporate veil is permitted only where there is confused intermingling between corporate entities or where one corporation actively and directly participates in the activities of the second corporation, apparently exercising pervasive control. It is settled that if there is evidence of fraud and injurious consequences from such an intercorporate relationship, a court may disregard the separate corporate entities." *American Home Assurance Co. v. Sport Maska, Inc.*, 808 F. Supp. 67, 73 (D. Mass. 1992).

Here, neither Skyline's original complaint nor its Proposed First Amended Complaint alleges that the Court should pierce the corporate veil. It does not even allege the underlying facts necessary to pierce the corporate veil. For example, there is no allegation of "confused intermingling between corporate entities," or any accusation that the "companies substantially disregard their own separateness, with an eye toward committing fraud." There is no suggestion anywhere in the complaint that conditions exist that would permit the Court to pierce the corporate veil and hold Google liable for Keyhole's actions. The description of the relationship between the companies is based on "information and belief" that "Keyhole's employees are now employees of Google." Proposed First Amended Complaint ¶ 10. Assuming those facts to be true, as the Court would for a Rule 12 motion, they are insufficient to plead, let alone sustain the necessary finding of, an intermingling between the companies, or any suggestion that they disregarded corporate separateness in order to commit fraud. Simply put, Skyline has not argued any theory or facts that would permit the Court to pierce the corporate veil and hold Google liable for Keyhole's actions.

Granting Skyline's motion for leave to amend thus would be futile because the

allegations in the Proposed First Amended Complaint would be subject to immediate dismissal for failure to allege any grounds on which Google could be held liable for Keyhole's actions. Indeed the Proposed First Amended Complaint's description of the relationship between the two separate corporate entities is nowhere near sufficient to permit piercing of the corporate veil and imputing liability to Google. Under the established law of this circuit and this district, Skyline's motion for leave to add Google as a party should be denied.

### B. SKYLINE'S MOTION TO ADD GOOGLE SHOULD ALSO BE REJECTED IN THE INTERESTS OF JUDICIAL ECONOMY

This Court's time and effort, furthermore, would be wasted if Skyline's motion were granted, as this would not be the first-filed action between Skyline and Google. On November 18, 2004, Google filed suit in the Northern District of California against Skyline seeking a declaratory judgment of noninfringement and invalidity of U.S. Patent No. 6,496,189, the same patent at issue in this suit. Skyline did not bring any action against Google or seek amendment to add Google to this case until it filed the present motion on December 7. Thus, any further action in this Court against Google would be duplicative of the proceedings in the Northern District of California, and a waste of judicial resources. *Cf. Perrian v. O'Grady*, 958 F.2d 192, 194-95 (7th Cir. 1992) ("The burden to the judicial system can justify a denial of a motion to amend."); *Stephenson v. Dow Chem. Co. (In re Agent Orange Prod. Liab. Litig.)*, 220 F.R.D. 22, 25 (E.D.N.Y. 2004) ("In determining the impact of granting leave on judicial economy, a court should consider how the amendment would affect the use of judicial resources and the impact on the judicial system."). Although Skyline has filed a motion to dismiss Google's California lawsuit, that motion is not scheduled to be heard until January 26, 2005.

As the first filed suit between Google and Skyline, the suit in the Northern District of California should not be disturbed. *See Nowak v. Tak How Invs.*, 94 F.3d 708, 718-19 (1st Cir. 1996), *cert. denied*, 520 U.S. 1155 (1997). Permitting Skyline to add Google to the present matter would effectively rebut the "strong presumption" that Google, as plaintiff in the

California matter, is entitled to its choice of forum. *Id.* at 719. Unlike a *defendant* to a patent case, Skyline as patent holder can present no facts making the patent holder's (*i.e.*, Skyline's) place of business the "center of gravity" of the action, as patent cases necessarily focus on the activities of the alleged infringer, which in the California case would be Google (or in the case here, Keyhole). *See, e.g., Clinical Dynamics*, 30 U.S.P.Q.2d (BNA) at 1972; *Dana Corp. v. Goodyear Tire & Rubber Co.*, 229 U.S.P.Q. (BNA) 476, 478 (D. Mass. 1985); *see also Gen 17, Inc. v. Sun Microsystems, Inc.*, 953 F. Supp. 240, 243 (N.D. Ill. 1997); *LG Elecs. Inc. v. Advance Creative Computer Corp.*, 131 F. Supp. 2d 804, 814 (E.D. Va. 2001); *Recycling Sci. Int'l, Inc. v. Soil Restoration & Recycling*, LLC, 159 F. Supp. 2d 1095, 1100 (N.D. Ill. 2001); *Laitram Corp. v. Hewlett-Packard Co.*, 120 F. Supp. 2d 607, 609 (E.D. La. 2000); *Teknekron Software Sys., Inc. v. Cornell Univ.*, No. 93-20122 SW, 1993 U.S. Dist. LEXIS 21337, at *19- *20 (N.D. Cal. June 14, 1993); *Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 481 n.17 (D.N.J. 1993); *Habitat Wallpaper & Blinds, Inc. v. K.T. Scott Ltd. Partnership*, 807 F. Supp. 470, 474 (N.D. Ill. 1992). As such, the appropriate venue for Skyline's patent claims against Google is the Northern District of California, where Google has already filed suit.

     Finally, it bears noting that Skyline's attempt to add Google is further evidence that this matter truly belongs in the Northern District of California. Google is headquartered in Mountain View, California, which is in the Northern District of California. Skyline's motion for leave to add Google to the complaint is, ironically, further proof that the center of the controversy is California rather than Massachusetts.

///

///

///

### III.   CONCLUSION

For the foregoing reasons, Skyline's motion for leave to amend the complaint to add Google should be denied.

Dated: December 16, 2004             By its Attorneys,

FENWICK & WEST LLP


　　　/s/ Darryl M. Woo
Darryl M. Woo, admitted *pro hac vice*

| | |
|---|---|
| *Of Counsel admitted Pro Hac Vice:* | Nelson G. Apjohn (BBO No. 020373) |
| Darryl M. Woo | NUTTER McCLENNEN & FISH LLP |
| C. Maclain Wells | World Trade Center West |
| Kent Kemeny | 155 Seaport Boulevard |
| FENWICK & WEST LLP | Boston, MA 02210 |
| 275 Battery Street | Phone: (617) 439-2000 |
| San Francisco, CA 94111 | Fax:    (617) 310-9000 |
| Phone: (415) 875-2300 | Attorneys for Defendant and Counterclaimant |
| Fax:    (415) 281-1350 | Keyhole, Inc. |

22472/00401/LIT/1219188.1