IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKYLINE SOFTWARE SYSTEMS, INC. ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KEYHOLE, INC., ) <br> Defendant. ) | CIVIL ACTION NO. 04-1129-DPW <br><br> **PROPOSED BRIEF** |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
ITS MOTION TO AMEND ITS COMPLAINT**

In its lengthy, last minute, opposition to Skyline's Motion to Amend Its Complaint, Keyhole has once again made a number of erroneous statements and misleading arguments that serve only to complicate and confuse a relatively straightforward set of facts and legal principles. Skyline submits this reply in support of its motion to add Google, as an infringing party in its own right, as a defendant in this action.

**Argument**

I.  **Skyline Is Not Asking The Court To Piece The Corporate Veil
    Since Google Is Infringing Skyline's Patent.**

Keyhole goes to great lengths in its Opposition to educate this Court about the sanctity of the corporate form and the reluctance of courts to pierce the corporate veil. Skyline's proposed Amended Complaint, however, does not require that this Court pierce the corporate veil. The Amended Complaint at ¶¶ 10, 12, 17 and 21 asserts claims of infringement directly against Google because Google is marketing, offering to sell and

selling the products that infringe Skyline's patent as well as engaging in acts of contributory infringement and inducing infringement.

Indeed, in its Complaint for Declaratory Judgment of Patent Noninfringement and Invalidity filed last month in the Northern District of California, Google itself admits that "Google continues to make, use, sell and/or offer for sale *its* products and services, which Skyline accuses of infringing the '189 Patent" (emphasis added).  See Complaint for Declaratory Judgment of Patent Noninfringement and Invalidity at ¶ 13, Attached to Hameline Affidavit as Exh 1.  This admission is amply supported by the facts already in the record in this action.  For example, immediately after Google's acquisition of Keyhole, the employees engaged in the infringement became Google's employees.  Google began to market and sell the infringing product.  Google's website itself clearly reveals that Google directly engages in the marketing and sale of products which Skyline alleges infringe the '189 Patent by offering and promoting the infringing product as a "Google Tool" available on Google's website. (These facts are part of the record in connection with the pending motion to transfer).

Accordingly, Keyhole's lengthy tutorial on and argument against piercing the corporate veil is misplaced.  By its own admission, Google itself is engaged in the marketing and sale of products accused of infringing Skyline's patent.  Far from being futile, Skyline's addition of Google as defendant in its proposed Amended Complaint is appropriate and supported by Google's own words and actions.

**II.    Google's Lawsuit In The Northern District Of California Does Not Change the Center of Gravity.**

Contrary to Keyhole's assertions, the fact that Google has filed a duplicative declaratory judgment action against Skyline in the Northern District of California

changes nothing in regard to the appropriate venue for this action.  Keyhole's former employees are now employed by Google, and market and sell the same infringing products.  The same witnesses (now Google employees), the same infringing technology, the same lawyers, and the same sales are involved.  Given the fact that Google filed a nearly identical action in California, Keyhole's alleged concern for judicial economy rings hollow at best; true judicial economy would be achieved by allowing one proceeding to go forward in Massachusetts, with Keyhole and Google as the proper defendants.

### III.    Keyhole's Assertion That Skyline Failed To Meet And Confer With Keyhole Regarding The Substance Of Its Motion Is False.

Keyhole claims in its Opposition Brief that "once again, Skyline failed to meet and confer with Keyhole regarding the substance of its motion." See Keyhole Opposition at 1.  This claim, however, is untrue.  Shortly before filing the motion to amend, counsel for Skyline informed Keyhole's (and Google's) counsel, that Skyline intended to amend its complaint to add Google as a defendant and asked if they would consent.  Keyhole (and Google) indicated that  they would respond to the request, but never did so.  Frankly, it is strange that  Google would race to the courthouse and file a Declaratory Judgment action in this context with no notice to Skyline, but assert that Skyline's conduct is somehow inappropriate.

Conclusion

For the reasons stated above and those contained in its initial Motion for Leave to Amend Its Complaint, Skyline respectfully requests this Court to grant its motion to amend its complaint.

SKYLINE SOFTWARE SYSTEMS, INC.
By its attorneys,


/s/ H. Joseph Hameline
H. Joseph Hameline, BBO #218710
Mintz, Levin, Cohn, Ferris,
  Glovsky and Popeo, P.C.
One Financial Center
Boston, MA  02111
(617) 542-6000

December 17, 2004

LIT 1491539v1