UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKYLINE SOFTWARE SYSTEMS, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KEYHOLE, INC., and ) <br> GOOGLE INC. ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 04-11129 DPW <br><br> JURY TRIAL REQUESTED |

### DEFENDANTS KEYHOLE, INC.'S AND GOOGLE INC.'S
### ANSWER AND COUNTERCLAIM TO THE FIRST AMENDED COMPLAINT

Defendants Keyhole, Inc. ("Keyhole"), sued herein as "Keyhole Corporation," and Google Inc. ("Google") (collectively "Defendants") hereby answer the First Amended Complaint of Plaintiff Skyline Software Systems, Inc. ("Skyline") and also counterclaim as follows. The numbered paragraphs herein correspond to the numbered paragraphs of the First Amended Complaint.

### JURISDICTION

1.      The allegations in Paragraph 1 of the Complaint state legal conclusions that require no answer; however, to the extent that an answer is deemed appropriate, Defendants admit that Skyline purports to state a cause action under the federal patent statutes. Defendants admit that this Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) for civil actions arising under the patent laws of the United States. In all other respects, Defendants lack sufficient knowledge to form a belief as to the truth of these allegations, and therefore deny these allegations.

### VENUE

2.      The allegations in Paragraph 2 of the Complaint state legal conclusions that require no answer; however, to the extent that an answer is deemed appropriate, Defendants

admit that venue is proper under 28 U.S.C. § 1400(b).  As to the remaining allegations, except as expressly admitted or averred, Defendants deny these allegations.

## THE PARTIES

3.  Defendants lack sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 3, and therefore deny these allegations.

4.  Defendants lack sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 4, and therefore deny these allegations.

5.  Defendants admit that Keyhole is a Delaware corporation with its principal place of business in Mountain View, California.

6.  Defendants admit that Keyhole is in the business of selling and offering for sale software that provides 3D earth visualization utilizing geographic/geospatial information and earth imagery data.  In all other respects, Defendants deny the allegations in Paragraph 6.

7.  Defendants admit that Google is a Delaware corporation with its principal place of business in Mountain View, California.

8.  Defendants aver that Google is a technology leader focused on improving the ways people connect with information, through innovations in web search and advertising.  Defendants aver that Google maintains a vast online index of websites and other content, and makes this information freely available to anyone with an Internet connection.  Defendants aver that Google's automated search technology helps people obtain nearly instant access to relevant information from its online index.  Except as expressly averred, Defendants deny the allegations in Paragraph 8.

9.  Defendants admit that on or before October 27, 2004, Google acquired Keyhole as a corporate subsidiary.  Defendants admit that Google's website contains a link to www.keyhole.com.  Except as expressly admitted, Defendants deny the allegations in Paragraph 9.

10.  The allegations in Paragraph 10 of the Complaint state legal conclusions that

require no answer; however, to the extent that an answer is deemed appropriate Defendants deny each and every allegation.

## COUNT I

11. Defendants admit that, on its face, U.S. Patent No. 6,496,189 ("the '189 Patent") issued on December 17, 2002. Defendants admit that what appears to be a copy of the '189 patent was attached to the Complaint. In all other respects, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 11, and therefore deny these allegations.

12. Defendants deny each and every allegation in paragraph 12.

13. Defendants deny each and every allegation in paragraph 13.

14. Defendants deny each and every allegation in paragraph 14.

## COUNT II

15. Defendants admit that, on its face, the '189 Patent issued on December 17, 2002. In all other respects, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 15, and therefore deny these allegations.

16. Defendants deny each and every allegation in paragraph 16.

17. Defendants deny each and every allegation in paragraph 17.

18. Defendants deny each and every allegation in paragraph 18.

## COUNT III

19. Defendants admit that, on its face, the '189 Patent issued on December 17, 2002. In all other respects, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 19, and therefore deny these allegations.

20. Defendants deny each and every allegation in paragraph 20.

21. Defendants deny each and every allegation in paragraph 21.

22. Defendants deny each and every allegation in paragraph 22.

23. Defendants deny that Skyline is entitled to the relief requested in Paragraph A of

the First Amended Complaint.

24. Defendants deny that Skyline is entitled to the relief requested in Paragraph B of the First Amended Complaint.

25. Defendants deny that Skyline is entitled to the relief requested in Paragraph C of the First Amended Complaint.

26. Defendants deny that Skyline is entitled to the relief requested in Paragraph D of the First Amended Complaint.

27. Defendants deny that Skyline is entitled to the relief requested in Paragraph E of the First Amended Complaint.

28. Defendants deny that Skyline is entitled to the relief requested in Paragraph F of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense-Unenforceability, Laches, Waiver & Estoppel*

29. Skyline's claims are unenforceable and/or barred by the doctrines of laches, waiver, and/or estoppel.

### *Second Affirmative Defense-Noninfringement*

30. Defendants have not directly or indirectly, literally or under the doctrine of equivalents, as a contributor or by inducement, infringed any valid claim of the '189 Patent.

### *Third Affirmative Defense- Invalidity*

31. The '189 Patent is invalid under one or more of the following sections of Title 35 of the United States Code: 102, 103, 112, 115, 132, 253, and 288.

### *Fourth Affirmative Defense-Patent Misuse*

32. Defendants are informed and believe a reasonable opportunity for further investigation or discovery is likely to produce evidence supporting, and Defendants thereon aver, that the relief sought by Skyline is barred under the doctrine of patent misuse.

### *Fifth Affirmative Defense-Failure to State a Claim*

33. Skyline's Complaint and each and every claim set forth therein fail to state a

claim upon which relief can be granted.

