IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKYLINE SOFTWARE SYSTEMS, INC.<br>Plaintiff,<br><br>v.<br><br>KEYHOLE, INC. and GOOGLE, INC.<br>Defendants. | CIVIL ACTION NO. 04-11129-DPW |

## PLAINTIFF'S EMERGENCY MOTION TO COMPEL AND REQUEST FOR CLARIFICATION OF SCHEDULING ORDER

The parties are in disagreement on the scope of discovery prior to the claim construction hearing. At the motion and scheduling conference hearing on December 20, 2004, the Court scheduled an early claim construction hearing with initial claim construction briefs due March 4, 2004 and the Markman hearing scheduled for April 27, 2005. Following the December 20, 2004 hearing, the parties exchanged document requests and interrogatories. During the discussions that followed and now in Keyhole's discovery responses, it has become apparent that the parties have markedly different understandings of how discovery would proceed for the four (4) months from December through the Markman hearing on April 27, 2005. Skyline Software Systems ("Skyline") understood that discovery would proceed on the issues of claim construction, infringement and invalidity (particularly concerning prior art); all of which are closely intertwined and provide the usual context and focus for any claim construction hearing. Defendants assert a very limited scope of discovery on claim definitions, without any context in the current litigation or with the focusing of the issues based on infringement (or non-infringement contentions), and have objected to provide such discovery. In light of the fast

approaching date for submission of plaintiff's claim construction brief (March 4, 2005) plaintiff requests a prompt resolution of this issue.

**PLAINTIFF'S POSITION**

Defendants assert that, because claim construction is an exercise in applying the patent and prosecution history to the claim terms (as well as dictionary definitions), discovery on the infringing products is not necessary. In short, under defendants' interpretation, there would be no real discovery for the four (4) months from the scheduling conference through the Markman hearing (and similarly no real discovery for the eight (8) months following service of the Complaint).

In light of the very limited discussion at the hearing on this issue it is unclear what the relevant scope of discovery should be during this four-month period. A copy of the transcript of that hearing is attached as Exhibit A, with the relevant discussion on pages 14 and 15 (most of the hearing focused on the pending motions). Attached as Exhibit B are copies of the parties' correspondence addressing this issue. Attached at Exhibit C are Keyhole's Objections and Responses to Skyline's Interrogatories.

In Keyhole's responses to Skyline's discovery requests (received January 26, 2005) Keyhole objects to every discovery request, except to provide claim construction definitions for two claims and the production of "publicly available prior art documents to the extent such prior art is relevant to claim construction" (Interrogatory Answer No. 12). Keyhole provides no real description of how or why the documents constitute prior art.

Plaintiff's claim construction brief is due March 4, 2005. Defendants initially agreed to provide discovery on claim construction, infringement and invalidity. See Exhibit B. Skyline agreed to defer discovery on damages (and related marketing, sales, etc.) and willfulness. Rather

than comply even with its initial position, Keyhole has now refused to provide any non-infringement positions, provided only limited "publicly available prior art" and objected to the production of any discovery on the operation of its product. Such an approach contradicts Keyhole's own proposals on discovery, provides no focus for the upcoming hearing on claim construction (resulting in what many courts suggest is at best an advisory opinion) and results in a stay of discovery through at least April, 2005. (Notably, the complaint was served in August, 2004.)

In contrast, defendants have demanded significantly broader discovery responses from Skyline, while providing almost nothing. This position is notably at odds with Keyhole's positions in connection with the motion to transfer the action, which was based on its argument that a patent infringement case is inherently "defendant-centric."

Skyline suggests that such an approach is not practical or productive for the following reasons.

*First*, it constitutes in essence an unnecessary stay of discovery for what would normally be at least half of the fact discovery period in a straight forward, one patent case.

*Second*, defendants continue to engage in gamesmanship and hide the detailed operation of their product from Skyline. As a result, there is no real focus for the claim construction. For example, in Interrogatory No. 2, defendant seeks a construction of "each word, term or phrase of such claim, and the bases therefore, including without limitation whether you contend such word, term or phrase has a special or uncommon meaning." Courts have often voiced their concern that proceeding with claim construction without any discovery on infringement will result in an advisory ruling. In addition, it is well understood that only those terms in dispute need to be construed and only to the extent necessary to resolve the controversy. See e.g., U.S. Surgical

Corp. v. Ethicon, Inc., 103 F.3d 1554, 1568 (Fed. Cir. 1997). Here there has been (and under defendants' proposal would be) no discovery or other attempt to focus on any issues which would allow Skyline to know what claim terms might be in controversy.

*Third*, it is substantially unfair to proceed with claim construction where defendants know the detailed design of their products, but Skyline does not have this information, so there is no ability for Skyline to focus or raise claim construction issues (if any) which may end up as the nub of the controversy. In contrast, Keyhole bases its proposed definitions and constructions on a detailed understanding of its own product and how to manipulate the claims in an attempt to avoid infringement. Frankly, Skyline is at a loss to know if an expert witness or other testimony is necessary or appropriate because it does not know how to focus any controversy or issues in this case for these purposes.

*Finally*, the proposed discovery by defendants is inconsistent and one-sided. Under defendants' proposal, Skyline would respond to discovery on a host of issues including discovery of Skyline's products, detailed infringement positions, disclosures of the invention, state of the art, prior art and claim construction. In contrast, Keyhole would produce nothing more than claim construction definitions and some publicly available prior art documents.

Skyline respectfully proposes that a more appropriate scope of discovery prior to the claim construction hearing would include focused discovery on claim construction issues, prior art and infringement (or non-infringement), including discovery on defendants' product/service. This would include production of documents and interrogatories on these issues with one or two depositions of Skyline's inventors and one or two depositions of Keyhole's product developers, which would allow the parties to focus the dispute and make productive use of this time.

**DEFENDANTS' POSITION**

This Court's Clerk suggested that the parties' submit a Joint Request for Clarification. Skyline proposed such a procedure to Keyhole, which refused to join in the joint request.

**CONCLUSION**

Skyline respectfully requests clarification of the Scheduling Order and an order compelling Keyhole to provide the requested discovery responses within seven (7) days to be followed by a deposition on these issues. Skyline respectfully requests that Keyhole be ordered to provide an expedited response or opposition to this motion.

**CERTIFICATION**

The parties (through their counsel H. Joseph Hameline and Darryl Woo) have engaged in a number of discussions, beginning in late December through the date of this motion, and exchanged the attached correspondence in an effort to resolve this issue.

SKYLINE SOFTWARE SYSTEMS, INC

By its attorneys,

_____
H. Joseph Hameline, BBO# 218710
MINTZ, LEVIN, COHN, FERRIS
 GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Tel. (617) 542-6000
Fax (617) 542-2241

January 26, 2005

LIT 1500398v1