

**FENWICK & WEST LLP**

EMBARCADERO CENTER WEST | 275 BATTERY STREET | SAN FRANCISCO, CA 94111

TEL 415.875.2300 | FAX 415.281.1350 | WWW.FENWICK.COM



RECEIVED
DEC 23 2004
at 6:38 pm
JMB

December 23, 2004

DARRYL M. WOO

EMAIL DWOO@FENWICK.COM
DIRECT DIAL 415.875.2368

**VIA HAND DELIVERY**

H. Joseph Hameline
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo PC
One Financial Center
Boston, Massachusetts 02111

    Re:    Skyline Software Systems, Inc. v. Keyhole, Inc.
            USDC (MA) 04-11129-DPW

Dear Joe:

    Enclosed is service of Keyhole's First Set of Interrogatories and First Set of Requests for Production. In light of the Court having phased discovery such that only claim construction discovery is going forward at this time, we have attempted to limit the Interrogatories to subjects relevant to claim construction.

    Because each party may serve only two sets of document requests, however, the enclosed document requests are comprehensive, rather than limited to claim construction. In light of the Court's adoption of defendant's schedule and phasing, we will only insist at this time on responses and production relevant to claim construction. These include the following requests as they relate to claim construction: 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, 13, 15, 16, 17, 18, 19, 20, 21, 26, 27, 28, 29, 30, 31, 36, 39, 40, 41, 47, 51, 53, 54, 56, 61, 76, 77, 80, 91, 94, 95, 102, 103, 104, 105, 106, 108, 110, 111, 112, 113, 116, 118, 119, 123, 132, 133, 134, and 135.

    I thank you for your cooperation

Very truly yours,

Darryl M. Woo

Encl.

cc:    Nelson Apjohn, Esq.

22472/00401/LIT/1219873.1

SILICON VALLEY ■ SAN FRANCISCO

**MINTZ LEVIN**
**COHN FERRIS**
**GLOVSKY AND**
**POPEO PC**

*Boston*
*Washington*
*Reston*
*New York*
*Stamford*
*Los Angeles*
*London*

*One Financial Center*
*Boston, Massachusetts 02111*
*617 542 6000*
*617 542 2241 fax*
*www.mintz.com*

**H. Joseph Hameline**

*Direct dial 617 348 1651*
*JHameline@mintz.com*

December 27, 2004

**BY FAX (650-938-5200)**
**AND REGULAR MAIL**

Darryl M. Woo, Esquire
Fenwick & West LLP
Embacadero Center West
San Francisco, CA 94111

> Re:   Skyline Software Systems, Inc. v. Keyhole, Inc.
>       USDC (MA) 04-11129-DPW

Dear Darryl:

     I received your discovery requests and cover letter today and wanted to respond promptly.

     In your letter you state that the Court ordered phased discovery and that the initial discovery is limited to claim construction. That is not my understanding. The Court decided to sequence claim construction, expert witness disclosures and summary judgment (which was the nub of our disagreement over the schedule). The Court did not limit the scope of discovery prior to claim construction.

     In particular, the Court did not order that discovery be phased in the manner you suggest. Such an order would create the extraordinary situation where claim construction proceeds in a vacuum, prior to any focus on the accused product and results in essentially an advisory opinion on claims which may or may not be in dispute. Moreover, all of this would occur in a context where Keyhole is fully aware of the detailed operation of its products and Skyline is not. Furthermore, if fact discovery were limited to claim construction, it is not clear why anything more than the patent and prosecution history are at issue in fact discovery.

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

Darryl M. Woo, Esquire
December 27, 2004
Page 2

    If you disagree with my understanding of the schedule, let me know and we should address this with the Court promptly.

Very truly yours,

H. Joseph Hameline

HJH:cml
cc:    Nelson G. Apjohn, Esq.

LIT 1495950v1

## FENWICK & WEST LLP

EMBARCADERO CENTER WEST | 275 BATTERY STREET | SAN FRANCISCO, CA 94111

TEL 415.875.2300 | FAX 415.281.1350 | WWW.FENWICK.COM

January 5, 2005

DARRYL M. WOO

EMAIL DWOO@FENWICK.COM
DIRECT DIAL 415.875.2368

**VIA FACSIMILE/US MAIL**

H. Joseph Hameline
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo PC
One Financial Center
Boston, Massachusetts 02111

    Re:    Skyline Software Systems, Inc. v. Keyhole, Inc.
            USDC (MA) 04-11129-DPW

Dear Joe:

    This will respond to your recent correspondence regarding the scope of discovery in the initial phase of the above-referenced lawsuit. Since receiving your December 27 letter on this subject, we requested and just yesterday received a copy of the transcript of the scheduling conference. We had thought to respond sooner, but wanted to be certain of our recollection via the transcript, and of course, there were the holidays.

