# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

SKYLINE SOFTWARE SYSTEMS, INC.,

        Plaintiff,

    v.

KEYHOLE, INC., and
GOOGLE INC.

        Defendants.

CIVIL ACTION NO. 04-11129 DPW

## KEYHOLE, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Nelson G. Apjohn (BBO No. 020373)
**NUTTER McCLENNEN & FISH LLP**
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 439-2000
Fax: (617) 310-9000

Attorneys for Defendants and
Counterclaimants
KEYHOLE, INC. and GOOGLE INC.

<u>Of Counsel</u>
Darryl M. Woo, admitted *pro hac vice*
Maclain Wells, admitted *pro hac vice*
Kent E. Kemeny, admitted *pro hac vice*
**FENWICK & WEST LLP**
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111
Tel. (415) 875-2300
Fax (415) 281-1350

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Keyhole,

Inc. hereby objects and responds to Plaintiff's First Set of Interrogatories to Defendant Keyhole,

Inc. as follows:

## GENERAL OBJECTIONS

Keyhole makes the following general objections. Each of these objections is

incorporated into the response to each and every interrogatory by this reference, whether or not

separately set forth in that response.

1. Keyhole objects to all interrogatories as improper under Federal Rule of Civil

Procedure 26(d) and as overly broad and beyond the scope of discovery permitted at this time, to

the extent they seek discovery of information unrelated to claim construction. As the Court ruled

and Skyline's counsel acknowledged at the scheduling conference on December 20, 2004,

discovery is phased such that it is limited at this time to claim construction-related discovery; the

rest of fact discovery will be taken up after claim construction.

2. Keyhole objects to all definitions, instructions, and interrogatories to the extent they

purport to impose any requirement or obligation on Keyhole beyond those set forth in the

Federal Rules of Civil Procedure and any applicable local rules or orders of the Court.

3. Keyhole objects to all definitions, instructions, and interrogatories to the extent they

seek information that is not relevant to a claim or defense in the above-captioned action, and

specifically not conforming to the Court's phasing of discovery limited to claim construction.

Keyhole further objects to all definitions, instructions and interrogatories to the extent that they

are not reasonably calculated to lead to the discovery of admissible evidence.

4. Keyhole objects to all definitions, instructions, and interrogatories to the extent that

they are overbroad, vague, ambiguous, unintelligible, fail to identify the information sought with

reasonable particularity, and impose an undue burden on Keyhole.

5. Keyhole objects to all definitions, instructions, and interrogatories to the extent they

seek information containing confidential financial, proprietary or trade secret information

(collectively "confidential information"). Keyhole will not disclose any confidential information

until the named parties have entered into a mutually agreeable protective order governing use and disclosure of confidential information in this litigation.

6.   Keyhole further objects to all definitions, instructions, and interrogatories to the extent they seek information containing confidential financial, proprietary or trade secret information of or relating to any third party, or information subject to a confidentiality agreement or protective order.

7.   Keyhole objects to all definitions, instructions, and interrogatories to the extent they seek information protected by any privilege, including the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.  Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine or any other applicable privilege or immunity or restriction on discovery.  Furthermore, Keyhole objects to the extent any definitions, instructions, or requests seek to require Keyhole's litigation counsel to log their work product or communications with their clients since the commencement of this litigation or in anticipation thereof, on the grounds of undue burden and oppression.

8.   Keyhole objects to all definitions, instructions, and interrogatories to the extent they seek information already in Skyline's possession, custody or control, are duplicative of discovery already propounded, are available to Skyline from some other source that is more convenient, less burdensome or less expensive, or are available to Skyline from public sources.

9.   Keyhole objects to all definitions, instructions, and interrogatories to the extent that they seek information not within Keyhole's possession, custody or control.

10. Keyhole objects to Skyline's definitions of "concerning," "communication," "person," "individual," "identify," "state the bases," "Keyhole," and "Google," to the extent that they are inconsistent with the definitions set forth in Local Rule 26.5.

11. Keyhole objects to Definition No. 13 to the extent it is inconsistent with Local Rule 33.1(c) & (e).

12. Keyhole objects to Skyline's definition of "Accused Keyhole Product" and "accused

product(s) and/or service(s)" on the grounds that Skyline has not yet identified any specific Keyhole products it contends are covered by the Patent-in-Suit, and has not yet identified the claims of the Patent-in-Suit that it contends are practiced by any specific Keyhole products.

13. Unless otherwise stated, Keyhole shall provide responses according to its reasonable interpretation of these interrogatories. Keyhole shall not be held accountable if its reasonable interpretation of these interrogatories does not comport with the Skyline's intentions.

14. In responding to these interrogatories, Keyhole does not concede the relevancy or materiality of any of its subject matter. Keyhole's response to these interrogatories is made expressly subject to and without waiving any objections in any proceeding, including trial of this action, as to competency, relevancy, materiality, or privilege of any of the issues referred to or the responses given.

