# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKYLINE SOFTWARE SYSTEMS, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>KEYHOLE, INC., and<br>GOOGLE INC.<br><br>        Defendants. | CIVIL ACTION NO. 04-11129 DPW |

## DEFENDANTS' OPPOSITION TO SKYLINE'S
## MOTION FOR CLARIFICATION OF SCHEDULING ORDER
## AND MOTION TO COMPEL

Nelson G. Apjohn (BBO No. 020373)
**NUTTER McCLENNEN & FISH LLP**
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 439-2000
Fax: (617) 310-9000

Attorneys for Defendants and
Counterclaimants
KEYHOLE, INC. and GOOGLE INC.

Of Counsel

Darryl M. Woo, admitted *pro hac vice*
Maclain Wells, admitted *pro hac vice*
Kent E. Kemeny, admitted *pro hac vice*
**FENWICK & WEST LLP**
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111
Tel. (415) 875-2300
Fax (415) 281-1350

I.  **<u>INTRODUCTION</u>**

Case law is crystal clear that even before this litigation was commenced, Plaintiff Skyline was required under Rule 11 to construe the terms of its patent and form a good faith belief that each element of each asserted claim of its patent is found in the Defendants' accused products. Despite this requirement, and equally clear law that patent claims are *not* to be construed with reference to the accused products, Plaintiff by this motion claims that it needs discovery of the accused products in order to form its claim construction. Plaintiff furthermore contends that it cannot know what its patent covers until it has obtained discovery of Defendants' noninfringement contentions.

Plaintiff's motion is an attempt to obtain through the back door discovery that it is unable to obtain through the front. Specifically, Plaintiff wants detailed information on Keyhole's products and services; *i.e.*, on the subject of *infringement*, when the Court has ordered this phase of the case limited to *claim construction*. Skyline's request not only flies in the face of the Court's order phasing this case limiting it currently to claim construction, but contravenes well-established Federal Circuit law that claim construction should proceed without reference to the accused products. Moreover, Skyline's posture appears to conflict with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

Through a series of creative, but unsupported, arguments and factual assertions, Plaintiff has suggested that the Court's order phasing discovery in this case is ambiguous and requires immediate clarification. Without any factual justification, Skyline has reasoned that the Court's instructions at the scheduling conference regarding the phasing of discovery were made in haste, and should therefore not be given much weight. Skyline's intimation is both highly inappropriate and factually inaccurate. The Court's scheduling order is perfectly clear, as can be seen from a simple reading of the hearing transcript, and was based on the well-reasoned and well-understood rationale of efficiency.

As such, Plaintiff's motion is essentially a motion for reconsideration based on its dissatisfaction with the Court's decision limiting the initial phase to claim construction. Skyline

wants discovery of Defendants' noninfringement positions and technology solely that it may "gerrymander" its proposed constructions to try to read on Keyhole's products. Skyline's stratagem should not be permitted. The canons of claim construction were intended to prevent the sort of gerrymandering Plaintiff seeks to engage in here.

Furthermore, Skyline's own responses to Keyhole's discovery requests were served late, but attempt to make the identical objections of which it now complains, further attesting to the vacuousness of its argument. By contrast, Defendants timely provided detailed interrogatory answers that identified the claim terms they believe require construction and the proper construction of those terms. Defendants have also produced documents, including relevant prior art, which may affect the scope and meaning of claim terms in the patent. Plaintiff thus has all the information it needs for claim construction, which, after all, is an exercise in determining what the claims of the patent actually mean, not how they may be twisted to encompass accused products.

For these reasons and those more fully stated below, the Court should deny Skyline's emergency motion to clarify and compel.

