IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKYLINE SOFTWARE SYSTEMS, INC<br>Plaintiff,<br><br>v.<br><br>KEYHOLE, INC. and<br>GOOGLE, INC.<br>Defendants. | CIVIL ACTION NO. 04-11129DPW |

PLAINTIFF'S ANSWERS AND OBJECTIONS TO KEYHOLE'S
FIRST SET OF INTERROGATORIES (NOS. 1-10)

Pursuant to Federal Rules of Civil Procedure 26 and 33, Local Rule 33.1 and the Court's Hearing on December 20, 2004, Plaintiff Skyline Software Systems, Inc. ("Skyline") answers Defendant Keyhole, Inc.'s ("Keyhole") First Set of Interrogatories ("Interrogatories") as follows.

## GENERAL OBJECTIONS

1. Skyline answers the Interrogatories without waiving the right to object on any grounds to the admission into evidence of any information provided in response to the Interrogatories in this or any other proceeding.

2. By providing information responsive to the Interrogatories, Skyline does not waive, and shall not be deemed to have waived, the attorney-client privilege, the protection of the work product doctrine, the immunity from discovery of documents prepared in anticipation of litigation or for trial, or any other privilege or immunity from discovery that may attach to any information in its possession, custody or control. Inadvertent disclosure of privileged information shall not constitute a waiver of any applicable privilege.

3. Skyline objects to each Interrogatory to the extent that it is overly broad, burdensome, ambiguous, vague, and/or not reasonably calculated to lead to the discovery of admissible evidence. Skyline does not concede that the information requested in the Interrogatories is relevant to a claim or defense of any party in the proceeding. Skyline preserves all objections as to competency, relevancy, materiality and admissibility.

4. Skyline objects to the Interrogatories as exceeding the scope of relevant discovery during this phase of the scheduling by the Court.

In addition to the general objections set forth above, Skyline sets forth below specific objections to individual Interrogatories where appropriate, including objections that are not generally applicable to all of the Interrogatories. By setting forth such specific objections, Skyline does not intend to limit the general objections set forth above.

## ANSWERS

### INTERROGATORY NO. 1:

Identify each Asserted Claim and for each such Asserted Claim, identify each Accused Product, where each element of the Asserted Claim is found within that Accused Product, and whether each element of the Asserted Claim is claimed by you to be literally present and/or present under the doctrine of equivalents in that Accused Product.

### ANSWER TO INTERROGATORY NO. 1:

Skyline objects to this interrogatory on the ground that it has received no discovery from Keyhole and, in particular, no discovery concerning the specifications, processes, operations or design of its products or similar detail concerning its services. Skyline is willing to update its answer to this interrogatory as the scope of discovery in connection with the Scheduling Order is clarified. Based on the information that is available Skyline responds as follows and reserves the right to supplement this answer. Skyline also objects to this interrogatory on the ground that it is comprised of at least four and as many as twenty-six (26) separate interrogatories. Without

2

waiving these objections or the General Objections, Skyline states that, based on the information currently available, claims one through twenty-our of the '189 patent are infringed by Keyhole. The Accused Products of which Skyline currently is aware and the names for these products as published by Keyhole are Keyhole Pro, Keyhole 2 Pro, Keyhole LT, Keyhole 2 LT, Keyhole NV, Keyhole 2 NV, Earthviewer, Keyhole Enterprise Client, Keyhole 2 Enterprise Client, Keyhole EC, Keyhole 2 EC, Keyhole's Enterprise Solutions products, Keyhole 2 Fusion LT and Keyhole 2 Server and services provided by Keyhole in connection with these products.

Keyhole objects to the interrogatory insofar as it asks whether the claims are infringed directly or based on the doctrine of equivalents insofar as Keyhole has not provided any discovery on the operations or details of its products or services.

