# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SKYLINE SOFTWARE SYSTEMS, INC. )<br>Plaintiff, ) | CIVIL ACTION NO.  04-11129-DPW |
| )<br>v. ) | |
| )<br>KEYHOLE, INC. and GOOGLE, INC. )<br>Defendants. ) | |

## PLAINTIFF'S RESPONSE TO
## KEYHOLE INC.'S FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rules of Civil Procedure 26 and 34, Local Rule 34.1 and the Court's Hearing on December 20, 2004, Plaintiff Skyline Software Systems, Inc.. ("Skyline") hereby responds to Defendant Keyhole, Inc.'s ("Keyhole") First Request for Production of Documents as follows:

### GENERAL OBJECTIONS

1.     Skyline objects to Defendant's First Request for Production of Documents to the extent that it seeks documents and information that are beyond the scope of discovery as set forth in the Federal Rules of Civil Procedure or the Local Rules of the District of Massachusetts.

2.     Skyline objects to the "Definitions" and "Instructions" to the extent they impose or seek to impose obligations upon Skyline that are beyond those required by the Federal Rules of Civil Procedure or the Local Rules of the District of Massachusetts.

3.     Skyline objects to Defendant's First Request for Production of Documents to the extent that it seeks documents that are protected by the attorney client privilege, work product

immunity doctrine, or any other applicable privilege or limitation on discovery of documents afforded by law ("privileged").

4.       Skyline objects to Defendant's First Request for Production of Documents to the extent it seeks information that is not relevant to the claim or defense of any parties at issue in the Preliminary Injunction proceeding.

5.       A statement that responsive, non-privileged information or documents will be produced should not be interpreted as an indication that any such information or documents exist or are relevant.

6.       To the extent specific General Objections are cited in a specific response, those citations are provided because they are believed to be particularly applicable to the specific requests and are not to be construed as a waiver of any other General Objection applicable to information falling within the scope of that Request or any other Request.

7.       Skyline is responding to the Request Numbers identified by Keyhole in its January 18, 2005 letter as relevant to the issues in the first phase of the case.


## SPECIFIC OBJECTIONS AND RESPONSES

### DOCUMENT REQUEST NO. 1:

All documents and communications concerning the preparation, filing and prosecution of the application for the **Patent-in-Suit**, and any provisional, continuation, continuation-in-part, divisional, reissue, reexamination or foreign counterpart of the application for the **Patent-in-Suit**.

### RESPONSE TO DOCUMENT REQUEST NO. 1:

Subject to the General Objections, Skyline agrees to produce the requested documents in its custody, possession or control.

2

## DOCUMENT REQUEST NO. 2:

All patents, publications, or things cited during the prosecution of the application for the **Patent-in-Suit**, or during the prosecution of any continuation, continuation-in-part, divisional, reissue, reexamination, or foreign counterpart of the application for the **Patent-in-Suit**.

## RESPONSE TO DOCUMENT REQUEST NO. 2:

Subject to the General Objections, Skyline agrees to produce the requested documents in its custody, possession or control.

## DOCUMENT REQUEST NO. 3:

All documents and communications concerning the inventions or technology described in the **Patent-in-Suit**, or in any provisional, continuation, continuation-in-part, divisional, or foreign counterpart of the application for the **Patent-in-Suit**, including without limitation documents and communication authored in whole or in part by you or any of the inventors named in the **Patent-in-Suit**.

## RESPONSE TO DOCUMENT REQUEST NO. 3:

Skyline objects to this request as overbroad and not relevant to the claim or defense of any party.  Skyline agrees to produce documents describing the inventions claimed in the Patent-in-Suit.

## DOCUMENT REQUEST NO. 4:

All documents and communications concerning patents or applications for patents, either domestic or foreign and whether or not they are presently in force, expired, pending, or abandoned, that claim priority from, or provide a priority date for any invention described and claimed in, the **Patent-in-Suit**.

## RESPONSE TO DOCUMENT REQUEST NO. 4:

Skyline objects to this request as overbroad and not relevant to the claim or defense of any party.  Skyline agrees to produce documents describing the inventions claimed in the Patent-in-Suit.

**DOCUMENT REQUEST NO. 5:**

All documents concerning any communications between you or any inventor named in the **Patent-in-Suit**, on the one hand, and the United States Patent and Trademark Office, any foreign patent office, or any other person, on the other hand, that **relate to** the preparation, filing or prosecution of the application for the **Patent-in-Suit**, or any provisional, continuation, continuation-in-art, divisional, reissue, reexamination or foreign counterpart of the application for the **Patent-in-Suit**.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Subject to the General Objections, Skyline agrees to produce the requested documents in its custody, possession or control.

