**EXHIBIT H**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| SKYLINE SOFTWARE SYSTEMS, INC., )<br>   Plaintiff, )<br>   )<br>v. )<br>   )<br>KEYHOLE, INC. and )<br>GOOGLE, INC., )<br>   Defendants. )<br>   ) | CIVIL ACTION NO. 04-11129DPW |

**PLAINTIFF'S SUPPLEMENTAL ANSWERS AND OBJECTIONS TO
INTERROGATORY NO. 2 CONTAINED IN DEFENDANT KEYHOLE, INC.'S
IN FIRST SET OF INTERROGATORIES (NO. 1-10)**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Local Rule 33.1 and the Court's Hearing on December 20, 2004, Plaintiff Skyline Software Systems, Inc. ("Skyline") hereby submits the following supplemental answers to Defendant Keyhole, Inc.'s ("Keyhole") First Set of Interrogatories ("Interrogatories") as follows.

Skyline's answers and supplemental answers to Keyhole's interrogatories are based on present knowledge and belief. In all cases, Skyline reserves the right to modify and/or supplement these answers to conform to the results of its continuing investigations. Skyline's answers are not to be construed as a waiver of any right or objection or as an admission of relevancy, materiality or admissibility in evidence of any information, document or thing provided to Keyhole.

**GENERAL OBJECTIONS**

1. Skyline answers the Interrogatories without waiving the right to object on any grounds to the admission into evidence of any information provided in response to the Interrogatories in this or any other proceeding.

2.	By providing information responsive to the Interrogatories, Skyline does not waive, and shall not be deemed to have waived, the attorney-client privilege, the protection of the work product doctrine, the immunity from discovery of documents prepared in anticipation of litigation or for trial, or any other privilege or immunity from discovery that may attach to any information in its possession, custody or control. Inadvertent disclosure of privileged information shall not constitute a waiver of any applicable privilege.

3.	Skyline objects to each Interrogatory to the extent that it is overly broad, burdensome, ambiguous, vague, and/or not reasonably calculated to lead to the discovery of admissible evidence. Skyline does not concede that the information requested in the Interrogatories is relevant to a claim or defense of any party in the proceeding. Skyline preserves all objections as to competency, relevancy, materiality and admissibility.

4.	Skyline objects to the Interrogatories as exceeding the scope of relevant discovery during this phase of the scheduling by the Court.

In addition to the general objections set forth above, Skyline sets forth below specific objections to individual Interrogatories where appropriate, including objections that are not generally applicable to all of the Interrogatories. By setting forth such specific objections, Skyline does not intend to limit the general objections set forth above.

## ANSWERS

**INTERROGATORY NO. 2:**

For each claim of the Patent-in-Suit that you contend is infringed, state the construction you contend should be given to each word, term or phrase of such claim, and the bases therefor, including without limitation whether you contend such word, term or phrase has a special or uncommon meaning, and if a method claim, whether or not you contend the steps in the method must be performed in the order recited in the claim and why the steps of the method claims must or need not be performed in the order recited. Include in your answer specific identification of each portion or reference from the specification, figures, and each item in the prosecution history, if any, that supports, describes or explains the meaning you give to each such word, term

and/or phrase of the claim, including for each means plus function limitation, identification by column, line number and figure reference numeral, each structure in the specification and figures you contend corresponds to and/or performs each claimed function in such limitation, and state by column, line number and figure reference numeral, if any, the specific portions of the specification you contend link such structure(s) with performing each such claimed function.

**ANSWER TO INTERROGATORY NO. 2:**

Skyline objects to this interrogatory on the ground that it seeks a definition for each word, term and phrase in the patent without any regard for whether the words are at issue or deemed ambiguous or subject to alternative meanings by Keyhole. Such a request is overbroad, irrelevant and not focused on the issues in the case. This interrogatory also constitutes, in essence, dozens of separate interrogatories. Skyline has not received any discovery from Keyhole which would focus the issues in dispute for the purposes of claim construction and reserves the right to supplement to focus and address any such issues. Without waiving this objection, Skyline responds as follows in connection with the words, terms and phrases below, which are used throughout the claims:

(a) data block – a quantity, set or amount of related data or information. E.g., '189 Patent, col. 7:62-65.

(b) hierarchical structure – a structure arranged into an order of precedence. E.g., '189 Patent, col. 4:10-14.

(c) resolution level – the level of detail of the data. E.g., '189 Patent, col. 4:10-15.

(d) first data block – a designation of a data block which may be one of a plurality of data blocks. E.g., '189 Patent, col. 3:54-67; col. 4:1-9.

