Exhibit 7

| | Application No. | Applicant(s) |
|---|---|---|
| ***Office Action Summary*** | 09/258,663 | YARON ET AL. |
| | Examiner | Art Unit |
| | Lance W. Sealey | 2671 |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE **3** MONTH(S) FROM
THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136 (a). In no event, however, may a reply be timely filed
  after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any
  earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1)☒ Responsive to communication(s) filed on <u>10/5/01</u> .

2a)☒ This action is FINAL.        2b)☐ This action is non-final.

3)☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is
   closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4)☒ Claim(s) <u>1-15,31-45,57 and 58</u> is/are pending in the application.

    4a) Of the above claim(s) _____ is/are withdrawn from consideration.

5)☐ Claim(s) _____ is/are allowed.

6)☒ Claim(s) <u>1-7,9,10,15,31-37,39,40,45,57 and 58</u> is/are rejected.

7)☒ Claim(s) <u>8,11-14,38 and 41-44</u> is/are objected to.

8)☐ Claims _____ are subject to restriction and/or election requirement.

**Application Papers**

9)☐ The specification is objected to by the Examiner.

10)☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

11)☐ The proposed drawing correction filed on _____ is: a)☐ approved b)☐ disapproved.

12)☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

13)☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a)☐ All b)☐ Some * c)☐ None of:

      1.☐ Certified copies of the priority documents have been received.

      2.☐ Certified copies of the priority documents have been received in Application No. _____ .

      3.☐ Copies of the certified copies of the priority documents have been received in this National Stage
          application from the International Bureau (PCT Rule 17.2(a)).

  * See the attached detailed Office action for a list of the certified copies not received.

14)☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

15)☒ Notice of References Cited (PTO-892)

16)☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

17)☐ Information Disclosure Statement(s) (PTO-1449) Paper No(s) _____ .

18)☐ Interview Summary (PTO-413) Paper No(s). _____ .

19)☐ Notice of Informal Patent Application (PTO-152)

20)☐ Other: _____

U.S. Patent and Trademark Office
PTO-326 (Rev. 01-01)                    Office Action Summary                    Part of Paper No. 11

GOOG 000130

Serial Number: 09/258,663                                                    Page 2

Art Unit: 2671

## DETAILED ACTION

### *Allowable Subject Matter*

1.    Claims 8, 11-14, 38 and 41-44 are still objected to as being dependent upon rejected base claims, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

### *Claim Rejections - 35 USC § 102*

2.    The following is a quotation of 35 U.S.C. 102(e) which forms the basis for all novelty rejections set forth in this Office action:

A person shall be entitled to a patent unless—
(e)  the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent, or on an international application by another who has fulfilled the requirements of paragraphs (1), (2), and (4) of section 371(c) of this title before the invention thereof by applicant for patent.

3.    Claims 1-2, 5-7, 9, 31-32, 35-37 and 39 are rejected under 35 U.S.C. 102(e) as being anticipated by Migdal et al. ("Migdal '783", U.S. Pat. No. 5,760,783).

4.    Migdal '783, in disclosing a system and method for computer modeling of 3D objects, also discloses, with respect to claim 1, a method of providing data blocks (LOD generation block 1050, FIG.10), describing three-dimensional terrain to a renderer (raster subsystem 224, FIG.2), the data blocks belonging to a hierarchical structure which includes blocks at a plurality of different resolution levels (col.9, ll.5-17), the method comprising:

- receiving from the renderer one or more coordinates in the terrain along with indication of a respective resolution level (col.16, ll.1-21);

GOOG 000131

Serial Number: 09/258,663                                                    Page 3

Art Unit: 2671

- providing the renderer with a first data block which includes data corresponding to the one or more coordinates from a local memory (col.9, ll.5-14);

- downloading from a remote server one or more additional data blocks which include data corresponding to the one or more coordinates if the provided block from the local memory is not at the indicated resolution level (col.8, l.66-col.9, l.36 and FIG.2. Local memory: texture memory 226. Remote server: graphics display system 200).

5.      Concerning claims 2 and 32, Migdal '783 discloses providing the first data block comprises providing the data block from the highest resolution level which includes data corresponding to the one or more coordinates (col.16, ll.1-21).

6.      Regarding claims 5 and 35, Migdal '783 discloses receiving a plurality of coordinates included in a plurality of respective distinct blocks, and wherein downloading the one or more blocks comprises downloading blocks including data corresponding to at least some of the plurality of coordinates (col.8, l.66-col.9, l.36).

7.      With respect to claims 6 and 36, Migdal '783 discloses downloading blocks in an order determined according to their resolution levels (col.8, l.66-col.9, l.36).

8.      Concerning claims 7 and 37, Migdal '783 discloses downloading blocks of lower resolution levels before blocks of higher resolution levels (col.16, ll.1-21).

9.      Regarding claims 9 and 39, Migdal '783 discloses downloading the blocks according to the order in which the coordinates were provided (col.16, ll.5-11).

GOOG 000132

Serial Number: 09/258,663    Page 4

Art Unit: 2671

10.    Finally, concerning claim 31, Migdal '783 discloses an apparatus for providing data blocks describing three-dimensional terrain to a renderer (FIG.2), the data blocks belonging to a hierarchical structure which includes blocks at a plurality of different resolution levels, the apparatus comprising:

- a local memory, which stores data blocks corresponding to coordinates proximal to a current viewpoint of the renderer (texture memory 226, FIG.2);

- a communication link, through which the memory receives the data blocks from a remote server (arrow between bus 201 and geometry engine 222, FIG.2); and

- a processor which receives one or more specified coordinates along with indication of a respective resolution level from the renderer, provides the renderer with a first data block which includes data corresponding to the one or more specified coordinates from the local memory, and downloads over the communication link one or more additional data blocks which include data corresponding to the one or more coordinates if the first block is not from the indicated level (computer graphics display system 200, FIG.2).

11.    Therefore, in view of the foregoing, the examiner concludes that the above claims have been anticipated by Migdal '783.

### Claim Rejections - 35 USC § 103

12.    The following is a quotation of 35 U.S.C. 103(a) which forms the basis for all obviousness rejections set forth in this Office action:

GOOG 000133

Serial Number: 09/258,663                                                           Page 5

Art Unit: 2671

> (a) A patent may not be obtained though the invention is not identically disclosed or described as set forth in
> section 102 of this title, if the differences between the subject matter sought to be patented and the prior art
> are such that the subject matter as a whole would have been obvious at the time the invention was made to
> a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be
> negatived by the manner in which the invention was made.

13.    Claims 3-4, 10, 33-34 and 40 are rejected under 35 U.S.C. 103(a) as being unpatentable over Migdal '783 in view of *In re Gazda*, 104 USPQ 400 ("*Gazda*").

14.    With respect to claims 3 and 33, Migdal '783 does not disclose downloading a block at a resolution level higher than the resolution level of the first block; nor does it disclose claims 4 and 34, downloading the blocks from a succession of resolution levels, from the level immediately higher than the resolution level of the first block up to the maximal existent resolution level on the server not above the indicated resolution level; nor does it disclose claim 10, downloading first the block for which the coordinates were provided last. Instead, consistent with applicants' claim 2, Migdal '783 provides the data block with the highest resolution first. But *Gazda* stands for the idea that it is obvious to reverse the order of the elements.

