Exhibit 11

**FENWICK & WEST LLP**

EMBARCADERO CENTER WEST | 275 BATTERY STREET | SAN FRANCISCO, CA 94111

TEL 415.875.2300 | FAX 415.281.1350 | WWW.FENWICK.COM

January 18, 2005

DARRYL M. WOO

EMAIL DWOO@FENWICK.COM
DIRECT DIAL 415.875.2368

**VIA FACSIMILE/US MAIL**

H. Joseph Hameline
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo PC
One Financial Center
Boston, Massachusetts 02111

      Re:    Skyline Software Systems, Inc. v. Keyhole, Inc.
             USDC (MA) 04-11129-DPW

Dear Joe:

      This will respond to your letter received late last Friday, January 14, 2005, on the eve of the Martin Luther King holiday weekend. First, we appreciate your confirming that we have until January 24, 2005 to file and serve a responsive pleading as to both Google Inc. and Keyhole, Inc.

      Unfortunately, we feel compelled to respond in writing to the balance of your letter despite your invitation simply to call you to further discuss outstanding issues on scope of discovery, as your letter materially distorts our prior communications.

      At the outset, we did not propose any alteration in the current due dates for the parties' respective responses to their written discovery requests. There was no need for us to agree to a mutual exchange of discovery on January 24, as you evidently have miscalculated the respective due dates. While Skyline's requests were served December 21, 2004, they were served by mail and fax. Since there is no agreement that fax service counts as hand delivery, thirty days after the 21st is January 20, but with the added three days for mail service, the due date falls on January 23, which is a Sunday, thus making our responses due Monday, January 24, 2005. Keyhole's requests were served by hand on December 23, 2004. Thirty days after the 23rd is January 22, which is a Saturday, thus making Skyline's responses also due Monday, January 24, 2005. We note parenthetically that in the past, your office seems to have served motions by hand on our Boston counsel (despite the Court's directive to electronically file) in order to delay our receipt of same while starting our clock running for any response.

      Next, rather than insist on responses to the full scope of discovery we served on December 23rd, we specifically noted that these covered a fuller scope only in light of the local rule limitations on the number of sets allowed, but in light of the Court's phasing of the case, we would only be insisting on claim construction-related discovery at this time. We then

H. Joseph Hameline
January 18, 2005
Page 2

commenced discussions over the specifics of what that limited discovery would entail, but never insisted that Skyline provide discovery at this phase on things such as marketing, damages, and other non-claim construction related topics.

As we most recently discussed, there is no need for Skyline to take discovery of or depose Keyhole on the subject of the operation of the accused product, as it is well-settled that claim construction is not to be done with reference to the accused product. *See NeoMagic Corp. v. Trident Microsystems, Inc.*, 287 F.3d 1062, 1074 (Fed. Cir. 2002) ("It is well settled that claims may not be construed by reference to the accused device."). Though on the other hand, we think that the inventors' testimony regarding what they perceive as their invention and the scope of their invention is relevant to claim construction, we offered to refrain from taking such depositions at this time so that Skyline would not feel disadvantaged by our deposing your inventors while you were unable to take the depositions of our product developers.

This is not to say that claim construction will proceed in a vacuum. As stated previously, Skyline must have had some basis for believing Keyhole's products infringed prior to filing suit, including how it believed the claims should be construed, as that is what is required by Rule 11. *See, e.g., Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300-01 (Fed. Cir. 2003) ("In the context of patent infringement actions, we have interpreted Rule 11 to require, at a minimum, that an attorney interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement."); *View Eng'g, Inc. v. Robotic Vision Sys.*, 208 F.3d 981, 986 (Fed. Cir. 2000) ("Before filing [claims] of patent infringement, Rule 11, we think, must be interpreted to require the law firm to, at a bare minimum, apply the claims of each and every patent that is being brought into the lawsuit to an accused device and conclude that there is a reasonable basis for a finding of infringement of at least one claim of each patent so asserted.").

