IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SKYLINE SOFTWARE SYSTEMS, INC.,

        Plaintiff,

   v.

KEYHOLE, INC., and
GOOGLE INC.

        Defendants.

CIVIL ACTION NO. 04-11129 DPW

## DEFENDANTS' MOTION FOR LEAVE TO FILE AN OPPOSITION TO SKYLINE'S ATTEMPTED MOTION FOR RECONSIDERATION

Nelson G. Apjohn (BBO No. 020373)
**NUTTER McCLENNEN & FISH LLP**
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 439-2000
Fax: (617) 310-9000

Attorneys for Defendants and
Counterclaimants
KEYHOLE, INC. and GOOGLE INC.

Of Counsel
Darryl M. Woo, admitted *pro hac vice*
Maclain Wells, admitted *pro hac vice*
Kent E. Kemeny, admitted *pro hac vice*
**FENWICK & WEST LLP**
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111
Tel. (415) 875-2300
Fax (415) 281-1350

In its Opening Claim Construction Brief filed March 4, 2005 ("Skyline Brief"), Plaintiff Skyline Software Systems, Inc. attempts to sneak in what is in reality a motion for reconsideration of two prior Orders of this Court: the Scheduling Order and the Order denying Skyline's motion for clarification. Skyline devotes the initial section of its claim construction brief to arguing that it is unable to provide a proper claim construction without a detailed knowledge of the operation of Keyhole's system and Defendants' noninfringement contentions. Skyline Brief at 1-2. In particular, Skyline asserts that "Defendants have refused to disclose their non-infringement contentions and produce any documents describing their products," and therefore, its ability to provide a claim construction is "limited." Skyline Brief at 1. Skyline then "respectfully requests that the Court order Defendants immediately to disclose their non-infringement contentions and produce any documents describing their products." Skyline Brief at 20. The Court made it abundantly clear in its two prior Orders, however, that this case is phased so that discovery is limited at this point to claim construction. In rehashing this argument for the third time, Skyline has produced absolutely no new facts or law. It simply parrots the same erroneous arguments twice rejected by the Court.

Skyline's brief asking the Court to compel Defendants to provide irrelevant discovery is nothing short of a motion for reconsideration of the Court's two previous Orders rejecting Skyline's request. The Court's previous Orders were entirely correct. Consequently, there is no need for the Court to reconsider. Moreover, Skyline's request is procedurally defective, as Skyline has not complied with the Local Rules governing motion practice.

Because Skyline's argument is nothing but an improper motion for reconsideration, Defendants did not wish to waste the Court's time responding in their claim construction brief. In the event the Court decides to reconsider, however, Defendants seek leave to file the concurrently lodged Opposition to Skyline's Attempted Request for Reconsideration of the Court's Order Denying Skyline's Motion to Compel and Clarify, attached herewith to this motion.

2

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1(A)(2)

Pursuant to Local Rule 7.1(A)(2), counsel for Defendants conferred in good faith with counsel for Plaintiffs on March 25, 2005 on the issues raised herein, but counsel for both parties were unable to resolve or narrow the issues.

Dated:  March 25, 2005                      Respectfully submitted,


                                            By:      /s/ Darryl M. Woo
                                                  Darryl M. Woo
                                                  **FENWICK & WEST LLP**
                                                  Embarcadero Center West
                                                  275 Battery Street
                                                  San Francisco, CA  94111
                                                  Tel.  (415) 875-2300
                                                  Fax  (415) 281-1350
                                                  email: dwoo@fenwick.com

                                                  Attorneys for Defendants and
                                                  Counterclaimants
                                                  KEYHOLE, INC. and GOOGLE INC.