# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKYLINE SOFTWARE SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> KEYHOLE, INC., and GOOGLE INC. <br><br> Defendants. | CIVIL ACTION NO. 04-11129 DPW |

**[PROPOSED]**

**DEFENDANT'S OPPOSITION TO**
**SKYLINE'S ATTEMPTED REQUEST FOR RECONSIDERATION OF**
**THE COURT'S ORDER DENYING SKYLINE'S MOTION TO COMPEL AND**
**CLARIFY**

Nelson G. Apjohn (BBO No. 020373)
**NUTTER McCLENNEN & FISH LLP**
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 439-2000
Fax: (617) 310-9000

Attorneys for Defendants and
Counterclaimants
KEYHOLE, INC. and GOOGLE INC.

Of Counsel
Darryl M. Woo, admitted *pro hac vice*
Maclain Wells, admitted *pro hac vice*
Kent E. Kemeny, admitted *pro hac vice*
**FENWICK & WEST LLP**
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111
Tel. (415) 875-2300
Fax (415) 281-1350

**INTRODUCTION**

In its Opening Claim Construction Brief filed March 4, 2005 ("Skyline Brief"), Plaintiff Skyline Software Systems, Inc. attempts to sneak in what is in reality a motion for reconsideration of two prior Orders of this Court: the Scheduling Order and the Order denying Skyline's motion for clarification. This is now the *third time* that Skyline has rehashed the same tired argument that it cannot provide claim constructions until it receives additional discovery regarding Defendants' noninfringement arguments and details on the operation of Keyhole's products. Indeed, Skyline also asserts that it ***may raise this identical issue again at some point in the future***, after claim construction. *See* Skyline Brief at 2 ("reserving the right to address this issue as discovery proceeds").

The Court was absolutely right the first two times it ruled on the matter – at the 12/20/04 scheduling conference and in the Court's 2/22/05 Electronic Order denying Plaintiff's Motion to Compel and Request for Clarification of Scheduling Order – and has no reason to reconsider the issue yet again. Skyline has failed to comply with the local rules governing motion practice, and articulates no basis under the Federal Rule of Civil Procedure justifying any reconsideration of these orders. As such, Skyline's attempts should be disregarded on those bases alone. In the event that the Court will entertain Skyline's motion for reconsideration, Defendants urge the Court to put this hackneyed issue to rest once and for all by denying Skyline's motion one more time.

**ARGUMENT**

Skyline's claim construction brief opens with its by now familiar canard that it is unable to provide claim construction without a detailed knowledge of the operation of Keyhole's system and Defendants' noninfringement contentions. Skyline Brief at 1-2. In particular, Skyline asserts that "Defendants have refused to disclose their non-infringement contentions and produce any documents describing their products," and therefore its ability to provide a claim construction is "limited." Skyline Brief at 1. Skyline then "respectfully requests that the Court

order Defendants immediately to disclose their non-infringement contentions and produce any documents describing their products." Skyline Brief at 20.  In making this argument for the third time, Skyline has produced absolutely no new facts or law.  It simply parrots the same erroneous arguments twice rejected by the Court.

In its two prior orders addressing this issue, the Court made it abundantly clear that this case is phased so that discovery is limited at this point to claim construction.  As the Court mentioned at the scheduling hearing, once claim construction is complete, the parties can determine whether a controversy still exists and whether the case should go forward.  Phasing the case in this manner will streamline the rest of fact discovery so as to focus the parties' efforts on the issues that really matter, if any still do after a claim construction order is entered.  Skyline's attempt at reconsideration buried within its claim construction brief is a transparent effort to divert attention from its failure to provide a construction of all of the terms of each of its asserted 24 patent claims.

Skyline is engaging in gamesmanship.  It asserts that Defendants infringe all 24 claims of the '189 patent (*See* Declaration of Darryl M. Woo in Support of Defendants' Claim Construction ("Woo Decl."), Exh. 10, Answer to Interrogatory No. 1), but to date has briefed constructions for *only two* "representative" claims.[1] Skyline Brief at 1-2, 6, 20.  Yet, instead of spending its time responding to Defendants' proposed constructions for the remaining 22 claims it has asserted (which constructions were provided to Skyline as supplemental interrogatory responses on March 1, 2005[2]) or proposing its own constructions of these 22 claims, Skyline

---

[1] Defendants note that in their initial interrogatory responses served January 24, 2005, they provided proposed constructions only for claims 1 (a method claim) and 12 (an apparatus claim) because Skyline had refused to identify which claims it was asserting against Defendants.  Once Skyline finally indicated that it was asserting all 24 claims of the patent, Defendants supplemented their interrogatory responses and supplied constructions for the remaining 22 claims.

