**E X H I B I T   19**

SRI INTERNATIONAL
RICHARD A. CRAMER, CA BAR NO. 75384
333 Ravenswood Avenue
Menlo Park, CA 94025
Telephone: (650) 859-5772

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKYLINE SOFTWARE SYSTEMS, INC., <br><br> Plaintiff and Counterdefendant, <br><br> vs. <br><br> KEYHOLE, INC., and GOOGLE, INC. <br><br> Defendants and Counterclaimants. | CIVIL ACTION NO. 04-11129 DPW <br><br> <u>OBJECTIONS TO SUBPOENA PURSUANT TO RULE 45</u> |

To Defendants and their attorneys of record:

Please take notice that, pursuant to Rule 45(c) of the Federal Rules of Civil Procedure, SRI International ("SRI") hereby objects to the Subpoena and Rule 30(b)(6) Deposition Notice dated February 24, 2005 ("Subpoena") in the above referenced action.

<u>GENERAL OBJECTIONS TO DEPOSITION TOPICS</u>

SRI objects to the designation and appearance of one or more of its officers, directors, managing agents or other persons to testify on its behalf as to matters known or reasonably available to it concerning the topics for deposition identified in Attachment A to the subpoena on the following grounds:

- 1 -

(1) The topics for deposition purport, or may be construed, to impose obligations on SRI that are in excess of, and/or inconsistent with, those required under the Federal Rules of Civil Procedure.

(2) The topics for deposition are unduly burdensome, overly broad, and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence. The Subpoena thus fails to comply with the proper scope of discovery established under Rules 26(b) and 45(c) of the Federal Rules of Civil Procedure.

(3) The topics for deposition are not properly limited in subject matter, scope, or time, and seek irrelevant information, and/or calls for investigations or activities the costs and burdens of which are unreasonable under the circumstances. The Subpoena thus fails to comply with the proper scope of discovery established under Rules 26(b) and 45(c) of the Federal Rules of Civil Procedure.

(4) The topics for deposition require SRI, a non-party to the lawsuit, to incur unduly burdensome expenses in research and preparation of witnesses for deposition and the burden and expense of producing the requested witnesses outweighs any likely benefit.

(5) The topics for deposition are unduly vague, ambiguous, uncertain and unclear, unlimited as to time, and fail to specify the matters sought with reasonable particularity.

(6) The topics for deposition seek the disclosure of non-public, sensitive commercial, research development and/or business-related information, trade secrets and/or proprietary material, which may be subject to non-disclosure, confidentiality and/or security agreements with third-parties. SRI will produce documents only pursuant to an appropriate protective order entered in this case.

(7) The topics for deposition seek information that was prepared in anticipation of litigation, constitutes work product, discloses the mental impressions, conclusions, opinions, or legal theories of any attorneys for SRI, reflects or constitutes privileged

attorney-client communications, or are otherwise protected from disclosure under any applicable privileges, immunities, laws, or rules. Any disclosure of such privileged or protected information in response to any request is inadvertent and is not intended to waive those privileges or protections.

(8) The topics for deposition require disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party.

(9) The topics for deposition fail to allow reasonable time for compliance.

Pursuant to Rule 45(c), Defendant is not entitled to depose a witness from SRI without a Court Order that, among other matters, protects SRI from the disclosure of its confidential trade secret and research development information and from incurring significant expenses.

## SPECIFIC OBJECTIONS TO DEPOSITION TOPICS

Topic for Topic No. 1.:   The conception, design, research, development, reduction to practice, modification or redesign, testing, debugging, evaluation, operation and implementation of TerraVision and/or The Multidimensional Applications and Gigabit Internet Consortium (MAGIC) project, including without limitation the first and subsequent drawing or sketch, the first and subsequent written description of the technology, and any and all engineering documents, manuals, communications among your engineers, implementation hardware, executable programs or code, source code, and source code records concerning the same.

