# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKYLINE SOFTWARE SYSTEMS, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>KEYHOLE, INC., and<br>GOOGLE INC.<br><br>  Defendants. | CIVIL ACTION NO. 04-11129 DPW |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO TAKE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION OFF CALENDAR OR, IN THE ALTERNATIVE, TO SET AN APPROPRIATE BRIEFING SCHEDULE**

**SPECIAL ACTION REQUESTED – Local Rule 5.1(c)**

Nelson G. Apjohn (BBO No. 020373)
**NUTTER McCLENNEN & FISH LLP**
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 439-2000
Fax: (617) 310-9000

Attorneys for Defendants and
Counterclaimants
KEYHOLE, INC. and GOOGLE INC.

Of Counsel
Darryl M. Woo, admitted *pro hac vice*
**FENWICK & WEST LLP**
Embarcadero Center West
275 Battery Street
San Francisco, CA  94111
Tel.  (415) 875-2300
Fax  (415) 281-1350

I.      **INTRODUCTION**

Plaintiff Skyline Software Systems, Inc.'s Motion for Preliminary Injunction ("Motion") is but Plaintiff's latest in a series of attempts to disrupt and alter the Court-ordered schedule of this case. Plaintiff improperly uses its Motion to introduce arguments and evidence that it failed to offer during claim construction and attempts to force the Court to address issues explicitly reserved for consideration until after a claim construction ruling. There is no legitimate basis for seeking a preliminary injunction now, as there is no imminent threat of irreparable harm.

Instead, there is only Plaintiff's continued gamesmanship. Plaintiff contends that the exigency for its Motion is Google's acquisition of Keyhole and its decision to offer consumers its Google Earth services for free and its Keyhole/Google Earth software at reduced cost. Yet, these facts are not "new." Google acquired Keyhole and announced the initial price reduction of which Plaintiff complains on or about October 27, 2004. Google officially launched Google Earth (as distinguished from the Keyhole predecessors) on June 28, 2005; this launch included a free software download.[1] These events occurred long ago, yet Plaintiff waited *fourteen* and *six* months, respectively, to file its Motion, vitiating any notion of irreparable harm.

Plaintiff's Motion also represents yet a further – Plaintiff's fourth – attempt to seek reconsideration of the Court's order phasing discovery in this case, which order deferred discovery until after a claim construction ruling is issued. Plaintiff acknowledges the Court has entered such order (*see* Pltf.'s Motion at p. 6), yet files its preliminary injunction motion with supporting declarations and purported evidentiary submissions, knowing well that would force Defendants to oppose the motion without needed discovery. Indeed, the day after Plaintiff filed its Motion, it refused Defendants' request to take the deposition of Plaintiff's principal declarant, Dr. Keating.[2] Plaintiff also delayed complying with its meet and confer obligation regarding this motion until the day its Motion was actually filed, leaving only a voicemail message for

---

[1]   In its memorandum, Plaintiff uses the term "Google Earth products" and "Google Earth" to include both the suite of Google Earth products (Google Earth, Google Earth Plus, Google Earth Pro, and Google Earth Enterprise Solution) as well as their Keyhole predecessors. *See* Pltf.'s Motion at p. 1, n.2.
[2]   See accompanying Declaration of Darryl M. Woo ("Woo Decl.") ¶ 6.

Defendants' counsel, and then proceeding with its filing without awaiting a reply, despite the fact that Plaintiff was clearly preparing this motion for some time.

