# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKYLINE SOFTWARE SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> KEYHOLE, INC., and GOOGLE INC. <br><br> Defendants. | CIVIL ACTION NO. 04-11129 DPW |

**ASSENTED TO MOTION TO IMPOUND MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF MICHAEL T. JONES AND DECLARATION OF STEVEN FEINER IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

**REQUEST FOR SPECIAL ACTION – Local Rule 5.1(c)**

Nelson G. Apjohn (BBO No. 020373)
**NUTTER McCLENNEN & FISH LLP**
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 439-2000
Fax: (617) 310-9000

Attorneys for Defendants and
Counterclaimants
KEYHOLE, INC. and GOOGLE INC.

Of Counsel
Darryl M. Woo, admitted *pro hac vice*
**FENWICK & WEST LLP**
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111
Tel. (415) 875-2300
Fax (415) 281-1350

Pursuant to Local Rule 7.2, Defendants Keyhole, Inc. and Google Inc. hereby move this Court for leave to file under seal: (1) Defendants' Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Preliminary Injunction; (2) the Declaration of Michael T. Jones in Opposition to Plaintiff's Motion for Preliminary Injunction; and (3) the Declaration of Steven Feiner in Opposition to Plaintiff's Motion for Preliminary Injunction (collectively, the "Submission"). Defendants will electronically file redacted copies of the Submission. Further the parties have agreed to restrictions on access to and use and disclosure of unredacted copies of the Submission which Defendants will serve on Plaintiff's outside attorneys; Defendants request the Court's order include such restrictions. Plaintiff has assented to this Motion, including the restrictions on access to and use and disclosure of the Submission. A proposed form of order is attached hereto as Exhibit A.

Due to the February 3, 2006 deadline for Defendants to file their opposition to Plaintiff's Motion for Preliminary Injunction and any supporting papers, Defendants request expedited treatment of this motion so that Defendants may file the Submission by February 3, 2006 under the protection of Local Rule 7.2.

As grounds for this Motion, Defendants state that the Submission is replete with confidential and trade secret information. Plaintiff has requested the Court issue a preliminary injunction against Defendants. To meet Plaintiff's allegations, Defendants must describe the way their products operate (and/or the way in which they do not operate), which information is Defendants' confidential and trade secret information. (*See* Declaration of Michael T. Jones ¶ 2.) Specifically, Defendants' Submission reveals highly-sensitive information about the way in which the Google Earth products facilitate delivery of satellite and 3D images of the Earth to users via the Internet. (*See* Jones Decl. ¶ 2.) Defendants consider this technology to be its trade secret, protect it from disclosure to the public and competitors, and wish to keep it confidential. (Jones Decl. ¶ 2.)

Further, a court order impounding the Submission and delineating restrictions on access to and use and disclosure of the Submission and the information contained therein is necessary,

as the parties are still in the process of meeting and conferring regarding a stipulated protective order. (*See* Declaration of Saundra L. M. Riley ¶¶ 4-5.) Thus, the parties agreed to certain restrictions that will protect the confidential and trade secret nature of the Submission and the information contained therein while still allowing Plaintiff's outside attorneys and expert access to such information as follows:

      (1)    The Submission shall only be provided to Plaintiff's outside attorneys (and persons working solely in secretarial, clerical, graphical and paralegal capacities who are assisting those attorneys) and to Terry Keating, Ph.D. ("Dr. Keating"), who submitted a declaration in support of Skyline's motion as a technical expert;

      (2)    Plaintiff's outside attorneys will take all necessary steps to ensure the Submission and the information contained therein is not publicly disclosed through filing of any further documents in support of its Motion for Preliminary Injunction, including by obtaining permission from the Court to file such documents under seal;

      (3)    The Submission and the information contained in the Submission shall only be used for purposes of the above-captioned action, and not for any business, litigation, patent prosecution, competitive or governmental purpose or function, and shall not be disclosed by any of the above identified recipients to anyone besides (a) the Court and its personnel, (b) Plaintiff's outside attorneys of record in this Action (and persons working solely in secretarial, clerical, graphical and paralegal capacities who are assisting those attorneys), or (c) Dr. Keating; and

      (4)    Neither Plaintiff's outside attorneys who receive access to the Submission nor Dr. Keating shall prosecute, supervise, or assist in any way in the prosecution of any patent application on behalf of Skyline, or any of its affiliates, including without limitation any continuation, continuation-in-part, divisional, renewal, substitute or conventional application, whether or not claiming priority from any patent asserted in this litigation, and any foreign counterparts, during the pendency of this case and for one year after the conclusion of this litigation.

(Riley Decl. ¶ 5.)

The Submission should be impounded in a sealed envelope, with a copy of the court order attached. Because the Submission involves proprietary technology and public disclosure would seriously injure Defendants, the Submission should remain impounded unless and until the Court orders otherwise. Further, upon resolution of this matter, unless the Court has previously ordered otherwise, the Submission should be returned to Defendants.

Further, Defendants intend to electronically file with the Court redacted copies of the Submission.

Plaintiff has assented to this Motion. (*See* Riley Decl. ¶ 6.)

WHEREFORE, Defendants respectfully request that this Court impound Defendants' Submission, until further order of the Court, and issue an order with the above-identified restrictions regarding access to and use and disclosure of the Submission and information contained therein.

Dated:  February 1, 2006  Respectfully submitted,

By:  \_\_\_\_\_/s/ Darryl M. Woo_____
  Darryl M. Woo
  **FENWICK & WEST LLP**
  Embarcadero Center West
  275 Battery Street
  San Francisco, CA  94111
  Tel.  (415) 875-2300
  Fax  (415) 281-1350
  email: dwoo@fenwick.com

  Attorneys for Defendants and
  Counterclaimants
  KEYHOLE, INC. and GOOGLE INC.

///

///

///

///

///

///

///

///

**CERTIFICATE PURSUANT TO LOCAL RULE 7.1(A)(2)**

Pursuant to Local Rule 7.1(A)(2), counsel for Defendants contacted counsel for Plaintiff on January 31, 2006, at which time Plaintiff's counsel assented to this motion.

Dated: February 1, 2006                   Respectfully submitted,

By:     /s/ Darryl M. Woo
          Darryl M. Woo
          **FENWICK & WEST LLP**
          Embarcadero Center West
          275 Battery Street
          San Francisco, CA  94111
          Tel. (415) 875-2300
          Fax (415) 281-1350
          email: dwoo@fenwick.com

          Attorneys for Defendants and Counterclaimants
          KEYHOLE, INC. and GOOGLE INC.

**Certificate of Service**

I hereby certify that, on February 1, 2006, I caused a true and accurate copy of the foregoing document to be served upon all counsel of record for each party by complying with this Court's Administrative Procedures for Electronic Case Filing.

By:     /s/ Darryl M. Woo
          Darryl M. Woo