# *EXHIBIT A*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKYLINE SOFTWARE SYSTEMS, INC.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>KEYHOLE, INC., and<br>GOOGLE INC.<br><br>　　　　　Defendants. | CIVIL ACTION NO. 04-11129 DPW |

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO IMPOUND**

Based on the Defendants' Motion to Impound Memorandum of Points and Authorities, Declaration of Michael T. Jones and Declaration of Steven Feiner in Opposition to Plaintiff's Motion for a Preliminary Injunction, and the supporting documents submitted therewith, the Court finds that good cause has been shown for impounding the following documents (collectively, the "Submission"):

　　　(1)　Defendants' Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for a Preliminary Injunction;

　　　(2)　Declaration of Michael T. Jones in Opposition to Plaintiff's Motion for a Preliminary Injunction; and

　　　(3)　Declaration of Steven Feiner in Opposition to Plaintiff's Motion for a Preliminary Injunction.

　　　Pursuant to Local Rule 7.2, the Court **HEREBY ORDERS** that the Clerk of the Court impound these documents upon their filing and to maintain the Submission impounded unless

and until this Court issues otherwise.  Upon resolution of the above-captioned matter, the Submission shall be returned to Defendants' custody.  Defendants are to electronically file with the Court redacted copies of the Submission.

The Court **FURTHER ORDERS** that Defendants serve Plaintiff (through counsel) with unredacted copies of the Submission, subject to the following obligations and provisions for treatment of those documents:

(1)    The Submission shall only be provided to Plaintiff's outside attorneys (and persons working solely in secretarial, clerical, graphical and paralegal capacities who are assisting those attorneys) and to Terry Keating, Ph.D. ("Dr. Keating");

(2)    Plaintiff's outside attorneys will take all necessary steps to ensure the Submission and the information contained therein is not publicly disclosed through filing of any further documents in support of its Motion for Preliminary Injunction, including by obtaining permission from the Court to file such documents under seal;

(3)    The Submission and the information contained in the Submission shall only be used for purposes of the above-captioned action, and not for any business, litigation, patent prosecution, competitive or governmental purpose or function, and shall not be disclosed by any of the above identified recipients to anyone besides (a) the Court and its personnel, (b) Plaintiff's outside attorneys of record in this Action (and persons working solely in secretarial, clerical, graphical and paralegal capacities who are assisting those attorneys), or (c) Dr. Keating;

(4)    Plaintiff's outside attorneys who receive access to the Submission, and Dr. Keating shall not prosecute, supervise, or assist in any way in the prosecution of any patent application on behalf of Skyline, or any of its affiliates, including without limitation any continuation, continuation-in-part, divisional, renewal, substitute or conventional application,

///

///

whether or not claiming priority from any patent asserted in this litigation, and any foreign counterparts, during the pendency of this case and for one year after the conclusion of this litigation.

**IT IS SO ORDERED.**

Dated: _____, 2006

By: _____
The Honorable Douglas P. Woodlock
United States District Judge