```
 1                UNITED STATES DISTRICT COURT
 2                  DISTRICT OF MASSACHUSETTS
 3    * * * * * * * * * * * * * * * *
                                     *
 4    SKYLINE SOFTWARE SYSTEMS, INC. *
              Plaintiff              *
 5                                   *
         VERSUS                      *    CA-04-11129-DPW
 6                                   *
      KEYHOLE CORPORATION            *
 7       GOOGLE, INC.                *
              Defendants             *
 8    * * * * * * * * * * * * * * * *
 9         BEFORE THE HONORABLE DOUGLAS P. WOODLOCK
10             UNITED STATES DISTRICT COURT JUDGE
11                 HEARING - DECEMBER 20, 2004
12    APPEARANCES:
13    H. JOSEPH HAMELINE, ESQ. AND JOHN LAPLANTE, ESQ.,
      Mintz, Levin, Cohn, Glovsky & Popeo, PC, One Financial
14    Center, Boston, Massachusetts 02111, on behalf
      of the Plaintiff
15
      DARRYL M. WOO, ESQ., Fenwick & West, LLP, Silicon
16    Valley Center, 801 California Street, Mountain View,
      California 94041-2008, on behalf of the Defendants,
17    Keyhole Corporation and Google, Inc.
18    NELSON G. APJOHN, ESQ., Nutter, McClennen & Fish, LLP,
      World Trade Center West, 155 Seaport Boulevard,
19    Boston, Massachusetts 02210-1699, on behalf of
      the Defendant, Keyhole Corporation
20
                           Courtroom No. #1 - 3rd Floor
21                         1 Courthouse Way
                           Boston, Massachusetts 02210
22                         3:15 P.M. - 3:40 P.M.
23       Pamela R. Owens - Official Court Reporter
            John Joseph Moakley District Courthouse
24              1 Courthouse Way - Suite 3200
                 Boston, Massachusetts  02210
25      Method of Reporting:  Computer-Aided Transcription
```

DECEMBER 20, 2004>

Page 2

1    CA-04-11129-DPW
2    DECEMBER 20, 2004
3    THE CLERK: Would counsel please identify
4    themselves for the record?
5    MR. WOO: Good afternoon, Your Honor. Darryl
6    Woo of Fenwick & West for Defendant, Keyhole, Inc. With
7    me is Nelson Apjohn.
8    MR. APJOHN: Good afternoon, Your Honor.
9    MR. HAMELINE: Joseph Hameline of the law firm
10   of Mintz, Levin. With me is John LaPlante, also of the
11   firm of Mintz, Levin. And we represent the plaintiff in
12   this action, Skyline Software.
13   THE COURT: I'm a bit perplexed, I guess, Mr.
14   Woo, about what role Google is playing here. It wants
15   to be a party in the Northern District of California,
16   but it doesn't want to be a party here?
17   MR. WOO: That's correct, Your Honor. The
18   sequence of events was this: Skyline sent on November
19   16th a letter to Google accusing them of infringement.
20   And two days later, we filed an action for declaratory
21   relief out there in California.
22   THE COURT: Right.
23   MR. WOO: It wasn't until December 6th that
24   Skyline sought to add Google to the action here.
25   THE COURT: Well, but the briefing that you've

Page 3

1    given me suggests that Google doesn't belong here for
2    subject matter purposes or personal jurisdiction if
3    that's one of the issues. I misstated it. That we'd be
4    piercing a corporate veil to get Google here.
5    MR. WOO: It seems that that's what they're --
6    THE COURT: Then why did you sue out there?
7    Do you mean you don't have the authority to raise the
8    issue?
9    MR. WOO: We didn't sue out here, Your Honor.
10   THE COURT: Out there.
11   MR. WOO: Pardon me?
12   THE COURT: Out there is California.
13   MR. WOO: Out there, yes. We sued in
14   California because they were accusing us there of
15   directly infringing. But here it looked like the
16   complaint is based on the acquisition of Keyhole as
17   opposed to --
18   THE COURT: There's no question, is there,
19   that there is a dispute about infringement by Google
20   now, right?
21   MR. WOO: They are accusing Google of
22   infringement.
23   THE COURT: And you presumably filed in good
24   faith a declaratory judgment action in California?
25   MR. WOO: That's correct.

