# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

SKYLINE SOFTWARE SYSTEMS, INC.,

        Plaintiff,

    v.

KEYHOLE, INC., and
GOOGLE INC.

        Defendants.

CIVIL ACTION NO. 04-11129 DPW

---

**DEFENDANTS' MOTION TO STRIKE PORTIONS OF DOCUMENTS AND EXHIBITS SUBMITTED IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, OR, IN THE ALTERNATIVE, OBJECTIONS TO EVIDENCE**

Nelson G. Apjohn (BBO No. 020373)
**NUTTER McCLENNEN & FISH LLP**
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 439-2000
Fax:  (617) 310-9000

Attorneys for Defendants and
Counterclaimants
KEYHOLE, INC. and GOOGLE INC.

Of Counsel
Darryl M. Woo, admitted *pro hac vice*
**FENWICK & WEST LLP**
Embarcadero Center West
275 Battery Street
San Francisco, CA  94111
Tel.  (415) 875-2300
Fax  (415) 281-1350

## INTRODUCTION

Plaintiff's Motion for Preliminary Injunction, as demonstrated by Plaintiff's improper attempt to augment the claim construction record and the dearth of actual evidence supporting the motion, is but a guise for Plaintiff's fourth attempt to circumvent the Court's scheduling order.  Through its motion and supporting documents, Plaintiff offers new, but belated, expert testimony about claim construction.  It also proffers myriad hearsay, speculation, and other inadmissible evidence about a non-existent conspiracy to squeeze Plaintiff out of the 3D visualization market.

What is truly lacking from Plaintiff's Motion for Preliminary Injunction is competent evidence actually relevant to the analysis of whether such a drastic remedy is appropriate.  Through this Motion, Defendants seek to set straight the evidentiary record on Plaintiff's Motion for Preliminary Injunction.  The Court should strike and disregard Plaintiff's belated expert evidence in support of its claim construction.  Further, the Court should strike and disregard Plaintiff's inadmissible evidence and unauthenticated exhibits.  Finally, the Court should disregard all argument in Plaintiff's brief based on the new claim construction "evidence" or on otherwise inadmissible evidence.  Alternatively, Defendants request that the Court sustain Defendants' objections to the evidence.  A form of proposed order is attached hereto as Exhibit E.

## I.     THE COURT SHOULD STRIKE PLAINTIFF'S NEW, BELATED CLAIM CONSTRUCTION EVIDENCE.

In support of its Motion for Preliminary Injunction, Plaintiff offers the Declaration of Terry Keating, Ph.D., in which Dr. Keating offers newly minted opinions on the construction of disputed patent terms.  (*See, e.g.,* Declaration of Terry Keating, Ph.D. ¶¶ 11, 13, 15, 17, 20, and 25.)  Such a belated attempt to augment Plaintiff's record on claim construction must be rejected.  Claim construction was argued and all briefing was competed last May.[1]  The record on claim

---

[1]     Briefing was complete upon Defendants' submission of its Surreply Brief Regarding Claim Construction, for which the Court granted leave on May 5th.  In July, Defendants apprised the Court of the widely anticipated *en banc* opinion of the Federal Circuit on claim construction in *Phillips v. AWH Corporation*, No. 03-1269 (July 12, 2005).

construction is thus long closed, and there is no justification for re-opening that subject with further evidence or argument, particularly when Plaintiff previously elected not to submit any expert evidence on claim construction, either during briefing or at oral argument. Plaintiff's use of the preliminary injunction procedure as a device to supplement the record at this juncture is procedurally improper and bereft of fairness. *See* Fed. R. Civ. P. 60(b) (motions for reconsideration should be based on mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence which by due diligence could not have been discovered).

Plaintiff's "new" claim construction evidence in the form of opinions by its paid expert, Dr. Keating, was as available to Plaintiff during the claim construction briefing period as it is now. Such evidence is not "newly discovered." Plaintiff could have obtained a declaration from Dr. Keating or another expert regarding its claim construction positions at that time, but elected not to do so. Plaintiff is now bound by that decision and should not be allowed a second round of claim construction briefing through use of a preliminary injunction motion.

The Court should therefore strike the new, belated claim construction contentions and supporting testimony contained in Paragraphs 11, 13, 15-17, 20, and 25 of Dr. Keating's declaration, as further identified in the chart attached as Exhibit A to this Motion.