### *Sixth Affirmative Defense-Unconstitutionality*

34. To the extent that Skyline seeks an award of enhanced damages pursuant to its allegations of willful infringement or otherwise, such damages are barred and/or prohibited by the United States Constitution.

### *Seventh Affirmative Defense-Reservation of Rights*

35. Skyline has failed to set forth the allegations of the complaint with sufficient particularity to provide Defendants with a sufficient basis to form a belief as to whether they may have additional, as yet unstated defenses. Defendants reserve the right to assert additional defenses in the event that discovery or investigation reveals that they would be appropriate.

## COUNTERCLAIMS

## PARTIES, JURISDICTION & VENUE

1. Keyhole, Inc. is a corporation organized and existing under the laws of Delaware, and has its principal place of business in Mountain View, California.

2. Google Inc. is a corporation organized and existing under the laws of Delaware, and has its principal place of business in Mountain View, California.

3. As alleged in its Complaint and First Amended Complaint, Skyline is a corporation organized and existing under the laws of Delaware and has its principal place of business at 500 West Cummings Park, Woburn, Massachusetts. In its corporate filings, however, Skyline states that its principal place of business is at 14155 Newbrook Drive, Chantilly, Virginia, and that it is a foreign corporation with respect to the Commonwealth of Massachusetts. On information and belief, Skyline partners with, among others, Oracle Corporation, whose global corporate headquarters are located in Redwood Shores, California; Intel Corporation, whose global corporate headquarters are located in Santa Clara, California; and GlobeXplorer, which is headquartered in Walnut Creek, California.

4. Defendants counterclaim against Skyline pursuant to the patent laws of the United

States, Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the United States courts, 28 U.S.C. §§ 2201 and 2202, and Fed. R. Civ. P. 13. An actual controversy exists because Skyline contends, and Defendants deny, infringement of the '189 Patent.

5. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

6. Skyline is subject to personal jurisdiction in this judicial district because as alleged in its complaint, its corporate headquarters are within this District at 500 West Cummings Park, Woburn, Massachusetts.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b).

8. Skyline has accused Defendants of directly infringing, contributorily infringing, and inducing infringement of the '189 Patent. Defendants deny such allegations.

9. Skyline claims to be the sole owner of the '189 Patent.

## FIRST COUNTERCLAIM – INVALIDITY

10. Defendants repeat here and incorporate by reference the allegations contained in Paragraphs 1-9 of this Counterclaim.

11. The '189 Patent is invalid under one or more of the following sections of Title 35 of the United States Code: 102, 103, 112, 115, 132, 253, and 288.

12. An actual and justiciable controversy exists between the parties as to the validity of the '189 Patent, as evidenced by Skyline's First Amended Complaint charging Defendants with infringement, and Defendants' defenses of noninfringement and invalidity.

13. It is necessary and appropriate that the controversy between the parties over the invalidity of the '189 Patent be resolved in a single proceeding with binding effect on all parties.

14. Under Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, Defendants are entitled to a judgment holding that the '189 Patent is invalid, and awarding Defendants the damages they have suffered from Skyline's unlawful assertion of the '189 patent.

## **SECOND COUNTERCLAIM – NONINFRINGEMENT**

15. Defendants repeat here and incorporate by reference the allegations contained in Paragraphs 1-14 of this Counterclaim.

16. Defendants do not directly or indirectly, literally or under the doctrine of equivalents, as a contributor or by inducement, infringe any claim of the '189 Patent.

17. An actual and justiciable controversy exists between the parties as to the non-infringement of the '189 Patent, as evidenced by Skyline's First Amended Complaint charging Defendants with infringement and Defendants' defenses of noninfringement and invalidity.

18. It is necessary and appropriate that the controversy between the parties over the noninfringement of the '189 Patent be resolved in a single proceeding with binding effect on all parties.

19. Under Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, Defendants are entitled to a judgment holding that they do not directly or indirectly, literally or under the doctrine of equivalents, as a contributor or by inducement, infringe the '189 Patent, and awarding Defendants the damages they have suffered from Skyline's unlawful assertion of the '189 patent.

**WHEREFORE**, Defendants demand a trial by jury, and pray that the Court enter judgment for Defendants and against Skyline as follows:

(a)    dismissing the Complaint with prejudice, and denying the relief requested by Skyline and any relief whatsoever;

(b)    declaring that Defendants have not directly or indirectly, literally, or by the doctrine of equivalents, infringed, or contributed to or induced infringement of, the '189 Patent;

(c)    declaring that the '189 Patent is invalid;

(d)    awarding to Defendants their reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

(e) awarding to Defendants their costs and expenses; and

(e) awarding Defendants such other relief as the Court deems just and reasonable.

## DEMAND FOR JURY TRIAL

Defendants respectfully request a trial by jury of all issues properly triable by jury in this action.

Dated: January 24, 2005         By its Attorneys,

FENWICK & WEST LLP

　　　/s/ Darryl M. Woo
Darryl M. Woo, admitted *pro hac vice*
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111
Phone: (415) 875-2300
Fax:    (415) 281-1350


Nelson G. Apjohn (BBO No. 020373)
NUTTER McCLENNEN & FISH LLP
World TradeCenter West
155 Seaport Boulevard
Boston, MA 02210
Phone: (617) 439-2000
Fax:    (617) 310-9000

*Of Counsel admitted Pro Hac Vice:*
Darryl M. Woo
Kent Kemeny
Robin Reasoner
Candace Morey
FENWICK & WEST LLP
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111
(415) 875-2300

Attorneys for Defendants and Counterclaimants
Keyhole, Inc. and Google Inc.

24616/00401/LIT/1220707.1