    The transcript is clearly consistent with our recollection and position regarding the appropriate scope of discovery during this phase of the case. We discussed with you today by telephone the specific implementation of this concept and agreed on what clearly could be deferred until later in the case, after claim construction, to wit: discovery concerning damages, marketing and willfulness issues.

    We further proposed exchanging via the parties' existing respective discovery requests information and documents on Skyline's infringement contentions including asserted claims, and getting production of documents on conception, reduction to practice of the claimed invention and practice of the patents, and then taking the inventor depositions in mid-February. We also talked about providing Keyhole's contentions regarding non-infringement and producing relevant prior art. In that manner, claim construction would not proceed in a vacuum nor result in any "advisory opinion" by the Court.

    You asked that we consider providing information and a witness about the operation of our client's product. Such information is not required for claim construction, as the inventors must already know what they did or did not invent, and in light of the requirements of Rule 11, Skyline must already know why they believe there is infringement.

January 5, 2005
Page 2

    Nevertheless, we will take up your request with our client, and over the next few days, we will continue to discuss with you these matters.

Very truly yours,

Darryl M. Woo

cc:    Nelson Apjohn, Esq.

# MINTZ LEVIN
# COHN FERRIS
# GLOVSKY AND
# POPEO PC

Boston
Washington
Reston
New York
Stamford
Los Angeles
London

One Financial Center
Boston, Massachusetts 02111
617 542 6000
617 542 2241 fax
www.mintz.com

H. Joseph Hameline

Direct dial 617 348 1651
JHameline@mintz.com

January 14, 2005

**BY FAX (650-938-5200)**
**AND REGULAR MAIL**

Darryl M. Woo, Esquire
Fenwick & West LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041

    Re:    Skyline Software Systems, Inc. v. Keyhole, Inc.
            USDC (MA) 04-11129-DPW

Dear Darryl:

    I wanted to follow up on our several discussions and correspondence.

    First, your proposal to have the responses to the Amended Complaint by both Google and Keyhole due on January 24, 2005 is acceptable.

    Second, I see no reason for a mutual exchange of discovery on January 24, 2005. The rules provide the period for responses. Based on the dates of service, Keyhole's discovery responses are due January 21, 2005 and Skyline's discovery responses are due January 24, 2005. I am amenable to a discussion of any mutual extensions of time that you want to propose.

    Third, in several discussions we have exchanged our views on the scope of discovery to be conducted over the months of December through April up to the claim construction hearing on April 27, 2005. In the December 23, 2004 cover letter accompanying your discovery requests, you stated that Keyhole would be looking for claim construction discovery which would include the 58 document requests which you stated were relevant to this topic. Included in those 58 document requests were requests in categories or areas including damages, conception, reduction to practice, first use, validity, claim construction, marketing and the detailed operation of Skyline's productions. In Keyhole's interrogatories you also asked a host of similar questions concerning infringement, conception, reduction to practice, first use, practice of the inventions, claim construction and prior art.

LIT 1499019v1

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

Darryl M. Woo, Esquire
January 14, 2005
Page 2

In our initial discussions you suggested that discovery into the conception and reduction to practice and infringement contentions, including document discovery and depositions would be relevant in this phase. In turn, you agreed to provide relevant prior art and some level of Keyhole's contentions concerning its non-infringement position, but no documents or depositions of Keyhole's developers. You also stated that, while the operation of Skyline's products was relevant to claim construction, Keyhole would not provide discovery with respect to its products. That proposal was entirely one-sided and make no sense for the host of reasons we have discussed.

More recently, you have suggested that no depositions are necessary for either side and the only discovery appropriate is the written discovery responses by Skyline referenced above, with a statement by Keyhole in some manner of its "non infringement contentions" and disclosures of prior art.