15. Keyhole has not yet completed its investigation of the facts relating to this case and has only just begun formal discovery in this matter. Any and all responses to these interrogatories are therefore based solely on information presently known to Keyhole, and Keyhole reserves the right to conduct further discovery and investigation and to use at trial or any other proceeding evidence of any subsequently discovered facts or information.

16. Except when specifically responding to an interrogatory asking for Keyhole's proposed claim constructions or expressly stating a proposed claim construction, in responding to these interrogatories, e.g., as to invalidity or prior art, Keyhole does not imply any particular claim construction but reserves its right to supplement its responses after further discovery and the issuance of the Court's order(s) on claim construction.

17. Keyhole incorporates the objections stated above into each and every response to these interrogatories identified separately below as though fully set forth therein.

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 1:

Identify the person or persons most knowledgeable about each of the following subject areas:

> (a)    the engineering, design, characteristics and development of the accused product(s) and/or service(s), or any other Keyhole product or service having, employing, using, including, incorporating or enabling the accused product(s) and/or service(s);

> (b)    the advertising, marketing and promotion of accused product(s) and/or service(s), or any other Keyhole product or service having, employing, using, including incorporating or enabling the accused product(s) and/or service(s);

> (c)    the sale, offer for sale and licensing of accused product(s) and/or service(s), or any other Keyhole product or service having, employing, using, including, incorporating or enabling the accused product(s) and/or service(s); and

> (d)    the revenue and profits generated from the manufacture, use, sale, offer for sale or licensing of accused product(s) and/or service(s), or any other Keyhole product or service having, employing, using, including, incorporating or enabling accused product(s) and/or service(s).

### RESPONSE TO INTERROGATORY NO. 1:

Keyhole incorporates its General Objections herein by reference. Keyhole also objects on the ground that this interrogatory is overly broad, unduly burdensome, and oppressive to the extent that it exceeds the scope of the Court's phasing of discovery limiting it at this stage of the litigation to claim construction. Keyhole further objects on the ground that the interrogatory is overly broad, unduly burdensome, and oppressive to the extent that it is not limited to products allegedly covered by the Patent-in-Suit, and to the extent that it seeks information that is not

relevant to any claim or defense in this action. Keyhole further objects to this interrogatory as premature because Skyline has not yet identified any specific Keyhole products it contends are covered by the Patent-in-Suit, and has not yet identified the claims of the Patent-in-Suit that it contends are practiced by any specific Keyhole products. Keyhole further objects to this interrogatory to the extent it seeks confidential information, and a protective order governing use and disclosure of such confidential information has not yet been entered. Keyhole further objects to this interrogatory as compound constituting multiple discreet subparts within the meaning of Rule 33(a) of the Federal Rules of Civil Procedure.

### INTERROGATORY NO. 2:

Identify all accused product(s) and/or service(s), or any other Keyhole product or service, having, employing, incorporating or enabling Keyhole's accused product(s) and/or service(s).

### RESPONSE TO INTERROGATORY NO. 2:

Keyhole incorporates its General Objections herein by reference. Keyhole also objects to this interrogatory as being so vague, ambiguous, and unintelligible, that Keyhole is incapable of a providing a reasonable response. It is axiomatic that Keyhole cannot identify any accused products or service unless and until Skyline first accuses a specific product or service. Keyhole also objects on the ground that this interrogatory is overly broad, unduly burdensome, and oppressive to the extent that it exceeds the scope of the Court's phasing of discovery limiting it at this stage of the litigation to claim construction. Keyhole further objects on the ground that the interrogatory is overly broad, unduly burdensome, and oppressive to the extent that it is not limited to products allegedly covered by the Patent-in-Suit, and to the extent that it seeks information that is not relevant to any claim or defense in this action. Keyhole further objects to this interrogatory as premature because Skyline has not yet identified any specific Keyhole products it contends are covered by the Patent-in-Suit, and has not yet identified the claims of the Patent-in-Suit that it contends are practiced by any specific Keyhole products. Keyhole further objects to this interrogatory to the extent it seeks confidential information, and a protective order

governing use and disclosure of such confidential information has not yet been entered.

**INTERROGATORY NO. 3:**

For each product the identification of which is sought by Interrogatory No. 2, state in detail on a quarterly and annual basis, by product, the sales, income and profits realized from Keyhole sales and licensing of the product, including but not limited to, the units sold and/or licensed, the average sale and/or licensing price (billed), the gross revenue (dollars) generated, the costs of goods sold or licensed, the average costs of goods sold and/or licensed, the gross profit margin and the net profit margin.

**RESPONSE TO INTERROGATORY NO. 3:**

Keyhole incorporates its General Objections herein by reference. Keyhole also incorporates its Response to Interrogatory No. 2 herein by reference. Keyhole also objects on the ground that this interrogatory is overly broad, unduly burdensome, and oppressive to the extent that it exceeds the scope of the Court's phasing of discovery limiting it at this stage of the litigation to claim construction. Keyhole further objects on the ground that the interrogatory is overly broad, unduly burdensome, and oppressive to the extent that it is not limited to products allegedly covered by the Patent-in-Suit, and to the extent that it seeks information that is not relevant to any claim or defense in this action. Keyhole further objects to this interrogatory as premature because Skyline has not yet identified any specific Keyhole products it contends are covered by the Patent-in-Suit, and has not yet identified the claims of the Patent-in-Suit that it contends are practiced by any specific Keyhole products. Keyhole further objects to this interrogatory to the extent it seeks confidential information, and a protective order governing use and disclosure of such confidential information has not yet been entered.