## II.     RELEVANT FACTS

On December 15, 2004, the parties submitted a Joint Scheduling Conference Statement. *See* Declaration of Kent Kemeny In Support of Defendant's Opposition to Skyline's Motion ("Kemeny Decl."), Exhibit A. In that statement, the parties made differing proposals as to how the case should be phased and discovery proceed. Defendants suggested that the Court "phase" the case, as expressly permitted by Local Rule 26.3, "such that discovery is initially limited to inventor depositions and that claim construction be completed prior to discovery regarding the accused product and prior art." Kemeny Decl., Exh. A at 5. Phasing discovery would reduce costs for both sides and expedite disposition of the case. *Id.* Claim construction can often be outcome determinative in patent cases, and therefore once claim construction issues have been resolved, discovery can proceed in a more focused and efficient manner. *Id.* Indeed, Plaintiffs have acknowledged that the entire case may revolve around claim construction. *See* Plaintiff's

Motion at 4 ("claim construction issues … may end up as the nub of the controversy."). Thus, discovery on other issues such as noninfringement and the operation of Keyhole's system may in the end be wasteful.

By contrast, Skyline has argued that phasing discovery "is not necessary and would only complicate the proceeding." Kemeny Decl., Ex A at 5.

On December 20, 2004, the Court held a hearing on various motions and on case scheduling. At the hearing, the Court explicitly agreed with Defendants' position on discovery and adopted Defendants' discovery plan. *See* Plaintiff's Motion, Exhibit A, Hearing Transcript. Following is the relevant portion of the transcript:

> THE COURT: Now, the question of scheduling and so on, can you work it out yourselves or am I going to have to get deeply involved in this?
>
> MR. WOO: We have really tried to do that, Your Honor. We have a fundamental difference of opinion on the ordering, not so much the dates, but the ordering. Now we proposed phased discovery so as to try to minimize the cost to both parties. We propose, for example, that the first part -- the first phase of discovery be limited to claim construction issues -- that is, deposing the inventors. There are only two of them. We could probably do that -- have them done here in Massachusetts done in January. We could -- well, actually, what we need before then is their infringement contentions so we know what we're talking about, then depose the inventors, and we'd be ready to brief claim construction in March.
>
> THE COURT: I'm sorry. Did you have a proposal, a written proposal with respect to this?
>
> MR. WOO: We did. It's in the joint scheduling conference statement that was filed.
> …
> THE COURT: ***Well, I think I'm going to adopt the defendant's -- at least initial -- phase of this discovery.*** That means that the filings with respect to claim construction issues and proposed claim

> constructions will be made on March 4th; that the plaintiff's opening claim construction brief will be also on March 4th; responsive claim construction brief by Keyhole on March 25th; and a reply by Skyline on April 8th. And we will try and schedule a claim construction hearing promptly thereafter. And I think I'm going to make that -- I might as well do it now. I'll make it on April 27th.
>
> MR. HAMELINE: Your Honor –
>
> THE COURT: April 27th at 2:30. *I think it is important -- from what little I know about this -- to get this framed promptly.* So that's what I will do and then we'll see where we go from there after that.
> …
> MR. HAMELINE: Thank you, Your Honor. *Do you want to schedule the rest of this fact discovery or wait until* –
>
> THE COURT: *I want to wait until I've gotten to the claim construction.* I think you should be prepared to have some alternative schedules to talk about at that hearing as well. You'll have a better idea of how much farther we're going to go, if at all, on that at that point.

*Id.* at 13-15 (emphasis added).

      The above excerpt shows that the Court adopted Defendant's proposed phasing of the case, limiting discovery to claim construction at least through the claim construction hearing, and did not want to permit the "rest of" fact discovery until after claim construction. The Court even articulated that this was to frame the issues promptly. Notably, this is how Plaintiff's counsel understood the Court's decision at the time. Contrary to Plaintiff's current claim of confusion over the scope of discovery, at the hearing Skyline's counsel himself acknowledged the limited nature of initial discovery, asking if the Court wanted to schedule "the rest of this fact discovery." As shown by the transcript, the Court declined Plaintiff's request.

## III. ANALYSIS

### A. The Court's Scheduling Order is Perfectly Clear and Does Not Need Any Clarification

Skyline bases its motion on the premise that the Court's order adopting Defendants' proposed phasing is unclear. Skyline has argued that rather than be limited to claim construction, the Court's order permits discovery on a whole host of topics, including the operation of Keyhole's system, the development of Keyhole's products, Defendants' noninfringement arguments, and depositions of Keyhole employees. *See, e.g.,* Skyline Motion & Exhibit B. In Skyline's view, the Court's order amounts to allowing essentially plenary discovery, with the exception of damages.