## INTERROGATORY NO. 2:

For each claim of the Patent-in-Suit that you contend is infringed, state the construction you contend should be given to each word, term or phrase of such claim, and the bases therefor, including without limitation whether you contend such word, term or phrase has a special or uncommon meaning, and if a method claim, whether or not you contend the steps in the method must be performed in the order recited in the claim and why the steps of the method claims must or need not be performed in the order recited. Include in your answer specific identification of each portion or reference from the specification, figures, and each item in the prosecution history, if any, that supports, describes or explains the meaning you give to each such word, term and/or phrase of the claim, including for each means plus function limitation, identification by column, line number and figure reference numeral, each structure in the specification and figures you contend corresponds to and/or performs each claimed function in such limitation, and state by column, line number and figure reference numeral, if any, the specific portions of the specification you contend link such structure(s) with performing each such claimed function.

## ANSWER TO INTERROGATORY NO. 2:

Skyline objects to this interrogatory on the ground that it seeks a definition for each word, term and phrase in the patent without any regard for whether the words are at issue or deemed ambiguous or subject to alternative meanings by Keyhole. Such a request is overbroad, irrelevant and not focused on the issues in the case. This interrogatory also constitutes, in

3

essence, dozens of separate interrogatories. Skyline has not received any discovery from Keyhole which would focus the issues in dispute for the purposes of claim construction and reserves the right to supplement to focus and address any such issues. Without waiving this objection, Skyline responds as follows in connection with the words, terms and phrases below, which are used throughout the claims:

(a) data block – a quantity, set or amount of related data or information. E.g., '189 Patent, col. 7:62-65.

(b) hierarchical structure – a structure arranged into an order of precedence. E.g., '189 Patent, col. 4:10-14.

(c) resolution level – the level of detail of the data. E.g., '189 Patent, col. 4:10-15.

(d) first data block – a designation of a data block which may be one of a plurality of data blocks. E.g., '189 Patent, col. 3:54-67; col. 4:1-9.

(e) local memory – the memory in the local computer

(f) renderer – a thing which renders or assists in rendering an image.

(g) remote server – a server being located at a remote logical or physical place with respect to a client in a client-server configuration.

(h) processor – a thing which processes machine-readable instructions.

(i) maximal existent resolution level - the highest resolution level of the data. E.g., '189 Patent, col. 4:29-34.

(j) download – to transfer a copy of a file or block of data from a remote locations to a local location.

The definitions are based on the specification and definitions in the Microsoft Computer Dictionary (Fourth Ed. 1999) and The American Heritage Dictionary of the American Language (4th ed. 1994).

4

## INTERROGATORY NO. 3:

For each word, term or phrase of a claim of the Patent-in-Suit for which you provided a construction in response to Interrogatory No. 2, identify each person with knowledge of such meanings and construction.

## ANSWER TO INTERROGATORY NO. 3:

Skyline objects to this interrogatory on the grounds that it is vague and ambiguous. Skyline also states that the '189 Patent is a legal document prepared by counsel and the claim terms are the subject of a scheduled hearing by the Court to determine the construction of those terms. Without waiving this objection, Skyline states that Ronnie Yaron and Ofer Shor have factual knowledge of the patented invention and the terms used in the patent, but are not attorneys.

## INTERROGATORY NO. 4:

For each word, term or phrase of a claim of the Patent-in-Suit for which you provided a construction in response to Interrogatory No. 2, identify each item of evidence that supports or counters your proposed construction, including but not limited to, expert testimony, inventor statements or testimony, dictionary definitions, and citations to learned treatises, publications, or patents.

## ANSWER TO INTERROGATORY NO. 4:

Skyline objects to this interrogatory on the ground that discovery has just commenced, no expert disclosures have been made or required and the issues in the case have not been identified so as to place any of the words or phrases in issue or to determine if there are conflicting or alternative proposed constructions. Skyline also refers to its answer to Interrogatory No. 2.

## INTERROGATORY NO. 5:

For each invention described and claimed in the Patent-in-Suit, describe the circumstances of its conception and reduction to practice, including when and where such conception and reduction to practice occurred, and identify all persons involved in or otherwise having knowledge of such conception and/or reduction to practice.

## ANSWER TO INTERROGATORY NO. 5:

Keyhole has stated that this Interrogatory is not relevant at this time.

### INTERROGATORY NO. 6:

For each invention described and claimed in the Patent-in-Suit, describe the circumstances of its first disclosure, first public use, first offer for sale and first sale, including when and where such disclosure, use, offer or sale occurred, and identify all persons involved in or otherwise having knowledge of such disclosure, use, offer or sale.