**DOCUMENT REQUEST NO. 6:**

All documents and communications concerning any decision to call or not to call any information, publication or **Prior Art** to the attention of the United States Patent and Trademark Office or any foreign patent office in connection with the prosecution of the application for the **Patent-in-Suit** or any provisional, continuation, continuation-in-art, divisional, reissue, reexamination or foreign counterpart of the application for the **Patent-in-Suit**.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Subject to the General Objections, Skyline agrees to produce the requested documents in its custody, possession or control.

**DOCUMENT REQUEST NO. 7:**

All documents and communications concerning the need for, or acceptability, desirability or legitimacy of, patenting or attempting to patent any invention described and claimed in the **Patent-in-Suit**.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Subject to the General Objections, Skyline agrees to produce the requested documents in its custody, possession or control.

4

## DOCUMENT REQUEST NO. 8:

All documents and communications describing any **Practicing Product** and how each such **Practicing Product** practices the invention, including without limitation brochures, specifications, notes, memoranda, technical reviews, reports, schematics, developer and user manuals, flow charts, blueprints, diagrams, notebooks, drawings, invention disclosures, responses to requests for proposal, correspondence, meeting minutes, photographs, models, layouts, working embodiments, analyses, test materials and test results.

## DOCUMENT REQUEST NO. 9:

Each version of any software, in object code and source code form, that either constitutes a **Practicing Product**, implements any process, method, act or service that is a **Practicing Product**, or runs on any apparatus, product, device or system that is a **Practicing Product**.

## DOCUMENT REQUEST NO. 10:

Documents and communications sufficient to show the identity of all persons who participated in the research, design, development, implementation, testing, debugging, or evaluation of any **Practicing Product**.

## RESPONSE TO DOCUMENT REQUEST NO. 10:

Skyline objects to this request, subject to a determination of the appropriate scope of the

initial phase of discovery. Skyline has identified the persons with knowledge of the issues in the

litigation in its Initial Disclosures.

## DOCUMENT REQUEST NO. 11:

All documents and communications concerning the conception, development, reduction to practice, diligence in the reduction to practice, best mode, modification or redesign of any invention described and claimed in the **Patent-in-Suit**, including without limitation the first drawing or sketch, the first written description of each such invention, and any and all

5

engineering documents, communications among your engineers and source code records concerning the same.

## DOCUMENT REQUEST NO. 12:

All documents and communications concerning any sale, offer for sale, license, offer to license, or other actual or attempted transfer of any interest or rights in and to the **Patent-in-Suit** or any foreign counterparts of the **Patent-in-Suit**, or any invention described and claimed therein.

## DOCUMENT REQUEST NO. 13:

All documents and communications concerning any disclosure, use, access or demonstration of any kind to any person of any invention described and claimed in the **Patent-in-Suit** before its date of issuance, including without limitation any documents and communication concerning the confidentiality of such disclosure, use, access or demonstration.

## DOCUMENT REQUEST NO. 14:

All documents and communications concerning the first use of any invention described and claimed in the **Patent-in-Suit**, whether public or otherwise, and whether experimental or otherwise.

## DOCUMENT REQUEST NO. 15:

All documents and communications describing in a printed publication any invention claimed in the **Patent-in-Suit**, including the first such description in a printed publication.

## RESPONSE TO DOCUMENT REQUEST NO. 15:

Skyline objects to this request, subject to a determination of the appropriate scope of the initial phase of discovery.

6

**DOCUMENT REQUEST NO. 16:**

All documents and communications concerning an embodiment of any invention described and claimed in the **Patent-in-Suit** that was in existence prior to Sept. 29, 1997.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Subject to the General Objections, Skyline agrees to produce the requested documents in its custody, possession or control.

**DOCUMENT REQUEST NO. 17:**

All documents and communications concerning an embodiment of any invention described and claimed in the **Patent-in-Suit** that was made, sold, offered for sale, publicly used or disclosed prior to Sept. 29, 1997.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

Subject to the General Objections, Skyline agrees to produce the requested documents in its custody, possession or control.

**DOCUMENT REQUEST NO. 18:**

Any **Prior Art** of which you or any inventor named in the **Patent-in-Suit** is or are aware, and all documents and communication concerning such **Prior Art**.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

Subject to the General Objections, Skyline agrees to produce the requested documents in its custody, possession or control.

**DOCUMENT REQUEST NO. 19:**

All documents and communications concerning any failure by those skilled in the art to appreciate any problem claimed to have been solved by any invention described and claimed in the **Patent-in-Suit**.

**DOCUMENT REQUEST NO. 20:**

All documents and communications concerning any attempt by others to fill any consumer demand claimed for any invention described and claimed in the **Patent-in-Suit**.