(e) local memory – the memory in the local computer

(f) renderer – a thing which renders or assists in rendering an image.

(g) remote server – a server being located at a remote logical or physical place with respect to a client in a client-server configuration.

(h) processor – a thing which processes machine-readable instructions.

3

(i) maximal existent
    resolution level -      the highest resolution level of the data.  E.g., '189 Patent, col. 4:29-34.

(j) download –             to transfer a copy of a file or block of data from a remote locations to a local location.

(k) communication link -   a connection used for transferring data between computers

(l) terrain -              the physical features of an area, object or material, which typically includes elevation attributes and may include other features such as color attributes and objects

(m) coordinates in the
    terrain -              any of a group of one or more numbers used to determine a position in the terrain, such as x, y, longitude, latitude, height, and/or resolution level.

4

    (m)   coordinates in the terrain — any of a group of one or more numbers used to determine a position in the terrain, such as x, y, longitude, latitude, height, and/or resolution level.

The definitions are based on the specification and definitions in the <u>Microsoft Computer Dictionary</u> (Fourth Ed. 1999) and <u>The American Heritage Dictionary of the American Language</u> (4th ed. 1994).

## **FIRST SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 2**

Notwithstanding and without waiving the objections set forth above, Skyline's first supplemental answer to this interrogatory is as follows:

Defendants still have not responded to Skyline's discovery requests concerning Defendants' non-infringement and invalidity contentions and, therefore, it remains premature to identify the claim terms in dispute. Skyline reserves the right to supplement this interrogatory and identify additional terms as discovery continues.

    a)   "data block" - a quantity, set or amount of information or data representing a portion of the terrain. Col. 3: 6-8 ; 8: 15-21; 9: 55-61; Figure 2.

    (b)   "terrain" - the physical features of an area, object or material, which includes geographic and/or elevation attributes and may include other features, such as color attributes and objects.
Col 5: 37-45; 8: 32-40; 9: 3-6; 16: 16-23.

    (c)   "renderer" - something that may be implemented entirely in software or may include a dedicated hardware processor along with a software package running on a general purpose processor, which performs one or more steps of the recited method and assists in the display of the terrain based on the data provided. Col. 3: 3-12; 8: 14-33; 9: 14-21; Figure 2.

    (d)   "data blocks belonging to a hierarchical structure" - data blocks arranged into multiple levels of resolution, wherein each level of the structure contains blocks of a different resolution.
Col. 3: 3-12; 8: 14-33; 9: 14-21; Figure 2.

(e) "coordinates in the terrain" – any of a group of one or more numbers used to determine a position in the terrain, such as x, y, longitude, latitude, height, and/or resolution level.  Col. 9: 35-39;  14: 10-15.

(g) "communication link" –  a connection used for transferring data between computers.  Col. 5: 7-15;  8: 1-11; 12: 8-12.

(h) "local memory" – the memory in a local computer.

(i) "remote server" –  a server computer separated from the local client computer by a network, such as the Internet, where the network imposes a bandwidth limitation on communications between the server and the client.  Col. 2: 26-37; 8: 1-16.

(j) "processor" –  a unit comprised of hardware and/or software that processes computer-readable instructions.  Col. 10: 61-63; Figure 5.

(k) "first data block" – a designation of a data block which may be one of a number of data blocks.

## Certification

I, Aharon Yaron, state under the pains and penalties of law that I am the President of Skyline Software Systems, Inc. ("Skyline").  I have read the foregoing Plaintiff's Supplemental Answers to Keyhole, Inc.'s First Set of Interrogatories (No. 2) and know their contents.  The answers I have provided, subject to any inadvertent or undiscovered errors, are based on and necessarily limited to the records and information still available and discovered in preparation for these answers.  Skyline reserves the right to make changes to these answers if it appears at any time that omissions or errors have been made in preparing the answers, or if I become aware of more accurate information.  Subject to these limitations, these answers are true to the best of my knowledge, information and belief.

Signed under the pains and penalties of perjury this 3 [th] day of March, 2005.

SKYLINE SOFTWARE SYSTEMS, INC.

/s/ Aharon Yaron
Aharon Yaron, President
Skyline Software Systems, Inc.

AS TO OBJECTIONS:


/s/ H. Joseph Hameline
H. Joseph Hameline, BBO# 218710
Mintz, Levin, Cohn, Ferris
  Glovsky and Popeo, P.C.
One Financial Center
Boston, MA  02111
(617) 542-6000

Dated: March 4, 2005