15.    *Gazda* involved a clock wound by turning the steering wheel of a car (104 USPQ at 400). The applicant's clock featured a pawl-and-ratchet mechanism (104 USPQ at 401). The way the applicant's invention worked was that turning the steering wheel moved the ratchet wheel of the clock relative to the pawl to actuate a train of gears which wound the clock (104 USPQ at 401). The primary reference used to reject the applicant's claims featured an automobile clock that was

GOOG 000134

Serial Number: 09/258,663                                                    Page 6

Art Unit: 2671

stationary relative to the car, being mounted on the stationary structure of the steering column

(instead of movable with the wheel as in the applicant's device), and was wound through a

gearing connection by turning the steering wheel in one direction only (104 USPQ at 401).  A

secondary reference was used to reject the pawl-and-ratchet element of the applicant's claim (104

USPQ at 401).

16.    The CCPA reasoned that whether the clock was mounted on the steering wheel or the

steering wheel post "was only a matter of choice amounting to a mere reversal of parts", and the

CCPA further agreed with the examiner who argued that the location of the ratchet means at the

input end of the winding connection instead of the output end was "merely a matter of choice and

expediency" (104 USPQ at 402).

17.    Applying the reasoning of *Gazda* to this application, downloading a block at a resolution

level higher than the resolution level of the first block is a matter of choice amounting to a mere

reversal of which block is downloaded first.  Therefore, it would have been obvious to one of

ordinary skill in the art at the time this invention was made to make this change.

18.    Therefore, in view of the foregoing, claims 3-4, 10, 33-34 and 40 are rendered

unpatentable by Migdal '783 and *Gazda*.

19.    Claims 15, 18, and 45 are rejected under 35 U.S.C. 103(a) as being unpatentable over

Migdal '783 in view of Migdal et al. ("Migdal '702," U.S. Pat. No. 5,886,702).

20.    With respect to all of these claims, Migdal '783 does not disclose downloading the blocks

GOOG 000135

Serial Number: 09/258,663                                                    Page 7

Art Unit: 2671

via the Internet.  However, Migdal '702 discloses this element at col.10, ll.27-41.

21.      Therefore, it would have been obvious to one of ordinary skill in the art to have modified

Migdal '783 to effect downloading over the Internet.  Such a modification to Migdal '783 would

increase flexibility by expanding the sources of images that describe the terrain of places to which

pilots want to fly.

22.      Accordingly, in view of the foregoing, claims 15, 18 and 45 are rendered unpatentable by

Migdal '783 and Migdal '702.

23.      Claims 56 and 57 are rejected under 35 U.S.C. 103(a) as being unpatentable over Migdal

'783 in view of O'Neill (U.S. Pat. No. 4,359,733).

24.      With respect to these two claims, none of the previously cited prior art discloses relating

coordinates or the data blocks to the predetermined course of a flight vehicle.  However, O'Neill

discloses claim 56 at col.56, ll.3-8 and claim 57 at col.56, ll. 12-25 (O'Neill discloses the

"predetermined" course of aircraft in the sense that the aircraft about which the O'Neill invention

collects data knows where it is going before the O'Neill satellite collects statistics on it).

25.      Therefore, it would have been obvious to one of ordinary skill in the art to have combined

O'Neill with Migdal '783 in order to store flight vehicle courses.  Such a modification to O'Neill

provides flight environment information for the stored O'Neill flight course information.

***Response to Remarks***

GOOG 000136

Serial Number: 09/258,663                                                    Page 8

Art Unit: 2671

26.    The applicant asserts that the examiner failed to show, in the last Office Action, the

disclosure of downloading data blocks from a remote server in the prior art, as was disclosed in

claims 1 and 31 of this application. Indeed, the examiner admits that the references cited in

Migdal '783 in the last Office Action fail to show this claim limitation. However, this claim

limitation is disclosed by Migdal '783 in col.6, ll.55-57.

27.    As for the applicant's seeming implication that the holding of *Gazda* applies only to clocks

attached to steering wheels of cars ("the holding of *Gazda* is far more restrictive, dealing with a

specific structure," Amendment, p.4), such an argument virtually restricts the usefulness of court

cases to determine obviousness to the specific case the court decides. This is clearly not the

reality in the court systems of the United States, where lawyers and judges daily transcend facts of

prior decided cases, as they were all taught to do in law school, in order to rely on the rationale

behind past judicial decisions. Therefore, it is appropriate generally to apply judicial precedent in

determining present and future questions of obviousness, and to apply *Gazda* in particular to the

rejection of claims 3-4, 10, 33-34 and 40.

### Action is Final, Necessitated by Amendment

28.    The applicant's amendment necessitated the new ground(s) of rejection presented in this

Office action. Accordingly, **THIS ACTION IS MADE FINAL.** See MPEP 706.07(a).

Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

GOOG 000137

Serial Number: 09/258,663                                          Page 9

Art Unit: 2671

29.    A shortened statutory period for reply to this final action is set to expire THREE

MONTHS from the mailing date of this action.  In the event a first reply is filed within TWO

MONTHS of the mailing date of this final action and the advisory action is not mailed until after

the end of the THREE-MONTH shortened statutory period, then the shortened statutory period

will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR

1.136(a) will be calculated from the mailing date of the advisory action.  In no event, however,

will the statutory period for reply expire later than SIX MONTHS from the mailing date of this

final action.

### *Conclusion*

30.    Any inquiry concerning this communication or earlier communications from the examiner

should be directed to Lance Sealey whose telephone number is (703) 305-0026.  The examiner

can normally be reached Monday-Friday from 7:00 am to 3:30 pm EST.

31.    If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor,

Mark Zimmerman, can be reached on (703) 305-9798.  The fax phone number for the

organization where this application or proceeding is assigned is (703) 872-9314.

32.    Any inquiry of a general nature or relating to the status of this application or proceeding

should be directed to the Customer Service Office at (703) 306-0377.

MARK ZIMMERMAN
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 2600

GOOG 000138

| *Interview Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 09/258,663 | YARON ET AL. |
| | Examiner | Art Unit |
| | Lance W. Sealey | 2671 |

All participants (applicant, applicant's representative, PTO personnel):

(1) *Lance W. Sealey, examiner.*                                    (3)_____ .

(2) *Margaret Fishkin, applicants' representative.*                 (4)_____ .

Date of interview: <u>23 May 2002</u> .

Type:  a)☒ Telephonic   b)☐ Video Conference
       c)☐ Personal [copy given to: 1)☐ applicant   2)☐ applicant's representative]

Exhibit shown or demonstration conducted:   d)☐ Yes   e)☒ No.
  If Yes, brief description: _____ .

Claim(s) discussed: <u>none</u> .

Identification of prior art discussed: <u>none</u> .

Agreement with respect to the claims f)☐  was reached.   g)☐  was not reached.  h)☒  N/A.

Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: <u>See Continuation Sheet</u> .

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached.  Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

    i)☒  It is not necessary for applicant to provide a separate record of the substance of the interview(if box is checked).

Unless the paragraph above has been checked, THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW.  (See MPEP Section 713.04).  If a reply to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.  See Summary of Record of Interview requirements on reverse side or on attached sheet.

Examiner Note:  You must sign this form unless it is an
Attachment to a signed Office action.                          _____
                                         Examiner's signature, if required

GOOG 000139

Summary of Record of Interview Requirement

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

**Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews**
**Paragraph (b)**
In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant. An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

**37 CFR §1.2 Business to be transacted in writing.**
All business with the Patent or Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so. It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks. Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below. Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper. In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview. In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
– Application Number (Series Code and Serial Number)
– Name of applicant
– Name of examiner
– Date of Interview
– Type of Interview (telephonic, video-conference, or personal)
– Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
– An indication whether or not an exhibit was shown or a demonstration conducted
– An identification of the specific prior art discussed
– An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable). Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
– The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case unless both applicant and examiner agree that the examiner will record same. Where the examiner agrees to record the substance of the interview, or when it is adequately recorded on the Form or in an attachment to the Form, the examiner should check the appropriate box at the bottom of the Form which informs the applicant that the submission of a separate record of the substance of the interview as a supplement to the Form is not required.