As such, Skyline already knows what it believes to be the scope of its invention, and contrary to your assertions, it would be unfair to Keyhole to allow Skyline to gerrymander its claims to try to fit Keyhole's products. Our proposal was and is that the parties exchange claim construction discovery so that the issues will be focused and real, but without Skyline trying to artificially inflate their claims to capture something it did not invent.

We thus suggest that discovery proceed only as to the construction of the claim terms, including the scope of the invention and prior art, specifically:

1. That Skyline answer interrogatory nos. 1-4, 8 and 10, and document request nos. (to the extent of claim construction only) 1-7, 10, 15-18, 27, 31, 36-37, 41-51, 53, 84-85, 95, 113, 132, 133, 135 and 136 of Keyhole's discovery requests;

H. Joseph Hameline
January 18, 2005
Page 3

2. That Keyhole similarly respond to interrogatory no. 10 (it appears that Skyline has folded several interrogatories on claim construction into one) and document request nos. 1 (to the extent relevant to interrogatory no. 10) and 14;

3. That both parties supplement their responses on January 31, or on another agreed mutual date, to respond further in light of the other's responses served on January 24; and

4. That depositions proceed during this claim construction phase only as to witnesses who will submit substantive declarations (i.e., other than attorney or other witnesses' authentication declarations) in support of claim construction, or who will testify at the claim construction hearing (in the event that the Court allows live testimony).

Now that we have exchanged our written proposals, let's talk through where we are and what we can or cannot agree on.

Very truly yours,

Darryl M. Woo

cc:    Nelson Apjohn, Esq.

**FENWICK & WEST LLP**

EMBARCADERO CENTER WEST | 275 BATTERY STREET | SAN FRANCISCO, CA 94111

TEL 415.875.2300 | FAX 415.281.1350 | WWW.FENWICK.COM

January 24, 2005

DARRYL M. WOO

EMAIL DWOO@FENWICK.COM
DIRECT DIAL 415.875.2368

**VIA FACSIMILE/U.S. MAIL**

H. Joseph Hameline, Esq.
Mintz, Levin, Cohn, Ferris,
Glovsky & Popeo PC
One Financial Center
Boston, MA  02111

      **Re:**   *Skyline Software Systems, Inc. v. Keyhole, Inc., Google Inc.*
           **USDC (MA) 04-11129-DPW**

Dear Joe:

    This will respond to your letter received last week on January 20, 2005, and your subsequent email of Friday, January 21, asking that we agree to your proposed Joint Request for Clarification of Scheduling Order.

    For the reasons we have discussed previously, we see no need to approach the Court for clarification of the Scheduling Order, either jointly or otherwise.  The limited nature of the initial phase of this case is reflected clearly by the record and requires no clarification, as the passage quoted below indicates.

      5    [COURT] Now, the question of scheduling and so on,
      6    can you work it out yourselves or am I going to have to
      7    get deeply involved in this?
      8         MR. WOO:  We have really tried to do that,
      9    Your Honor.  We have a fundamental difference of opinion
    10    on the ordering, not so much the dates, but the
    11    ordering.  Now we proposed phased discovery so as to try
    12    to minimize the cost to both parties.
    13         We propose, for example, that the first part
    14    -- the first phase of discovery be limited to claim
    15    construction issues -- that is, deposing the inventors.
    16    There are only two of them.  We could probably do that
    17    -- have them done here in Massachusetts done in January.
    18    We could -- well, actually, what we need before then is
    19    their infringement contentions so we know what we're
    20    talking about, then depose the inventors, and we'd be

H. Joseph Hameline, Esq.
January 24, 2005
Page 2

21    ready to brief claim construction in March.
22            THE COURT:  I'm sorry.  Did you have a
23    proposal, a written proposal with respect to this?
24            MR. WOO:  We did.  It's in the joint
25    scheduling conference statement that was filed.