[2] Defendants on two occasions proposed a mutual exchange of claims constructions, *see* Woo Decl., Exh. 11, but Skyline either refused or ignored each proposal.  Defendants also offered at one point the depositions of its developers in exchange for depositions of Skyline's inventors, but Skyline refused this balanced offer, preferring instead its one-sided course of action.  So as not to give Skyline any excuses for its failure to provide its construction of the remaining 22 claims, Defendants *unilaterally* provided their constructions of these claims prior to the date on which Skyline's opening brief was due.  Skyline has yet to provide constructions for any of these 22 claims.

opens its brief insisting yet again that the Court was wrong to phase discovery, and wrong to deny its motion to compel.

At the same time, Skyline has *adamantly refused* to provide any claim construction discovery, written or otherwise, on the scope of its own invention, such as its conception, reduction to practice, and the state of the prior art, all of which may be relevant to claim construction and within Skyline's knowledge. The meaning and scope of the asserted claims may be set forth by identifying what the inventors actually invented, and how the invention is a patentable improvement over the prior art, topics on which Skyline has provided absolutely no discovery other than prosecution histories.

Skyline's posture is not only hypocritical, but is plainly contrary to clear Federal Circuit precedent, Rule 11, and in open defiance of both the Court's initial scheduling order and subsequent order denying Defendant's motion to clarify and compel. Defendants should not be forced to incur time and expenses to respond *once again* to Skyline's request for impermissible discovery.

Further, Skyline's attempts to characterize Defendants as the stonewalling party is a none-too-subtle attempt to hide its own failures to fulfill its discovery obligations. Skyline is the party that rejected Defendants' proposal that Keyhole's developers be deposed in exchange for depositions of the inventors. Skyline is the party that submitted its discovery responses relating to claim construction late under the Federal Rules of Civil Procedure.[3] Skyline is the party that put discovery on hold while it filed a motion to compel production of information to which it was plainly not entitled under the Court's scheduling order. And Skyline is the party that is now refusing to provide constructions for 22 of the 24 claims that it has asserted in its sworn discovery responses are infringed by Defendants, until it obtains discovery of Keyhole's accused technology – information that the Court has twice ruled should be deferred until the next phase.

---

[3] Skyline's proposed claim constructions, along with their responses to other written discovery, were due on January 24, 2005, the same day as Defendants' proposed constructions. Defendants served their responses in a timely fashion, but Skyline waited until it received Defendants' responses before belatedly, serving their own on January 28, 2005, four days late under the Federal Rules of Civil Procedure. *See* Woo Decl. Exh. 10.

Clearly, Skyline is the party that is holding up the orderly progress of this case, not Defendants.

Skyline's refusal to provide proposed constructions for 22 of its 24 asserted claims should not be tolerated. Skyline should not be permitted to flout *two prior orders* of this Court, *and* Rule 11, *and* Federal Circuit precedent in so egregious a manner. Skyline's blatant disregard for this Court's rulings should not be rewarded by permitting Skyline to supplement its constructions in its claim construction reply brief, or at yet some other future time when it is armed with a detailed knowledge of Keyhole's products and Defendants' noninfringement arguments, and thus better able to gerrymander its constructions in an attempt to read on Keyhole's products. Accordingly, the Court should adopt Defendants' constructions for all claims on which Skyline refused to propose a construction in its opening brief. If Skyline does submit additional evidence in its claims construction reply brief that it should have included in its opening brief, Defendants respectfully request the opportunity to submit a surreply in response.

Skyline complains that Defendants supplemented their constructions three days before Skyline's opening brief was due, suggesting that this is somehow evidence of Defendant's unwillingness to "narrow the potentially (sic) issues that are actually in dispute." Skyline Brief at 1. This suggestion is hypocritical and a distortion of facts. As an initial matter, Skyline failed to supplement *its own* proposed constructions until three days *after* Defendants' supplementation, and on the same day Skyline filed its opening claims construction brief.