Objections to Topic No. 1.:   In addition to the General Objections above, SRI objects to Topic No. 1 on the grounds that it calls for the disclosure of testimony from an unretained expert resulting from the expert's study made not at the request of any party. SRI further objects to the extent that it seeks information that is unlimited as to time and is not reasonably calculated to lead to the discovery of admissible evidence. SRI further objects to Topic No. 1 to the extent that it requires SRI to collect, inspect, copy and produce the materials designated in this topic on the grounds that it is oppressive, overbroad and unduly burdensome. SRI would have to involve

- 3 -

1  multiple scientists, engineers, business people and administrative staff to spend scores, if not
2  hundreds, of hours searching for the records called for in Topic No. 1. SRI also objects to this
3  interrogatory to the extent that it is vague, unduly burdensome, overbroad, and seeks information
4  that constitutes SRI's confidential trade secret and proprietary information or client confidential
5  information that is not discoverable.

6  <u>Topic for Deposition No. 2:</u> The identities, current or last known contact information,
7  participation, and responsibilities of all individuals involved in the design, research, development,
8  and implementation of TerraVision and/or the MAGIC project, including without limitation Yvan
9  Leclerc, Lee Iverson, Martin Reddy, and Michael Eriksen.

10  <u>Objections to Topic No. 2:</u> In addition to the General Objections above, SRI objects to
11  Topic No. 2 on the grounds that it calls for information that is unlimited as to time, and that it
12  requests information about "all" individuals involved in the design, research, development, and
13  implementation of TerraVision and/or the MAGIC project. As such it is not relevant to the matters
14  asserted in this action nor is it reasonably calculated to lead to the discovery of admissible
15  evidence. SRI also objects to this interrogatory to the extent that it is vague, unduly burdensome,
16  overbroad.

17  <u>Topics for Deposition No. 3:</u> The features, functions, operation and architecture of the
18  technology found in TerraVision and/or the MAGIC project.

19  <u>Objections to Topic No. 3:</u> In addition to the General Objections above, SRI objects to
20  Topic No. 3 on the grounds that it calls for the disclosure of testimony from an unretained expert
21  resulting from the expert's study made not at the request of any party. SRI further objects to the
22  extent that it seeks information that is unlimited as to time and is not reasonably calculated to lead
23  to the discovery of admissible evidence. SRI further objects to Topic No. 3 to the extent that it
24  requires SRI to collect, inspect, copy and produce the materials designated in this topic on the
25  grounds that it is oppressive, overbroad and unduly burdensome. SRI would have to involve
26  multiple scientists, engineers, business people and administrative staff to spend scores, if not
27  hundreds, of hours searching for the records called for in Topic No. 3. SRI also objects to this
28

- 4 -

interrogatory to the extent that it is vague, unduly burdensome, overbroad, and seeks information that constitutes SRI's confidential trade secret and proprietary information or client confidential information that is not discoverable.

Topic for Deposition No. 4: The first use of the technology found in TerraVision and/or the MAGIC project and any subsequent improvements or implementations of the same, whether public or otherwise, and whether experimental or otherwise, and any subsequent uses if and to the extent different from the first use.

Objections to Topic No. 4: In addition to the General Objections above, SRI objects to Topic No. 4 on the grounds that it calls for the disclosure of testimony from an unretained expert resulting from the expert's study made not at the request of any party. SRI further objects to the extent that it seeks information that is unlimited as to time and is not reasonably calculated to lead to the discovery of admissible evidence. SRI further objects to Topic No. 4 to the extent that it requires SRI to collect, inspect, copy and produce the materials designated in this topic on the grounds that it is oppressive, overbroad and unduly burdensome. SRI would have to involve multiple scientists, engineers, business people and administrative staff to spend scores, if not hundreds, of hours searching for the records called for in Topic No. 4. SRI also objects to this interrogatory to the extent that it is vague, unduly burdensome, overbroad, and seeks information that constitutes SRI's confidential trade secret and proprietary information or client confidential information that is not discoverable.

Topic for Deposition No. 5: Any printed publications describing or in any other way relating to TerraVision and/or the MAGIC project, including the first such description in a printed publication and any subsequent description if and to the extent different from the first description. *See, e.g.*, Exhibit 1.