The Court should not reward such tactics or give credence to this baseless attempt to rehash arguments and circumvent the Court's Scheduling Order.  Accordingly, Defendants respectfully request that the Court exercise its discretion to take Plaintiff's Motion for Preliminary Injunction off calendar.  *See United States v. Leichter*, 160 F.3d 33, 35 (1st Cir. 1998) (noting that a district court has broad discretion in its inherent right and duty to manage its own calendar).  In the alternative, Defendants request that the Court set an appropriate briefing schedule such that Defendants' Opposition is due thirty days after issuance of a claim construction order.[3]

## II. ARGUMENT

### A. Plaintiff's Motion for Preliminary Injunction Should Be Taken Off Calendar

#### 1. Plaintiff's Significant and Unexcused Delay Demonstrates That Its Motion and Claimed Exigency Are Pretense for Some Other Purpose

Plaintiff contends that the exigency for its Motion is Google's acquisition of Keyhole and its decision to offer consumers its Google Earth services for free and its software products at reduced cost.  According to Plaintiff's own recitation, however, these facts are not new.  *See* Pltf.'s Motion at pp. 1-2, 5.  Rather, Google acquired Keyhole and announced the initial price reduction of which Plaintiff complains on or about October 27, 2004, and provided a free software download when it officially launched Google Earth (as distinguished from its Keyhole predecessors) on June 28, 2005.  *See* Pltf.'s Motion at p. 1; Declaration of Ronnie Yaron ¶ 9; Declaration of H. Joseph Hameline, Ex. 11; Woo Decl. ¶ 7, Ex. A.  Plaintiff thus knew of the factual bases for its current Motion *fourteen* months ago and *six* months ago, respectively.

---

[3]  Plaintiff has since filing agreed that Defendants' opposition may be filed thirty days after Plaintiff's filing of its Motion, but that time ostensibly is only to allow time for the parties to seek and obtain entry of a protective order to preserve the confidentiality of Defendants' trade secrets, including the operation of the accused Keyhole/Google Earth software and source code.  Woo Decl. ¶ 5.  Plaintiff's Motion otherwise would not only end-run the Court's order phasing discovery, but force Defendants to substantively respond to Plaintiff's Motion before any protective order is in place.

Plaintiff's fourteen-month delay alone undermines its arguments of threatened imminent irreparable harm and should preclude consideration of its Motion. *See High Tech Medical Instrumentation, Inc. v. New Image Indus., Inc.*, 49 F.3d 1551, 1557 (Fed. Cir. 1995) (finding that a delay of 17 months before seeking a preliminary injunction demonstrates that there is no apparent urgency to the request for injunctive relief); *see also Read Corp. v.Powerscreen of America*, 26 F. Supp. 2d 204, 206-208 (D. Mass. 1998) (upholding magistrate's finding that plaintiff's substantial delay "bespeaks in the loudest possible tones that plaintiff did not consider that it was being irreparably harmed by defendant's alleged infringement of its patents"); *American Permahedge*, *Inc. v. Barcana, Inc.*, 857 F. Supp. 308, 324 (S.D.N.Y. 1994) (failure to move for preliminary injunction for over a year "undercuts the sense of urgency that ordinarily accompanies a motion for preliminary relief and suggests there is, in fact, no irreparable injury") (internal quotation and citation omitted); *Crucible Materials Corp. v. Sumitomo Special Metals Co. Ltd.*, 719 F. Supp. 14, 17 (D.D.C. 1989) ("delay shows the situation is not so urgent or emergent that a preliminary injunction should be issued").

Plaintiff tries to paint a grand story, beginning with allegations of infringement against Defendant Keyhole in May 2004, followed by "behemoth" Google's acquisition of Keyhole in October 2004, which supposedly led to manipulation of the market over the eight months following the acquisition – all to Plaintiff's detriment. *See* Pltf.'s Motion at pp. 4-5. Yet, at no point during its story does Plaintiff seek preliminary injunctive relief. Thus, its present claims of threatened irreparable harm are completely contradicted by its failure to act. *Abbott Labs v. Selfcare, Inc.*, 17 F. Supp. 2d 43, 50 (D. Mass. 1998) (stating that plaintiff's delay of 9 months before seeking a preliminary injunction suggested that the status quo does not irreparably harm it); *see Nutrition 21 v. United States*, 930 F.2d 867, 872 (Fed. Cir. 1991) (delay "for a substantial period of time before seeking a preliminary injunction at least suggests that the *status quo* does not [cause] irreparabl[e] damage").