Page 4

1    THE COURT: That you have a judicial issue
2    that you can present on behalf of Google, right?
3    MR. WOO: That's correct.
4    THE COURT: So, now the question really is
5    where we do this.
6    MR. WOO: Right.
7    THE COURT: Now, as I understand it -- you'll
8    correct me if I'm wrong -- the critical mass for
9    purposes of Skyline is here in Massachusetts if there's
10   any place?
11   MR. WOO: Well, for Skyline, they have really
12   one witness.
13   THE COURT: Where are their operations?
14   MR. WOO: Well, they have an office in Woburn,
15   but they are a Delaware corporation.
16   THE COURT: Where are their basic operations?
17   MR. WOO: Basic operations -- well, according
18   to their filing with the Commonwealth, their principal
19   place of business is Chantilly, Virginia.
20   THE COURT: That's where one of their officers
21   -- or one or two of their officers are.
22   MR. WOO: Well, that's where they hold
23   themselves out as having their place of business. I
24   mean, they could have amended at some point to reflect a
25   different place, but they're telling the world that they

Page 5

1    are located in Virginia.
2    THE COURT: What do you understand they're
3    doing in Chantilly?
4    MR. WOO: That I don't know, Your Honor.
5    Their CEO -- I believe Mr. Collins -- is there.
6    MR. APJOHN: Correct.
7    MR. WOO: And besides, the focus of a patent
8    case is -- as the law of this district, the 1st Circuit
9    holds, is that it's focused on the alleged acts of the
10   infringer, the development, the operation, the design of
11   the accused product. All the witnesses for that are out
12   in California. We have identified eight of such
13   witnesses, two of whom are ex-employees that are no
14   longer within our control. We wouldn't be able to bring
15   them to trial -- to force them to trial here. There's
16   also a very significant --
17   THE COURT: Would you be able to bring them
18   out there?
19   MR. WOO: Pardon me?
20   THE COURT: Would you be able to bring them to
21   trial out there?
22   MR. WOO: Yes, we could. They live within the
23   Northern District and that's where we're seeking to
24   transfer the case. They would be subjected to the
25   subpoena power of the court there. There's also a

Page 6

1  significant invalidity case here, Your Honor. At the
2  core of the Skyline patent, their claimed innovation is
3  that while they render a picture of the earth, you start
4  with low resolution, blurry pictures, and you end up
5  with a higher resolution picture that's a sharper image
6  of whatever you want in terms of your desired clarity.
7  And to anyone who has used a camera or binoculars, that
8  concept isn't a new one and, in fact, that's been
9  applied to computers out in California since the early
10 '90s. And that's also where all the prior art is
11 located in terms of witnesses as well. Again, that's a
12 situation where we can't bring them to the District of
13 Massachusetts except through videotaped testimony. And
14 because we have the burden of proof by clear and
15 convincing evidence, we really prefer to be able to
16 bring them live to testify about how that came out in
17 the early '90s because of the burden of proof. It also
18 turns out that some of these prior art witnesses are
19 competitors as well and they're like to be resistant to
20 discovery efforts. It seems to me that --
21     THE COURT: I don't understand that. I mean,
22 you take discovery wherever you can take discovery. The
23 real issue is whether or not you have to use videotape
24 depositions for purposes of trial. That's the only
25 issue.

Page 7

1     MR. WOO: Well, that is a big issue. But
2  sometimes during the course of a technical person's
3  deposition of a competitor, there will be discovery
4  issues that arise. And because of the time zone
5  difference, it would be harder to get the Magistrate on
6  the line, for example, to resolve a dispute in real
7  time. But that's the only reason. Other than that,
8  you're absolutely right, Your Honor. That doesn't make
9  that much of a difference. But being able to bring them
10 to trial, testify live when your burden of proof is
11 clear and convincing evidence, we think is a significant
12 issue.
13    THE COURT: So everytime a defendant raises
14 invalidity, it has a significant issue sufficient to
15 overcome the first filing presumption?
16    MR. WOO: Not everytime, Your Honor, not
17 everytime.
18    THE COURT: Well, how is this different from
19 any other kind?
20    MR. WOO: Because it turns out that the prior
21 art witnesses are in California as opposed to some other
22 jurisdiction. We have not identified -- been able to
23 find any here. Also, we haven't been able to find any
24 -- for that matter, any significant business partners of
25 Skyline that are here in Massachusetts. Their major