## II.    THE COURT SHOULD STRIKE PLAINTIFF'S INADMISSIBLE EVIDENCE, WHICH IT HAD AT LEAST 14 MONTHS TO COMPILE.

While a Court *may*, in its discretion, consider otherwise inadmissible evidence in a preliminary injunction context, other factors, such as urgency and indications of the reliability of the evidence, must underlie exercise of that discretion. *See Asseo v. Pan American Grain Co., Inc.*, 805 F.2d 23, 26 (1st Cir. 1986). Before accepting objectionable affidavits and other materials into evidence, a court must consider "whether, weighing all the attendant factors, including the need for expedition, [the] type of evidence [is] appropriate given the character and objectives of the injunction proceeding." *Id.*

For instance, "the urgency that necessitates a prompt determination of the preliminary injunction application may make it more difficult to obtain affidavits from people who are

competent to testify at trial and thus more appropriate to decide a Rule 65(a) request without them." Wright, Miller, & Cane, FEDERAL PRACTICE AND PROCEDURE § 2949 (West 1995); *see also Asseo*, 805 F.2d at 26 (recognizing "expedition" as factor to be considered); *CCBN.com, Inc. v. C-Call.com, Inc.*, 73 F. Supp. 2d 106, 113 (D. Mass. 1999) (same). Additional factors to be considered include the opposing party's opportunity to cross-examine the person making the hearsay statement and whether the objectionable statement would otherwise fall within a hearsay exception. *Asseo*, 805 F.2d at 26; (transcript from ALJ hearing properly received into evidence considering the need for expedition coupled with opponent's multiple opportunities to examine witnesses); *CCBN.com, Inc.*, 73 F. Supp. 2d at 113 (affidavits containing hearsay sufficiently reliable for consideration in expedited hearing where non-moving party had deposed affiants and objectionable statements fell within hearsay "state of mind exception").

Here, "the attendant factors, including the need for expedition," weigh strongly against consideration of Plaintiff's proffered inadmissible evidence. First, the urgency generally underlying a motion for preliminary injunction is completely absent here, where Plaintiff delayed 14 months before bringing this request. (*See* Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction at pp. 10-13.) Second, as described below, the declarations are riddled with statements lacking in personal knowledge, contain or rely on unauthenticated documents, consist of unsupported factual and legal conclusions, and contain improper lay witness and expert opinions but lack any "attendant factors" to indicate they should be admitted. Thus, as described below, the Court should strike portions of the Declarations of Dr. Keating, Aharon Yaron, and H. Joseph Hameline.

## A.    <u>Declaration of Terry Keating, Ph.D.</u>[2]

Portions of Dr. Keating's testimony in Paragraphs 5, 10-13, and 15-27 are inadmissible on the ground that they are speculative and lack foundation as to personal knowledge under Federal Rule of Evidence 602. Dr. Keating attempts to testify as to the operation of the Google

---

[2]    A summary of the specific text referenced in this section, together with the asserted objections, is provided in the chart attached as Exhibit B to this Motion.

Earth products and compare that operation to Plaintiff's product and Plaintiff's patented method; yet, he fails to provide facts sufficient to show how he would have personal knowledge regarding the *internal* operation of the Google Earth products. While he claims to have reviewed a Google Earth product, public documents, and manuals, such documents do not reveal the internal operation of the software. *See* Declaration of Steven Feiner, Ph.D. ¶ 9 ("One cannot deduce whether the Google Earth software operates according to the asserted claims simply by using the software and reading the publicly available information regarding Google Earth.").

Further, this testimony is inadmissible on the ground that it lacks qualification for admission of opinion testimony under Federal Rules of Evidence 701 through 703. In particular, the '189 patent is directed to the internal workings of software, but Plaintiff offers no evidence that Dr. Keating has special knowledge, skill, experience, training, or education sufficient to qualify him as an expert on software or the internal operation of the Google Earth products. "[T]he question of how the internal operation of one program compares with the internal operation of another program is not a mapping and GIS issue, even if the programs are used in mapping and GIS applications. The relevant area of expertise is rather computer science, and specifically computer graphics." *Compare* Feiner Decl. ¶ 9. Because Dr. Keating's alleged expertise lies with mapping and GIS applications, but not computer science and graphics, he is not qualified to opine about the operation of the Google Earth product or the alleged infringement of the '189 patent. *Compare* Feiner Decl. ¶ 9 *with* Keating Decl. ¶¶ 3-4.

**B.    Declaration of Aharon Yaron[3]**

**1.    Mr. Yaron's testimony lacks foundation in personal knowledge.**

Portions of Paragraphs 4-12 and 15-17 are inadmissible on the ground that the testimony is speculative and lacks foundation as to personal knowledge under Federal Rule of Evidence 602. In those paragraphs, Mr. Yaron attempts to testify as to the following:

- In-Q-Tel's or NGA's state of mind;

---

[3]    A summary of the specific text referenced in this section, together with the asserted objections, is provided in the chart attached as Exhibit C to this Motion.