Obviously, what Keyhole hopes to accomplish is to force Skyline to provide detailed discovery responses on infringement and claim construction without any real discovery from Keyhole. That is unfair in the sense that Keyhole knows exactly where it is in trying to draw the line for non infringement purposes in the claim construction process, while Skyline has received no information on the detailed process used by Skyline. The Rule 11 comment in your January 5, 2005 letter is completely off base in this regard. Discovery exists to flesh out the claims and issues in a case – precisely what we are seeking to do here and what Keyhole is resisting. Similarly, your proposal is for claim construction to proceed in a vacuum, resulting in what is essentially an advisory opinion on *all* of the words or terms in the patent – whether or not they are in dispute. The best way to ensure a fair and productive claim construction hearing is to have reasonable discovery on these issues and not waste four months of discovery.

To that end, Skyline proposes the following:

1. Discovery prior to claim construction on conception, reduction to practice, infringement (and non infringement) and invalidity. This would include document production and interrogatory answers on these issues.

2. A limited number of depositions (perhaps two or three) of each side. For example, Skyline would make the inventors available and Keyhole would produce the developers.

This proposed discovery is limited and would enable a focused and productive hearing on claim construction. It would also allow us to make productive use of the four (4) months allotted for this phase.

Finally, in your letter you referenced the transcript of the hearing before the Court on the motions to transfer, to amend the complaint and for the scheduling order. As you will recall,

LIT 1499019v1

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

Darryl M. Woo, Esquire
January 14, 2005
Page 3

Judge Woodlock did not have the proposed schedules before him and read those quickly at the end of the hearing after we provided him with a copy. As a result, I do not think that we can read too much into his statement that he wanted to proceed with the claim construction briefing, as you suggested, in the middle of discovery as a focused indication of what discovery would proceed during the December to March time period.

    Kindly give me a call so we can discuss this.

                        Very truly yours,

                        H. Joseph Hameline

LIT 1499019v1

**FENWICK & WEST LLP**

EMBARCADERO CENTER WEST | 275 BATTERY STREET | SAN FRANCISCO, CA 94111
TEL 415.875.2300 | FAX 415.281.1350 | WWW.FENWICK.COM

January 18, 2005

DARRYL M. WOO

EMAIL DWOO@FENWICK.COM
DIRECT DIAL 415.875.2368

### VIA FACSIMILE/US MAIL

H. Joseph Hameline
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo PC
One Financial Center
Boston, Massachusetts 02111

  Re: Skyline Software Systems, Inc. v. Keyhole, Inc.
    USDC (MA) 04-11129-DPW

Dear Joe:

  This will respond to your letter received late last Friday, January 14, 2005, on the eve of the Martin Luther King holiday weekend. First, we appreciate your confirming that we have until January 24, 2005 to file and serve a responsive pleading as to both Google Inc. and Keyhole, Inc.

  Unfortunately, we feel compelled to respond in writing to the balance of your letter despite your invitation simply to call you to further discuss outstanding issues on scope of discovery, as your letter materially distorts our prior communications.

  At the outset, we did not propose any alteration in the current due dates for the parties' respective responses to their written discovery requests. There was no need for us to agree to a mutual exchange of discovery on January 24, as you evidently have miscalculated the respective due dates. While Skyline's requests were served December 21, 2004, they were served by mail and fax. Since there is no agreement that fax service counts as hand delivery, thirty days after the 21st is January 20, but with the added three days for mail service, the due date falls on January 23, which is a Sunday, thus making our responses due Monday, January 24, 2005. Keyhole's requests were served by hand on December 23, 2004. Thirty days after the 23rd is January 22, which is a Saturday, thus making Skyline's responses also due Monday, January 24, 2005. We note parenthetically that in the past, your office seems to have served motions by hand on our Boston counsel (despite the Court's directive to electronically file) in order to delay our receipt of same while starting our clock running for any response.

  Next, rather than insist on responses to the full scope of discovery we served on December 23rd, we specifically noted that these covered a fuller scope only in light of the local rule limitations on the number of sets allowed, but in light of the Court's phasing of the case, we would only be insisting on claim construction-related discovery at this time. We then

H. Joseph Hameline
January 18, 2005
Page 2

commenced discussions over the specifics of what that limited discovery would entail, but never insisted that Skyline provide discovery at this phase on things such as marketing, damages, and other non-claim construction related topics.