**INTERROGATORY NO. 4:**

For each product the identification of which is sought by Interrogatory No. 2, state on a quarterly and annual basis, by product, all other income or revenue generated by the manufacture, use, sale, offer for sale or licensing of the product that is not set forth in response to

Interrogatory No. 3.

### RESPONSE TO INTERROGATORY NO. 4:

Keyhole incorporates its General Objections herein by reference. Keyhole also incorporates its Response to Interrogatory No. 2 herein by reference. Keyhole also objects on the ground that this interrogatory is overly broad, unduly burdensome, and oppressive to the extent that it exceeds the scope of the Court's phasing of discovery limiting it at this stage of the litigation to claim construction. Keyhole further objects on the ground that the interrogatory is overly broad, unduly burdensome, and oppressive to the extent that it is not limited to products allegedly covered by the Patent-in-Suit, and to the extent that it seeks information that is not relevant to any claim or defense in this action. Keyhole further objects to this interrogatory as premature because Skyline has not yet identified any specific Keyhole products it contends are covered by the Patent-in-Suit, and has not yet identified the claims of the Patent-in-Suit that it contends are practiced by any specific Keyhole products. Keyhole further objects to this interrogatory to the extent it seeks confidential information, and a protective order governing use and disclosure of such confidential information has not yet been entered.

### INTERROGATORY NO. 5:

Identify with specificity the circumstances (including dates and persons involved) by which Keyhole first learned of the existence of the patent-in-suit or the inventions of the patent-in-suit.

### RESPONSE TO INTERROGATORY NO. 5:

Keyhole incorporates its General Objections herein by reference. Keyhole also objects on the ground that this interrogatory is overly broad, unduly burdensome, and oppressive to the extent that it exceeds the scope of the Court's phasing of discovery limiting it at this stage of the litigation to claim construction. Keyhole further objects on the ground that the interrogatory is overly broad, unduly burdensome, and oppressive to the extent that it seeks information that is not relevant to any claim or defense in this action. Keyhole further objects to this interrogatory

as premature because Skyline has not yet identified the claims or inventions of the Patent-in-Suit

that it contends are practiced by any specific Keyhole products. Keyhole further objects to this

interrogatory to the extent it seeks confidential information, and a protective order governing use

and disclosure of such confidential information has not yet been entered. Keyhole further

objects to this interrogatory to the extent is seeks information protected by any privilege,

including the attorney-client privilege, work product doctrine, common interest privilege, or any

other applicable privilege, immunity, or restriction on discovery.

### INTERROGATORY NO. 6:

Identify any prior art study, search, investigation or opinion done or prepared by or on

behalf of Keyhole concerning the '189 Patent or any characterization of the '189 Patent,

including the date when such study, search, investigation or opinion was made, all persons who

participated, the persons who have been provided with a copy of the results, and all prior art

discovered as a result of such study, search, investigation or opinion.

### RESPONSE TO INTERROGATORY NO. 6:

Keyhole incorporates its General Objections herein by reference. Keyhole also objects

on the ground that this interrogatory is overly broad, unduly burdensome, and oppressive to the

extent that it exceeds the scope of the Court's phasing of discovery limiting it at this stage of the

litigation to claim construction. Keyhole further objects on the ground that the interrogatory is

overly broad, unduly burdensome, and oppressive to the extent that it seeks information that is

not relevant to any claim or defense in this action. Keyhole further objects to this interrogatory

as premature because Skyline has not yet identified the claims of the Patent-in-Suit that it

contends are practiced by any specific Keyhole products. Keyhole further objects to this

interrogatory to the extent it seeks confidential information, and a protective order governing use

and disclosure of such confidential information has not yet been entered. Keyhole further

objects to this interrogatory to the extent it seeks premature disclosure of expert opinions.

Keyhole further objects to this interrogatory to the extent is seeks information protected by any

privilege, including the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.

## INTERROGATORY NO. 7:

For each piece of prior art disclosed above, describe the basis for your contention that it contains prior art to the '189 Patent.