Skyline argues that the Court must clarify its order simply because Defendants disagree with Skyline's interpretation. As explained above, however, the Court's decision is perfectly clear on its face. In response to Defendants' suggestion that "the first phase of discovery be limited to claim construction issues," the Court stated, "I think I'm going to adopt the defendant's -- at least initial -- phase of this discovery." Plaintiff's Motion, Exhibit A at 14:21-23. The Court made this statement with both parties' proposed discovery plans immediately before it. There is nothing unclear about the decision, particularly in light of its context.

There is accordingly no lack of clarity that would serve as a basis for modifying the order, which is what Plaintiff is truly seeking by its motion. However, to the extent the Court does decide to revisit its decision, the only "clarification" needed is to make clear that Plaintiff is not at this time entitled to the operational details of Keyhole's system or Defendants' noninfringement theories, because neither of these things is necessary to claim construction.

Skyline next contends that "clarification" is needed because the Court acted in haste. During the meet and confer process following the scheduling conference, Skyline suggested that Judge Woodlock was somehow confused or made a hasty decision on the phasing of discovery without careful consideration.

> [I]n your letter you referenced the transcript of the hearing before the Court on

> the motions to transfer, to amend the complaint and for the scheduling order. As you will recall, Judge Woodlock did not have the proposed schedules before him and read those quickly at the end of the hearing after we provided him with a copy. As a result, I do not think we can read too much into his statement that he wanted to proceed with the claim construction hearing, as you suggested, in the middle of discovery as a focused indication of what discovery would proceed during the December to March time period.

Plaintiff's Motion, Exhibit B (1/14/05 Hameline Letter to Woo).

Plaintiff's attempt to avoid the Court's discovery restrictions in such a manner is highly inappropriate and is contradicted by the record. Plaintiff attempts to convey the impression that the Court had not given any consideration to the parties' competing proposals prior to the hearing, but the Court stated, "I have it (the parties' differing proposals on discovery scheduling from the Joint Scheduling Conference Statement) in the back of my mind. *I've seen it*, but I can't put my hands on it right away." Plaintiffs Motion, Exh. A at 14:6-8 (emphasis added). The Court thus declared that it had already reviewed the parties' proposals beforehand and intimated that one reason it was phasing discovery was to give the parties "a better idea of how much farther we're going to go, if at all." *Id.* at 15:24-25.

The Court's informed decision on the phasing of discovery is entirely consistent with Local Rule 26.3, which recites the Court's discretion to structure discovery and limit the sequence of topics as it deems expedient. Indeed, as this District previously held, phasing discovery to initially focus on claim construction is an efficient way to narrow the issues in a patent case. *See, e.g., Vivid Techs. v. American Sci. & Eng'g*, 997 F. Supp. 93, 95 (D. Mass. 1997), *aff'd*, 200 F.3d 795 (Fed. Cir. 1999) ("[A]n order determining claim construction … may nevertheless enable the parties and the court to focus discovery in a way that makes more efficient use of party and court resources as the case proceeds until it is ripe for entry of a final and appealable judgment in this court.").

The record is abundantly clear that the Court did indeed make a carefully considered decision based on a well-understood rationale for the phasing of discovery. Plaintiff's suggestion to the contrary is wholly unjustified.

### B. Skyline Does Not Need Detailed Knowledge of Keyhole's System or of Defendants' Noninfringement Contentions to Provide a Claim Construction

The crux of Skyline's remaining argument is that it needs detailed knowledge of Defendants' noninfringement arguments and a detailed understanding of Keyhole's products before it can propose a claim construction. Skyline argues that it needs such information ostensibly to "focus" the claim construction issues. This contention is hardly credible and should be rejected for several reasons. First, Skyline had refused in the first instance to identify which Keyhole products it accuses of infringing. It cannot now plausibly argue that Keyhole withheld information about the accused products when it had not even, prior to filing this motion, identified *any* specific Keyhole product as infringing. Second, Skyline's contention violates one of the most basic canons of claim construction—that claim construction should be performed without any reference to the accused product. Third, Skyline's position conflicts with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