### ANSWER TO INTERROGATORY NO. 6:

Keyhole has stated that this Interrogatory is not relevant at this time.

### INTERROGATORY NO. 7:

For each invention described and claimed in the Patent-in-Suit, identify any Practicing Product and which, if any, claim(s) of the Patent-in-Suit is or are incorporated or reflected in any and all such Practicing Products.

### ANSWER TO INTERROGATORY NO. 7:

Keyhole has stated that this Interrogatory is not relevant at this time.

### INTERROGATORY NO. 8:

Describe the level of ordinary skill in the art relevant for purposes of 35 U.S.C. § 112 and, if different, the level of ordinary skill in the art relevant to 35 U.S.C. § 103 and/or claim construction for each Asserted Claim.

### ANSWER TO INTERROGATORY NO. 8:

A person with a Bachelor of Science in computer science or electrical engineering or with the equivalent experience, as well as with college courses or similar experience or educational training in 3D graphics and computer programming.

### INTERROGATORY NO. 9:

Describe each study or analysis that you have conducted or had others conduct for you concerning the validity, scope, enforceability, and/or infringement of the Patent-in-Suit and/or the patentability of any invention described in each Patent-in-Suit.

### ANSWER TO INTERROGATORY NO. 9:

Keyhole has stated that this Interrogatory is not relevant at this time.

## INTERROGATORY NO. 10:

Identify all Prior Art known to you concerning the Patent-in-Suit, including when and the circumstances under which you first learned of such Prior Art.

## ANSWER TO INTERROGATORY NO. 10:

The Prior Art known to Skyline is disclosed in the patent prosecution history.

### Certification

I, Aharon Yaron, state under the pains and penalties of law that I am the President of Skyline Software Systems, Inc. ("Skyline"). I have read the foregoing Plaintiff's Answers to Keyhole, Inc.'s First Set of Interrogatories (Nos. 1-10) and know their contents. The answers I have provided, subject to any inadvertent or undiscovered errors, are based on and necessarily limited to the records and information still available and discovered in preparation for these answers. Skyline reserves the right to make changes to these answers if it appears at any time that omissions or errors have been made in preparing the answers, or if I become aware of more accurate information. Subject to these limitations, these answers are true to the best of my knowledge, information and belief.

Signed under the pains and penalties of perjury this __th day of January, 2005.

SKYLINE SOFTWARE SYSTEMS, INC.

_____
Aharon Yaron, President
Skyline Software Systems, Inc.

AS TO OBJECTIONS:

_____
H. Joseph Hameline, BBO# 218710
Michael T. Renaud, BBO #629783
Mintz, Levin, Cohn, Ferris
  Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

Dated: January ___, 2005

7

LIT 1497530v1

## INTERROGATORY NO. 10:

Identify all Prior Art known to you concerning the Patent-in-Suit, including when and the circumstances under which you first learned of such Prior Art.

## ANSWER TO INTERROGATORY NO. 10:

The Prior Art known to Skyline is disclosed in the patent prosecution history.

### Certification

I, Aharon Yaron, state under the pains and penalties of law that I am the President of Skyline Software Systems, Inc. ("Skyline"). I have read the foregoing Plaintiff's Answers to Keyhole, Inc.'s First Set of Interrogatories (Nos. 1-10) and know their contents. The answers I have provided, subject to any inadvertent or undiscovered errors, are based on and necessarily limited to the records and information still available and discovered in preparation for these answers. Skyline reserves the right to make changes to these answers if it appears at any time that omissions or errors have been made in preparing the answers, or if I become aware of more accurate information. Subject to these limitations, these answers are true to the best of my knowledge, information and belief.

Signed under the pains and penalties of perjury this 28th day of January, 2005.

SKYLINE SOFTWARE SYSTEMS, INC.

_____
Aharon Yaron, President
Skyline Software Systems, Inc.

AS TO OBJECTIONS:

_____
H. Joseph Hameline, BBO# 218710
Michael T. Renaud, BBO #629783
Mintz, Levin, Cohn, Ferris
  Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

Dated: January 28, 2005