**DOCUMENT REQUEST NO. 21:**

All documents and communications concerning any claimed or perceived advantages of any invention described or claimed in the **Patent-in-Suit** over the **Prior Art**.

**DOCUMENT REQUEST NO. 22:**

All documents and communications concerning any attempted or actual copying of any invention described and claimed in the **Patent-in-Suit**.

**DOCUMENT REQUEST NO. 23:**

All documents and communications concerning any non-infringing alternatives or acceptable substitutes for any invention described and claimed in the **Patent-in-Suit**.

**DOCUMENT REQUEST NO. 24:**

All documents and communications concerning any initial skepticism or praise for any invention described and claimed in the **Patent-in-Suit**.

8

**DOCUMENT REQUEST NO. 25:**

All documents and communications concerning the commercial success of, long-felt need for, prior attempts by others to arrive at any invention described and claimed in the **Patent-in-Suit**.

**DOCUMENT REQUEST NO. 26:**

All publications prior to Sept. 29, 1997 that teach away from any invention described and claimed in the **Patent-in-Suit**.

**DOCUMENT REQUEST NO. 27:**

All documents and communications concerning the state of the art, or the level of skill in the art, relevant to the **Patent-in-Suit**.

**RESPONSE TO DOCUMENT REQUEST NO. 27:**

Subject to the General Objections, Skyline agrees to produce the requested documents in its custody, possession or control.

**DOCUMENT REQUEST NO. 28:**

All documents and communications concerning the contribution(s) of each inventor named in the **Patent-in-Suit** to the conception of the invention(s) described and claimed in the **Patent-in-Suit** and his involvement, if any, in the reduction to practice of such invention(s).

**DOCUMENT REQUEST NO. 29:**

All documents and communications concerning any knowledge or use by third parties of any subject matter claimed by the **Patent-in-Suit** before Sept. 29, 1997.

9

**DOCUMENT REQUEST NO. 30:**

All documents and communications concerning the knowledge of any inventor named in the **Patent-in-Suit**, prior to Sept. 29, 1997, of practice by others of any technology similar to any invention described and claimed in the **Patent-in-Suit**.

**DOCUMENT REQUEST NO. 31:**

Any patent application or inventor certificate filed before Sept. 29, 1997 that describe technology similar to any invention described and claimed in the **Patent-in-Suit**.

**RESPONSE TO DOCUMENT REQUEST NO. 31:**

Subject to the General Objections, Skyline agrees to produce the requested documents in its custody, possession or control.

**DOCUMENT REQUEST NO. 32:**

All documents and communications that evidence or substantiate, or tend to evidence or substantiate, your ownership of the **Patent-in-Suit**, including without limitation employment agreements and invention assignments with each inventor named in the **Patent-in-Suit**.

**DOCUMENT REQUEST NO. 33:**

All documents concerning any communication between you and any defendant that relates to the **Patent-in-Suit** or to any claim or defense asserted in this action, including without limitation any notice, warning or charge of infringement that you have made to such defendant.

**DOCUMENT REQUEST NO. 34:**

All documents and communications concerning your first awareness of each **Accused Product** and the circumstances under which you became aware of each **Accused Product**.

10

**DOCUMENT REQUEST NO. 35:**

All documents concerning any communication between you and a third party, including without limitation Google Inc., that concerning the **Patent-in-Suit**.

**DOCUMENT REQUEST NO. 36:**

All documents and communications concerning any allegation by you that any person other than a defendant to this suit has used, manufactured, sold or offered for sale in the United States any software, apparatus, product, device, system, process, method, act or service that infringes any claim of the **Patent-in-Suit**.

**RESPONSE TO DOCUMENT REQUEST NO. 36:**

Subject to the General Objections, Skyline agrees to produce the requested documents in its custody, possession or control.

**DOCUMENT REQUEST NO. 37:**

All documents and communications concerning any attempt by you to enforce the **Patent-in-Suit** or any foreign counterparts thereof, including without limitation any notice, warning or charge of infringement that you have made or considered making to any person other than a defendant to this suit.

**RESPONSE TO DOCUMENT REQUEST NO. 37:**

Subject to the General Objections, Skyline will produce the documents requested in its custody, possession or control.

11

**DOCUMENT REQUEST NO. 38:**

All documents and communications concerning any decision by you to bring or not to bring a lawsuit, investigation, arbitration or other legal or arbitral proceeding alleging infringement by any person other than a defendant herein, of the **Patent-in-Suit** or any foreign counterparts thereof.

**DOCUMENT REQUEST NO. 39:**

All documents and communications concerning any challenge, whether formal or informal, to the validity and/or enforceability of the **Patent-in-Suit** or any foreign counterparts thereof.