It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
   (The identification of arguments need not be lengthy or elaborate. A verbatim or highly detailed description of the arguments is not required. The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file. Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.

Examiners are expected to carefully review the applicant's record of the substance of an interview. If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

**Examiner to Check for Accuracy**

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her. If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

2

GOOG 000140

Continuation Sheet (PTO-413)                                    Application No.  09/258,663

Continuation of Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments:  Applicants' representative stated that she still had not received the Notice of Allowance.  The examiner, after checking PALM for the location of this case, found that it was still at the Office of Publications, but now available (at the time the applicants' representative last called about this case, on April 29th, this case was at the Office of Publications, but marked "unavailable").  The examiner ordered the case from the Office of Publications so that the Notice of Allowance could be mailed and also reminded the applicants' representative that she would have received the Notice of Allowance more quickly if she had taken his advice, given on April 29th, to write to Box Pubs requesting that the file be released to the examiner.  The applicants' representative replied that she did indeed write the letter.  Unfortunately, the Office of Publications did not release the file to the examiner, and as a result she never received the Notice of Allowance and the examiner received this call from her today.

3

GOOG 000141

| | Application/Control No. | Applicant(s)/Patent Under Reexamination |
|---|---|---|
| **Notice of References Cited** | 09/258,663 | YARON ET AL. |
| | Examiner | Art Unit | |
| | Lance W. Sealey | 2671 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification | |
|---|---|---|---|---|---|---|
| | A | US-4,359,733-A | 11-1982 | O'Neill | 342 | 36 |
| | B | US- - | | | | |
| | C | US- - | | | | |
| | D | US- - | | | | |
| | E | US- - | | | | |
| | F | US- - | | | | |
| | G | US- - | | | | |
| | H | US- - | | | | |
| | I | US- - | | | | |
| | J | US- - | | | | |
| | K | US- - | | | | |
| | L | US- - | | | | |
| | M | US- - | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | - - | | | | |
| | O | - - | | | | |
| | P | - - | | | | |
| | Q | - - | | | | |
| | R | - - | | | | |
| | S | - - | | | | |
| | T | - - | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    Notice of References Cited                    Part of Paper No. 11



ATTORNEY DOCKET NO. SKY02 005 US

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re the Patent Application of Yaron, et al.

Serial No.: 09/258,663                    Art Unit: 2671

Filed: February 26, 1999                 Examiner: L. Sealey

Title: REMOTE LANDSCAPE DISPLAY AND PILOT TRAINING

<u>**AMENDMENT**</u>

RECEIVED
MAR 0 1 2002
Technology Center 2600

The Honorable Commissioner
  of Patents and Trademarks
Washington, D.C. 20231

Sir:

Responsive to the Final Office Action dated November 27, 2001, please amend the

subject application as follows

<u>In the Claims:</u>

Please cancel Claims 1, 2, 5, 6, 31, 32, 35 and 36, without prejudice.

Please amend claims: 3, 7, 8, 9, 11, 15, 33, 34, 37, 38, 39, 41, 45, 57 and 58.

1.    (Amended) A method of providing data blocks describing three-dimensional

terrain to a renderer, the data blocks belonging to a hierarchical structure which includes

blocks at a plurality of different resolution levels, the method comprising:

receiving from the renderer one or more coordinates in the terrain along with

indication of a respective resolution level;

GOOG 000143

providing the renderer with a first data block which includes data corresponding to the one or more coordinates, from a local memory;

*C1*
*Cnl*

downloading from a remote server one or more additional data blocks at a resolution level higher than the resolution level of the first block which include data corresponding to the one or more coordinates if the provided block from the local memory is not at the indicated resolution level.

3.
7. (Amended) A method of providing data blocks describing three-dimensional terrain to a renderer, the data blocks belonging to a hierarchical structure which includes blocks at a plurality of different resolution levels, the method comprising:

receiving from the renderer a plurality of coordinates in the terrain along with indication of a respective resolution level; said plurality of coordinates being included in a plurality of respective distinct blocks;

*C2*
*Cont*

providing the renderer with first data block which includes data corresponding to at least some of the plurality of coordinates from a local memory;

downloading from a remote server one or more additional blocks which include data corresponding to a plurality of respective distinct blocks if the provided block from the local memory is not at the indicated resolution level, wherein blocks of lower resolution levels are downloaded before blocks of higher resolution levels.

4.
8. (Amended) A method of providing data blocks describing three-dimensional terrain to a renderer, the data blocks belonging to a hierarchical structure which includes blocks at a plurality of different resolution levels, the method comprising:

*40*

GOOG 000144

receiving from the renderer a plurality of coordinates in the terrain along with indication of a respective resolution level; said plurality of coordinates being included in a plurality of respective distinct blocks;

providing the renderer with first data block which includes data corresponding to at least some of the plurality of coordinates from a local memory;

downloading from a remote server one or more additional blocks which include data corresponding to a plurality of respective distinct blocks if the provided block from the local memory is not at the indicated resolution level, wherein of lower resolution levels are downloaded before blocks of higher resolution levels and the block for which the coordinates were provided last among blocks at a common resolution level is downloaded first.

5.

9. (Amended) A method of providing data blocks describing three-dimensional terrain to a renderer, the data blocks belonging to a hierarchical structure which includes blocks at a plurality of different resolution levels, the method comprising:

receiving from the renderer a plurality of coordinates in the terrain along with indication of a respective resolution level; said plurality of coordinates being included in a plurality of respective distinct blocks;

providing the renderer with first data block which includes data corresponding to at least some of the plurality of coordinates from a local memory;

downloading from a remote server one or more additional blocks which include data corresponding to a plurality of respective distinct blocks if the provided block from

41

GOOG 000145

the local memory is not at the indicated resolution level, wherein the blocks are downloaded according to the order in which the coordinates were provided.

7.

7. (Amended) A method of providing data blocks describing three-dimensional terrain to a renderer, the data blocks belonging to a hierarchical structure which includes blocks at a plurality of different resolution levels, the method comprising:

receiving from the renderer one or more coordinates in the terrain along with

C2
Cnl

indication of a respective resolution level;

providing the renderer with a first data block which includes data corresponding to the one or more coordinates, from a local memory;

downloading from a remoter server one or more additional data blocks which include data corresponding to the one or more coordinates if the provided block from the local memory is not at the indicated resolution level; and

downloading from a remote server excess blocks not currently needed by the renderer to fill up the local memory when not downloading blocks required by the renderer.

C3

8. (Amended) A method according to claim 7, wherein downloading the data blocks comprised downloading the blocks via the Internet.

12. (Amended) Apparatus for providing data blocks describing three-dimensional terrain to a render, the data blocks belonging to a hierarchical structure which includes blocks at a plurality of different resolution levels, the apparatus comprising:

C4

a local memory which stores data blocks corresponding to coordinates proximal to a current viewpoint of the renderer;

42

GOOG 000146

a communication link, through which the memory receives the data blocks from a

remote server;

a processor which receives one or more specified coordinates along with

indication of a respective resolution level from a renderer, provides the renderer with a

first data block which includes data corresponding to the one or more specified

coordinates from a local memory, and downloads over the communication link one or

more data blocks of a resolution level higher than the resolution level of the first block

which include data corresponding to the one or more coordinates if the first block is not

from the indicated level.