14

1            MR. HAMELINE:  Do you want that letter, Your
2    Honor?
3            THE COURT:  I haven't pulled it out.  I should
4    have.
5            MR. HAMELINE:  It's pages three and four.
6            THE COURT:  Maybe if you could pass it up.  I
7    have it in the back of my mind.  I've seen it, but I
8    can't put my hands on it right away.
9            MR. WOO:  I think I have an extra copy here
10    somewhere.
11            THE COURT:  All right.  I promise to give it
12    back if it's your only copy.
13            MR. HAMELINE:  I've got one here, Your Honor.
14            THE COURT:  I think Ms. Rynne is going to be
15    back in a moment.
16            MR. HAMELINE:  I put one with yellow
17    highlighting on it.  I was talking with you on the
18    phone.
19            MR. WOO:  That's fine.
20            NOTE:  [Document passed to Court]
21            THE COURT:  Well, I think I'm going to adopt
22    the defendant's -- at least initial -- phase of this
23    discovery.  That means that the filings with respect
24    to claim construction issues and proposed claim
25    constructions will be made on March 4th; that the

15

1    plaintiff's opening claim construction brief will be
2    also on March 4th; responsive claim construction brief
3    by Keyhole on March 25th; and a reply by Skyline on
4    April 8th.  And we will try and schedule a claim
5    construction hearing promptly thereafter.  And I think
6    I'm going to make that -- I might as well do it now.

H. Joseph Hameline, Esq.
January 24, 2005
Page 3

```
 7    I'll make it on April 27th.
 8         MR. HAMELINE:  Your Honor --
 9         THE COURT:  April 27th at 2:30.  I think it is
10    important -- from what little I know about this -- to
11    get this framed promptly.  So that's what I will do and
12    then we'll see where we go from there after that.
13         MR. WOO:  Very well.
14         MR. HAMELINE:  Thank you, Your Honor.  I must
15    be hard of hearing.  You said 2:30?
16         THE COURT:  2:30.  Yes.  Let me pass this
17    back.
18         MR. HAMELINE:  Thank you, Your Honor.
19         Do you want to schedule the rest of this fact
20    discovery or wait until --
21         THE COURT:  I want to wait until I've gotten
22    to the claim construction.  I think you should be
23    prepared to have some alternative schedules to talk
24    about at that hearing as well.  You'll have a better
25    idea of how much farther we're going to go, if at all,
```

                                16

```
 1    on that at that point.
 2         MR. HAMELINE:  Sure.
```

As shown by the record, you yourself acknowledged the limited nature of the initial phase by your comments as to scheduling the "rest of" fact discovery.  Furthermore, contrary to your characterization of Judge Woodlock as being confused, there is no indication that the phasing of the case was accidental or unintentional, as the record shows that he had seen the proposal prior to the hearing ("I've seen it, but I can't put my hands on it right away.").

Also, we disagree with your characterization of a "four month stay of discovery."  There is no such blanket stay.  During our discussions we talked about the parties answering interrogatories, producing documents concerning claim construction and taking depositions of persons supplying declarations or testimony in connection with the claim construction hearing (with the exception of attorneys at either of our firms supplying purely authentication declarations).  I outlined specifically what I thought that should entail by my letter of January 18, and you have now countered with a request that we respond to certain ones of Skyline's Interrogatories and that documents be produced under certain of Skyline's Requests for Production.

Not all of Skyline's enumerated requests pertain to claim construction, but I suggest we continue the discovery process with both parties timely serving their responses (both sides'

H. Joseph Hameline, Esq.
January 24, 2005
Page 4

responses are due today), supplementing them on January 31 or some other mutually agreeable date, then meeting and conferring after these exchanges to see whether and to what extent any disputes remain.  We disagree that there is any inconsistency with our suggested course of claim construction discovery, but see no need to further detail that disagreement given our already extensive correspondence and discussions.

We are serving our responses and documents today relevant to claim construction and look forward to receiving Skyline's responses and documents relevant to claim construction, including its infringement contentions and proposed constructions of terms.

Very truly yours,

Darryl M. Woo

cc:     Nelson Apjohn, Esq.