Second, Defendants twice offered to mutually exchange supplemental constructions in an attempt to narrow the potential issues after each party had a chance to review the others' initial constructions. *See* Woo Decl. Exh. 11. Skyline rejected these offers, preferring instead to move the court in an attempt to compel Defendants to provide discovery on the accused products and Defendants' noninfringement arguments. Notwithstanding Skyline's refusal to agree to reciprocate, Defendants unilaterally provided their constructions to Skyline prior to the time Skyline's brief was due, fully understanding that Skyline might not provide their own supplemental constructions to Defendants in return.

Third, Skyline suggests that Defendants overreach by wanting the Court to construe an additional 61 claim terms. Several of the terms in claims 2-11 and 13-24, however, are identical to terms in claims 1 and 12, and should simply be given identical constructions. As such, there are only about 35 additional unique terms identified by Defendants that *might* require construction. Of those, Defendants provided their constructions, but Skyline to date has not provided its own constructions for claims 2-11 and 13-24, and neither has it addressed these claims in its claims construction brief. Skyline should not be permitted to avoid its obligations regarding claim construction with a pat request that it be permitted to supplement its constructions after obtaining discovery irrelevant to claim construction.

The legal authority cited by Skyline is completely off the mark and does not support Skyline's sweeping contention that this Court's phasing of discovery will amount to an unconstitutional advisory opinion. *U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997) does suggest the obvious point that a district court need not construe claim terms that are not disputed. However, this holding has no bearing on the present facts. Skyline has asserted in its sworn interrogatory responses that Defendants infringe claims 1-24 of the patent. Defendants dispute the asserted infringement and have accordingly provided Skyline with the terms and constructions of each of the 24 claims they believe are at issue. There is thus no risk that the Court's ultimate claim construction ruling will violate the Constitution.

Furthermore, there will be no wasted effort by the Court. If Skyline disagrees with any of Defendants' proposed constructions, Skyline had an opportunity in their brief to dispute them. If Skyline agrees with Defendants' constructions, as it apparently does since they made no attempt to address Defendants' construction of the remaining 22 claims, then the Court need only adopt Defendant's proposed constructions and construe the remaining terms.

*Vivid Technologies v. American Science & Engineering*, cited by Skyline, actually stands for the opposite conclusion for which Skyline cites it. 200 F.3d 795, 803 (Fed. Cir. 1999). As explained in Defendants' Opposition to Skyline's motion to clarify and compel, the Federal Circuit affirmed the district court's *rejection* of the patentee's argument that the court "could not

properly construe the claims until, at a minimum, there had been sufficient discovery of the accused device to understand which claim elements and what aspects of their interpretation were at issue, lest courts construe things that are not in dispute, thus rendering an advisory opinion." *Id.* at 803. Notably, *Vivid Technologies* arrived at the Federal Circuit via the District of Massachusetts. *Vivid Techs. v. American Sci. & Eng'g*, 997 F. Supp. 93, 95 (D. Mass. 1997), *aff'd*, 200 F.3d 795 (Fed. Cir. 1999). Thus, the Federal Circuit affirmed a holding of this District that rejected the very argument that Skyline now attempts to make.

Neither does *Toter, Inc. v. City of Visalic* support Skyline's contention. 44 U.S.P.Q.2D (BNA) 1312 (E.D. Cal. 1997). In *Toter*, Defendants proposed a claim construction hearing before the parties had even begun discovery or investigation of claim construction. "Plaintiffs note that Defendants' proposed hearing would occur before the parties have even had the opportunity to discover from each other which, if any words in the patent claims are disputed, and whether the parties have taken positions or are aware of evidence (such as prior art) inconsistent with claim interpretations that they ask the court to adopt." *Id.* at 1313.