Objections to Topic No. 5: In addition to the General Objections above, SRI objects to Topic No. 5 on the grounds that it calls for the disclosure of testimony from an unretained expert resulting from the expert's study made not at the request of any party. SRI further objects to the extent that it seeks information that is unlimited as to time and is not reasonably calculated to lead

to the discovery of admissible evidence. SRI further objects to Topic No. 5 to the extent that it requires SRI to collect, inspect, copy and produce the materials designated in this topic on the grounds that it is oppressive, overbroad and unduly burdensome. SRI would have to involve multiple scientists, engineers, business people and administrative staff to spend scores, if not hundreds, of hours searching for the records called for in Topic No. 5. SRI also objects to this interrogatory to the extent that it is vague, unduly burdensome, and overbroad.

<u>Topic for Deposition No. 6:</u>   The MAGIC Final Report submitted to DARPA in May 1996, and any prior or subsequent reports relating to the same subject matter. *See, e.g.*, Exhibit 1.

<u>Objections to Topic No. 6:</u>  In addition to the General Objections above, SRI objects to Topic No. 6 on the grounds that it calls for the disclosure of testimony from an unretained expert resulting from the expert's study made not at the request of any party. SRI further objects to the extent that it seeks information that is unlimited as to time and is not reasonably calculated to lead to the discovery of admissible evidence. SRI further objects to Topic No. 6 to the extent that it requires SRI to collect, inspect, copy and produce the materials designated in this topic on the grounds that it is oppressive, overbroad and unduly burdensome. SRI would have to involve multiple scientists, engineers, business people and administrative staff to spend scores, if not hundreds, of hours searching for the records called for in Topic No. 6. SRI also objects to this interrogatory to the extent that it is vague, unduly burdensome, overbroad, and seeks information that constitutes SRI's confidential trade secret and proprietary information or client confidential information that is not discoverable.

<u>Topic for Deposition No. 7:</u>   The publication entitled *The MAGIC Project: From Vision to Reality* printed in IEE NETWORK: THE MAGAZINE OF GLOBAL INFORMATION EXCHANGE, May/June 1996, and its distribution, and any prior or subsequent publications relating to the same subject matter. *See, e.g.*, Exhibit 1.

<u>Objections to Topic No. 7:</u>  In addition to the General Objections above, SRI objects to Topic No. 7 on the grounds that it calls for the disclosure of testimony from an unretained expert resulting from the expert's study made not at the request of any party. SRI further objects to the

extent that it seeks information with respect to documents created almost nine years ago and is not reasonably calculated to lead to the discovery of admissible evidence. SRI further objects to Topic No. 7 to the extent that it requires SRI to collect, inspect, copy and produce the materials designated in this topic on the grounds that it is oppressive, overbroad and unduly burdensome, as the documents at issue date back almost nine years. SRI would have to involve multiple scientists, engineers, business people and administrative staff to spend scores, if not hundreds, of hours searching for the records called for in Topic No. 7. SRI also objects to this interrogatory to the extent that it is vague, unduly burdensome, and overbroad and seeks information that constitutes SRI's confidential trade secret and proprietary information or client confidential information that is not discoverable.

Topic for Deposition No. 8: The publication entitled *Terra Vision: A Terrain Visualization System* authored by Yvan G. Leclerc and Steven Q. Lau, Jr., and its distribution, and any prior or subsequent publications relating to the same subject matter. *See, e.g.*, Exhibit 1.

Objections to Topic No. 8: In addition to the General Objections above, SRI objects to Topic No. 8 on the grounds that it calls for the disclosure of testimony from an unretained expert resulting from the expert's study made not at the request of any party. SRI further objects to the extent that it seeks information with respect to documents created over a decade ago and is not reasonably calculated to lead to the discovery of admissible evidence. SRI further objects to Topic No. 8 to the extent that it requires SRI to collect, inspect, copy and produce the materials designated in this topic on the grounds that it is oppressive, overbroad and unduly burdensome, as the documents at issue date back over a decade. SRI would have to involve multiple scientists, engineers, business people and administrative staff to spend scores, if not hundreds, of hours searching for the records called for in Topic No. 8. SRI also objects to this interrogatory to the extent that it is vague, unduly burdensome, and overbroad, and seeks information that constitutes SRI's confidential trade secret and proprietary information or client confidential information that is not discoverable.