Plaintiff furthermore fails even to address, let alone explain, its repeated substantial prior failures to seek any preliminary injunctive relief:

- In early 2004, nearly *two years* before filing its present Motion, Plaintiff notified Defendant Keyhole of the alleged infringement, yet failed to act. Pltf.'s Motion at p. 4.

- On May 28, 2004, *over nineteen months* before filing its present Motion, Plaintiff filed its complaint against Defendant Keyhole (Pltf.'s Motion at p. 4) and, while the complaint prayed for preliminary injunctive relief, Plaintiff did not request it then or at any time since, until now (Complaint, Prayer for Relief ¶ A at p. 4, Docket Entry #1).

- On or about October 27, 2004, *fourteen months* before filing the Motion, Defendant Google acquired Defendant Keyhole (Pltf.'s Motion at pp. 4-5). Google proceeded also (1) to reduce the price of the Keyhole software; and (2) to offer a free seven-day trial of that software. Again, Plaintiff did not act.

- On or about June 28, 2005, *over six months* before filing its present Motion, Google launched Google Earth, which included a free software download. Google also set the yearly subscription price for its Google Earth products, including Google Earth Plus ($20) and Google Earth Pro ($400) (Declaration of Ronnie Yaron ¶ 9; Declaration of H. Joseph Hameline ¶ 15, Ex. 11; Woo Decl. ¶ 7, Ex. A). Still, Plaintiff did not act.

- By July 2005, over *five months* before filing this motion, Google Earth (the allegedly infringing product) was hailed as "the most popular software download" (Pltf.'s Motion at p. 5); yet again, Plaintiff did not act.

- On or about October 7, 2005, Plaintiff represented by letter to the Count that Defendants' conduct was "severely damaging and irreparably harming Plaintiff" (October 7, 2005 Letter to the Court, filed October 11, 2005 as Docket Entry # 60); nonetheless, Plaintiff waited *almost three months* to request preliminary injunctive relief.

- In or about November 2005, Google Earth was allegedly ranked in the "Top 10 FREE Downloads" as reported by the *Even Standard* (Pltf.'s Motion at p. 5); yet, Plaintiff waited nearly *another two months* to file its request for injunctive relief.

In sum, Plaintiff has known nearly all of the "facts" supporting its present Motion for months, and the great majority of them since October 27, 2004 – fourteen months ago. Plaintiff's failure to cite any changed circumstances that justify its belated request for preliminary injunctive relief requires that its motion be denied out of hand. *See, e.g. Read Corp.*, 26 F. Supp. 2d at 207 n.3 ("unexcused delay may rebut the presumption of irreparable harm").

Instead, Plaintiff expresses dissatisfaction with the progress of the case (Pltf.'s Motion at p. 5), but such dissatisfaction cannot justify its seeking preliminary injunctive relief after so long

a delay and after so many repeated failures to act. *See Russell William, Ltd. v. ABC Display and Supply, Inc.*, 11 U.S.P.Q.2d (BNA) 1812, 1813 (E.D.N.Y. 1989) (stating that "[a] plaintiff's dissatisfaction with the progress of a case . . . certainly is not the type of reason contemplated as an excusable delay" to justify bringing a motion for preliminary injunction 13 months after instituting the action).

Plaintiff's tale reveals too much: at best it knew of the alleged injury it was suffering *and failed to act*, belying its injury claims, or at worst, its current cries of irreparable injury are subterfuge for another agenda. In either case, Plaintiff's Motion is groundless, and the Court and Defendants should not be forced to waste their time and resources responding to it. Defendants, therefore, respectfully request that the Court exercise its discretion and take Plaintiff's belated motion for preliminary injunction off calendar. *See Leichter*, 160 F.3d at 35.