Page 8

1  business connections are with Oracle Corporation and
2  Intel, both headquartered in the Northern --
3     THE COURT: Well, you say that. They say
4  they aren't really doing anything that affects this
5  particular case with either Oracle or Intel.
6     MR. WOO: Well, I guess that remains to be
7  seen through discovery. But the only point we're making
8  is that since they do business in California, it's not
9  unreasonable for them to --
10    THE COURT: And you do business in
11 Massachusetts.
12    MR. WOO: We have two or three customers here,
13 not a lot. And, again, all the development which is at
14 the heart of the case is all done in California. All
15 their engineers are there. Again, the fact that the
16 company was acquired by Google, there's no question that
17 Google is more substantial in terms of a financial
18 entity, but we're still talking about the same core
19 group of engineers who have knowledge of this particular
20 product and their development. The design team is still
21 very small.
22    THE COURT: All right. Mr. Hameline, --
23    MR. HAMELINE: Yes, Your Honor.
24    THE COURT: -- who do you have here that is
25 going to be a significant witness or a series of

Page 9

1  significant witnesses?
2     MR. HAMELINE: I put them in Mr. Urome's (ph.)
3  affidavit.
4     THE COURT: Right.
5     MR. HAMELINE: It's clearly Mr. Urome. It's
6  Urome. It is the CFO who is here. I think they are
7  going to be the three primary witnesses who are --
8     THE COURT: How does the CFO get into this?
9  If we're talking about the technicalities of a patent
10 infringement, the inventors are in Israel, right?
11    MR. HAMELINE: One of the inventors is. The
12 primary inventor and President is here in Massachusetts.
13 He's in Woburn.
14    THE COURT: And the co-inventor is in Israel?
15    MR. HAMELINE: The co-inventor is in Israel,
16 correct. And the development teams are both here and in
17 Israel.
18    So, to get back to your question of the
19 financial issues, the financial issue -- I mean, there
20 clearly are technical issues in terms of infringement
21 and invalidity.
22    THE COURT: Let's address the question for the
23 moment of where the development that's going to go in
24 dispute took place. What's in dispute is what Keyhole
25 did, right? They say there is a substantial invalidity

Page 10

1   case. I don't know. But in any event, they say that
2   that invalidity case is going to be affected by prior
3   art that is located and developed in California. So,
4   what do you have to say to that?
5       MR. HAMELINE: Well, two points: One is they
6   have named some certain invalidity witnesses. They call
7   them validity witnesses who happen to be inventors who
8   invented in the general field. I frankly doubt that any
9   of those inventors are going to have truly relevant --
10  maybe one is going to have truly relevant information
11  about these patents. The flip side of arguing an
12  invalidity case is the validity case --
13      THE COURT: Right.
14      MR. HAMELINE: -- the testimony of the
15  inventors. The testimony of the technology group for
16  Skyline is clearly equally, if not more important, I'd
17  assume that in the course of the invalidity issues that
18  are being raised by people at Google, that they're going
19  to raise other issues and clearly they're focused on the
20  ones that they can focus on in California. I mean, this
21  is a technology that I see that they're going really to
22  invalidity. They're going to go out and try to comb the
23  libraries and try to find something. I don't know what
24  they're going to come up with. It certainly got through
25  the Patent Office fairly cleanly in terms of prior art.

Page 11

1   So, I can't comment on whether they're going to come up
2   with more than the one patent that I think they're
3   really looking at. The inventor there is in California.
4   Soon they're going to want others. But for validity
5   purposes, clearly an equal weight is in Massachusetts in
6   terms of when the invention was sought or was made and
7   what those steps were or what the invention is, et
8   cetera. I think that's an equal balancing issue.
9       THE COURT: Well, I'm going to deny the motion
10  to change venue here.
11      As to the motion to amend the complaint, there
12  is a dispute, I guess, with Google. I'm not sure that
13  the complaint in its present form is the way to raise
14  that properly. It does sound like, smell like piercing
15  the corporate veil. And what you're really talking
16  about is ongoing infringement by Google, aren't you?
17  Isn't that what you're talking about?
18      MR. WOO: Absolutely, Your Honor. I think
19  we've pretty clearly alleged that. I don't think
20  there's any question about paragraph -- let me make sure
21  I have the --
22      THE COURT: Well, let me put it this way: I'm
23  going to give you ten days to file an amended complaint.
24  I'm going to permit Google to be brought into this
25  action in this jurisdiction. They have, of course,

Page 12

1   filed
2   their own declaratory judgment action which seems to me
3   to be about an admission as to their interest in the
4   litigation of this matter.
5       MR. WOO: As to Google's alleged direct
6   liability, Your Honor, their action is the first filed
7   action. So the action here against them should be
8   subject to dismissal based on --
9       THE COURT: I don't think so.
10      MR. WOO: Very well, Your Honor.
11      THE COURT: So they're going to be here
12  in this case. And this case is not going to get
13  transferred to the Northern District of
14  California.
15      MR. WOO: Very well, Your Honor.
16      THE COURT: So you can -- if you're happy to
17  go with that one, you can go with that one. I don't
18  want a lot of motion practice on this or I will find it
19  tedious after a very short time.
20      MR. HAMELINE: I understand. Paragraph (10),
21  let me just read it to you. I'm not --
22      THE COURT: If you're satisfied with it,
23  that's fine.
24      MR. HAMELINE: I will take a look at it.
25      THE COURT: But what I'm saying is that you