- In-Q-Tel's agreement with Defendant Keyhole and its instructions to Defendants Keyhole pursuant to that agreement;

- The availability of the Google Earth software to users and users' experience with the Google Earth product;

- "Consumer familiarity and market penetration" and its potential impact on Skyline and other vendors;

- Customer behavior, price depression, and market saturation;

- Defendants' motivations for their conduct;

- Google's alleged marketing reach and budget for the Google Earth products (inferred from Google's size);

- Alleged changes in Defendants' positioning of their products;

- The former price and quality of Defendant Keyhole's products (through a non-specific comparison to Plaintiff's products);

- The market in which Defendants allegedly compete, Defendants' marketing plan or investment in such plan, and the price of the Google Earth products;

- Hearsay statements of Plaintiff's contractors or potential customers;

- The internal operation of the Google Earth products; and

- The existence and impact of an alleged exclusive licensing agreement between Defendant Google and DigitalGlobe.

Yet, Mr. Yaron fails to offer facts sufficient to show how he would have personal knowledge of facts on which to base such testimony or to draw such conclusions. For example, with respect to Paragraph 10, Mr. Yaron provides no facts, such as personal involvement in conversations or other situations where the contractor(s) made such statement(s), to show *personal* knowledge of the alleged statements. Also, in Paragraphs 10, 12, 15, and 16, Mr. Yaron attempts to testify that the Google Earth products, essentially, infringe Plaintiff's patent directed to the internal operation of software, but provides no facts to show that he knows how the Google Earth products internally operate, a minimum prerequisite to being able to competently testify regarding alleged infringement of Plaintiff's patented method.[4] *See* Feiner Decl. ¶ 9 ("One cannot deduce whether the Google Earth software operates according to the asserted claims simply by using the software and reading the publicly available information regarding Google Earth.").

---

[4] Of course, there is also no basis for qualifying Mr. Yaron as an expert. See text, *infra*.

Moreover, in Paragraphs 6, 8, 10, and 11, Mr. Yaron attempts to testify based on "information and belief," his "understand[ing]," and conclusions that are "apparent" to him, thereby acknowledging he has no personal knowledge on the matter.  And, in Paragraph 17, Mr. Yaron attempts to testify that Defendants' conduct will cause Plaintiff "irreparable injury," while acknowledging that this is his *belief*, and, thus, not based in personal knowledge.

### 2.    Mr. Yaron's testimony comprises or relies on inadmissible hearsay.

Portions of testimony in Paragraphs 4-6, 10, and 16 are or may constitute inadmissible hearsay.  To the extent Plaintiff claims Mr. Yaron has personal knowledge of the matters addressed in Paragraphs 4-6 because In-Q-Tel or NGA told Mr. Yaron the reason underlying the decision not to invest in Plaintiff or for the "sunset policy," then the testimony is inadmissible under Federal Rule of Evidence 802 as founded on impermissible hearsay offered to prove the truth of the matter asserted.  Further, portions of Paragraphs 10 and 16 offer the out-of-court statements of Plaintiff's contractors and potential customers for the truth of the matter asserted rather than offering any declarations from such third parties.

### 3.    Mr. Yaron's testimony contains inadmissible lay witness and/or purported expert opinion.

Additionally, portions of Paragraphs 7-12 and 15-17 are inadmissible on the ground that they lack qualification for admission of opinion testimony under Federal Rules of Evidence 701 through 703.  They do not satisfy the requirements for lay witness opinion under Federal Rule of Evidence 701.  Further, Plaintiff offers no evidence (1) that Mr. Yaron has special knowledge, skill, experience, training, or education sufficient to qualify him as an expert on the topics he addresses[5] or (2) that such matters are the proper subject of expert testimony under Federal Rule of Evidence 702.

---

[5]    Such topics include the following:  the availability of software to users through the Internet, "consumer familiarity," "market penetration," customer behavior, price depression, market saturation, and the impact of such things on a given market; the price or quality of Defendant Keyhole's product or how they compare to Plaintiff's product; the market in which Defendants compete and the impact of Defendants' conduct therein; Defendants' purpose behind their conduct; marketing reach and budgets with respect to Google; the internal operation of the Google Earth products; and the market for high resolution image data and the impact of exclusive reseller agreements on such market.

### C.    Declaration of Hameline, and Exhibits Thereto[6]

#### 1.    Exhibits to Mr. Hameline's declaration are not properly authenticated based on personal knowledge.

Exhibits 1-6, 8-14, 16-17, and 20-22 lack authentication by a witness with personal knowledge adequate to do so. *See* Fed. R. Evid. 901.  Mr. Hameline fails to state that his declaration is made on personal knowledge or offer a factual foundation sufficient to demonstrate personal knowledge as to the authenticity of any of these documents.  As to the alleged website printouts, Mr. Hameline provides no indication of the source of the documents (such as the address of the webpage), when or how the printouts were made, or who made the printouts.  As to Exhibit 10, he does not indicate who generated the screenshots, how the alleged screenshots were generated, or which Google Earth product was being used when the printouts were created.  As to Exhibits 13 and 14, Mr. Hameline fails to indicate the source from which he obtained the documents.  Without this information, he cannot attest, from personal knowledge, to the authenticity (*i.e.*, that they are "true and accurate copies") of the exhibits.