As we most recently discussed, there is no need for Skyline to take discovery of or depose Keyhole on the subject of the operation of the accused product, as it is well-settled that claim construction is not to be done with reference to the accused product. *See NeoMagic Corp. v. Trident Microsystems, Inc.*, 287 F.3d 1062, 1074 (Fed. Cir. 2002) ("It is well settled that claims may not be construed by reference to the accused device."). Though on the other hand, we think that the inventors' testimony regarding what they perceive as their invention and the scope of their invention is relevant to claim construction, we offered to refrain from taking such depositions at this time so that Skyline would not feel disadvantaged by our deposing your inventors while you were unable to take the depositions of our product developers.

This is not to say that claim construction will proceed in a vacuum. As stated previously, Skyline must have had some basis for believing Keyhole's products infringed prior to filing suit, including how it believed the claims should be construed, as that is what is required by Rule 11. *See, e.g., Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300-01 (Fed. Cir. 2003) ("In the context of patent infringement actions, we have interpreted Rule 11 to require, at a minimum, that an attorney interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement."); *View Eng'g, Inc. v. Robotic Vision Sys.*, 208 F.3d 981, 986 (Fed. Cir. 2000) ("Before filing [claims] of patent infringement, Rule 11, we think, must be interpreted to require the law firm to, at a bare minimum, apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted.").

As such, Skyline already knows what it believes to be the scope of its invention, and contrary to your assertions, it would be unfair to Keyhole to allow Skyline to gerrymander its claims to try to fit Keyhole's products. Our proposal was and is that the parties exchange claim construction discovery so that the issues will be focused and real, but without Skyline trying to artificially inflate their claims to capture something it did not invent.

We thus suggest that discovery proceed only as to the construction of the claim terms, including the scope of the invention and prior art, specifically:

1. That Skyline answer interrogatory nos. 1-4, 8 and 10, and document request nos. (to the extent of claim construction only) 1-7, 10, 15-18, 27, 31, 36-37, 41-51, 53, 84-85, 95, 113, 132, 133, 135 and 136 of Keyhole's discovery requests;

H. Joseph Hameline
January 18, 2005
Page 3

2. That Keyhole similarly respond to interrogatory no. 10 (it appears that Skyline has folded several interrogatories on claim construction into one) and document request nos. 1 (to the extent relevant to interrogatory no. 10) and 14;
3. That both parties supplement their responses on January 31, or on another agreed mutual date, to respond further in light of the other's responses served on January 24; and
4. That depositions proceed during this claim construction phase only as to witnesses who will submit substantive declarations (i.e., other than attorney or other witnesses' authentication declarations) in support of claim construction, or who will testify at the claim construction hearing (in the event that the Court allows live testimony).

Now that we have exchanged our written proposals, let's talk through where we are and what we can or cannot agree on.

Very truly yours,

Darryl M. Woo

cc: Nelson Apjohn, Esq.

# MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC

Boston
Washington
Reston
New York
Stamford
Los Angeles
London

One Financial Center
Boston, Massachusetts 02111
617 542 6000
617 542 2241 fax
www.mintz.com

H. Joseph Hameline

Direct dial 617 348 1651
JHameline@mintz.com

January 20, 2005

**BY FAX (650-938-5200)**
**AND REGULAR MAIL**

Darryl M. Woo, Esquire
Fenwick & West LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041

Re: Skyline Software Systems, Inc. v. Keyhole, Inc.
USDC (MA) 04-11129-DPW

Dear Darryl:

Thank you for your January 18, 2005 letter. I have reviewed that letter and considered your comments in our telephone conversation yesterday, but while I appreciate your efforts your most recent proposal is not a practical or acceptable approach. While we have discussed most of these issues, let me outline them briefly in the event that I have not articulated them concisely on the phone.

Under your current general proposal, we would essentially exchange a list of claim terms with each side's proposed construction and then determine what issues remain for consideration by the Court for a hearing in April. The net result of this process is that we will have wasted essentially four (4) or more months of discovery – which is tantamount to a stay of what would typically be half of the fact discovery period. This is a straightforward, one patent case. There is no need for such a stay.