## RESPONSE TO INTERROGATORY NO. 7:

Keyhole incorporates its General Objections herein by reference. Keyhole also incorporates its Response to Interrogatory No. 6 herein by reference. Keyhole also objects on the ground that this interrogatory is overly broad, unduly burdensome, and oppressive to the extent that it exceeds the scope of the Court's phasing of discovery limiting it at this stage of the litigation to claim construction. Keyhole further objects to this interrogatory as premature because Skyline has not yet identified the claims of the Patent-in-Suit that it contends are practiced by any specific Keyhole products. Keyhole further objects to this interrogatory to the extent it seeks confidential information, and a protective order governing use and disclosure of such confidential information has not yet been entered. Keyhole further objects to this interrogatory to the extent it seeks premature disclosure of expert opinions. Keyhole further objects to this interrogatory as premature because it is a contention interrogatory. *See* Fed. R. Civ. P. 33(c); *Bonilla v. Trebol Motors Corp.*, no. 92-1795, 1997 U.S. Dist. LEXIS 4370, at *214-*218 (D.P.R. March 27, 1997) ("Courts normally order that an answer to a contention interrogatory need not be given until after other discovery is taken."); *see also In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 338-39 (N.D. Cal. 1985). Keyhole further objects to this interrogatory to the extent is seeks information protected by any privilege, including the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.

## INTERROGATORY NO. 8:

State in full and complete detail the basis of your denial that Keyhole has infringed the

'189 Patent, and, for each such fact, identify each person with knowledge of that fact and each document concerning that fact or supporting that denial.

## RESPONSE TO INTERROGATORY NO. 8:

Keyhole incorporates its General Objections herein by reference. Keyhole also objects on the ground that this interrogatory is overly broad, unduly burdensome, and oppressive to the extent that it exceeds the scope of the Court's phasing of discovery limiting it at this stage of the litigation to claim construction. Keyhole further objects to this interrogatory as premature because Skyline has not yet identified any specific Keyhole products it contends are covered by the Patent-in-Suit, and has not yet identified the claims of the Patent-in-Suit that it contends are practiced by any specific Keyhole products, nor the bases, if any, for any alleged infringement. Keyhole further objects to this interrogatory to the extent it seeks confidential information, and a protective order governing use and disclosure of such confidential information has not yet been entered. Keyhole further objects to this interrogatory to the extent it seeks premature disclosure of expert opinions. Keyhole further objects to this interrogatory as premature because it is a contention interrogatory. *See* Fed. R. Civ. P. 33(c); *Bonilla v. Trebol Motors Corp.*, no. 92-1795, 1997 U.S. Dist. LEXIS 4370, at *214-*218 (D.P.R. March 27, 1997) ("Courts normally order that an answer to a contention interrogatory need not be given until after other discovery is taken."); *see also In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 338-39 (N.D. Cal. 1985). Keyhole further objects to this interrogatory as premature on the grounds that it calls for construction of claim terms before the Court has issued a claim construction ruling and before Skyline has given any indication of what the patent claims cover and why it believes they are infringed. Keyhole further objects to this interrogatory to the extent is seeks information protected by any privilege, including the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.

**INTERROGATORY NO. 9:**

Separately state the bases for each affirmative defense asserted by Keyhole in response to Skyline's Complaint for each such defense, identify each person(s) with knowledge of that defense and each document concerning that defense.

**RESPONSE TO INTERROGATORY NO. 9:**

Keyhole incorporates its General Objections herein by reference. Keyhole also objects on the ground that this interrogatory is overly broad, unduly burdensome, and oppressive to the extent that it exceeds the scope of the Court's phasing of discovery limiting it at this stage of the litigation to claim construction. Keyhole further objects to this interrogatory as premature because Skyline has not yet identified any specific Keyhole products it contends are covered by the Patent-in-Suit, and has not yet identified the claims of the Patent-in-Suit that it contends are practiced by any specific Keyhole products. Keyhole further objects to this interrogatory to the extent it seeks confidential information, and a protective order governing use and disclosure of such confidential information has not yet been entered. Keyhole further objects to this interrogatory to the extent it seeks premature disclosure of expert opinions. Keyhole further objects to this interrogatory as premature because it is a contention interrogatory. *See* Fed. R. Civ. P. 33(c); *Bonilla v. Trebol Motors Corp.*, no. 92-1795, 1997 U.S. Dist. LEXIS 4370, at *214-*218 (D.P.R. March 27, 1997) ("Courts normally order that an answer to a contention interrogatory need not be given until after other discovery is taken."); *see also In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 338-39 (N.D. Cal. 1985). Keyhole further objects to this interrogatory as premature on the grounds that it calls for construction of claim terms before the Court has issued a claim construction ruling. Keyhole further objects to this interrogatory to the extent is seeks information protected by any privilege, including the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.

**INTERROGATORY NO. 10:**

State in full and complete detail what you contend is the proper claim construction for the

terms and/or phrases in the '189 Patent which you contend are at issue for the purpose of claim construction; and the basis for your contentions.

**RESPONSE TO INTERROGATORY NO. 10:**

Keyhole incorporates its General Objections herein by reference. Keyhole further objects to this interrogatory as premature because Skyline has not yet identified the claims of the Patent-in-Suit that it contends are practiced by any specific Keyhole products. Consequently, Keyhole cannot yet identify which claim terms are "at issue." Keyhole further objects to this interrogatory as premature because the time for expert discovery is not yet at hand. Nevertheless, to promote the orderly progress of discovery and in light of the Court's phasing of discovery to proceed with claim construction at this time, Keyhole provides the following preliminary constructions of "representative" claims, reserving the right to supplement and/or amend after Skyline discloses which claims it contends are practiced by any specific Keyhole products and/or Skyline's proposed constructions, and after the opportunity to consult with experts and/or conduct expert discovery. Keyhole further objects to this interrogatory to the extent it seeks information protected by any privilege, including the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.