#### 1. Skyline Refused in the First Instance to Identify Which Keyhole Products Were Allegedly Infringing

During the entire meet and confer process that preceded the filing of the current motion, Skyline refused to identify the Keyhole products it believes infringe the asserted patent. Skyline's position thus created the absurd situation where it was demanding, and is now engaging in motion practice seeking to compel, the production of documents and information on unidentified Keyhole products. Only after this motion was filed did Skyline provide interrogatory answers that specifically named certain Keyhole products. Apparently prior to that, Skyline expected Keyhole to speculate as to which of its products and services Skyline might eventually accuse, and provide details about the operation of those products and Keyhole's noninfringement contentions.

The charge in Skyline's motion that Keyhole is engaging in "gamesmanship" to "hide the detailed operation of their product" is thus, being most charitable, unsubstantiated. Even if the Court had not phased discovery, Defendants could not possibly have produced information

regarding the accused products for the simple reason that Skyline had refused to identify which specific Keyhole products it was accusing.[1] Plaintiff's accusation of gamesmanship is simply an attempt to stir the pot and portray the Defendants unfairly before the Court.

### 2.   Claim Construction Should Proceed Without Any Reference to the Accused Device or System

Skyline claims that it must have detailed knowledge of Keyhole's system and noninfringement position so that it may properly "focus" its claim construction. *See* Plaintiff's Motion at 3 & Exh. B. This position violates one of the most basic canons of claim construction. "It is well settled that claims may not be construed by reference to the accused device." *NeoMagic Corp. v. Trident Microsystems, Inc.*, 287 F.3d 1062, 1074 (Fed. Cir. 2002) (citing *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1118 (Fed. Cir. 1985) (en banc)). Skyline simply ignores this entire line of cases.

Skyline attempts to support its contention with the conclusory statement that "Courts have often voiced their concern that proceeding with claim construction without any discovery on infringement will result in an advisory ruling."[2] Plaintiff's Motion at 3. Yet, Skyline *does not cite to a single case* that supports this sweeping and incorrect statement of the law. This is hardly surprising, given that controlling precedent directly contradicts Skyline's statement.

*Vivid Technologies v. American Science & Engineering* is directly on point. 200 F.3d 795, 803 (Fed. Cir. 1999). In that declaratory judgment patent case, the accused infringer sought from the patentee the identification of which claims of the asserted patents it was accused of

---

[1] On January 28, 2005, two days after filing the instant motion, Skyline belatedly served its responses to Defendants' discovery requests, which had asked Skyline to identify the Keyhole products it was accusing. These responses, however, were not served within the 30-day time period permitted by Rules 33 and 34 of the Federal Rules of Civil Procedure, and at no time did Skyline request or obtain any extension of time. Skyline's objections are therefore waived. *See infra.*

[2] Skyline's meager analysis of this point makes a meaningful response all the more difficult. Presumably, Skyline is referring to the actual case or controversy requirement in Article III of the U.S. Constitution, which prohibits a federal court from hearing a case and issuing a ruling if there is no actual controversy. Nevertheless, without any explanation of what Skyline means by its assertion that the courts have "often voiced their concern" about rendering advisory rulings, Defendants can only speculate.

infringing. *Id.* at 800. The patentee responded that it could not provide this information until it had further discovery regarding the operation of the allegedly infringing device. *Id.* The accused infringer then moved the district court for Rule 11 sanctions against the patentee for filing an infringement claim without sufficient knowledge of whether the accused infringer was actually infringing. *Id.* The district court granted the sanctions. *Id.* The district court also cautioned the patentee that it could not simply present an infringement claim for which supporting evidence might later be discovered. *Id.* at 801.