**DOCUMENT REQUEST NO. 40:**

Any finding, opinion, decision, ruling or order by any judicial or administrative body concerning the validity and enforceability of the **Patent-in-Suit** or any foreign counterpart thereof.

**DOCUMENT REQUEST NO. 41:**

All documents concerning any communication between you and any person concerning the scope or construction of any claim of the **Patent-in-Suit**.

**RESPONSE TO DOCUMENT REQUEST NO. 41:**

Subject to the General Objections, Skyline agrees to produce the requested documents in its custody, possession or control.

12

## DOCUMENT REQUEST NO. 42:

All documents and communications produced by you in response to any discovery (including any disclosures required under Rule 26 of the Federal Rules of Civil Procedure) or court order in any other previous or pending litigation involving the **Patent-in-Suit**.

## RESPONSE TO DOCUMENT REQUEST NO. 42:

Subject to the General Objections, Skyline agrees to produce the requested documents in its custody, possession or control.

## DOCUMENT REQUEST NO. 43

All **Prior Art** produced by you, or any third party other than Keyhole in any other previous or pending litigation involving the **Patent-in-Suit**.

## RESPONSE TO DOCUMENT REQUEST NO. 43

Subject to the General Objections, Skyline agrees to produce the requested documents in its custody, possession or control.

## DOCUMENT REQUEST NO. 44:

All answers to interrogatories and responses to requests for admission made by you in any other previous or pending litigation involving the **Patent-in-Suit**.

## RESPONSE TO DOCUMENT REQUEST NO. 44:

Subject to the General Objections, Skyline agrees to produce the requested documents in its custody, possession or control.

13

## DOCUMENT REQUEST NO. 45:

All transcripts of any deposition, hearing or trial testimony given by any person in any other previous or pending litigation involving the **Patent-in-Suit**, whom you may use as a witness, declarant or affiant in this action.

## RESPONSE TO DOCUMENT REQUEST NO. 45:

Subject to the General Objections, Skyline agrees to produce the requested documents in its custody, possession or control.

## DOCUMENT REQUEST NO. 46:

All expert reports and other disclosures made pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure in any other previous or pending litigation involving the **Patent-in-Suit**, of any person whom you may use at any hearing or trial in this action to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

## DOCUMENT REQUEST NO. 46:

Subject to the General Objections, Skyline agrees to produce the requested documents in its custody, possession or control.

## DOCUMENT REQUEST NO. 47:

All pleadings, briefs, memoranda, declarations, affidavits, exhibits, transcripts of argument or testimony, findings, opinions, decisions, rulings, or orders in any other previous or pending litigation involving the **Patent-in-Suit** that **relate to the construction of any Asserted Claim** in this action.

## RESPONSE TO DOCUMENT REQUEST NO. 47:

Subject to the General Objections, Skyline agrees to produce the requested documents in its custody, possession or control.

14

**DOCUMENT REQUEST NO. 48:**

All exhibits exchanged, submitted offered, introduced, used or admitted in the any other previous or pending litigation involving the **Patent-in-Suit**, whether by you or any other party, that you may use at any hearing or trial in this action.

**RESPONSE TO DOCUMENT REQUEST NO. 48:**

Subject to the General Objections, Skyline agrees to produce the requested documents in its custody, possession or control.

**DOCUMENT REQUEST NO. 49:**

All documents and communications concerning Keyhole's businesses and activities, any Keyhole officer, director, employee or representative, any **Accused Product**, or your claim that Keyhole infringes any patent owned by or assigned or licensed to you, including without limitation files or other collections of material, minutes or notes of any meeting in which Keyhole or an **Accused Product** is mentioned or discussed, and any reports, examinations, studies, analyses, materials, or test results made by you or on your behalf concerning Keyhole or any **Accused Product**.

**RESPONSE TO DOCUMENT REQUEST NO. 49:**

Subject to the General Objections, Skyline agrees to produce the requested documents in its custody, possession or control.

**DOCUMENT REQUEST NO. 50:**

All documents and communications concerning Google's businesses and activities, any Google officer, director, employee or representative, any **Accused Product**, or your claim that Google infringes any patent owned by or assigned or licensed to you, including without limitation files or other collections of material, minutes or notes of any meeting in which Google or an **Accused Product** is mentioned or discussed, and any reports, examinations, studies, analyses, materials, or test results made by you or on your behalf concerning Google or any **Accused Product**.

**RESPONSE TO DOCUMENT REQUEST NO. 50:**

Subject to the General Objections, Skyline agrees to produce the requested documents in its custody, possession or control.