13.
34.     (Amended) Apparatus for providing data blocks describing three-dimensional

terrain to a render, the data blocks belonging to a hierarchical structure which includes

blocks at a plurality of different resolution levels, the apparatus comprising:

a local memory which stores data blocks corresponding to coordinates proximal to

a current viewpoint of the renderer;

a communication link, through which the memory receives the data blocks from a

remote server;

. a processor which receives one or more specified coordinates along with

indication of a respective resolution level from a renderer, provides the renderer with a

first data block which includes data corresponding to the one or more specified

coordinates from a local memory, and downloads over the communication link blocks

from the resolution level of the first block up to a maximal resolution level of blocks

stored on the server that is not above the indicated resolution level which include data

43

GOOG 000147

corresponding to the one or more coordinates if the first block is not from the indicated

*C4 Cont*

level.

34.    (Amended) Apparatus for providing data blocks describing three-dimensional

terrain to a render, the data blocks belonging to a hierarchical structure which includes

blocks at a plurality of different resolution levels, the apparatus comprising:

a local memory which stores data blocks corresponding to coordinates proximal to

a current viewpoint of the renderer;

a communication link, through which the memory receives the data blocks from a

remote server;

*C5 Cont*

a processor which receives one or more specified coordinates along with

indication of a respective resolution level from a renderer, provides the renderer with a

first data block which includes data corresponding to the one or more specified

coordinates from a local memory, and downloads over the communication link blocks of

lower resolution levels before blocks of higher resolution levels which include data

corresponding to the one or coordinates if the first block is not from the indicated level.

38.    (Amended) Apparatus for providing data blocks describing three-

dimensional terrain to a render, the data blocks belonging to a hierarchical structure

which includes blocks at a plurality of different resolution levels, the apparatus

comprising:

a local memory which stores data blocks corresponding to coordinates proximal to

a current viewpoint of the renderer;

a communication link, through which the memory receives the data blocks from a remote server;

a processor which receives one or more specified coordinates along with indication of a respective resolution level from a renderer, provides the renderer with a first data block which includes data corresponding to the one or more specified coordinates from a local memory, and downloads over the communication link blocks which include data corresponding to the one or coordinates if the first block is not from the indicated level, wherein the processor downloads blocks of lower resolution levels before blocks of higher resolution levels and the block for which the coordinates were provided last among blocks from a common resolution level is downloaded first.

C5
Cont

16.
39. (Amended) Apparatus for providing data blocks describing three-dimensional terrain to a render, the data blocks belonging to a hierarchical structure which includes blocks at a plurality of different resolution levels, the apparatus comprising:

a local memory which stores data blocks corresponding to coordinates proximal to a current viewpoint of the renderer;

a communication link, through which the memory receives the data blocks from a remote server;

a processor which receives one or more specified coordinates along with indication of a respective resolution level from a renderer, provides the renderer with a first data block which includes data corresponding to the one or more specified coordinates from a local memory, and downloads over the communication link one or

GOOG 000149

more additional blocks according to the order in which the coordinates were provided which include data corresponding to the one or more coordinates if the first block is not from the indicated level.

(Amended) Apparatus for providing data blocks describing three-dimensional terrain to a render, the data blocks belonging to a hierarchical structure which includes blocks at a plurality of different resolution levels, the apparatus comprising:

a local memory which stores data blocks corresponding to coordinates proximal to a current viewpoint of the renderer;

a communication link, through which the memory receives the data blocks from a remote server;

a processor which receives one or more specified coordinates along with indication of a respective resolution level from a renderer, provides the renderer with a first data block which includes data corresponding to the one or more specified coordinates from a local memory, downloads over the communication link blocks which include data corresponding to the one or coordinates if the first block is not from the indicated level; and downloads excess blocks not currently needed by the renderer to fill up the local memory when the processor is not downloading blocks required by the renderer.

(Amended) Apparatus according to claim 41, wherein the communication link comprises a connection to the internet.

GOOG 000150

**22.**
~~57.~~    (Amended) The method of Claim 7, wherein the coordinates relate to the coordinates of a predetermined course of a flight vehicle.

**24.**
~~58.~~    (Amended) The apparatus of Claim 18, wherein said data blocks relate to a course of a flight vehicle.

## REMARKS

All changes made by this amendment are shown in Exhibit A included herewith.

Applicant has amended allowable independent Claims 8, 11, 38 and 41 and placed them in condition for allowance. Claims depending from independent Claims 8, 11, 38 and 41 should be allowed therewith without consideration of the further patentable limitations respectively recited therein.

### § 102 Rejections:

Claims 1-2, 5-7, 9, 31-32, 35-37 and 39 stand rejected as being anticipated by Migdal et al. U.S. Patent No. 5,760,783 ("Migdal"). Claims 1, 2, 5, 6, 31, 32, 35 and 36 have been cancelled without prejudice. Claims 7, 9, 37 and 39 remain in the application. Reconsideration and withdrawal of the rejection is solicited.

Rejected independent Claims 7, 9, 37 and 39 are directed to the order in which required data blocks are downloaded from a remote server when the local memory does not have the requisite data block. For example, Claim 7 recites, *inter alia*, "downloading blocks of lower resolution levels before blocks of higher resolution levels." Claim 9 recites, *inter alia*, "downloading the blocks according to the order in which the coordinates were provided."

In rejecting these claims, the examiner cites Migdal column 16, lines 1-21. The relevance of the cited portion of Migdal is not understood, *i.e.*, Migdal discloses how the processor creates the initial data blocks (clip maps) from the larger terrain image (texture map) and the subsequent storage of those data blocks (clip maps) in local memory.

However, Migdal always provides the highest resolution tile first, *e.g.*, "a new texel row 601 located forward of the eyepoint is loaded from mass storage device 208 into the highest resolution tile 410 into texture memory." (col. 11, lines 14-16) Migdal does not disclose downloading blocks in the order in which their coordinates were provided, nor downloading blocks of lower resolution before those of higher resolution. Withdrawal of the rejection is solicited.

**§ 103 Rejections:**

Claims 3, 4, 10, 33, 34 and 40 stand rejected as obvious over Migdal in view of the holding stated in *In re Gazda*, 104 U.S.P.Q. 400 ("*Gazda*"). Reconsideration and withdrawal of the rejections is solicited.

It is important at the outset to appreciate that *Gazda* is 1955 decision of the CCPA under an earlier patent statute and long before the controlling decision in *John Deere*. To the extent inconsistent with John Deere, Gazda has been overruled. Assuming consistency, and ignoring the language differences, the Court in *Gazda* identified the differences between the claimed invention and the prior art and determined that those differences were obvious, i.e. the court held that the specific structure before it [i.e., the mounting of a clock alternatively on the steering wheel or on the steering wheel post] was

GOOG 000152

"a mere reversal of parts." (104 U.S.P.Q at 402). In other words, the Court applied the law of obviousness to the facts of that particular case and held that a "mere reversal of [the specific] parts" was obvious and hence not patentable. The Court did not hold, and could not have held, that all reversals of parts were obvious. The Court in Gazda did not hold that the present facts constitute a "reversal of parts" and certainly not that the reversal was a "mere" reversal.