That is not the case here. Skyline filed suit on May 28, 2004. The scheduling hearing was held on December 20, 2004. Skyline has thus had over nine months since filing suit to confirm which claims it would assert, and how they should be construed. Further, both parties have had three months since the scheduling hearing in which to discuss the claims at issue, and pursue claim construction discovery. Skyline has identified in its sworn interrogatory responses that it believes Defendants infringe each and every claim of the '189 patent. The parties have exchanged initial and supplemental proposed constructions of terms they believe should be construed by the Court, and Defendants have produced additional documents, such as prior art and prosecution histories, relating to claim construction. Consequently, *Toter* does not apply to the present case.

Furthermore, the plaintiffs in *Toter* cited to (at the time, the proposed draft of) the Northern District of California's Patent Local Rules as an example of the proper timing for claim construction. In the Northern District of California, however, the parties focus the early months

of the case exchanging proposed constructions, and meeting and conferring to narrow the possible disputes. Indeed, under the Northern District's Patent Local Rules, the Plaintiff is required within 10 days of the initial case management conference to identify which claims it believes are infringed, and must provide a chart indicating where each element of each asserted claim is found in the accused device. N.D. Cal. Patent L.R. 3-1. The model referenced in *Toter* as exemplary is similar to the schedule adopted in this case, with the parties focusing the first few months on claim construction discovery before pursuing additional fact discovery. Thus, *Toter* does not apply to the facts in this case.

Finally, the AIPLA article relied upon by Skyline, although not binding in any way on this Court, acknowledges that "the benefits of an early Markman determination can be substantial" because it "may conserve the parties' and the courts' resources by streamlining discovery and eliminating issues from the case." Hameline Decl. Exh. G, at 57. These are the precise reasons identified by this Court for phasing and limiting initial discovery to claim construction. The portion referenced by Skyline refers to the situation present in *Toter* where the parties have not yet had the opportunity to conduct *any* claim construction discovery. In the same paragraph quoted by Skyline, the article states "during discovery the parties may become aware of evidence, *such as prior art*, that affects claim construction." *Id.* at 58. The article was thus contemplating the situation in *Toter* where the parties have not yet conducted *any* discovery relating to prior art or other claim construction issues. Again, here, this is not the case.

Additionally, Skyline's claim construction brief is plainly a disguised attempt to get the Court to reconsider its decision phasing discovery and force Defendants to produce information that is unrelated to claim construction. Indeed, Skyline opens its brief with just this argument, and closes its brief with a request "that the Court order Defendants immediately to disclose their non-infringement contentions and produce any documents describing their products." Skyline Brief at 20. Yet Skyline failed to meet and confer pursuant to LR 7.1(a)(2), making its request procedurally defective. That alone should be sufficient to justify denial of Skyline's motion, *particularly* given that this now marks the third time that Skyline has failed to meet and confer

before filing a motion.[4]  The Federal Rules of Civil Procedure similarly require that a party seeking a court order to compel production "must include [in its motion] a certification that the movant has in good faith conferred or attempted to confer with the [other] party."  Fed. R. Civ. P. 37(a)(2)(A).  Thus, Skyline's request that the Court order Defendants to produce additional information is also in violation of the Federal Rules.

## **CONCLUSION**

Skyline's rehashing of its prior motion regarding the Court's phasing of this case at the beginning of its claim construction brief should simply be disregarded.  The Court has twice rejected Skyline's arguments, and need not consider them a third time.  In the event that the Court wishes to revisit it prior rulings at Skyline's invitation, however, Skyline's attempt at reconsideration should be rejected.  Skyline either misinterprets the cases it cites, or its authorities are inapplicable to the present matter.

Dated:  March 25, 2005                                    Respectfully submitted,


By:        /s/ Darryl M. Woo
      Darryl M. Woo
      **FENWICK & WEST LLP**
      Embarcadero Center West
      275 Battery Street
      San Francisco, CA  94111
      Tel.  (415) 875-2300
      Fax  (415) 281-1350
      email: dwoo@fenwick.com

      Attorneys for Defendants and
      Counterclaimants
      KEYHOLE, INC. and GOOGLE INC.

---

[4] Skyline also failed to meet and confer pursuant to LR 7.1(a) before it filed (1) Plaintiff's Motion For Leave to File Sur-Reply Brief in Support of Its Opposition to Defendant's Motion To Transfer Venue (filed on December 6, 2004); and (2) Plaintiff's Motion for Leave to Amend its Complaint to Add Google Inc. as a Defendant (filed December 7, 2004).