<u>Topic for Deposition No. 9</u>: Demonstrations, whether public or private, of TerraVision and/or the MAGIC project from the time period beginning with the first conception of TerraVision and/or the MAGIC project until the present.

<u>Objections to Topic No. 9</u>: In addition to the General Objections above, SRI objects to Topic No. 9 on the grounds that it calls for the disclosure of testimony from an unretained expert resulting from the expert's study made not at the request of any party. SRI further objects to the extent that it seeks information that is unlimited as to time and is not reasonably calculated to lead to the discovery of admissible evidence. SRI further objects to Topic No. 9 to the extent that it requires SRI to collect, inspect, copy and produce the materials designated in this topic on the grounds that it is oppressive, overbroad and unduly burdensome. SRI would have to involve multiple scientists, engineers, business people and administrative staff to spend scores, if not hundreds, of hours searching for the records called for in Topic No. 9. SRI also objects to this interrogatory to the extent that it is vague, unduly burdensome, overbroad, and seeks information that constitutes SRI's confidential trade secret and proprietary information or client confidential information that is not discoverable.

## **GENERAL OBJECTIONS TO DOCUMENT REQUESTS**

SRI objects to inspection and copying of the designated materials on the following grounds:

(1)   The document requests purport, or may be construed, to impose obligations on SRI that are in excess of, and/or inconsistent with, those required under the Federal Rules of Civil Procedure.

(2)   The document requests are unduly burdensome, overly broad, and oppressive, and not reasonably calculated to lead to the discovery of admissible evidence. The Subpoena thus fails to comply with the proper scope of discovery established under Rules 26(b) and 45(c) of the Federal Rules of Civil Procedure.

(3)   The document requests are not properly limited in subject matter, scope, or time, and seek irrelevant information, and/or calls for investigations or activities the

costs and burdens of which are unreasonable under the circumstances. The Subpoena thus fails to comply with the proper scope of discovery established under Rules 26(b) and 45(c) of the Federal Rules of Civil Procedure.

(4) The document requests require SRI, a non-party to the lawsuit, to incur unduly burdensome expenses resulting from the collection, inspection and copying of the overly broad document requests, the burden and expense of which outweighs any likely benefit.

(5) The document requests are unduly vague, ambiguous, uncertain and unclear, unlimited as to time, and fail to specify the matters sought with reasonable particularity.

(6) The document requests seek the disclosure of non-public, sensitive commercial, research development and/or business-related information, trade secrets and/or proprietary material, which may be subject to non-disclosure, confidentiality and/or security agreements with third-parties. SRI will produce documents only pursuant to an appropriate protective order entered in this case.

(7) The document requests seek information that was prepared in anticipation of litigation, constitutes work product, discloses the mental impressions, conclusions, opinions, or legal theories of any attorneys for SRI, reflects or constitutes privileged attorney-client communications, or are otherwise protected from disclosure under any applicable privileges, immunities, laws, or rules. Any disclosure of such privileged or protected information in response to any request is inadvertent and is not intended to waive those privileges or protections.

(8) The document requests fail to allow reasonable time for compliance.

Pursuant to Rule 45(c), Defendant is not entitled to copy or inspect the requested documents without a Court Order that, among other matters, protects SRI from the disclosure of its confidential trade secret and research development information and from incurring significant expenses.

## SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS

Request No. 1: All documents and things relating to the conception, design, research, development, reduction to practice, modification or redesign, testing, debugging, evaluation, operation and implementation of TerraVision and/or The Multidimensional Applications and Gigabit Internet Consortium (MAGIC) project, including without limitation the first and subsequent drawing or sketch, the first and subsequent written description of the technology, and any and all engineering documents, manuals, communications among your engineers, implementation hardware, executable programs or code, source code, and source code records concerning the same.