**2. Plaintiff's Transparent Attempt to Re-Argue Claim Construction and Circumvent the Court's Scheduling Order Is Improper and Should Be Disregarded**

The above record of Plaintiff's failures to act, as recited by Plaintiff itself, demonstrate that its Motion is a mere pretense for Plaintiff to submit the declaration of Terry Keating, Ph.D., in which he offers his opinions on the construction of disputed patent terms.[4] Such a belated attempt to augment Plaintiff's record on claim construction must be rejected. Claim construction was argued and all briefing was competed as of last May.[5] The record on claim construction is thus long closed, and there is no justification for re-opening that subject with further evidence or argument, particularly when Plaintiff previously elected not to submit any expert declaration either during briefing or at oral argument. Plaintiff's use of the preliminary injunction procedure as a device to supplement the record at this juncture is procedurally improper and bereft of fairness. *See* Fed. R. Civ. P 60(b) (motions for reconsiderations should be based on mistake,

---

[4] *See, e.g.* Declaration of Terry Keating, Ph.D. ¶¶ 11-13, 15-10, and 25.
[5] Briefing was complete upon Defendants' submission of its Surreply Brief Regarding Claim Construction, for which the Court granted leave on May 5th. In July, Defendants apprised the Court of the widely anticipated *en banc* opinion of the Federal Circuit on claim construction in *Phillips v. AWH Corporation*, No. 03-1269 (July 12, 2005).

inadvertence, surprise, excusable neglect, or newly discovered evidence which by due diligence could not have been discovered).

Plaintiff's "new" claim construction evidence in the form of opinions by their paid expert, Dr. Keating, was as available to Plaintiff during the claim construction briefing period as it is currently.  Such evidence is not "newly discovered."  Plaintiff could have obtained a declaration from Dr. Keating or another expert regarding its claim construction positions at that time, but elected not to do so.  Plaintiff is now bound by that decision and should not be allowed a second round of claim construction briefing through use of a preliminary injunction motion.

Plaintiff likewise should not be allowed to use its current Motion, which requires showing a likelihood of success (in addition to irreparable harm), as a vehicle to address the infringement and validity issues that the Court explicitly reserved until after a ruling on claim construction.  Plaintiff already tried three times to convince the Court of its position on this phasing of the case issue;[6] it should not be allowed to flaunt the rules on reconsideration by bringing up this issue yet a fourth time under the guise of seeking a preliminary injunction.  *See* Fed. R. Civ. P 60(b) (request for reconsideration must be brought within one year and be based on mistake, inadvertence, surprise, or excusable neglect).

The manner in which Plaintiff conducted itself in filing the present Motion also demonstrates that it was brought to advance ulterior motives and not in good faith.  Plaintiff made no attempt to comply with the meet and confer requirements of Local Rule 7.1(a)(2) until the day of filing, at which point it only left a voicemail for Defendants' counsel and then filed its Motion without waiting for a response.[7]  Woo Decl. ¶¶ 2-3.  Plaintiff thus has no interest in

---

[6]  Plaintiff first opposed the Court's phasing of the case at the initial scheduling conference in this matter, then moved unsuccessfully against such phasing again as part of its Motion to Compel and Request for Clarification of Scheduling Order filed last February.  *See* February 22, 2005 Electronic Order denying Plaintiff's Motion to Compel and Request for Clarification of Scheduling Order.  In its Opening Claim Construction Brief, Plaintiff made a third attempt to have the Court's phasing reconsidered.  The Court allowed Defendants to file an opposition to the attempted reconsideration motion, and did not revise its phasing of the case.  *See* Defendants' Opposition to Plaintiff's Attempted Motion for Reconsideration (Docket Entry #52); May 19, 2005 Electronic Order Granting Leave to File Opposition.

[7]  Defendant's lead counsel was traveling cross-country by air that day and was unable to call Plaintiff's counsel until the following day.  Woo Decl. ¶ 2.

actually addressing the issues raised by its Motion, as shown also by its subsequent refusal to make its principal declarant, Dr. Keating, available for deposition so that Defendants may sufficiently respond to his charges.  *See* Woo Decl. ¶ 6.

As before, this Court should reject Plaintiff's latest attempt at reconsideration of the Court's order phasing the case, reject Plaintiff's disguised attempt to supplement and re-argue its claim construction positions, and take Plaintiff's Motion for Preliminary Injunction off calendar.