Page 13

1   will file no later than January 7th the amended
2   complaint that you want to proceed with. I am saying
3   that you will be permitted to bring or go into this
4   action here.
5       Now, the question of scheduling and so on,
6   can you work it out yourselves or am I going to have to
7   get deeply involved in this?
8       MR. WOO: We have really tried to do that,
9   Your Honor. We have a fundamental difference of opinion
10  on the ordering, not so much the dates, but the
11  ordering. Now we proposed phased discovery so as to try
12  to minimize the cost to both parties.
13      We propose, for example, that the first part
14  -- the first phase of discovery be limited to claim
15  construction issues -- that is, deposing the inventors.
16  There are only two of them. We could probably do that
17  -- have them done here in Massachusetts done in January.
18  We could -- well, actually, what we need before then is
19  their infringement contentions so we know what we're
20  talking about, then depose the inventors, and we'd be
21  ready to brief claim construction in March.
22      THE COURT: I'm sorry. Did you have a
23  proposal, a written proposal with respect to this?
24      MR. WOO: We did. It's in the joint
25  scheduling conference statement that was filed.

Page 14

1  MR. HAMELINE: Do you want that letter, Your
2  Honor?
3  THE COURT: I haven't pulled it out. I should
4  have.
5  MR. HAMELINE: It's pages three and four.
6  THE COURT: Maybe if you could pass it up. I
7  have it in the back of my mind. I've seen it, but I
8  can't put my hands on it right away.
9  MR. WOO: I think I have an extra copy here
10 somewhere.
11 THE COURT: All right. I promise to give it
12 back if it's your only copy.
13 MR. HAMELINE: I've got one here, Your Honor.
14 THE COURT: I think Ms. Rynne is going to be
15 back in a moment.
16 MR. HAMELINE: I put one with yellow
17 highlighting on it. I was talking with you on the
18 phone.
19 MR. WOO: That's fine.
20 NOTE: [Document passed to Court]
21 THE COURT: Well, I think I'm going to adopt
22 the defendant's -- at least initial -- phase of this
23 discovery. That means that the filings with respect
24 to claim construction issues and proposed claim
25 constructions will be made on March 4th; that the

Page 15

1  plaintiff's opening claim construction brief will be
2  also on March 4th; responsive claim construction brief
3  by Keyhole on March 25th; and a reply by Skyline on
4  April 8th. And we will try and schedule a claim
5  construction hearing promptly thereafter. And I think
6  I'm going to make that -- I might as well do it now.
7  I'll make it on April 27th.
8  MR. HAMELINE: Your Honor --
9  THE COURT: April 27th at 2:30. I think it is
10 important -- from what little I know about this -- to
11 get this framed promptly. So that's what I will do and
12 then we'll see where we go from there after that.
13 MR. WOO: Very well.
14 MR. HAMELINE: Thank you, Your Honor. I must
15 be hard of hearing. You said 2:30?
16 THE COURT: 2:30. Yes. Let me pass this
17 back.
18 MR. HAMELINE: Thank you, Your Honor.
19 Do you want to schedule the rest of this fact
20 discovery or wait until --
21 THE COURT: I want to wait until I've gotten
22 to the claim construction. I think you should be
23 prepared to have some alternative schedules to talk
24 about at that hearing as well. You'll have a better
25 idea of how much farther we're going to go, if at all,

Page 16

1  on that at that point.
2  MR. HAMELINE: Sure.
3  MR. WOO: Can we have an order that the
4  inventor will do -- the Israeli witness, inventor
5  witness, be deposed in Boston?
6  THE COURT: Is there any reason why he can't
7  be?
8  MR. HAMELINE: I don't know. I assume that
9  that will happen unless there are significant personal
10 issues. I can't imagine there would be.
11 THE COURT: I think it should.
12 MR. HAMELINE: Yes.
13 THE COURT: You got the lawsuit here in
14 Massachusetts, so --
15 MR. HAMELINE: Absolutely.
16 THE COURT: -- I think this is where the --
17 MR. HAMELINE: I don't know whether her baby is
18 being born or some other personal issue. But absent all
19 of that, absolutely.
20 THE COURT: Right. I think -- I'm clearly
21 convinced that the inventor will be deposed here in
22 Massachusetts.
23 MR. WOO: Very well, Your Honor.
24 THE COURT: Okay. Anything else?
25 MR. HAMELINE: One other issue, Your Honor.