#### 2.    Exhibits to Mr. Hameline's declaration are improper hearsay offered for the truth of the matters asserted in the documents.

Further, Exhibits 1-2, 4, 6,[7] and 8-9 are inadmissible hearsay under Federal Rule of Evidence 802 because they are out-of-court statements offered for the truth of the matters asserted and fall into no exception to or exclusion from the hearsay rule.  *See, e.g.,* Plaintiff Skyline Software Systems, Inc.'s Memorandum in Support of Motion for Preliminary Injunction at pp. 1 & n.1 (Exs. 1-2); 2 & n.7 (Exs. 4 & 6); 5 (Ex. 8); & 9 (Ex. 9).

#### 3.    Exhibits to Mr. Hameline's declaration are not relevant to the issues before the Court.

Exhibits 10, 13, and 14 are irrelevant and therefore inadmissible under Federal Rule of Evidence 402.  Each of these exhibits shows information available to the user for the

---

[6]    A summary of the specific exhibits (with authentication paragraphs identified) referenced in this section, together with the asserted objections, is provided in the chart attached as Exhibit D to this Motion.

[7]    This document was not "obtained from the www.earth.google.com, but apparently printed from a third-party webpage (according to the document itself and Plaintiff's Motion for Preliminary Injunction at p. 5) located at www.chip.de/downloads/c1_downloads_13015193.html.

manipulation of the Google Earth product; however, neither bears on the internal operation of the Google Earth products or demonstrates how the internal operation of the software purportedly infringes Plaintiff's patented method. *See* Feiner Decl. ¶ 9 ("One cannot deduce whether the Google Earth software operates according to the asserted claims simply by using the software and reading the publicly available information regarding Google Earth."). Thus, the exhibits have no tendency to make the existence of the alleged infringement more or less probable than it would be without the evidence.

> **4.     Exhibits 6 and 12 are additionally flawed and should not be considered.**

Exhibits 6 and 12 have additional flaws which warrant their exclusion from evidence. First, Exhibit 6, which Mr. Hameline describes as "a true and accurate copy of the CHIP Online article (German)," is written in a foreign language. Declaration of H. Joseph Hameline ¶ 10. Plaintiff offers no translation for the document, thereby depriving Defendants the opportunity to respond to the purported substance of the article and preventing the Court and Defendants from evaluating whether the article is inadmissible for some other reason. Further, Exhibit 12, which Mr. Hameline testifies is a "true and accurate copy of the NewsFactor Business Report Article 'Google Buys Digital Mapping Company,'" is incomplete:  the text of the article is cut-off at the right-hand margin. *See* Hameline Decl. ¶ 16.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court strike and disregard the identified evidence offered in support of Plaintiff's Motion for Preliminary Injunction and

/ /

/ /

/ /

/ /

/ /

disregard any argument in Plaintiff's memorandum based on such evidence. Alternatively, Defendants request the Court sustain their objections to such evidence.

Dated: February 3, 2006                    Respectfully submitted,


By: _____/s/ Darryl M. Woo_____
      Darryl M. Woo
      **FENWICK & WEST LLP**
      Embarcadero Center West
      275 Battery Street
      San Francisco, CA 94111
      Tel. (415) 875-2300
      Fax (415) 281-1350
      email: dwoo@fenwick.com

      Attorneys for Defendants and
      Counterclaimants
      KEYHOLE, INC. and GOOGLE INC.


## CERTIFICATE PURSUANT TO LOCAL RULE 7.1(A)(2)

Pursuant to Local Rule 7.1(A)(2), counsel for Defendants left a voice message for counsel for Plaintiffs informing Plaintiff's counsel about this Motion and requesting a return call. On February 3, 2006, counsel for Defendants and Plaintiff met and conferred in good faith but were unable to resolve or narrow the issues.

Dated: February 3, 2006                    Respectfully submitted,


By: _____/s/ Darryl M. Woo_____
      Darryl M. Woo
      **FENWICK & WEST LLP**
      Embarcadero Center West
      275 Battery Street
      San Francisco, CA 94111
      Tel. (415) 875-2300

Fax  (415) 281-1350
email: dwoo@fenwick.com

Attorneys for Defendants and
Counterclaimants
KEYHOLE, INC. and GOOGLE INC.

### Certificate of Service

I hereby certify that, on February 3, 2006, I caused a true and accurate copy of the

foregoing document to be served upon all counsel of record for each party by complying with

this Court's Administrative Procedures for Electronic Case Filing.

By:  _____/s/ Darryl M. Woo_____
        Darryl M. Woo