I recognize that you do propose certain limited "claim construction discovery", but the scope of discovery as I look at the details in your proposal is both unclear and inconsistent. Your current proposal appears to be that there will be essentially no depositions. Defendants propose to answer one interrogatory setting forth their claim construction and two document requests – one related to the answer to interrogatories and one concerning prior art. As an initial matter, it is difficult to understand why the document request, but not the interrogatories on prior art are relevant. The claim term exchange is not so much discovery as a process which takes place typically toward the end of discovery, as the issues are focused, in virtually every patent case. In

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

Darryl M. Woo, Esquire
January 20, 2005
Page 2

essence, defendants agree to provide virtually no discovery. At a minimum the documents you do propose to produce should be provided as part of your initial disclosures. Previously, you had told me that Keyhole would provide its infringement (or non-infringement) positions, but apparently even that limited response will no longer be forthcoming. In light of the fact that Keyhole did file counterclaims for non-infringement and invalidity, I am certain (following your own argument under Rule 11) that you have positions to disclose.

In contrast, you propose that Skyline should respond to interrogatories identifying: accused products, set forth a claim chart applying each element of each claim to the accused products and whether infringement is literal or by the doctrine of equivalent; detailed claim construction contentions; identify people with knowledge (corollary interrogatories which you propose Keyhole will not answer); and prior art.

Keyhole's proposal on Skyline's document responses is even broader, including thirty-six (36) document requests which encompass related patents, documents concerning any products which practice the patent, initial disclosures of the invention, prior art, state of the art, infringement issues and analysis and any documents concerning the accused products.

The inconsistency in your proposal is evident. For example, why are products which practice the patent or infringe the patent relevant for Keyhole's discovery requests, but not Skyline's requests. Again, this entire process appears to be an attempt to delay discovery of defendants in any manner possible, while obtaining one-sided discovery from Skyline.

At a minimum, consistency would compel Keyhole respond to Interrogatories Nos. 1, 2, 6, 7, 8, 10 and 11 and Document Requests Nos. 1, 2, 8, 14, 16, 18 and 24.

I also disagree with your assertion that claim construction will not be proceeding in a vacuum and with your repeated references to Rule 11. The purpose of discovery is to focus the issues in dispute, provide a fair process for resolution of the dispute and to develop the detailed evidence for the case. None of that will occur here. In addition, your proposal is utterly one-sided because defendants know the detailed operation of the accused product, while Skyline does not. Under your interpretation of Rule 11, moreover, plaintiffs would not need discovery, they would simply proceed to trial.

Rather than what I perceive as proceeding as if there were a stay of discovery for four (4) plus months, I suggest that we contact the Court and request clarification on the issue and a productive use of this period. Give me a call or let me know if you are available to do so.

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

Darryl M. Woo, Esquire
January 20, 2005
Page 3

    Finally, I have been waiting for your draft of a protective order for a month. Let me know if that is coming.

                                            Very truly yours,

                                            H. Joseph Hameline

HJH/pm

LIT 1499937v1



# FENWICK & WEST LLP

EMBARCADERO CENTER WEST | 275 BATTERY STREET | SAN FRANCISCO, CA 94111

TEL 415.875.2300 | FAX 415.281.1350 | WWW.FENWICK.COM

January 24, 2005

DARRYL M. WOO

EMAIL DWOO@FENWICK.COM
DIRECT DIAL 415.875.2368

**VIA FACSIMILE/U.S. MAIL**

H. Joseph Hameline, Esq.
Mintz, Levin, Cohn, Ferris,
Glovsky & Popeo PC
One Financial Center
Boston, MA 02111

    Re:   *Skyline Software Systems, Inc. v. Keyhole, Inc., Google Inc.*
           USDC (MA) 04-11129-DPW

Dear Joe:

    This will respond to your letter received last week on January 20, 2005, and your subsequent email of Friday, January 21, asking that we agree to your proposed Joint Request for Clarification of Scheduling Order.

    For the reasons we have discussed previously, we see no need to approach the Court for clarification of the Scheduling Order, either jointly or otherwise. The limited nature of the initial phase of this case is reflected clearly by the record and requires no clarification, as the passage quoted below indicates.

```
 5   [COURT] Now, the question of scheduling and so on,
 6   can you work it out yourselves or am I going to have to
 7   get deeply involved in this?
 8        MR. WOO: We have really tried to do that,
 9   Your Honor. We have a fundamental difference of opinion
10   on the ordering, not so much the dates, but the
11   ordering. Now we proposed phased discovery so as to try
12   to minimize the cost to both parties.
13        We propose, for example, that the first part
14   -- the first phase of discovery be limited to claim
15   construction issues -- that is, deposing the inventors.
16   There are only two of them. We could probably do that
17   -- have them done here in Massachusetts done in January.
18   We could -- well, actually, what we need before then is
19   their infringement contentions so we know what we're
20   talking about, then depose the inventors, and we'd be
```

H. Joseph Hameline, Esq.
January 24, 2005
Page 2

21   ready to brief claim construction in March.
22         THE COURT: I'm sorry. Did you have a
23   proposal, a written proposal with respect to this?
24         MR. WOO: We did. It's in the joint
25   scheduling conference statement that was filed.