Subject to and without waiving any objections, Keyhole responds as follows:

| Claim | Proper Construction |
|---|---|
| 1. A method of providing data blocks describing three-dimensional terrain to a renderer, the data blocks belonging to a hierarchical structure which includes blocks at a plurality of different resolution levels, the method comprising: | • **terrain** – the earth's surface as a variation from mean sea level<br><br>• **data block** – a data block is a real life image of a terrain area, and is composed of individual sub-blocks of pixels, each pixel represented by a color and elevation attribute; each data block has one particular resolution and is transmitted to or processed by the renderer as a single unit. E.g. '189 patent, col. 8:15-9:27.<br><br>• **data blocks belonging to a hierarchical structure** – data blocks organized into multiple levels of resolution, whereby each successive level contains data blocks of a higher resolution than those in the preceding level. E.g. '189 patent, col. 9:17-20; Figs. 2-3, 9; claim 2; '189 Patent File History, Feb. 27, 2002 Amendment.<br><br>• **resolution level** – the amount of detail per unit area. E.g. '189 patent, col. 3:6-9; col. 8:59-67. |

| | |
|---|---|
| receiving from the renderer one or more coordinates in the terrain along with indication of a respective resolution level | • **renderer** – A software object that (1) determines the coordinates of pixels required to draw a view on a display and requests the description of those pixels at a specified resolution level from a cache manager; (2) receives the requested data blocks corresponding to the provided coordinates from the cache manager; and (3) uses the data blocks provided by the cache manager to draw the view on the display. E.g. '189 patent, col. 3:58-60; col. 11:19-30; col. 12:58-13:2; col. 13:10-17. |
| | • **coordinates in the terrain** – a pair of coordinates, such as latitude and longitude or x and y coordinates, of a particular location in the terrain. |
| | • **indication of a respective resolution level** – data specifying the amount of detail per unit area corresponding to a level of resolution in the hierarchical structure of data blocks. |
| | • **Receiving from the renderer one or more coordinates in the terrain along with indication of a respective resolution level** – a software object other than the "renderer" receives from the renderer one or more coordinates, such as latitude and longitude or x and y coordinates, of a particular location in the terrain, and such software object at the same time also receives from the renderer data specifying the amount of detail per unit area corresponding to a level of resolution in the hierarchical structure of data blocks. |
| providing the renderer with a first data block which includes data corresponding to the one or more coordinates, from a local memory; | • **data corresponding to the one or more coordinates** – data depicting the terrain that is found at the one or more sets of coordinates received from the renderer. |
| | • **local memory** – a memory that is physically part of the local computer that is performing the steps of the recited method. In the specification, the term cache memory is used. "It is noted that the term cache memory is used herein generally to refer to any relatively small memory which can be accessed rapidly by processor 20 and is used to save data which is most likely to be used by the processor." '189 patent, col. 11:58-61. |
| | • **providing the renderer with a first data block which includes data corresponding to the one or more coordinates, from a local memory** – a software object other than the "renderer" provides to the renderer a first data block depicting the terrain that is found at the one or more pairs of coordinates received from the renderer, the first data block provided in the first instance from a memory that is physically part of the local computer that is performing the steps of the recited method. |
| downloading from a remote server one or more additional data blocks at a resolution level higher than the resolution level of the first block which include data corresponding to the one or more coordinates if the provided block from the local memory is not at the indicated resolution level. | • **downloading** – receiving and storing data. |
| | • **remote server** – a computer separate from the local computer that is performing the steps of the recited method. |
| | • **data corresponding to the one or more coordinates** – data depicting the terrain that is found at the pair of (e.g., latitude and longitude or x and y) coordinates received from the "renderer." |