The parties thereafter narrowed the dispute to two claims of one patent and proceeded with a claim construction while the court stayed non-claim construction discovery. *Id.* at 801. At issue before the Federal Circuit was, *inter alia*, the district court's stay of non-claim construction discovery and its refusal to grant the patentee discovery on the accused product before construing the disputed claims. *Id.* at 803. The Federal Circuit rejected the patentee's argument that the court "could not properly construe the claims until, at a minimum, there had been sufficient discovery of the accused device to understand which claim elements and what aspects of their interpretation were at issue, lest courts construe things that are not in dispute, thus rendering an advisory opinion." *Id.* In so ruling, the Federal Circuit acknowledged that "claims are construed objectively and without reference to the accused device," and further reasoned that "[a] district court has broad powers of case management, including the power to limit discovery to relevant subject matter and to adjust discovery as appropriate to each phase of litigation. When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved." *Id.* at 803-04. The Federal Circuit then ruled that the district court was well within its discretion to limit initial discovery to claim construction and deny discovery on the accused product. *Id.* at 804.

Notably, *Vivid Techs.* arrived at the Federal Circuit via the District of Massachusetts. *See Vivid Techs*, 997 F. Supp. 93. The Federal Circuit was hence affirming the law of this District. The published opinion of the district court similarly noted that "a claim is not to be construed in relation to the accused device." *Id.* at 97. The court further stated that it is "improper and

misleading" to use information about the accused device in construing claims. *Id.*

Skyline *is* correct in noting that the Court need only construe those claim terms that are in dispute. *See* Plaintiff's Motion at 3 (citing *U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997)); *see also Vivid Techs.*, 200 F.3d at 803. However, it is *Skyline* that has obstructed progress on this front. Defendants have made a good faith effort to narrow potential claim construction disputes, but have been rebuffed by Plaintiff. Defendants proposed that the parties first exchange their preliminary proposed claim constructions in their respective discovery responses each due on January 24, 2005, and then supplement on January 31, or some other mutually agreeable date, in light of the initial responses exchanged on January 24. *See* Plaintiff's Motion, Exh. B (1/18/05 Woo Letter to Hameline; 1/24/05 Woo Letter to Hameline). In the manner proposed by Defendants, the parties would have had a chance to see each other's proposed constructions and further confer to determine whether and to what extent any disputes exist. *Id.* Plaintiff refused to go along, preferring instead to file the instant motion accusing Defendants of being uncooperative, in an effort to force Defendants to produce information that is entirely unrelated to claim construction. Furthermore, prior to filing this motion, Skyline refused to identify which claims it contends are infringed. To the extent that there was any risk of a so-called "advisory opinion," it was only because Skyline had refused to identify which claims it contends are infringed.

Defendants' proposal was supported by the Federal Rules, which expressly provide for the supplementation of discovery responses. Rule 11 (discussed further below) required that Skyline, at a minimum, construe the claims of the patent and make a good faith determination of infringement. As such, even before the complaint was filed, Skyline should have been able to identify which claims it believed were infringed, along with their respective constructions, and provide these contentions via its answers to interrogatories. To the extent Skyline deemed it necessary to supplement these responses, it could have done so. Indeed, Skyline is *obligated* to supplement under Fed. R. Civ. P. 26(e).

This approach was expressly adopted by this district in *Vivid Techs*. *See* 997 F. Supp. at

95. The court limited initial discovery to claim construction issues with the understanding that "if [] after proceeding farther into consideration of other issues in this case, the court determines that its interlocutory order construing claims 5 and 8 is in any respect not precisely correct in light of the better-developed record … the court will be prepared to reconsider its interlocutory ruling on claim construction and modify or vacate it, as then appears appropriate." *Id.*

Instead, without justification or even asking for an extension of time, Skyline waited until after Skyline's response deadline passed and Defendants had served their detailed interrogatory answers setting forth Defendants' claim constructions before supplying their own. Days after Defendants supplied their detailed claim constructions, Skyline provided its claim constructions that simply advocated the "opposite" of Defendants' proposed constructions. Where Defendants supplied specific definitions of claim terms, Skyline responded with vague, circular definitions that would not be helpful to the Court or to the trier of fact. For example, Skyline suggested that "renderer," a particular software object described in the patent, should be construed as "a thing which renders or assists in rendering an image." *See* Kemeny Decl., Exh. B at 4.