15

**DOCUMENT REQUEST NO. 51:**

For each **Asserted Claim**, all documents and communications supporting, refuting or otherwise concerning your claim that each element of the **Asserted Claim** is found in each **Accused Product** literally or under the doctrine of equivalents.

**RESPONSE TO DOCUMENT REQUEST NO. 51:**

Subject to the General Objections, Skyline agrees to produce the requested documents in its custody, possession or control.

**DOCUMENT REQUEST NO. 52:**

All documents and communications supporting, refuting or otherwise concerning your claim that a defendant has willfully infringed the **Patent-in-Suit**.

**DOCUMENT REQUEST NO. 53:**

Any study or analysis that you have conducted or had others conduct for you concerning the validity, scope, or enforceability of the **Patent-in-Suit**, the infringement of the **Patent-in-Suit** by a defendant herein, and/or the patentability of each invention described and claimed in the **Patent-in-Suit**, and all documents and communication supporting or refuting such study or analysis.

**RESPONSE TO DOCUMENT REQUEST NO. 53:**

Subject to the General Objections, Skyline agrees to produce the requested documents in its custody, possession or control.

16

**DOCUMENT REQUEST NO. 54:**

All documents concerning any communication between you and any third party, including but not limited to an actual or potential customer, discussing any feature, function, capability, aspect, advantage, disadvantage, benefit, performance or malfunction of a **Practicing Product** or an **Accused Product**, or any flaw, defect or bug therein.

**DOCUMENT REQUEST NO. 55:**

All documents and communications concerning any comparison, analysis or study of any feature, function, capability, aspect, advantage, disadvantage, benefit, performance, malfunction, flaw or defect of any competing product or service vis a vis a **Practicing Product**.

**DOCUMENT REQUEST NO. 56:**

All documents and communications concerning any malfunction, flaw, defect or bug reported to or by you with respect to a **Practicing Product**.

**DOCUMENT REQUEST NO. 57:**

All documents concerning any communication between you and any third party, including but not limited to an actual or potential customer, mentioning or discussing Keyhole and/or Google.

**DOCUMENT REQUEST NO. 58:**

All documents and communications concerning the market(s) for any **Practicing Product**, including without limitation documents and communication concerning your competitors, competing products and services, market shares and customer demand.

17

**DOCUMENT REQUEST NO. 59:**

All documents and communications concerning the marketing and promotion of any **Practicing Product**, including without limitation competitive analyses of market requirements and functional requirements, marketing surveys, reports, studies and forecasts, market share data, studies of customer needs, advertising materials, brochures and descriptions, price lists and press releases.

**DOCUMENT REQUEST NO. 60:**

All documents and communications concerning bids and quotations made, and prices charged, for any **Practicing Product** or any competing product or service.

**DOCUMENT REQUEST NO. 61:**

All planning and strategy documents and communications concerning the research, development, testing, financing, marketing, sale, lease or license of any **Practicing Product**, including without limitation budgets. business plans, marketing plans, forecasts, financial reports and management reports.

**DOCUMENT REQUEST NO. 62:**

All documents and communications concerning any licensing or potential licensing of any patents, copyrights, trade secrets, technology or know-how relevant or similar to the **Practicing Products**.

**DOCUMENT REQUEST NO. 63:**

All documents and communications concerning any licensing or potential licensing of the **Patent-in-Suit**, or technology similar or related to the technology disclosed in the **Patent-in-Suit**.

18

**DOCUMENT REQUEST NO. 64:**

Documents sufficient to show your monthly or quarterly revenues derived from your sale, lease or license of any **Practicing Product** and how such revenues are calculated, along with the backup data used to calculate them.

**DOCUMENT REQUEST NO. 65:**

Documents sufficient to show your monthly or quarterly profits, gross and net, derived from your sale, lease or license of any **Practicing Product** and how such profits are calculated, along with the backup data used to calculate them.

**DOCUMENT REQUEST NO. 66:**

All documents concerning the costs that you have incurred in the research and development of the **Patent-in-Suit** and each **Practicing Product**.

**DOCUMENT REQUEST NO. 67:**

All documents concerning the costs that you have incurred in the sale, lease or license of each **Practicing Product**, including without limitation labor costs associated with technical implementation and technical support.

**DOCUMENT REQUEST NO. 68:**

All documents concerning any of your general or administrative expenses that are in any way relevant to the marketing and sale, lease or license of each **Practicing Product**.

19

## DOCUMENT REQUEST NO. 69:

All annual and quarterly reports, financial statements, whether audited or unaudited, and prospectuses concerning you covering the period beginning January 1, 1997, to the present.

## DOCUMENT REQUEST NO. 70:

All documents and communications concerning any actual or prospective customer, or any business, that you claim you have lost because of a competing bid or offer from any defendant.