Here, the differences are significant and not **mere** reversals. Claim 9, for example, requires that the order in which blocks are downloaded is a function of the order in which coordinates were provided, and Migdal makes no such disclosure. Claim 7, for example, requires that the order is from the lowest resolution to the highest resolution. Migdal expressly teaches away from this order, and no factual basis for the assumption that this important difference is obvious has been proffered by the examiner. "The mere fact that a worker in the art could rearrange the parts of the reference device to meet the terms of the claims on appeal is not by itself sufficient to support a finding of obviousness. The prior art must provide a motivation or reason for the worker in the art, without the benefit of appellant's specification, to make the necessary changes in the reference device." *Ex parte Chicago Rawhide Mfg. Co.*, 223 USPQ 351, 353 (Bd. Pat. App. & Inter. 1984). The examiner has not made the proper analysis and the rejection is thus improper.

Claims 15, 18 and 45 stand rejected as obvious over Migdal in view of Migdal et al. U.S. Patent No. 5,886,702 ("Migdal '702"). Claim 18 was cancelled without prejudice in Applicant's Amendment dated October 4, 2001. Claims 15 and 45 depend

GOOG 000153

respectively from allowable Claims 11 and 41 and should be allowed therewith without consideration of the additional patentable limitations respectively recited therein.

Claims 57 and 58 stand rejected as obvious over Migdal in view of O'Neill, but depend from allowed claims and should be allowed therewith without recourse to the additional and patentable limitations recited. For example, both Claims 57 and 58 require that the data blocks or coordinates of a terrain image relate to the course of a flight vehicle. The Examiner agrees that such limitation is not provided in any of the previously cited art. (Office Action, page 7), but asserts that the limitation is disclosed in O'Neill at column 56, lines 3-8 and lines 12-25. Since O'Neill teaches a system for determining the location of flight vehicles travelling above the earth, and since the coordinates of the flight path are known, the relevance of O'Neill to the claims is not understood. Saying it another way, the current application is not concerned with the coordinates of a vehicle, but how to portray the terrain image from different coordinates. Reconsideration and withdrawal of the rejections is accordingly solicited.

Respectfully submitted,

L. Lawton Rogers, III
Reg. No. 24,302
D. Joseph English
Reg. No. 42,514
Mark C. Comtois
Reg. No. 46,285
Patrick D. McPherson
Reg. No. 46,255

1667 K Street, N.W., Suite 700
Washington, DC 20006
Telephone:   (202) 776-7800
Telecopier:  (202) 776-7801

Dated: February 27, 2002

GOOG 000154

ATTORNEY DOCKET NO. SKY02 005 US

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of Yaron, et al.

Serial No.: 09/258,663                    Art Unit: 2671

Filed: February 26, 1999                  Examiner: L Sealey

Title: REMOTE LANDSCAPE DISPLAY AND PILOT TRAINING

### TRANSMITTAL

The Honorable Commissioner of
  Patents and Trademarks
Washington, D.C. 20231

RECEIVED
MAR 0 1 2002
Technology Center 2600

Sir:

Transmitted herewith is an Amendment in response to the Final Office Action

dated November 27, 2001, Exhibit A, and a Change of Address for the above-identified

Application.

If a Petition for an Extension of Time is necessary for the paper transmitted

herewith to be timely filed, this transmittal is to be considered as a petition to extend the

response period by the amount of time needed for the paper to be timely filed.

The Commissioner is hereby authorized to charge payment of any additional fees

associated with this communication or credit any overpayment to Deposit Account No.

04-1679.

GOOG 000155

A duplicate of this sheet is enclosed.

Respectfully submitted,

L. Lawton Rogers, III
Reg. No. 24,302
D. Joseph English
Reg. No. 42,514
Mark C. Comtois
Reg. No. 46,285
Patrick D. McPherson
Reg. No. 46,255

1667 K Street, N.W., Suite 700
Washington, DC 20006
Telephone:   (202) 776-7800
Telecopier:   (202) 776-7801

Dated: February 27, 2002

GOOG 000156

PTO/SB/122 (10-01)
Approved for use through 10/31/2002, OMB 0651-0035
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

| **CHANGE OF CORRESPONDENCE ADDRESS** *Application* | Application Number | 09/258,663 |
|---|---|---|
| | Filing Date | 2/26/99 |
| | First Named Inventor | Yaron, et al. |
| Address to: Assistant Commissioner for Patents Washington, D.C. 20231 | Art Unit | 2671 |
| | Examiner Name | L. Sealey |
| | Attorney Docket Number | SKY02.005.US |

Please change the Correspondence Address for the above-identified application to:

☐ Customer Number _____ ➡ *Type Customer Number here*

Place Customer Number Bar Code Label here

**OR**

| ☒ Firm or Individual Name | Duane Morris LLP | | | |
|---|---|---|---|---|
| Address | 1667 K Street, NW | | | |
| Address | Suite 700 | | | |
| City | Washington | State | DC | ZIP 20006 |
| Country | | | | |
| Telephone | (202) 776-7800 | Fax | (202) 776-7801 | |

RECEIVED
MAR 01 2002
Technology Center 2600

This form cannot be used to change the data associated with a Customer Number. To change the data associated with an existing Customer Number use "Request for Customer Number Data Change" (PTO/SB/124).

I am the :

☐ Applicant/Inventor.

☐ Assignee of record of the entire interest.
Statement under 37 CFR 3.73(b) is enclosed. (Form PTO/SB/96).

☒ Attorney or Agent of record.

☐ Registered practitioner named in the application transmittal letter in an application without an executed oath or declaration. See 37 CFR 1.33(a)(1). Registration Number _____

| Typed or Printed Name | L. Lawton Rogers, III, Esquire |
|---|---|
| Signature | |
| Date | February 27, 2002 |

NOTE: Signatures of all the inventors or assignees of record of the entire interest or their representative(s) are required. Submit multiple forms if more than one signature is required, see below*.

☐ *Total of _____ forms are submitted.

Burden Hour Statement: This form is estimated to take 3 minutes to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

GOOG 000157

| *Notice of Allowability* | Application No. | Applicant(s) |
|---|---|---|
| | 09/258,663 | YARON ET AL. |
| | Examiner | Art Unit |
| | Lance W. Sealey | 2671 |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *the Amendment After Final of 3/1/02.*

2. ☒ The allowed claim(s) is/are *3, 4, 7-15, 33-34, 37-45 and 57-58.*

3. ☒ The drawings filed on *26 february 1999* are accepted by the Examiner.

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

    a) ☐ All   b) ☐ Some*   c) ☐ None   of the:

      1. ☐ Certified copies of the priority documents have been received.

      2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

      3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    * Certified copies not received: _____ .

5. ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

    (a) ☐ The translation of the foreign language provisional application has been received.

6. ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

7. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

8. ☐ CORRECTED DRAWINGS must be submitted.

    (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached

      1) ☐ hereto or 2) ☐ to Paper No. _____ .

    (b) ☐ including changes required by the proposed drawing correction filed _____ , which has been approved by the Examiner.

    (c) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No. _____ .

**Identifying indicia** such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the top margin (not the back) of each sheet. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.

9. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Attachment(s)

1 ☐ Notice of References Cited (PTO-892)        2 ☐ Notice of Informal Patent Application (PTO-152)

3 ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)    4 ☐ Interview Summary (PTO-413), Paper No. _____ .

5 ☐ Information Disclosure Statements (PTO-1449), Paper No. _____ .    6 ☐ Examiner's Amendment/Comment

7 ☐ Examiner's Comment Regarding Requirement for Deposit    8 ☐ Examiner's Statement of Reasons for Allowance
    of Biological Material    9 ☐ Other

*Mark Zimmerman*

MARK ZIMMERMAN
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 2600

GOOG 000158

| *Interview Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 09/258,663 | YARON ET AL. |
| | Examiner | Art Unit | |
| | Lance W. Sealey | 2671 | |

All participants (applicant, applicant's representative, PTO personnel):

(1) _Lance W. Sealey, examiner._                    (3)_____.