Objection to Request No. 1: In addition to the General Objections above, SRI objects to Request No. 1 on the grounds that it calls for information that is unlimited as to time and is not reasonably calculated to lead to the discovery of admissible evidence. SRI further objects to Request No. 1 to the extent that it requires SRI to collect, inspect, copy and produce the materials designated in this Request on the grounds that it is oppressive, overbroad and unduly burdensome. SRI would have to involve multiple scientists, engineers, business people and administrative staff to spend scores, if not hundreds, of hours searching for the records called for in Request No. 1. SRI also objects to this interrogatory to the extent that it is vague, unduly burdensome, overbroad, and seeks information that constitutes SRI's confidential trade secret and proprietary information or client confidential information that is not discoverable.

Request No. 2: Documents and things sufficient to show the identities, current or last known contact information, participation, and responsibilities of all individuals involved in the design, research, development, and implementation of TerraVision and/or the MAGIC project, including without limitation, Yvan Leclerc, Lee Iverson, Martin Reddy, and Michael Eriksen.

Objection to Request No. 2: In addition to the General Objections above, SRI objects to Request No. 2 on the grounds that it calls for information that is unlimited as to time, and that it requests information about "all" individuals involved in the design, research, development, and implementation of TerraVision and/or the MAGIC project. As such it is not relevant to the matters

1  asserted in this action nor is it reasonably calculated to lead to the discovery of admissible
2  evidence. SRI also objects to this interrogatory to the extent that it is vague, unduly burdensome,
3  overbroad.

4  Request No. 3: All documents and things relating to the features, functions, operation and
5  architecture of the technology found in TerraVision and/or the MAGIC project.

6  Objection to Request No. 3: In addition to the General Objections above, SRI objects to
7  Request No. 3 on the grounds that it calls for information that is unlimited as to time and is not
8  reasonably calculated to lead to the discovery of admissible evidence. SRI further objects to
9  Request No. 3 to the extent that it requires SRI to collect, inspect, copy and produce the materials
10 designated in this Request on the grounds that it is oppressive, overbroad and unduly burdensome.
11 SRI would have to involve multiple scientists, engineers, business people and administrative staff
12 to spend scores, if not hundreds, of hours searching for the records called for in Request No. 3.
13 SRI also objects to this interrogatory to the extent that it is vague, unduly burdensome, overbroad,
14 and seeks information that constitutes SRI's confidential trade secret and proprietary information
15 or client confidential information that is not discoverable.

16 Request No. 4: Documents and things sufficient to show the first use of the technology
17 found in TerraVision and/or the MAGIC project and any subsequent improvements or
18 implementations of the same, whether public or otherwise, and whether experimental or otherwise,
19 and any subsequent uses if and to the extent different from the first use.

20 Objection to Request No. 4: In addition to the General Objections above, SRI objects to
21 Request No. 4 on the grounds that it calls for information that is unlimited as to time and is not
22 reasonably calculated to lead to the discovery of admissible evidence. SRI further objects to
23 Request No. 4 to the extent that it requires SRI to collect, inspect, copy and produce the materials
24 designated in this Request on the grounds that it is oppressive, overbroad and unduly burdensome.
25 SRI would have to involve multiple scientists, engineers, business people and administrative staff
26 to spend scores, if not hundreds, of hours searching for the records called for in Request No. 4.
27 SRI also objects to this interrogatory to the extent that it is vague, unduly burdensome, overbroad,
28

- 11 -

1  and seeks information that constitutes SRI's confidential trade secret and proprietary information
2  or client confidential information that is not discoverable.

3  Request No. 5: Any and all printed publications describing or in any other way relating to
4  TerraVision and/or the MAGIC project, including the first such description in a printed
5  publication, and any subsequent description if and to the extent different from the first description.
6  See, e.g., Exhibit 1.

7  Objection to Request No. 5: In addition to the General Objections above, SRI objects to
8  Request No. 5 on the grounds that it calls for information that is unlimited as to time and is not
9  reasonably calculated to lead to the discovery of admissible evidence. SRI further objects to
10 Request No. 5 to the extent that it requires SRI to collect, inspect, copy and produce the materials
11 designated in this Request on the grounds that it is oppressive, overbroad and unduly burdensome.
12 SRI would have to involve multiple scientists, engineers, business people and administrative staff
13 to spend scores, if not hundreds, of hours searching for the records called for in Request No. 5.
14 SRI also objects to this interrogatory to the extent that it is vague, unduly burdensome, and
15 overbroad.