> **B.      In the Alternative, Defendants Should Not Be Required to File Their Brief in Opposition to Plaintiff's Motion for Preliminary Injunction Until Thirty Days After Issuance of a Claim Construction Order**

In the alternative, Defendants respectfully request that they not be required to respond substantively in opposition to Plaintiff's Motion until thirty days after issuance of the Court's claim construction order.  As shown above in Part II.A.1, Plaintiff has already delayed more than fourteen months in requesting the relief, thereby obviating any urgency in issuing the requested injunction.  Waiting until thirty days after the claim construction ruling certainly will not create any prejudice or additional hardship.  In fact, it is the most streamlined, judicially efficient way to resolve the motion for several reasons.

> **1.      A Claim Construction Order Will Streamline and Simplify Legal and Factual Issues Raised by the Motion for Preliminary Injunction**

To rule on a motion for preliminary injunction, a court must determine the proper scope and construction of the disputed claims.  *Hybritech Inc. v. Abbott Labs.*, 849 F.2d 1446, 1455 (Fed. Cir. 1988) (court must determine scope of patent claims as part of a two-part step to assess infringement and, ultimately, likelihood of success on merits).  Only then can the court determine whether the plaintiff has demonstrated a likelihood of success on the merits of its infringement claim.  *Id.*

Here, the parties have already extensively and fully briefed and argued claim construction.  Deferring Defendants' opposition to the Motion until after the Court determines the proper claim construction permits the parties to focus their arguments on the claims as

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO TAKE PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION OFF CALENDAR
CASE NO. 04-11129 DPW

7

construed rather than on an undetermined, moving target. It also reduces the risk that either party will attempt to re-argue their claim constructions. As another result, the parties will not have to argue alternative claim constructions and instead focus on what matters in the case, providing the Court more succinct briefs targeted at the issues that will drive resolution.

Were the Court to allow Plaintiff to proceed with its Motion now, without a ruling on claim construction, it would waste the parties' and the Court's resources. The parties would be forced to re-argue the proper construction of the claims and to explain why (or why not), under each of the proposed constructions, preliminary relief is inappropriate, thereby wasting counsels' time and inundating the Court with redundant and unnecessary argument.

In the event that the Court does not order Plaintiff's Motion off-calendar, Defendants thus request that the Court defer Defendants' opposition to Plaintiff's Motion until thirty days after issuance of a claim construction ruling because it is the most efficient and practical way to handle Plaintiff's Motion.

### 2. In the Event That Plaintiff's Motion Is Not Ordered Off-Calendar and Must Be Addressed, Defendants Should Be Allowed to Depose Dr. Keating

As mentioned above, Plaintiff's Motion is supported principally by Dr. Keating's charges of infringement and validity, yet Plaintiff refused to make him available for deposition. Woo Decl. ¶ 6. In the event that Defendants are required to respond substantively to Plaintiff's Motion, Plaintiff should be ordered to make Dr. Keating available for deposition in the offices of Defendants' lead counsel, or his declaration should be excluded in its entirety.

/ / /
/ / /

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court exercise its discretion to take Plaintiff's Motion for Preliminary Injunction off calendar. In the alternative, Defendants request that the Court defer Defendants' opposition until thirty days after issuance of the claim construction order, and order Plaintiff to make Dr. Keating available for deposition.

Dated: January 9, 2006           Respectfully submitted,


By:     /s/ Darryl M. Woo
        Darryl M. Woo
        **FENWICK & WEST LLP**
        Embarcadero Center West
        275 Battery Street
        San Francisco, CA  94111
        Tel.  (415) 875-2300
        Fax  (415) 281-1350
        email: dwoo@fenwick.com

        Attorneys for Defendants and
        Counterclaimants
        KEYHOLE, INC. and GOOGLE INC.


### Certificate of Service

I hereby certify that, on January 9, 2006, I caused a true and accurate copy of the foregoing document to be served upon all counsel of record for each party by complying with this Court's Administrative Procedures for Electronic Case Filing.

By:     /s/ Darryl M. Woo
        Darryl M. Woo