Page 17

1  We've been talking about putting a protective order
2  together on that, that we've really gotten to any nub of
3  any issues other than that we're going to do that and
4  try to agree on something. Are there any particular
5  issues that Your Honor has?
6  THE COURT: No. I leave it pretty much up to
7  the parties, particularly on something like this, to
8  work it out, assuming that it's reasonable. I have no
9  fixed rules about reasonableness in this context. Okay.
10 All right.
11 MR. WOO: Very well, Your Honor.
12 THE COURT: Thank you very much.
13 MR. HAMELINE: Thank you very much, Your
14 Honor.
15 RECESSED AT 3:40 P.M.
16
17 C E R T I F I C A T E
18 I, PAMELA R. OWENS, Official Court Reporter,
19 U. S. District Court, do hereby certify that the
20 foregoing is a true and correct transcription of the
21 proceedings taken down by me in machine shorthand and
22 transcribed by same.
23
24
25

**A**
able 5:14,17,20 6:15 7:9,22,23
absent 16:18
absolutely 7:8 11:18 16:15,19
accused 5:11
accusing 2:19 3:14,21
acquired 8:16
acquisition 3:16
action 2:12,20,24 3:24 11:25 12:2,6,7,7 13:4
acts 5:9
add 2:24
address 9:22
admission 12:3
adopt 14:21
affidavit 9:3
afternoon 2:5,8
agree 17:4
alleged 5:9 11:19 12:5
alternative 15:23
amend 11:11
amended 4:24 11:23 13:1
Apjohn 1:18 2:7,8 5:6
APPEARANCES 1:12
applied 6:9
April 15:4,7,9
arguing 10:11
art 6:10,18 7:21 10:3 10:25
assume 10:17 16:8
assuming 17:8
authority 3:7

**B**
baby 16:17
back 9:18 14:7,12,15 15:17
balancing 11:8
based 3:16 12:8
basic 4:16,17
behalf 1:14,16,19 4:2
believe 5:5
belong 3:1
better 15:24
big 7:1
binoculars 6:7
bit 2:13
blurry 6:4
born 16:18
Boston 1:14,19,21,24 16:5
Boulevard 1:18
brief 13:21 15:1,2
briefing 2:25
bring 5:14,17,20 6:12

6:16 7:9 13:3
brought 11:24
burden 6:14,17 7:10
business 4:19,23 7:24 8:1,8,10

**C**
C 17:17,17
California 1:16,16 2:15 2:21 3:12,14,24 5:12 6:9 7:21 8:8,14 10:3 10:20 11:3 12:14
call 10:6
camera 6:7
case 5:8,24 6:1 8:5,14 10:1,2,12,12 12:12,12
CA-04-11129-DPW 1:5 2:1
Center 1:14,18
Center,801 1:16
CEO 5:5
certain 10:6
certainly 10:24
certify 17:19
cetera 11:8
CFO 9:6,8
change 11:10
Chantilly 4:19 5:3
Circuit 5:8
claim 13:14,21 14:24 14:24 15:1,2,4,22
claimed 6:2
clarity 6:6
cleanly 10:25
clear 6:14 7:11
clearly 9:5,20 10:16,19 11:5,19 16:20
CLERK 2:3
Cohn 1:13
Collins 5:5
comb 10:22
come 10:24 11:1
comment 11:1
Commonwealth 4:18
company 8:16
competitor 7:3
competitors 6:19
complaint 3:16 11:11 11:13,23 13:2
computers 6:9
Computer-Aided 1:25
concept 6:8
conference 13:25
connections 8:1
construction 13:15,21 14:24 15:1,2,5,22
constructions 14:25
contentions 13:19

context 17:9
control 5:14
convinced 16:21
convincing 6:15 7:11
copy 14:9,12
core 6:2 8:18
corporate 3:4 11:15
corporation 1:6,17,19 4:15 8:1
correct 2:17 3:25 4:3,8 5:6 9:16 17:20
cost 13:12
counsel 2:3
course 7:2 10:17 11:25
court 1:1,10,23 2:13,22 2:25 3:6,10,12,18,23 4:1,4,7,13,16,20 5:2 5:17,20,25 6:21 7:13 7:18 8:3,10,22,24 9:4 9:8,14,22 10:13 11:9 11:22 12:9,11,16,22 12:25 13:22 14:3,6,11 14:14,20,21 15:9,16 15:21 16:6,11,13,16 16:20,24 17:6,12,18 17:19
Courthouse 1:21,23,24
Courtroom 1:20
co-inventor 9:14,15
critical 4:8
customers 8:12