14

1          MR. HAMELINE: Do you want that letter, Your
2    Honor?
3          THE COURT: I haven't pulled it out. I should
4    have.
5          MR. HAMELINE: It's pages three and four.
6          THE COURT: Maybe if you could pass it up. I
7    have it in the back of my mind. I've seen it, but I
8    can't put my hands on it right away.
9          MR. WOO: I think I have an extra copy here
10   somewhere.
11         THE COURT: All right. I promise to give it
12   back if it's your only copy.
13         MR. HAMELINE: I've got one here, Your Honor.
14         THE COURT: I think Ms. Rynne is going to be
15   back in a moment.
16         MR. HAMELINE: I put one with yellow
17   highlighting on it. I was talking with you on the
18   phone.
19         MR. WOO: That's fine.
20         NOTE: [Document passed to Court]
21         THE COURT: Well, I think I'm going to adopt
22   the defendant's -- at least initial -- phase of this
23   discovery. That means that the filings with respect
24   to claim construction issues and proposed claim
25   constructions will be made on March 4th; that the

15

1    plaintiff's opening claim construction brief will be
2    also on March 4th; responsive claim construction brief
3    by Keyhole on March 25th; and a reply by Skyline on
4    April 8th. And we will try and schedule a claim
5    construction hearing promptly thereafter. And I think
6    I'm going to make that -- I might as well do it now.

H. Joseph Hameline, Esq.
January 24, 2005
Page 3

```
 7    I'll make it on April 27th.
 8         MR. HAMELINE: Your Honor --
 9         THE COURT: April 27th at 2:30. I think it is
10    important -- from what little I know about this -- to
11    get this framed promptly. So that's what I will do and
12    then we'll see where we go from there after that.
13         MR. WOO: Very well.
14         MR. HAMELINE: Thank you, Your Honor. I must
15    be hard of hearing. You said 2:30?
16         THE COURT: 2:30. Yes. Let me pass this
17    back.
18         MR. HAMELINE: Thank you, Your Honor.
19         Do you want to schedule the rest of this fact
20    discovery or wait until --
21         THE COURT: I want to wait until I've gotten
22    to the claim construction. I think you should be
23    prepared to have some alternative schedules to talk
24    about at that hearing as well. You'll have a better
25    idea of how much farther we're going to go, if at all,
```

                                    16

```
 1    on that at that point.
 2         MR. HAMELINE: Sure.
```

As shown by the record, you yourself acknowledged the limited nature of the initial phase by your comments as to scheduling the "rest of" fact discovery. Furthermore, contrary to your characterization of Judge Woodlock as being confused, there is no indication that the phasing of the case was accidental or unintentional, as the record shows that he had seen the proposal prior to the hearing ("I've seen it, but I can't put my hands on it right away.").

Also, we disagree with your characterization of a "four month stay of discovery." There is no such blanket stay. During our discussions we talked about the parties answering interrogatories, producing documents concerning claim construction and taking depositions of persons supplying declarations or testimony in connection with the claim construction hearing (with the exception of attorneys at either of our firms supplying purely authentication declarations). I outlined specifically what I thought that should entail by my letter of January 18, and you have now countered with a request that we respond to certain ones of Skyline's Interrogatories and that documents be produced under certain of Skyline's Requests for Production.

Not all of Skyline's enumerated requests pertain to claim construction, but I suggest we continue the discovery process with both parties timely serving their responses (both sides'

H. Joseph Hameline, Esq.
January 24, 2005
Page 4

responses are due today), supplementing them on January 31 or some other mutually agreeable date, then meeting and conferring after these exchanges to see whether and to what extent any disputes remain. We disagree that there is any inconsistency with our suggested course of claim construction discovery, but see no need to further detail that disagreement given our already extensive correspondence and discussions.

    We are serving our responses and documents today relevant to claim construction and look forward to receiving Skyline's responses and documents relevant to claim construction, including its infringement contentions and proposed constructions of terms.

Very truly yours,

Darryl M. Woo

cc:    Nelson Apjohn, Esq.