| | |
|---|---|
| | • **downloading from a remote server one or more additional data blocks at a resolution level higher than the resolution level of the first block which include data corresponding to the one or more coordinates if the provided block from the local memory is not at the indicated resolution level** –downloading to the local computer from a separate computer one or more additional data blocks each having an amount of detail per unit area greater than the amount of detail per unit area of the first data block already in the local memory, which additional data blocks include data corresponding to the one or more coordinates received from the "renderer," upon determination of the condition that the first data block already in the local memory is not at the indicated amount of detail per unit area received from the renderer. |
| 12. Apparatus for providing data blocks describing three-dimensional terrain to a render, the data blocks belonging to a hierarchical structure which includes blocks at a plurality of different resolution levels, the apparatus comprising: | • This claim uses the term "render" rather than "renderer," which is nonsensical. To the extent that the patentee intended to refer to a "renderer," however, Keyhole provides the following construction. |
| a local memory which stores data blocks corresponding to coordinates proximal to a current viewpoint of the renderer; | • **local memory** – Same construction of this term as in claim 1.<br><br>• **data blocks** – Same construction of this term as in claim 1.<br><br>• **data blocks corresponding to coordinates** – data blocks depicting the terrain that is found at (e.g., latitude and longitude or x, y) coordinates.<br><br>• **current viewpoint** – the spatial location corresponding to the viewer's eye to observe the terrain from the same perspective as presently drawn by the "renderer." E.g. '189 patent, col. 13:62-14:9; Fig. 7.<br><br>• **proximal to a current viewpoint of the renderer** – near to the current viewpoint of the "renderer."<br><br>• **a local memory which stores data blocks corresponding to coordinates proximal to a current viewpoint of the renderer** – a memory that is physically part of the local computer which stores data blocks that depict the terrain that is found at (e.g., latitude and longitude or x, y) coordinates located near the current viewpoint of the renderer. |
| a communication link, through which the memory receives the data blocks from a remote server; | • **communication link** – network connection used for transferring data between computers. E.g. '189 patent, col. 12:8-12; Fig. 5.<br><br>• **remote server** – Same construction of this term as in claim 1.<br><br>• **a communication link, through which the memory receives the data blocks from a remote server** – a network connection used for transferring the "data blocks" to the local memory that is physically part of the local computer, from a separate computer . |
| a processor which receives one or more specified coordinates along with indication of a respective resolution level from a renderer, provides the renderer with a first | • **processor** – a general purpose processor of the local computer as distinguished from the dedicated hardware processor that runs the "renderer."<br><br>• **renderer** – in the apparatus claims, a dedicated hardware processor that runs a "renderer," where "renderer" has the same |

| | |
|---|---|
| data block which includes data corresponding to the one or more specified coordinates from a local memory, and downloads over the communication link one or more data blocks of a resolution level higher than the resolution level of the first block which include data corresponding to the one or more coordinates if the first block is not from the indicated level. | construction as in claim 1 ("hardware renderer"). The hardware renderer is separate from the "processor" such that the processor can receive data from the renderer and provide data to the renderer. "Renderer 72 is preferably implemented entirely in software. Alternatively, renderer 72 includes a dedicated hardware processor, such as a 3D graphic accelerator, along with a software package running on general purpose processor 20 which provides blocks 42 to the dedicated hardware processor." Col. 13, ln 11-17.<br><br>• **receives one or more specified coordinates along with indication of a respective resolution level from a renderer** – receives from a hardware renderer one or more specified coordinates in the terrain and at the same times receives from the hardware renderer data specifying the amount of detail per unit area corresponding to a level of resolution in the hierarchical structure of data blocks.<br><br>• **provides the renderer with a first data block which includes data corresponding to the one or more specified coordinates from a local memory** – provides to the hardware renderer a first data block depicting the terrain that is found at the one or more sets of specified coordinates, said first data block provided in the first instance from a "local memory."<br><br>• **downloads over the communication link one or more data blocks of a resolution level higher than the resolution level of the first block which include data corresponding to the one or more coordinates if the first block is not from the indicated level** – downloads over the communication link one or more data blocks each having an amount of detail per unit area greater than the amount of detail per unit area of the first data block previously provided to the hardware renderer, which additional data blocks include data corresponding to the one or more coordinates received from the hardware renderer, upon determination of the condition that the previously provided first data block is not at the indicated amount of detail per unit area received from the hardware renderer. |

## INTERROGATORY NO. 11:

For any claim alleged to be invalid under 35 U.S.C. § 102: (i) identify the claim; (ii) identify each document, thing, act or other evidence upon which Keyhole or its expert(s) intends to rely to prove invalidity under Section 102; (iii) identify all facts relating to whether the document, thing, act or other evidence qualifies as prior art; (iv) describe in detail on an element-by-element basis whether and how the document, thing, act or other evidence discloses each and every limitation in the identified claim, with specific reference to the portion(s) of the document, thing, act or other evidence relied upon; (v) identify all persons and entities with relevant

knowledge, information or documents, and describe the knowledge, information or documents that each person possesses or is believed to possess; and (vi) identify each witness whom Keyhole will or may have testify in this action about invalidity under Section 102, and to what each witness will or may testify.