Simply, Skyline's position disregards one of the most basic canons of claim construction. The law is unambiguous: claim construction is not in any way related to the operation of the accused device. *See, e.g., NeoMagic*, 287 F.3d at 1074 (citing *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1118 (Fed. Cir. 1985) (en banc)). Further, the phasing of a case limiting early discovery to claim construction is well within the discretion of a district court. *Vivid Techs.*, 200 F.3d at 803.

> 3. Skyline's Position Appears to Conflict With Rule 11 of the Federal Rules of Civil Procedure

Skyline argues that it cannot identify which claims are infringed or provide a claim construction without detailed discovery of Keyhole's products and Defendant's noninfringement positions. This stance is at odds with the requirements of Rule 11 of the Federal Rules of Civil

Procedure.³ The Federal Circuit has held that before filing a suit for patent infringement, Rule 11 requires a party to perform its own claim construction analysis and then compare the accused device with the construed claims of the patent. *See, e.g., Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300-01 (Fed. Cir. 2004) ("In the context of patent infringement actions, we have interpreted Rule 11 to require, at a minimum, that an attorney interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement."); *View Eng'g, Inc. v. Robotic Vision Sys.*, 208 F.3d 981, 986 (Fed. Cir. 2000) ("Before filing [claims] of patent infringement, Rule 11, we think, must be interpreted to require the law firm to, at a bare minimum, apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted.").

Importantly, a patentee cannot cure the failure to conduct a reasonable pre-filing inquiry through later discovery or investigation. *See, e.g., Judin v. United States*, 110 F.3d 780, 784-85 (Fed. Cir. 1997); *see also Ultra-Temp Corp. v. Advanced Vacuum Sys.*, 189 F.R.D. 17, 24 (D. Mass 1999) (citing *Judin* and stating that "[t]he cases make crystal clear however that mere assumptions of infringement, without more, do not suffice to constitute a reasonable investigation"). This is because "Rule 11 is not about after-the-fact" investigation. *Judin*, 110 F.3d at 785. In *Judin*, the Federal Circuit ruled that the failure of the plaintiff and his attorney to conduct a reasonable pre-filing investigation "was not cured by the fact that, after filing the complaint, [Plaintiff] consulted with an expert and was able to make 'colorable' arguments in response to a motion for summary judgment of noninfringement." *Id.* The court emphasized that a pre-filing inquiry is required for infringement claims because "Rule 11 prohibits imposing those costs [of undertaking a defense] on a defendant absent a basis, well-grounded in fact, for bringing the suit." *Id.* at 784. Thus, it is inappropriate to permit a patentee to use discovery of

---

³ Defendants do not at this point accuse Skyline of violating the requirements of Rule 11. Rather, this is just an illustration of why Skyline's position is not only unsupported, but contrary to law. While Skyline's interrogatory answers seem to suggest they did *not* comply with Rule 11's pre-filing requirements, Defendants are not at this time seeking sanctions under Rule 11 but reserve the right to so move.

the alleged infringer's product to justify filing an infringement suit.

Therefore, assuming that Skyline complied with the pre-filing requirements of Rule 11, it must have had, at some time prior to May 28, 2004 (the date Skyline filed this suit), some idea of the appropriate scope of its patent, how the claims should be construed, and a basis for believing that Keyhole infringes, including how it believes Keyhole's products map onto Skyline's construction of the patent claims. Yet, Skyline claims it is now unable to provide this information until it obtains discovery of Keyhole's products.

Skyline's current posture is of great concern to Defendants, as it suggests that one of two unpalatable scenarios must be true: (1) Skyline failed to conduct a reasonable pre-filing inquiry as required by Rule 11; or (2) Skyline is withholding its claim construction and infringement positions it formed prior to filing suit in an attempt to "game the system," *i.e.*, obtain detailed discovery on the operation of Keyhole's products, and then "gerrymander" its claim construction to try to read on them. Skyline's attempted ploy should be rebuffed. Skyline should produce its full and complete claim construction and identify which claims it believes are infringed, and claim construction should proceed before Skyline may coerce discovery of the detailed operation of Defendants' products. In the event Skyline later needs to, it can supplement its infringement claims in light of additional discovery, but it should not be able to tailor its patent claims with an advance peek at the accused products.