## DOCUMENT REQUEST NO. 71:

All documents and communications concerning any business, volume, revenues or profits that you claim you have lost as a result of the alleged infringement of the **Patent-in-Suit**.

## DOCUMENT REQUEST NO. 72:

All documents and communications concerning any business, volume, revenues or profits that you claim you have lost as a result of the alleged infringement of the **Patent-in-Suit** by any third party.

## DOCUMENT REQUEST NO. 73:

All documents and communications concerning any unavailability of, or interruption in the implementation, delivery or maintenance of, any **Practicing Product**.

## DOCUMENT REQUEST NO. 74:

All documents and communications concerning your marking of any **Practicing Product** with the patent number of the **Patent-in-Suit**.

## DOCUMENT REQUEST NO. 75:

All documents and communications that support your calculation and proof of any damages resulting from the alleged infringement.

## DOCUMENT REQUEST NO. 76:

Documents sufficient to show your organizational structure from January 1, 1997 to the present, including without limitation all divisions, departments and personnel involved in any way in the research, design, development, testing, evaluation, production, marketing, sale or licensing of any software, apparatus, product, device, system, process, method, act or service made, used, offered for sale or sold by you that has ever practiced any invention described and claimed in the **Patent-in-Suit**.

## DOCUMENT REQUEST NO. 77:

All documents and communications concerning any policy, procedure, custom or practice by you or your employees of memorializing research and development activities, including without limitation policies and procedures concerning the writing and preservation of invention disclosures and engineering notebooks.

## DOCUMENT REQUEST NO. 78:

All documents and communications concerning your policies, procedures, customs or practices involving the identification, ownership, protection and licensing of inventions and proprietary technology and information.

**DOCUMENT REQUEST NO. 79:**

All documents and communications concerning your policies, procedures, customs or practices involving the licensing of patents or other intellectual property to or from other persons.

**DOCUMENT REQUEST NO. 80:**

Any policy or procedure for retaining or destroying documents and communication that you have had since Jan. 1,1997.

**DOCUMENT REQUEST NO. 81:**

All documents and communication that concern advertising, business plans, strategic plans, research and development plans, marketing plans or efforts, promotional programs or strategies on the part of you, or on your behalf, concerning any **Practicing Product**.

**DOCUMENT REQUEST NO. 82:**

All sales call reports, sales journal entries, or similar documents and communication generated by any salesperson or sales representative that concerning any **Practicing Product**.

**DOCUMENT REQUEST NO. 83:**

All customer lists concerning any **Practicing Product**.

22

**DOCUMENT REQUEST NO. 84:**

All documents and communications generated by you or on your behalf that concerning Keyhole, Google or any **Accused Product**.

**RESPONSE TO DOCUMENT REQUEST NO. 84:**

Skyline objects to this request as vague, ambiguous and overbroad.

**DOCUMENT REQUEST NO. 85:**

All documents and communications received by you from a third party that concerning Keyhole, Google or any **Accused Product**.

**RESPONSE TO DOCUMENT REQUEST NO. 85:**

Skyline objects to this interrogatory as vague, ambiguous and overbroad.

**DOCUMENT REQUEST NO. 86:**

All sales presentations and advertising materials that discuss or mention Keyhole, Google, or any of their respective services or products.

**DOCUMENT REQUEST NO. 87:**

All documents and communications concerning any customer inquiries regarding Keyhole, Google or any of their respective products or services.

**DOCUMENT REQUEST NO. 88:**

All documents and communications concerning any comparison between any of Keyhole's or Google's products and services and any of your products or services made by you or on your behalf.

23

**DOCUMENT REQUEST NO. 89:**

All documents and communications concerning any testing performed by or for you of any of Keyhole's or Google's products or services.

**DOCUMENT REQUEST NO. 90:**

All documents and communications concerning any testing performed by or for any customer or potential customer of any of Keyhole's products or services.

**DOCUMENT REQUEST NO. 91:**

A copy of every printed publication including but not limited to press clippings, press releases, and newspaper, magazine or trade journal articles that mentions, discusses or describes your **Practicing Product.**

**DOCUMENT REQUEST NO. 92:**

Documents that will clearly demonstrate and evidence all advertising and promotional costs incurred by you with respect to the advertising and promotion of your **Practicing Product,** separately by medium and month, since its introduction to date.

**DOCUMENT REQUEST NO. 93:**

All documents and communications concerning your marketing and sales policies, practices and procedures for your **Practicing Product,** including but not limited to instructions that you give to your sales and marketing personnel for your **Practicing Product.**

**DOCUMENT REQUEST NO. 94:**

24

All agreements to which you were a party that concern the design, development, implementation, marketing, advertising or distribution of your **Practicing Product**.