(2) _Margaret Fishkin, applicants' representative._        (4)_____.

Date of Interview: _29 April 2002_ .

Type:  a)☒ Telephonic  b)☐ Video Conference
c)☐ Personal [copy given to: 1)☐ applicant  2)☐ applicant's representative]

Exhibit shown or demonstration conducted:  d)☐ Yes  e)☒ No.
If Yes, brief description: _____ .

Claim(s) discussed: _none_ .

Identification of prior art discussed: _none_ .

Agreement with respect to the claims f)☐ was reached.  g)☐ was not reached.  h)☒ N/A.

Substance of Interview Including description of the general nature of what was agreed to if an agreement was reached, or any other comments: _See Continuation Sheet_ .

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached. Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

        i)☒  It is not necessary for applicant to provide a separate record of the substance of the Interview(if box is checked).

Unless the paragraph above has been checked, THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW.  (See MPEP Section 713.04).  If a reply to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW.  See Summary of Record of Interview requirements on reverse side or on attached sheet.

Examiner Note: You must sign this form unless it is an            _____
Attachment to a signed Office action.                    Examiner's signature, if required

U.S. Patent and Trademark Office
PTO-413 (Rev. 03-98)                    Interview Summary                    Paper No. 10.

GOOG 000159

…mmary of Record of Interview Requireme.

**Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record**
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

*Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews*
*Paragraph (b)*
In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant. An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135. (35 U.S.C. 132)

*37 CFR §1.2  Business to be transacted in writing.*
All business with the Patent or Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

———

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.

It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so. It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.

Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filing in the blanks. Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below. Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.

The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper. In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview. In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address either with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
  – Application Number (Series Code and Serial Number)
  – Name of applicant
  – Name of examiner
  – Date of interview
  – Type of interview (telephonic, video-conference, or personal)
  – Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
  – An indication whether or not an exhibit was shown or a demonstration conducted
  – An identification of the specific prior art discussed
  – An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable). Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
  – The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case unless both applicant and examiner agrees that the examiner will record same. Where the examiner agrees to record the substance of the interview, or when it is adequately recorded on the Form or in an attachment to the Form, the examiner should check the appropriate box at the bottom of the Form which informs the applicant that the submission of a separate record of the substance of the interview as a supplement to the Form is not required.

It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview.

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
  1) A brief description of the nature of any exhibit shown or any demonstration conducted,
  2) an identification of the claims discussed,
  3) an identification of the specific prior art discussed,
  4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
  5) a brief identification of the general thrust of the principal arguments presented to the examiner,
      (The identification of arguments need not be lengthy or elaborate. A verbatim or highly detailed description of the arguments is not required. The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file. Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
  6) a general indication of any other pertinent matters discussed, and
  7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.

Examiners are expected to carefully review the applicant's record of the substance of an interview. If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record.

### Examiner to Check for Accuracy

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her. If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

GOOG 000160

**Continuation Sheet (PTO-413)**                                    **Application No. 09/258,663**

Continuation of Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments:  Applicants' representative asked when the examiner was going to respond to applicants' Amendment After Final, mailed in February along with a change of address.  The examiner responded that he had mailed a Notice of Allowance in March, but it had apparently been mailed to the wrong address since the change of address had not been entered.  The examiner, seeking to remail the Notice of Allowance and restart the period for payment of the issue fee, checked the PALM application locator system and noted that the application was at the Office of Publications, but it was unavailable.  The examiner suggested that for quicker results the applicants' representative should write to Box Pubs requesting that the file be released to the examiner.

GOOG 000161



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

## NOTICE OF ALLOWANCE AND FEE(S) DUE

7590    03/12/2002

Carter Ledyard & Milburn
1401 Eye Street N W Suite 300
Washington, DC 20005

| EXAMINER |
| --- |
| SEALEY, LANCE W |

| ART UNIT | CLASS-SUBCLASS |
| --- | --- |
| 2671 | 345-419000 |

DATE MAILED: 03/12/2002

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
| --- | --- | --- | --- | --- |
| 09/258,663 | 02/26/1999 | RONNIE YARON | SANF-22100-U | 4205 |

TITLE OF INVENTION: REMOTE LANDSCAPE DISPLAY AND PILOT TRAINING

| . | TOTAL CLAIMS | APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | 24 | nonprovisional | YES | $640 | $0 | $640 | 06/12/2002 |

THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. **PROSECUTION ON THE MERITS IS CLOSED.** THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.

THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN **THREE MONTHS** FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. **THIS STATUTORY PERIOD CANNOT BE EXTENDED.** SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE REFLECTS A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE APPLIED IN THIS APPLICATION. THE PTOL-85B (OR AN EQUIVALENT) MUST BE RETURNED WITHIN THIS PERIOD EVEN IF NO FEE IS DUE OR THE APPLICATION WILL BE REGARDED AS ABANDONED.

**HOW TO REPLY TO THIS NOTICE:**

I. Review the SMALL ENTITY status shown above. If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is changed, pay the PUBLICATION FEE (if required) and twice the amount of the ISSUE FEE shown above and notify the United States Patent and Trademark Office of the change in status; or

B. If the status is the same, pay the TOTAL FEE(S) DUE shown above.

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now claiming SMALL ENTITY status, check the box below and enclose the PUBLICATION FEE and 1/2 the ISSUE FEE shown above.

☐ Applicant claims SMALL ENTITY status.
See 37 CFR 1.27.

II. PART B - FEE(S) TRANSMITTAL should be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). Even if the fee(s) have already been paid, Part B - Fee(s) Transmittal should be completed and returned. If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

PTOL-85 (REV. 07-01) Approved for use through 01/31/2004.

GOOG 000162

**PART B - FEE(S) TRANSMITTAL**

Complete and mail this form, together with applicable fee(s), to:     **Box ISSUE FEE**
**Assistant Commissioner for Patents**
**Washington, D.C. 20231**

MAILING INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1)

7590          03/12/2002

Carter Ledyard & Milburn
1401 Eye Street N W Suite 300
Washington, DC 20005

Note: The certificate of mailing below can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing.

**Certificate of Mailing**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Box Issue Fee address above on the date indicated below.

_____ (Depositor's name)

_____ (Signature)

_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/258,663 | 02/26/1999 | RONNIE YARON | SANF-22100-U | 4205 |

TITLE OF INVENTION: REMOTE LANDSCAPE DISPLAY AND PILOT TRAINING

| TOTAL CLAIMS | APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| 24 | nonprovisional | YES | $640 | $0 | $640 | 06/12/2002 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| SEALEY, LANCE W | 2671 | 345-419000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363). Use of PTO form(s) and Customer Number are recommended, but not required.

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47) attached.

2. For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 _____

2 _____

3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the USPTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE or COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent)   ☐ individual   ☐ corporation or other private group entity   ☐ government

4a. The following fee(s) are enclosed:

☐ Issue Fee

☐ Publication Fee

☐ Advance Order - # of Copies _____

4b. Payment of Fee(s):

☐ A check in the amount of the fee(s) is enclosed.

☐ Payment by credit card. Form PTO-2038 is attached.