16 Request No. 6: The MAGIC Final Report submitted to DARPA in May 1996, and any
17 prior or subsequent reports relating to the same subject matter. See, e.g., Exhibit 1.

18 Objection to Request No. 6: In addition to the General Objections above, SRI objects to
19 Request No. 6 on the grounds that it calls for information that is unlimited as to time and is not
20 reasonably calculated to lead to the discovery of admissible evidence. SRI further objects to
21 Request No. 6 to the extent that it requires SRI to collect, inspect, copy and produce the materials
22 designated in this Request on the grounds that it is oppressive, overbroad and unduly burdensome.
23 SRI would have to involve multiple scientists, engineers, business people and administrative staff
24 to spend scores, if not hundreds, of hours searching for the records called for in Request No. 6.
25 SRI also objects to this interrogatory to the extent that it is vague, unduly burdensome, overbroad,
26 and seeks information that constitutes SRI's confidential trade secret and proprietary information
27 or client confidential information that is not discoverable.
28

1    Request No. 7: Documents relating to the publication and distribution of printed
2    publications regarding TerraVision and/or the MAGIC project, including the publication entitled
3    *The MAGIC Project: From Vision to Reality* printed in IEEE NETWORK: THE MAGAZINE OF
4    GLOBAL INFORMATION EXCHANGE, May/June 1996; the publication entitled *Terra Vision: A*
5    *Terrain Visualization System* authored by Yvan G. Leclerc and Steven Q. Lau, Jr.; the MAGIC
6    Final Report submitted to DARPA in May 1996; and any prior or subsequent publications relating
7    to the same subject matter. *See, e.g.*, Exhibit 1.

8    Objection to Request No. 7: In addition to the General Objections above, SRI objects to
9    Request No. 7 on the grounds that it calls for information with respect to documents created
10   between nine and eleven years ago and is not reasonably calculated to lead to the discovery of
11   admissible evidence. SRI further objects to Request No. 7 to the extent that it requires SRI to
12   collect, inspect, copy and produce the materials designated in this Request on the grounds that it is
13   oppressive, overbroad and unduly burdensome, as the documents at issue are approximately a
14   decade old. SRI would have to involve multiple scientists, engineers, business people and
15   administrative staff to spend scores, if not hundreds, of hours searching for the records called for in
16   Request No. 7. SRI also objects to this interrogatory to the extent that it is vague, unduly
17   burdensome, and overbroad, and seeks information that constitutes SRI's confidential trade secret
18   and proprietary information or client confidential information that is not discoverable.

19   Request No. 8: All documents and things relating to any demonstrations, whether public or
20   private, of TerraVision and/or the MAGIC project from the time period beginning with the first
21   conception of TerraVision and/or the MAGIC project until the present.

22   Objection to Request No. 8: In addition to the General Objections above, SRI objects to
23   Request No. 8 on the grounds that it calls for information that is unlimited as to time and is not
24   reasonably calculated to lead to the discovery of admissible evidence. SRI further objects to
25   Request No. 8 to the extent that it requires SRI to collect, inspect, copy and produce the materials
26   designated in this Request on the grounds that it is oppressive, overbroad and unduly burdensome.
27   SRI would have to involve multiple scientists, engineers, business people and administrative staff
28

1  to spend scores, if not hundreds, of hours searching for the records called for in Request No. 8.
2  SRI also objects to this interrogatory to the extent that it is vague, unduly burdensome, overbroad,
3  and seeks information that constitutes SRI's confidential trade secret and proprietary information
4  or client confidential information that is not discoverable.

Dated: March 7, 2005

SRI INTERNATIONAL

RICHARD A. CRAMER, #75384
333 Ravenswood Avenue
Menlo Park, CA 94025

By: _____
RICHARD A. CRAMER
Assistant General Counsel
State Bar No. 75384

- 14 -