**D**
Darryl 1:15 2:5
dates 13:10
days 2:20 11:23
December 1:11 2:2,23
declaratory 2:20 3:24 12:2
deeply 13:7
defendant 1:19 2:6 7:13
Defendants 1:7,16
defendant's 14:22
Delaware 4:15
deny 11:9
depose 13:20
deposed 16:5,21
deposing 13:15
deposition 7:3
depositions 6:24
design 5:10 8:20
desired 6:6
developed 10:3
development 5:10 8:13 8:20 9:16,23
difference 7:5,9 13:9
different 4:25 7:18

direct 12:5
directly 3:15
discovery 6:20,22,22 7:3 8:7 13:11,14 14:23 15:20
dismissal 12:8
dispute 3:19 7:6 9:24 9:24 11:12
district 1:1,2,10,23 2:15 5:8,23 6:12 12:13 17:19
Document 14:20
doing 5:3 8:4
doubt 10:8
DOUGLAS 1:9

**E**
E 17:17,17
early 6:9,17
earth 6:3
efforts 6:20
eight 5:12
either 8:5
engineers 8:15,19
entity 8:18
equal 11:5,8
equally 10:16
ESQ 1:13,13,15,18
et 11:7
event 10:1
events 2:18
everytime 7:13,16,17
evidence 6:15 7:11
example 7:6 13:13
extra 14:9
ex-employees 5:13

**F**
F 17:17
fact 6:8 8:15 15:19
fairly 10:25
faith 3:24
farther 15:25
Fenwick 1:15 2:6
field 10:8
file 11:23 13:1
filed 2:20 3:23 12:1,6 13:25
filing 4:18 7:15
filings 14:23
financial 1:13 8:17 9:19,19
find 7:23,23 10:23 12:18
fine 12:23 14:19
firm 2:9,11
first 7:15 12:6 13:13,14
Fish 1:18

fixed 17:9
flip 10:11
Floor 1:20
focus 5:7 10:20
focused 5:9 10:19
force 5:15
foregoing 17:20
form 11:13
four 14:5
framed 15:11
frankly 10:8
fundamental 13:9

**G**
G 1:18
general 10:8
give 11:23 14:11
given 3:1
Glovsky 1:13
go 9:23 10:22 12:17,17 13:3 15:12,25
going 8:25 9:7,23 10:2 10:9,10,18,21,22,24 11:1,4,9,23,24 12:11 12:12 13:6 14:14,21 15:6,25 17:3
good 2:5,8 3:23
Google 1:7,17 2:14,19 2:24 3:1,4,19,21 4:2 8:16,17 10:18 11:12 11:16,24
Google's 12:5
gotten 15:21 17:2
group 8:19 10:15
guess 2:13 8:6 11:12

**H**
H 1:13
Hameline 1:13 2:9,9 8:22,23 9:2,5,11,15 10:5,14 12:20,24 14:1 14:5,13,16 15:8,14,18 16:2,8,12,15,17,25 17:13
hands 14:8
happen 10:7 16:9
happy 12:16
hard 15:15
harder 7:5
headquartered 8:2
hearing 1:11 15:5,15 15:24
heart 8:14
higher 6:5
highlighting 14:17
hold 4:22
holds 5:9
Honor 2:5,8,17 3:9 5:4

Page 19

6:1 7:8,16 8:23 11:18
  12:6,10,15 13:9 14:2
  14:13 15:8,14,18
  16:23,25 17:5,11,14
HONORABLE 1:9

**I**
idea 15:25
identified 5:12 7:22
identify 2:3
image 6:5
imagine 16:10
important 10:16 15:10
information 10:10
infringement 2:19 3:19
  3:22 9:10,20 11:16
  13:19
infringer 5:10
infringing 3:15
initial 14:22
innovation 6:2
Intel 8:2,5
interest 12:3
invalidity 6:1 7:14 9:21
  9:25 10:2,6,12,17,22
invented 10:8
invention 11:6,7
inventor 9:12 11:3 16:4
  16:4,21
inventors 9:10,11 10:7
  10:9,15 13:15,20
involved 13:7
Israel 9:10,14,15,17
Israeli 16:4
issue 3:8 4:1 6:23,25
  7:1,12,14 9:19 11:8
  16:18,25
issues 3:3 7:4 9:19,20
  10:17,19 13:15 14:24
  16:10 17:3,5