### RESPONSE TO INTERROGATORY NO. 11:

Keyhole incorporates its General Objections herein by reference. Keyhole also objects on the ground that this interrogatory is overly broad, unduly burdensome, and oppressive to the extent that it exceeds the scope of the Court's phasing of discovery limiting it at this stage of the litigation to claim construction. Keyhole further objects to this interrogatory as premature because Skyline has not yet identified the claims of the Patent-in-Suit that it contends are practiced by any specific Keyhole products. Keyhole further objects to this interrogatory to the extent it seeks confidential information, and a protective order governing use and disclosure of such confidential information has not yet been entered. Keyhole further objects to this interrogatory to the extent it seeks premature disclosure of expert opinions. Keyhole further objects to this interrogatory as premature because it is essentially a contention interrogatory. *See* Fed. R. Civ. P. 33(c); *Bonilla v. Trebol Motors Corp.*, no. 92-1795, 1997 U.S. Dist. LEXIS 4370, at *214-*218 (D.P.R. March 27, 1997) ("Courts normally order that an answer to a contention interrogatory need not be given until after other discovery is taken."); *see also In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 338-39 (N.D. Cal. 1985). Keyhole further objects to this interrogatory as premature on the grounds that it calls for construction of claim terms before the Court has issued a claim construction ruling. Keyhole further objects to this interrogatory as compound constituting multiple discreet subparts within the meaning of Rule 33(a) of the Federal Rules of Civil Procedure. Keyhole further objects to this interrogatory to the extent is seeks information protected by any privilege, including the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.

Subject to and without waiving any objections, Keyhole responds as follows: pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Keyhole will produce publicly available prior art documents to the extent such prior art is relevant to claim construction. At least claims 1 and 12 are invalid under 35 U.S.C. Section 102 in light of The Multidimensional Applications and Gigabit Internet Consortium (MAGIC) project. Documents describing the MAGIC project, and specifically SRI International's contribution to the consortium (TerraVision, a system for visualizing terrain) are being produced.

## INTERROGATORY NO. 12:

For any claim alleged to be invalid under 35 U.S.C. § 103: (i) identify the claim; (ii) identify each document, thing, act or other evidence or specific combination thereof upon which Keyhole or its expert(s) intends to rely as a prior art reference to assert invalidity under § 103; (iii) provide an element-by-element analysis of the claim describing in detail how each prior art reference allegedly discloses the claim element; (iv) describe how and why there is a suggestion or motivation to combine the prior art references, and all evidence relating thereto; (v) identify all secondary considerations relevant to the obviousness analysis and all facts, documents or things relating to the secondary considerations; (vi) explain in detail how the secondary considerations identified relate to the obviousness analysis; (vii) identify all persons and entities with relevant knowledge, information or documents, and describe the knowledge, information or documents that each person possesses or is believed to possess; and (viii) identify each witness whom Keyhole will or may have testify in this action about invalidity under Section 103, and to what the witness will or may testify.

## RESPONSE TO INTERROGATORY NO. 12:

Keyhole incorporates its General Objections herein by reference. Keyhole also objects on the ground that this interrogatory is overly broad, unduly burdensome, and oppressive to the extent that it exceeds the scope of the Court's phasing of discovery limiting it at this stage of the litigation to claim construction. Keyhole further objects to this interrogatory as premature

because Skyline has not yet identified the claims of the Patent-in-Suit that it contends are practiced by any specific Keyhole products. Keyhole further objects to this interrogatory to the extent it seeks confidential information, and a protective order governing use and disclosure of such confidential information has not yet been entered. Keyhole further objects to this interrogatory to the extent it seeks premature disclosure of expert opinions. Keyhole further objects to this interrogatory as premature because it is essentially a contention interrogatory. *See* Fed. R. Civ. P. 33(c); *Bonilla v. Trebol Motors Corp.*, no. 92-1795, 1997 U.S. Dist. LEXIS 4370, at *214-*218 (D.P.R. March 27, 1997) ("Courts normally order that an answer to a contention interrogatory need not be given until after other discovery is taken."); *see also In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 338-39 (N.D. Cal. 1985). Keyhole further objects to this interrogatory as premature on the grounds that it calls for construction of claim terms before the Court has issued a claim construction ruling. Keyhole further objects to this interrogatory as compound constituting multiple discreet subparts within the meaning of Rule 33(a) of the Federal Rules of Civil Procedure. Keyhole further objects to this interrogatory to the extent is seeks information protected by any privilege, including the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.

Subject to and without waiving any objections, Keyhole responds as follows: pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Keyhole will produce publicly available prior art documents to the extent such prior art is relevant to claim construction. At least claims 1 and 12 are invalid under 35 U.S.C. Section 103 in light of the combination of U.S. Patent Number 5,760,783 to Migdal, et al. (filed Nov. 6, 1995 and issued Jun. 2, 1998) and the article "Global Terrain Texture: Lowering the Cost" by Michael A. Cosman (in Eric G. Monroe, editor, Proceedings of 1994 IMAGE VII Conference, pages 53-64. The IMAGE Society, 1994), copies of which are being produced. To the extent not otherwise rendering such claims invalid under 35 U.S.C. Section 102, The Multidimensional Applications and Gigabit Internet Consortium (MAGIC) project render at least claims 1 and 12 invalid under 35 U.S.C.

Section 103.  Documents describing the MAGIC project, and specifically SRI International's contribution to the consortium (TerraVision, a system for visualizing terrain) are being produced.