### C. Plaintiff's Allegations of Unfair Treatment Are Meritless

Plaintiff makes numerous allegations that the Court's phasing of discovery would amount to a "stay" of discovery and is "unfair." *See* Plaintiff's Motion at 2-4. These allegations are untrue, are based on irrelevant facts, and simply reflect Plaintiff's dissatisfaction with the Court's decision to adopt Defendants' proposed phasing of discovery.

Plaintiff contends that the Court's phasing amounts to an unnecessary four-month stay of discovery. Plaintiff's Motion at 2, 3. It is simply untrue, however, that the Court's phasing of this case has stayed all discovery. Indeed, the parties have not only discussed but Defendants

have in fact answered interrogatories and produced documents concerning claim construction and prior art. Curiously, although the depositions of the named inventors was expressly discussed at the December 20 hearing and part of the phasing of the case, *see* Plaintiff's Motion, Exh. A at 16:3-23 (discussing the deposition of an inventor of the asserted patent), Skyline felt it could not provide such depositions unless Defendants agreed to provide a deponent on the operation of the accused products. Defendants also proposed taking depositions of persons who supply substantive declarations or testimony in support of claim construction (*i.e.*, except purely "authentication" witnesses). *See* Plaintiff's Motion, Exh. B (1/18/05 Woo Letter to Hameline).

Skyline's suggestion that the case would effectively be stalled or frozen during the period set aside for claim construction is thus disingenuous; Skyline is merely unhappy because it cannot conduct broad-ranging discovery into topics apart from claim construction. Skyline's characterization of this matter as a simple and "straight forward, one patent case," s*ee* Plaintiff's Motion at 3, is inconsequential and belittles the importance of this first phase. As Plaintiff acknowledges, "claim construction issues … may end up as the nub of the controversy." Plaintiff's Motion at 4. As such, important discovery is in fact proceeding – on claim construction.

Moreover, Plaintiff apparently fails to grasp that the phasing of discovery necessarily involves the stay of *some* discovery. Here, the Court phased discovery, as expressly permitted by Local Rule 26.3, and limited initial discovery to claim construction. By definition, the Court's order phasing the case stays discovery on non-claim construction related topics. Skyline's belief that such phasing is inappropriate because it results in a stay of *some* discovery is essentially an attack on the concept of phasing at all.

Skyline additionally murmurs that it is "substantially unfair" that claim construction proceed when Defendants know the detailed design of their own products, while Skyline does not. Plaintiff's Motion at 4. There is absolutely nothing unfair about this situation. As set forth by the authorities cited above, claim construction generally proceeds without any reference to the accused product. It is thus irrelevant that Defendants have a greater understanding of their own

product. By contrast, claim construction is about the scope of Skyline's claimed invention, and discovery of Skyline's invention, such as its conception, reduction to practice, and the state of the prior art are *all* relevant to claim construction (and mostly within the knowledge of Skyline). The meaning and scope of the asserted claims may be delineated by identifying what the inventors actually invented, and how the invention is a patentable improvement over the prior art, topics that Defendants intended to explore in the inventors' depositions.

Nevertheless, in an attempt to address Skyline's concerns about asymmetrical discovery, Defendants agreed to refrain from taking depositions of the inventors so that Skyline would not feel disadvantaged by not taking depositions on the operation of Defendants' products. *See* Plaintiff's Motion, Exhibit B (1/18/05 Woo Letter to Hameline). Skyline was not placated, however, and continued to insist that it was being treated unfairly despite Defendants' good faith attempts to reach an agreement without the need for Court intervention.

### D. Plaintiff, Not Defendants, is the Party Holding Up Discovery

Plaintiff's allegation that Defendants are engaging in gamesmanship and holding up discovery is baseless and hypocritical given Plaintiff's own refusals to provide discovery.