## DOCUMENT REQUEST NO. 95:

All documents and communications identified in your answers to defendant's interrogatories, including without limitation all documents and communication that support, contradict or otherwise concerning any of your substantive answers to defendant's interrogatories.

## RESPONSE TO DOCUMENT REQUEST NO. 95:

Subject to the General Objections, Skyline agrees to produce the requested documents in its custody, possession or control.

## DOCUMENT REQUEST NO. 96:

All documents and communications, including contracts and specifications, concerning any **Practicing Product** used or licensed by the Intel Corporation.

## DOCUMENT REQUEST NO. 97:

All documents and communications, including contracts and specifications, concerning any **Practicing Product** used or licensed by the Oracle.

## DOCUMENT REQUEST NO. 98:

All documents and communications, including contracts and specifications, concerning any **Practicing Product** used or licensed by PlanetGov.

**DOCUMENT REQUEST NO. 99:**

All documents and communications, including contracts and specifications, concerning any Practicing Product used or licensed by the institute for the Application of Geospatial Technology at Cayuga Community College, Inc. (IAGT).

**DOCUMENT REQUEST NO. 100:**

All documents and communications, including contracts and specifications, concerning any **Practicing Product** used or licensed by PlanGraphics, Inc.

**DOCUMENT REQUEST NO. 101:**

All documents and communications, including contracts and specifications, concerning any **Practicing Product** used or licensed by Mapinfo, Inc.

**DOCUMENT REQUEST NO. 102:**

All documents and communications concerning the need for, or acceptability, desirability or legitimacy of, patenting or attempting to patent any Skyline technology.

**DOCUMENT REQUEST NO. 103:**

All documents and communications describing any Skyline system, including without limitation brochures, specifications, notes, memoranda, technical reviews, reports, schematics, developer and user manuals, flow charts, blueprints, diagrams, notebooks, drawings, invention disclosures, responses to requests for proposal, correspondence, meeting minutes, photographs, models, layouts, working embodiments, analyses, test materials and test results.

26

**DOCUMENT REQUEST NO. 104:**

Each version of any software, in object code and source code form, that either constitutes a Skyline system, implements any process, method, act or service that is a Skyline system, or runs on any apparatus, product, device or system that is a Skyline system.

**DOCUMENT REQUEST NO. 105:**

Documents and communications sufficient to show the identity of all persons who participated in the research, design, development, implementation, testing, debugging, or evaluation of any Skyline system.

**DOCUMENT REQUEST NO. 106:**

All documents and communications concerning the conception, development, reduction to practice, modification or redesign of any Skyline system.

**DOCUMENT REQUEST NO. 107:**

All documents and communications concerning any sale, offer for sale, license, offer to license, or other actual or attempted transfer of any interest or rights in any Skyline system.

**DOCUMENT REQUEST NO. 108:**

All documents and communications concerning any disclosure, use, access or demonstration of any kind to any person of any Skyline system before the date of issuance of the **Patent-in-Suit**, including without limitation any documents and communication concerning the confidentiality of such disclosure, use, access or demonstration.

27

**DOCUMENT REQUEST NO. 109:**

All documents and communications concerning the first use of any Skyline system, whether public or otherwise, and whether experimental or otherwise.

**DOCUMENT REQUEST NO. 110:**

All documents and communications describing in a printed publication any Skyline system, including the first such description in a printed publication.

**DOCUMENT REQUEST NO. 111:**

All documents and communications concerning any Skyline system that was in existence prior to Sept. 29, 1997.

**DOCUMENT REQUEST NO. 112:**

All documents and communications concerning any Skyline system that was made, sold, offered for sale, publicly used or disclosed prior to Sept. 29, 1997.

**DOCUMENT REQUEST NO. 113:**

Any patent application or inventor certificate filed before Sept. 29, 1997 that describe technology similar to any Skyline system.

**RESPONSE TO DOCUMENT REQUEST NO. 113:**

Subject to the General Objections, Skyline agrees to produce the requested documents in its custody, possession or control.

28

## DOCUMENT REQUEST NO. 114:

All documents concerning any communication between you and any defendant herein that concerning any Skyline system.

## DOCUMENT REQUEST NO. 115:

All documents concerning any communication between you and a third party that concerning any Skyline system.

## DOCUMENT REQUEST NO. 116:

All documents concerning any communication between you and any third party, including but not limited to an actual or potential customer, discussing any feature, function, capability, aspect, advantage, disadvantage, benefit, performance or malfunction of any Skyline system, or any flaw, defect or bug therein.

## DOCUMENT REQUEST NO. 117:

All documents and communications concerning any comparison, analysis or study of any feature, function, capability, aspect, advantage, disadvantage, benefit, performance, malfunction, flaw or defect of any competing product or service vis à vis any Skyline system.