☐ The Commissioner is hereby authorized by charge the required fee(s), or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

The COMMISSIONER OF PATENTS AND TRADEMARKS is requested to apply the Issue Fee and Publication Fee (if any) or to re-apply any previously paid issue fee to the application identified above.

(Authorized Signature)                    (Date)

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Burden Hour Statement: This form is estimated to take 0.2 hours to complete. Time will vary depending on the needs of the individual case. Any comments on the amount of time required to complete this form should be sent to the Chief Information Officer, United States Patent and Trademark Office, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND FEES AND THIS FORM TO: Box Issue Fee, Assistant Commissioner for Patents, Washington, D.C. 20231

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

**TRANSMIT THIS FORM WITH FEE(S)**

PTOL-85 (REV. 07-01) Approved for use through 01/31/2004. OMB 0651-0033     U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

GOOG 000163

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/258,663 | 02/26/1999 | RONNIE YARON | SANF-22100-U | 4205 |

| | 7590 | 03/12/2002 |
|---|---|---|

Carter Ledyard & Milburn
1401 Eye Street N W Suite 300
Washington, DC 20005
UNITED STATES

| EXAMINER |
|---|
| SEALEY, LANCE W |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2671 | |

DATE MAILED: 03/12/2002

## Determination of Patent Term Extension under 35 U.S.C. 154 (b)
### (application filed after June 7, 1995 but prior to May 29, 2000)

The patent term extension is 0 days. Any patent to issue from the above identified application will include an indication of the 0 day extension on the front page.

If a continued prosecution application (CPA) was filed in the above-identified application, the filing date that determines patent term extension is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) system. (http://pair.uspto.gov)

PTOL-85 (REV. 07-01) Approved for use through 01/31/2004.

GOOG 000164

**PART B - FEE(S) TRANSMITTAL**

Complete and send this form, together with applicable fee(s), to: **Mail**   **Box ISSUE FEE**
Commissioner for Patents
Washington, D.C. 20231
**Fax** (703)746-4000

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

| CURRENT CORRESPONDENCE ADDRESS (Note: Legibly mark-up with any corrections or use Block 1) 7390  07/30/2002 | Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission. |
|---|---|
| Duane Morris LLP<br>1667 K Street NW<br>Suite 700<br>Washington, DC 20006 | **Certificate of Mailing or Transmission**<br>I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Box Issue Fee address above, or being facsimile transmitted to the USPTO, on the date indicated below. |
| | _____ (Depositor's name)<br>_____ (Signature)<br>_____ (Date) |

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/218,663 | 02/26/1999 | RONNIE YARON | SANF-22100-U | 4205 |

TITLE OF INVENTION: REMOTE LANDSCAPE DISPLAY AND PILOT TRAINING

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | YES | $640 | $0 | $640 | 10/30/2002 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| SEALEY, LANCE W | 2671 | 345-428.000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).
☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.
☐ "Fee Address" Indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. Use of a Customer Number is required.

2. For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1 Duane Morris LLP
2 _____
3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the USPTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE          (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Skyline Software Systems Ltd.          Givat Shmuel, Israel

Please check the appropriate assignee category or categories (will not be printed on the patent)  ☐ individual  ☐ corporation or other private group entity  ☐ government

4a. The following fee(s) are enclosed:
☑ Issue Fee
☐ Publication Fee
☑ Advance Order - # of Copies ___4___

4b. Payment of Fee(s):
☑ A check in the amount of the fee(s) is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☑ The Commissioner is hereby authorized by charge the required fee(s), or credit any overpayment, to Deposit Account Number 03-1679 (enclose an extra copy of this form).

Commissioner for Patents is requested to apply the Issue Fee and Publication Fee (if any) or to re-apply any previously paid issue fee to the application identified above.

(Authorized Signature)           (Date) 10-24-02

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comment on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, Washington, DC 20231.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

10/25/2002 RHEBRAH1 00000163 09258663
01 FC:1501          640.00 OP
02 FC:8001          12.00 OP

**TRANSMIT THIS FORM WITH FEE(S)**

PTOL-85 (REV. 04-02) Approved for use through 01/31/2004. OMB 0651-0033          U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE

GOOG 000165



Z

ATTORNEY DOCKET NO.  SKY02 005 US

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Patent Application of Yaron, et al.

Serial No.: 09/258,663                Art Unit:  2671

Filed: February 26, 1999              Examiner:  L. Sealey

Title:  REMOTE LANDSCAPE DISPLAY AND PILOT TRAINING

### ISSUE FEE COVER SHEET

The Honorable Commissioner of
  Patents and Trademarks
Washington, D.C.  20231

Sir:

Transmitted herewith for filing in the above-identified patent application are:

[X]    Issue Fee Transmittal Form

[X ]   A check in the amount of $652.00 for the Issue Fee ($640.00) and for Advance
       Order of four (4) patent copies ($12.00).

       If a Petition for an Extension of Time is necessary for the paper transmitted

herewith to be timely filed, this transmittal is to be considered as a petition to extend the

response period by the amount of time needed for the paper to be timely filed.

       The Commissioner is hereby authorized to charge payment of any additional fees

GOOG 000166

associated with this communication or to credit any overpayment to Deposit Account No.

04-1679.  A duplicate of this document is enclosed.

Respectfully submitted,

L. Lawton Rogers, III
Reg. No. 24,302
D. Joseph English
Reg. No. 42,514
Mark C. Comtois
Reg. No. 46,285
Patrick D. McPherson
Reg. No. 46,255

1667 K Street, N.W., Suite 700
Washington, D.C.  20006
Telephone:   (202) 776-7800
Telecopier:   (202) 776-7801

Dated:  October 24, 2002

-2-

GOOG 000167

#K4
d24/02

PTO/SB/122 (10-01)
Approved for use through 10/31/2002. OMB 0651-0035
U.S. Patent and Trademark Office: U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

## CHANGE OF CORRESPONDENCE ADDRESS
### Application

Address to:
Assistant Commissioner for Patents
Washington, D.C. 20231

| Application Number | 09/258,663 |
|---|---|
| Filing Date | 2/26/99 |
| First Named Inventor | Yaron, et al. |
| Art Unit | 2671 |
| Examiner Name | L. Sealey |
| Attorney Docket Number | SKY02.005.US |

Please change the Correspondence Address for the above-identified application to:

☐ Customer Number  [_____]  → 

*Type Customer Number here*

Place Customer
Number Bar Code
Label here

OR

| ☒ Firm or Individual Name | Duane Morris LLP |
|---|---|
| Address | 1667 K Street, NW |
| Address | Suite 700 |
| City | Washington | State | DC | ZIP | 20006 |
| Country | |
| Telephone | (202) 776-7800 | Fax | (202) 776-7801 |

This form cannot be used to change the data associated with a Customer Number. To change the data associated with an existing Customer Number use "Request for Customer Number Data Change" (PTO/SB/124).

I am the :

☐ Applicant/Inventor.

☐ Assignee of record of the entire interest.
Statement under 37 CFR 3.73(b) is enclosed. (Form PTO/SB/96).

☒ Attorney or Agent of record.

☐ Registered practitioner named in the application transmittal letter in an application without an executed oath or declaration. See 37 CFR 1.33(a)(1). Registration Number _____

RECEIVED
MAY 0 1 2002
Technology Center 2600

| Typed or Printed Name | L. Lawton Rogers, III, Esquire |
|---|---|
| Signature | *[signature]* |
| Date | February 27, 2002 |

NOTE: Signatures of all the inventors or assignees of record of the entire interest or their representative(s) are required. Submit multiple forms if more than one signature is required, see below*.

☐ *Total of _____ forms are submitted.