**J**
January 13:1,17
John 1:13,23 2:10
joint 13:24
Joseph 1:13,23 2:9
JUDGE 1:10
judgment 3:24 12:2
judicial 4:1
jurisdiction 3:2 7:22
  11:25

**K**
Keyhole 1:6,17,19 2:6
  3:16 9:24 15:3
kind 7:19
know 5:4 10:1,23 13:19
  15:10 16:8,17

knowledge 8:19

**L**
LaPlante 1:13 2:10
law 2:9 5:8
lawsuit 16:13
leave 17:6
letter 2:19 14:1
Let's 9:22
Levin 1:13 2:10,11
liability 12:6
libraries 10:23
limited 13:14
line 7:6
litigation 12:4
little 15:10
live 5:22 6:16 7:10
LLP 1:15,18
located 5:1 6:11 10:3
longer 5:14
look 12:24
looked 3:15
looking 11:3
lot 8:13 12:18
low 6:4

**M**
M 1:15
machine 17:21
Magistrate 7:5
major 7:25
making 8:7
March 13:21 14:25
  15:2,3
mass 4:8
Massachusetts 1:2,14
  1:19,21,24 4:9 6:13
  7:25 8:11 9:12 11:5
  13:17 16:14,22
matter 3:2 7:24 12:4
McClennen 1:18
mean 3:7 4:24 6:21
  9:19 10:20
means 14:23
Method 1:25
mind 14:7
minimize 13:12
Mintz 1:13 2:10,11
misstated 3:3
Moakley 1:23
moment 9:23 14:15
motion 11:9,11 12:18
Mountain 1:16

**N**
named 10:6
need 13:18
Nelson 1:18 2:7

new 6:8
Northern 2:15 5:23 8:2
  12:13
NOTE 14:20
November 2:18
nub 17:2
Nutter 1:18

**O**
office 4:14 10:25
officers 4:20,21
Official 1:23 17:18
Okay 16:24 17:9
ones 10:20
ongoing 11:16
opening 15:1
operation 5:10
operations 4:13,16,17
opinion 13:9
opposed 3:17 7:21
Oracle 8:1,5
order 16:3 17:1
ordering 13:10,11
overcome 7:15
Owens 1:23 17:18

**P**
P 1:9
pages 14:5
Pamela 1:23 17:18
paragraph 11:20 12:20
Pardon 3:11 5:19
part 13:13
particular 8:5,19 17:4
particularly 17:7
parties 13:12 17:7
partners 7:24
party 2:15,16
pass 14:6 15:16
passed 14:20
patent 5:7 6:2 9:9
  10:25 11:2
patents 10:11
PC 1:13
people 10:18
permit 11:24
permitted 13:3
perplexed 2:13
personal 3:2 16:9,18
person's 7:2
ph 9:2
phase 13:14 14:22
phased 13:11
phone 14:18
picture 6:3,5
pictures 6:4
piercing 3:4 11:14
place 4:10,19,23,25

9:24
plaintiff 1:4,14 2:11
plaintiff's 15:1
playing 2:14
please 2:3
point 4:24 8:7 16:1
points 10:5
Popeo 1:13
power 5:25
practice 12:18
prefer 6:15
prepared 15:23
present 4:2 11:13
President 9:12
presumably 3:23
presumption 7:15
pretty 11:19 17:6
primary 9:7,12
principal 4:18
prior 6:10,18 7:20 10:2
  10:25
probably 13:16
proceed 13:2
proceedings 17:21
product 5:11 8:20
promise 14:11
promptly 15:5,11
proof 6:14,17 7:10
properly 11:14
proposal 13:23,23
propose 13:13
proposed 13:11 14:24
protective 17:1
pulled 14:3
purposes 3:2 4:9 6:24
  11:5
put 9:2 11:22 14:8,16
putting 17:1
P.M 1:22,22 17:15

**Q**
question 3:18 4:4 8:16
  9:18,22 11:20 13:5

**R**
R 1:23 17:17,18
raise 3:7 10:19 11:13
raised 10:18
raises 7:13
read 12:21
ready 13:21
real 6:23 7:6
really 4:4,11 6:15 8:4
  10:21 11:3,15 13:8
  17:2
reason 7:7 16:6
reasonable 17:8
reasonableness 17:9