### INTERROGATORY NO. 13:

Separately for each claim of any patent-in-suit which Keyhole alleges is invalid pursuant to 35 U.S.C. § 112 for failure to distinctly claim the subject matter of the invention or for indefiniteness:  (i) explain and describe in detail how and why the specification, claim or claim element does not distinctly describe the subject matter of the invention or is indefinite; (ii) identify each document, thing, act or other evidence upon which Keyhole or its expert(s) intends to rely to prove indefiniteness; (iii) identify all persons and entities with relevant knowledge, information or documents; (iv) state the relevant knowledge, information and documents that each person or entity has or is believed to have; and (v) identify each witness whom Keyhole will or may have testify in this action about whether any claim is indefinite, and to what each witness will or may testify.

### RESPONSE TO INTERROGATORY NO. 13:

Keyhole incorporates its General Objections herein by reference.  Keyhole also objects on the ground that this interrogatory is overly broad, unduly burdensome, and oppressive to the extent that it exceeds the scope of the Court's phasing of discovery limiting it at this stage of the litigation to claim construction.  Keyhole further objects to this interrogatory as premature because Skyline has not yet identified the claims of the Patent-in-Suit that it contends are practiced by any specific Keyhole products.  Keyhole further objects to this interrogatory to the extent it seeks confidential information, and a protective order governing use and disclosure of such confidential information has not yet been entered.  Keyhole further objects to this interrogatory to the extent it seeks premature disclosure of expert opinions.  Keyhole further objects to this interrogatory as premature because it is essentially a contention interrogatory. *See* Fed. R. Civ. P. 33(c); *Bonilla v. Trebol Motors Corp.*, no. 92-1795, 1997 U.S. Dist. LEXIS 4370, at *214-*218 (D.P.R. March 27, 1997) ("Courts normally order that an answer to a contention

interrogatory need not be given until after other discovery is taken."); *see also In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 338-39 (N.D. Cal. 1985). Keyhole further objects to this interrogatory as premature on the grounds that it calls for construction of claim terms before the Court has issued a claim construction ruling. Keyhole further objects to this interrogatory as compound constituting multiple discreet subparts within the meaning of Rule 33(a) of the Federal Rules of Civil Procedure. Keyhole further objects to this interrogatory to the extent is seeks information protected by any privilege, including the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.

### INTERROGATORY NO. 14:

Separately for every claim of any patent-in-suit which Keyhole alleges is invalid pursuant to 35 U.S.C. § 112 for failure to provide a written description of the invention: (i) identify the claim; (ii) identify with specificity the claim element that does not have a written description; (iii) explain and describe in detail how and why the specification does not set forth the a (sic) written description; (iv) identify all persons and entities with relevant knowledge; (v) identify each document, thing, act or other evidence upon which Keyhole or its expert(s) intends to rely to prove failure to provide a written description; and (vi) identify each witness whom Keyhole will or may have testify in this action about failure to provide a written description, and to what each witness will or may testify.

### RESPONSE TO INTERROGATORY NO. 14:

Keyhole incorporates its General Objections herein by reference. Keyhole also objects on the ground that this interrogatory is overly broad, unduly burdensome, and oppressive to the extent that it exceeds the scope of the Court's phasing of discovery limiting it at this stage of the litigation to claim construction. Keyhole further objects to this interrogatory as premature because Skyline has not yet identified the claims of the Patent-in-Suit that it contends are practiced by any specific Keyhole products. Keyhole further objects to this interrogatory to the

extent it seeks confidential information, and a protective order governing use and disclosure of

such confidential information has not yet been entered. Keyhole further objects to this

interrogatory to the extent it seeks premature disclosure of expert opinions. Keyhole further

objects to this interrogatory as premature because it is essentially a contention interrogatory. *See*

Fed. R. Civ. P. 33(c); *Bonilla v. Trebol Motors Corp.*, no. 92-1795, 1997 U.S. Dist. LEXIS 4370,

at *214-*218 (D.P.R. March 27, 1997) ("Courts normally order that an answer to a contention

interrogatory need not be given until after other discovery is taken."); *see also In re Convergent*

*Tech. Sec. Litig.*, 108 F.R.D. 328, 338-39 (N.D. Cal. 1985). Keyhole further objects to this

interrogatory as premature on the grounds that it calls for construction of claim terms before the

Court has issued a claim construction ruling. Keyhole further objects to this interrogatory as

compound constituting multiple discreet subparts within the meaning of Rule 33(a) of the

Federal Rules of Civil Procedure. Keyhole further objects to this interrogatory to the extent is

seeks information protected by any privilege, including the attorney-client privilege, work

product doctrine, common interest privilege, or any other applicable privilege, immunity, or

restriction on discovery.

Dated: January 24, 2005

Respectfully submitted,

By: _____
    Kent E. Kemeny
    **FENWICK & WEST LLP**
    Embarcadero Center West
    275 Battery Street
    San Francisco, CA 94111
    Tel. (415) 875-2300
    Fax (415) 281-1350
    email: kkemeny@fenwick.com

    Attorneys for Defendants and
    Counterclaimants
    KEYHOLE, INC. and GOOGLE INC.

CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy
of the above document was served upon
the attorney of record for each party by
Fed Ex a day
Date: 1/24/05  Kent Kemeny