Skyline was served with Defendants' discovery requests by hand on December 23, 2004. According to the Federal Rules of Civil Procedure, Skyline's responses and objections were due on January 24, 2005, the same day Defendants timely served their responses to Skyline's discovery requests. Despite acknowledging this due date, *see* Skyline Motion, Exh. B (1/14/05 Hameline Letter to Woo), Skyline did not provide its responses and objections until January 28, two days after filing this motion, and four days after service of Defendant's responses, including proposed claim constructions. Skyline appears to blame its tardiness on the snowstorm of that week (*see* Kemeny Decl., Exh. D), but the snowstorm did not prevent Keyhole from filing this motion to clarify two days before it served its responses, and nothing prevented Skyline's counsel from emailing or phoning Defendants and asking for a brief extension of time to serve its

discovery requests.[4] Instead, it simply ignored the deadline and obtained Defendants' responses first so that it could take advantage. But as a result of Skyline's stratagem, their untimely objections have been waived. *See Demary v. Yamaha Motor Corp.*, 125 F.R.D. 20, 22 (D. Mass 1989). Accordingly, Skyline should be required to produce the requested information forthwith notwithstanding any objection.

Even when it did finally provide its responses, Skyline only responded to document requests and interrogatories related to claim construction and ignored Keyhole's other discovery requests, leaving spaces for the responses entirely blank.[5] *See, e.g.,* Kemeny Decl., Exh. B, Answers Nos. 5-7, 9, 10; Exh. C, Response Nos.8-9, 12-14, 20-26, 28-30, 32-35, 38-40, 54-83, 86-94, 96-112, 114-131. Skyline furthermore objected to providing non-claim construction related discovery on the same grounds that it now asserts via this motion are improper. *See, e.g.,* Kemeny Decl., Exh. B, General Objection No. 4 ("Skyline objects to the Interrogatories as exceeding the scope of relevant discovery during this phase of the scheduling by the Court.") Thus, Skyline wants it both ways; it has limited its provision of discovery to claim construction while at the same time taking the position that Defendants should provide discovery that Skyline itself is unwilling to provide.

Moreover, if Skyline were truly interested in moving this case along and narrowing any possible claim construction disputes, it would have spent its time answering Defendants' discovery requests and providing its own claim constructions rather than engaging in unnecessary motion practice. Clearly, Plaintiff is less interested in the orderly progress of discovery than in getting the goods on Defendants' noninfringement positions and Keyhole's

---

[4] Had Skyline made such a request, Defendants would have been happy to oblige, provided that Skyline permitted the same extension in return. That way, neither party would have been unfairly advantaged by having the other's responses and constructions in hand while drafting their own. Instead, Skyline received Defendants' responses including their detailed claim constructions and then used Defendants' responses to craft its own.

[5] Defendants propounded interrogatories and requests for production that did not relate to claim construction, but indicated in their cover letter that they did not expect production of documents or substantive interrogatory responses unrelated to claim construction until the appropriate time appointed by the Court. Plaintiff's Motion, Exh. B (12/23/04 Woo Letter to Hameline). Defendants broadly propounded their requests in light of the parties' agreement to limit discovery events in accordance with Local Rule 26.1(c).

system.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that Skyline's motion for clarification and motion to compel be denied.  In the event that the Court decides to modify its order and allow discovery on topics other than claim construction, Defendants respectfully request that Skyline be instructed to produce all information called for by Keyhole's interrogatories and document requests, particularly because Skyline's objections have been waived as they were untimely served.

Dated:  February 7, 2005                         Respectfully submitted,


                                                     By: /s/ Kent Kemeny
                                                       Kent Kemeny
                                                       **FENWICK & WEST LLP**
                                                       Embarcadero Center West
                                                       275 Battery Street
                                                       San Francisco, CA  94111
                                                       Tel.  (415) 875-2300
                                                       Fax  (415) 281-1350
                                                       email: kkemeny@fenwick.com

                                                       Attorneys for Defendants and
                                                       Counterclaimants
                                                       KEYHOLE, INC. and GOOGLE INC.