## DOCUMENT REQUEST NO. 118:

All documents and communications concerning any malfunction, flaw, defect or bug reported to or by you with respect to any Skyline system.

## DOCUMENT REQUEST NO. 119:

All documents concerning any communication between you and any third party, including but not limited to an actual or potential customer, mentioning or discussing any Skyline system.

**DOCUMENT REQUEST NO. 120:**

All documents and communications concerning the market(s) for any Skyline system, including without limitation documents and communication concerning your competitors, competing products and services, market shares and customer demand.

**DOCUMENT REQUEST NO. 121:**

All documents and communications concerning the marketing and promotion of any Skyline system, including without limitation competitive analyses of market requirements and functional requirements, marketing surveys, reports, studies and forecasts, market share data, studies of customer needs, advertising materials, brochures and descriptions, price lists and press releases.

**DOCUMENT REQUEST NO. 122:**

All documents and communications concerning bids and quotations made, and prices charged, for any Skyline system or any competing product or service.

**DOCUMENT REQUEST NO. 123:**

All planning and strategy documents and communication concerning the research, development, testing, financing, marketing, sale, lease or license of any Skyline system, including without limitation budgets, business plans, marketing plans, forecasts, financial reports and management reports.

30

## DOCUMENT REQUEST NO. 124:

All documents and communications concerning any licensing or potential licensing of any patents, copyrights, trade secrets, technology or know-how relevant to any Skyline system.

## DOCUMENT REQUEST NO. 125:

All documents and communications concerning any licensing or potential licensing of any Skyline system.

## DOCUMENT REQUEST NO. 126:

Documents sufficient to show your monthly or quarterly revenues derived from your sale, lease or license of any Skyline system and how such revenues are calculated, along with the backup data used to calculate them.

## DOCUMENT REQUEST NO. 127:

Documents sufficient to show your monthly or quarterly profits, gross and net, derived from your sale, lease or license of any Skyline system and how such profits are calculated, along with the backup data used to calculate them.

## DOCUMENT REQUEST NO. 128:

All documents concerning the costs that you have incurred in the research and development of each Skyline system.

## DOCUMENT REQUEST NO. 129:

All documents concerning the costs that you have incurred in the sale, lease, license or provision of each Skyline system, including without limitation labor costs associated with technical implementation and technical support.

## DOCUMENT REQUEST NO. 130:

All documents concerning any of your general or administrative expenses that are in any way relevant to marketing and sale, lease or license of each Skyline system.

## DOCUMENT REQUEST NO. 131:

All documents and communications concerning any unavailability of, or interruption in the implementation, delivery or maintenance of, any Skyline system.

## DOCUMENT REQUEST NO. 132:

All documents and communications supporting any and all allegations against any defendant as set forth in any and all complaints filed in this action.

## RESPONSE TO DOCUMENT REQUEST NO. 132:

Subject to the General Objections, Skyline agrees to produce the requested documents in its custody, possession or control.

## DOCUMENT REQUEST NO. 133:

All documents and communications provided to any expert who has been retained or will be retained by you to provide testimony (whether by affidavit, declaration, deposition, report, disclosure, or live in court) in this action.

## RESPONSE TO DOCUMENT REQUEST NO. 133:

Skyline objects to this request as untimely.  Subject to the General Objection, Skyline agrees to produce the requested documents pursuant to the schedule for expert witness disclosures.


## DOCUMENT REQUEST NO. 134:

All documents and communications that you will seek to offer into evidence at trial.


## DOCUMENT REQUEST NO. 135:

All documents and communications that you contend support your claim construction positions.

## RESPONSE TO DOCUMENT REQUEST NO. 135:

Subject to the General Objections, Skyline agrees to produce the requested documents in its custody, possession or control.

33

## DOCUMENT REQUEST NO. 136:

All documents and communications that you contend contradict any claim construction position taken by any defendant.

## RESPONSE TO DOCUMENT REQUEST NO. 136:

Defendants have not yet provided their claim construction positions.


                                        SKYLINE SOFTWARE SYSTEMS, INC.

                                        By their attorneys,


                                        H. Joseph Hameline, BBO# 218710
                                        Michael T. Renaud, BBO #629783
                                        Mintz, Levin, Cohn, Ferris
                                          Glovsky and Popeo, P.C.
                                        One Financial Center
                                        Boston, MA 02111
                                        (617) 542-6000

Dated: January 2&, 2004


                        I hereby certify th... ... copy of the
                        above document... ...ed upon the
                        attorney of reco... ... party by
                        mail/hand on... ...

        ...
        ...
        ...
        ...
        ...


                                34