Burden Hour Statement: This form is estimated to take 3 minutes to complete. Time will vary depending upon the needs of the individual case. Any comments on the amount of time you are required to complete this form should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, Washington, DC 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Assistant Commissioner for Patents, Washington, DC 20231.

GOOG 000168



FIG. 1

GOOG 000169



FIG. 2

GOOG 000170



FIG. 3





GOOG 000171

APPROVED BY DRAFTSMAN | O.G. FIG. CLASS 345 SUBCLASS 428

FIG. 4

60



09258663 . 022699



669220.E9985260



FIG. 5

GOOG 000173





FIG. 6

GOOG 000174

FIG. 7

GOOG 000175



APPROVED BY DRAFTSMAN | O.G. FIG. CLASS 345 SUBCLASS 428

FIG. 8

09258663.022699

FIG. 9

GOOG 000177

## PATENT APPLICATION FEE DETERMINATION RECORD
### Effective November 10, 1998

**Application or Docket Number**

### CLAIMS AS FILED - PART I

| | (Column 1) NUMBER FILED | (Column 2) NUMBER EXTRA | SMALL ENTITY TYPE ☐ RATE | FEE | OR | OTHER THAN SMALL ENTITY RATE | FEE |
|---|---|---|---|---|---|---|---|
| BASIC FEE | | | | 380.00 | OR | | 760.00 |
| TOTAL CLAIMS | 56 minus 20= | * 36 | X$ 9= | 324 | | X$18= | |
| INDEPENDENT CLAIMS | 6 minus 3 = | * 3 | X39= | 117 | | X78= | |
| MULTIPLE DEPENDENT CLAIM PRESENT | | | +130= | | OR | +260= | |
| | | | TOTAL | 324 | OR | TOTAL | |

\* If the difference in column 1 is less than zero, enter "0" in column 2

### CLAIMS AS AMENDED - PART II

**AMENDMENT A**

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE | ADDI-TIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | * 34 | Minus ** 56 | = | X$ 9= | | OR | X$18= | |
| Independent | * 2 | Minus *** 6 | = | X39= | | OR | X78= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +130= | | OR | +260= | |
| | | | | TOTAL ADDIT. FEE | | | TOTAL ADDIT. FEE | |

**AMENDMENT B**

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE | ADDI-TIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | * | Minus ** | = | X$ 9= | | OR | X$18= | |
| Independent | * | Minus *** | = | X39= | | OR | X78= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +130= | | OR | +260= | |
| | | | | TOTAL ADDIT. FEE | | | TOTAL ADDIT. FEE | |

**AMENDMENT C**

| | (Column 1) CLAIMS REMAINING AFTER AMENDMENT | (Column 2) HIGHEST NUMBER PREVIOUSLY PAID FOR | (Column 3) PRESENT EXTRA | SMALL ENTITY RATE | ADDI-TIONAL FEE | OR | OTHER THAN SMALL ENTITY RATE | ADDI-TIONAL FEE |
|---|---|---|---|---|---|---|---|---|
| Total | * | Minus ** | = | X$ 9= | | OR | X$18= | |
| Independent | * | Minus *** | = | X39= | | OR | X78= | |
| FIRST PRESENTATION OF MULTIPLE DEPENDENT CLAIM | | | | +130= | | OR | +260= | |
| | | | | TOTAL ADDIT. FEE | | | TOTAL ADDIT. FEE | |

\* If the entry in column 1 is less than the entry in column 2, write "0" in column 3.
\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 20, enter "20."
\*\*\* If the "Highest Number Previously Paid For" IN THIS SPACE is less than 3, enter "3."
The "Highest Number Previously Paid For" (Total or Independent) is the highest number found in the appropriate box in column 1.

**MULTIPLE DEPENDENT CLAIM FEE CALCULATION SHEET**
*(FOR USE WITH FORM PTO-875)*

SERIAL NO. 09/258,663

FILING DATE 2/26/99

APPLICANT(S)

## CLAIMS

| CLAIMS | AS FILED IND. | AS FILED DEP. | AFTER 1st AMENDMENT IND. | AFTER 1st AMENDMENT DEP. | AFTER 2nd AMENDMENT IND. | AFTER 2nd AMENDMENT DEP. | CLAIMS | IND. | DEP. | IND. | DEP. | IND. | DEP. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | 51 | | | | | | |
| 2 | | | | | | | 52 | | | | | | |
| 3 | | | | | | | 53 | | | | | | |
| 4 | | | | | | | 54 | | | | | | |
| 5 | | | | | | | 55 | | | | | | |
| 6 | | | | | | | 56 | | | | | | |
| 7 | | | | | | | 57 | | | | | | |
| 8 | | | | | | | 58 | | | | | | |
| 9 | | | | | | | 59 | | | | | | |
| 10 | | | | | | | 60 | | | | | | |
| 11 | | | | | | | 61 | | | | | | |
| 12 | | | | | | | 62 | | | | | | |
| 13 | | | | | | | 63 | | | | | | |
| 14 | | | | | | | 64 | | | | | | |
| 15 | | | | | | | 65 | | | | | | |
| 16 | | | | | | | 66 | | | | | | |
| 17 | | | | | | | 67 | | | | | | |
| 18 | | | | | | | 68 | | | | | | |
| 19 | | | | | | | 69 | | | | | | |
| 20 | | | | | | | 70 | | | | | | |
| 21 | | | | | | | 71 | | | | | | |
| 22 | | | | | | | 72 | | | | | | |
| 23 | | | | | | | 73 | | | | | | |
| 24 | | | | | | | 74 | | | | | | |
| 25 | | | | | | | 75 | | | | | | |
| 26 | | | | | | | 76 | | | | | | |
| 27 | | | | | | | 77 | | | | | | |
| 28 | | | | | | | 78 | | | | | | |
| 29 | | | | | | | 79 | | | | | | |
| 30 | | | | | | | 80 | | | | | | |
| 31 | | | | | | | 81 | | | | | | |
| 32 | | | | | | | 82 | | | | | | |
| 33 | | | | | | | 83 | | | | | | |
| 34 | | | | | | | 84 | | | | | | |
| 35 | | | | | | | 85 | | | | | | |
| 36 | | | | | | | 86 | | | | | | |
| 37 | | | | | | | 87 | | | | | | |
| 38 | | | | | | | 88 | | | | | | |
| 39 | | | | | | | 89 | | | | | | |
| 40 | | | | | | | 90 | | | | | | |
| 41 | | | | | | | 91 | | | | | | |
| 42 | | | | | | | 92 | | | | | | |
| 43 | | | | | | | 93 | | | | | | |
| 44 | | | | | | | 94 | | | | | | |
| 45 | | | | | | | 95 | | | | | | |
| 46 | | | | | | | 96 | | | | | | |
| 47 | | | | | | | 97 | | | | | | |
| 48 | | | | | | | 98 | | | | | | |
| 49 | | | | | | | 99 | | | | | | |
| 50 | | | | | | | 100 | | | | | | |
| TOTAL IND. | | 2 | | | | | TOTAL IND. | 5 | | 6 | | | |
| TOTAL DEP. | | 30 | | | | | TOTAL DEP. | 51 | | 2 | | | |
| TOTAL CLAIMS | | 32 | | | | | TOTAL CLAIMS | 56 | | 2 | | | |

PTO-1360 (3-78)

*MAY BE USED FOR ADDITIONAL CLAIMS OR AMENDMENTS

U.S. DEPARTMENT of COMMERCE
Patent and Trademark Office

GOOG 000179