RECESSED 17:15
record 2:4
reflect 4:24
relevant 10:9,10
relief 2:21
remains 8:6
render 6:3
reply 15:3
Reporter 1:23 17:18
Reporting 1:25
represent 2:11
resistant 6:19
resolution 6:4,5
resolve 7:6
respect 13:23 14:23
responsive 15:2
rest 15:19
right 2:22 3:20 4:2,6
  7:8 8:22 9:4,10,25
  10:13 14:8,11 16:20
  17:10
role 2:14
rules 17:9
Rynne 14:14

**S**
S 17:19
satisfied 12:22
saying 12:25 13:2
schedule 15:4,19
schedules 15:23
scheduling 13:5,25
Seaport 1:18
see 10:21 15:12
seeking 5:23
seen 8:7 14:7
sent 2:18
sequence 2:18
series 8:25
sharper 6:5
short 12:19
shorthand 17:21
side 10:11
significant 5:16 6:1
  7:11,14,24 8:25 9:1
  16:9
Silicon 1:15
situation 6:12
Skyline 1:4 2:12,18,24
  4:9,11 6:2 7:25 10:16
  15:3
small 8:21
smell 11:14
Software 1:4 2:12
Soon 11:4
sorry 13:22
sought 2:24 11:6
sound 11:14

start 6:3
statement 13:25
STATES 1:1,10
steps 11:7
Street 1:16
subject 3:2 12:8
subjected 5:24
subpoena 5:25
substantial 8:17 9:25
sue 3:6,9
sued 3:13
sufficient 7:14
suggests 3:1
Suite 1:24
sure 11:12,20 16:2
SYSTEMS 1:4

**T**
T 17:17,17
take 6:22,22 12:24
taken 17:21
talk 15:23
talking 8:18 9:9 11:15
  11:17 13:20 14:17
  17:1
team 8:20
teams 9:16
technical 7:2 9:20
technicalities 9:9
technology 10:15,21
tedious 12:19
telling 4:25
ten 11:23
terms 6:6,11 8:17 9:20
  10:25 11:6
testify 6:16 7:10
testimony 6:13 10:14
  10:15
Thank 15:14,18 17:12
  17:13
think 7:11 9:6 11:2,8
  11:18,19 12:9 14:9,14
  14:21 15:5,9,22 16:11
  16:16,20
three 8:12 9:7 14:5
time 7:4,7 12:19
Trade 1:18
transcribed 17:22
transcription 1:25
  17:20
transfer 5:24
transferred 12:13
trial 5:15,15,21 6:24
  7:10
tried 13:8
true 17:20
truly 10:9,10
try 10:22,23 13:11 15:4

17:4
turns 6:18 7:20
two 2:20 4:21 5:13 8:12
  10:5 13:16

**U**
U 17:19
understand 4:7 5:2
  6:21 12:20
UNITED 1:1,10
unreasonable 8:9
Urome 9:5,6
Urome's 9:2
use 6:23

**V**
validity 10:7,12 11:4
Valley 1:16
veil 3:4 11:15
venue 11:10
VERSUS 1:5
videotape 6:23
videotaped 6:13
View 1:16
Virginia 4:19 5:1

**W**
wait 15:20,21
want 2:16 6:6 11:4
  12:18 13:2 14:1
  15:19,21
wants 2:14
wasn't 2:23
way 1:21,24 11:13,22
weight 11:5
West 1:15,18 2:6
we'll 15:12
we're 5:23 8:7,18 9:9
  13:19 15:25 17:3
we've 11:19 17:1,2
witness 4:12 8:25 16:4
  16:5
witnesses 5:11,13 6:11
  6:18 7:21 9:1,7 10:6
  10:7
Woburn 4:14 9:13
Woo 1:15 2:5,6,14,17
  2:23 3:5,9,11,13,21
  3:25 4:3,6,11,14,17
  4:22 5:4,7,19,22 7:1
  7:16,20 8:6,12 11:18
  12:5,10,15 13:8,24
  14:9,19 15:13 16:3,23
  17:11
WOODLOCK 1:9
work 13:6 17:8
world 1:18 4:25
wouldn't 5:14

written 13:23
wrong 4:8

**Y**
yellow 14:16

**Z**
zone 7:4

**#**
#1 1:20

**0**
02111 1:14
02210 1:21,24
02210-1699 1:19

**1**
1 1:21,24
1st 5:8
10 12:20
155 1:18
16th 2:19

**2**
2:30 15:9,15,16
20 1:11 2:2
2004 1:11 2:2
25th 15:3
27th 15:7,9

**3**
3rd 1:20
3:15 1:22
3:40 1:22 17:15
3200 1:24

**4**
4th 14:25 15:2

**6**
6th 2:23

**7**
7th 13:1

**8**
8th 15:4

**9**
90s 6:10,17
94041-2008 1:16