IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
SKYLINE SOFTWARE SYSTEMS, INC.,     )
        Plaintiff,                  )
                                    )
v.                                  )    CIVIL ACTION NO.  04-11129-DPW
                                    )
KEYHOLE, INC. and GOOGLE, INC.,     )
        Defendants.                 )
_____)

**PLAINTIFF SKYLINE SOFTWARE SYSTEMS, INC.'S
OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

In an attempt to avoid providing a substantive response to the evidence submitted by Plaintiff Skyline Software Solutions, Inc.'s Preliminary Injunction Motion, Defendants Google, Inc. ("Google") and Keyhole Inc. ("Keyhole," collectively with Google, "Defendants") instead submit various criticisms of the documents and testimony submitted in support of Skyline's Motion.  All of Defendants' arguments constitute no more than thinly veiled attempts to further cloud the truth and are easily dismissed.

**A.     Defendants Fail To Articulate Any Grounds Sufficient To Strike The Declaration
        of Dr. Terry Keating.**

        **1.     Dr. Keating Does Not Offer "New" Evidence On Claim Construction.**

Defendants primarily argue, as they did in seeking to postpone indefinitely the Court's ruling on Skyline's Preliminary Injunction Motion, that Skyline offers "new, belated" claim construction evidence in the Declaration of Terry Keating, Skyline's technical expert.  *See* Defendants' Br. at 1.  It is clear from even a cursory reading of Dr. Keating's Declaration that he is not offering new evidence as to claim construction.  Rather, his declaration focuses properly on Defendants' infringement of Skyline's patent.  In so doing, Dr. Keating's infringement analysis incorporates, *as it must*, the parties' various positions on claim construction.  *See, e.g.*,

Keating Decl., ¶¶ 11, 13, 15, 17, 20 & 25. The law is abundantly clear that the infringement inquiry entails a two-step process: "First, the court determines the scope and meaning of the patent claims asserted ... [and second,] the properly construed claims are compared to the allegedly infringing device." *Cybor Corp. v. FAS Techs., Inc.,* 138 F.3d 1448, 1454 (Fed. Cir. 1998) (*en banc*). It is not only proper for Dr. Keating to consider the parties' proposed construction of the claim terms in dispute, but the governing case law requires him to do so. (Had he not, Defendants surely would have moved to strike his testimony for failing to comply with the legal standard for infringement!)

Rather than offer "new" evidence on claim construction, Dr. Keating simply takes into account the claim constructions previously offered by both parties in his analysis of the accused Google Earth products and puts them in the appropriate context. *See, e.g.*, Keating Decl., ¶¶ 7-8, 13, 15-21, 24-26. In supporting Skyline's Preliminary Injunction Motion, Dr. Keating used information found in the public domain -- largely from Google's own website, and analyzes that information as one of ordinary skill in the art at the time of the invention. Dr. Keating properly focuses his statements on the issue presented in Skyline's Preliminary Injunction Motion: whether Skyline can demonstrate a reasonable likelihood of proving that at least one claim of its patent is infringed, and is not invalid. *See, e.g.*, *Hybritech, Inc. v. Abbott Labs.*, 849 F.2d 1446, 1451 (Fed. Cir. 1988). The accused devices (and Defendants public statements about those products) are central to a determination of Skyline's motion, as the Court must compare the claims to the accused products to determine whether Skyline has demonstrated a likelihood of success on the merits of its patent infringement claims. *Cybor Corp.,* 138 F.3d at 1454.

Moreover, the Federal Circuit's recent *en banc* decision, which issued after the *Markman* hearing in this case, provides a *disincentive* to submit an expert declaration on claim construction

2

-- either now or at the time of the parties' briefing of the claim construction issues. In *Phillips v. AWH Corp.*, the Federal Circuit made clear that, in the claim construction context, it views extrinsic evidence, such as expert declarations, as "less reliable than the patent and its prosecution history in determining how to read claim terms[.]" *Id.*, 415 F.3d 1303, 1318 (Fed. Cir. 2005) (*en banc*). The Court reasoned further that expert reports and testimony "generated at the time of and for the purpose of litigation … can suffer from bias not present in intrinsic evidence." *Id.* The *Phillips* decision provides a basis for *discounting* the expert declaration offered by Defendants during the claim construction proceedings, not an incentive for Skyline to submit an expert opinion on claim construction now.

    2.    **Dr. Keating's Declaration Complies With the Federal Rules of Evidence**

        a.    **Dr. Keating Reasonably Relied On Defendants' Own Public Statements About The Infringing Google Earth Products.**

Defendants next argue that the Court should strike portions of Dr. Keating's declaration to the extent that they "lack foundation as to personal knowledge" because Dr. Keating was unable to review any non-public information about the operation of the accused products. Defendants' Br. at 3-4. This argument is particularly deficient as, to date (and even in response to Skyline's Preliminary Injunction Motion), Defendants have refused to produce any non-public evidence in support of their alleged "non-infringement" position. Defendants' argument is contradicted by their *own* failure to rely on or produce any non-public documentary evidence, in Defendants' possession, in support of their own assertions about the operation of the accused products. Notably, in taking seeking to strike Dr. Keating's declaration on this basis, Defendants cast doubt on the veracity and reliability of their *own public representations* about the operation of the Google Earth products, upon which Mr. Keating relied.

In his declaration, Dr. Keating recites various statements that Defendants themselves

3

made regarding the operation and functions of the Google Earth products. *See, e.g.*, Keating Decl., ¶¶ 12, 14-15, 17, 19-26. Notwithstanding Defendants' protestations that its own public statements are unreliable, Federal Rule of Evidence 702 leads to a contrary conclusion. Pursuant to Rule 702, a qualified witness may render opinion testimony if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. *Carifio v. Benetton Sportsystem USA, Inc.,* No. Civ.A. 02-11985-DPW, 2005 WL 1527801 (D. Mass. Jun. 21, 2005). To determine the reliability of the information relied upon by an expert, the underlying information must be trustworthy and not so lacking in probative force and reliability that *no reasonable expert* could base an opinion on them. 4 Jack B. Weinstein and Margaret A. Berger, *Weinstein's Federal Evidence*, § 703-9 (2d ed. 2005). "Consistent with Federal Rule of Evidence 104(a), the proponent of the expert testimony does not have to prove to the judge that the proffered expert testimony is correct, but the proponent must prove by a preponderance of the evidence that the testimony is reliable." *Eaton Corp. v. Parker-Hannifin Corp.*, 292 F.Supp.2d 555, 567 (D. Del. 2003), citing *In re Paoli R.R. Yard PCB Litig.,* 35 F.3d 717, 744 (3d Cir. 1994).

     Here, Dr. Keating states in his declaration that he reviewed Defendants' public documentation, including operation manuals and information contained on Defendants' website, and used the Google Earth product. Keating Decl., ¶¶ 10, 12-26. For so doing, he was able to render the opinions contained in his declaration give his decades of experience in the relevant industry. *Id.*, ¶ 3. Significantly, while Defendants criticize Dr. Keating for failing to consider any non-public, confidential information (which Defendants, of course, have not produced), their own expert, Dr. Steven Feiner, similarly lacks any personal basis upon which to opine that the

4

accused products do not infringe.  Indeed, although Dr. Feiner states in his declaration that "[o]ne cannot deduce whether the Google Earth software [infringes] simply by using the software and reading the publicly available information…," nowhere in his own declaration does he state that he reviewed any non-public information regarding the infringing products.  Instead, Dr. Feiner simply adopts portions of the declaration of Michael Jones, Keyhole's Chief Technology Officer (who also does not produce any non-public documentary evidence in support of his statements as to the operation of the Google Earth products).  *See* Feiner Decl., ¶¶ 11-16, 21.  If the Court strikes portions of Dr. Keating's declaration based on his purported lack of personal knowledge, than at least paragraphs 11-16 and 18 of Dr. Feiner's declaration should be similarly stricken.

      Defendants erroneously argue that Dr. Keating is not qualified to offer his opinion as an expert under Federal Rule of Evidence 702.  Defendants' Br. at 4.  This argument is without merit and is not supported by the Federal Rules of Evidence.  A witness is qualified to testify as an expert if he or she has knowledge, skill, experience, training or education on the subject matter.  Fed. Rule of Evid. 702.  Under Rule 702, the standard for qualifying an expert is liberal.  *Id.*; *In re Paoli R.R. Yard PCB Litig.*, 916 F. 2d 829, 855 (3d Cir. 1990).  "This generosity extends to substantive as well as formal qualifications." *In Re Paoli R.R. Yard PCB Litig.*, 35 F. 3d 717, 741 (3d Cir. 1994).  Here, Dr. Keating has over thirty years of experience in the mapping field, and over fifteen years of experience in the three dimensional mapping, Earth imaging and geographic information systems (GIS) software fields.  *See* Keating Decl., ¶ 3.  This is precisely the area of expertise needed to evaluate the accused products, which provides three-dimensional mapping and Earth imagery to consumers over the Internet.

      Defendants next argue that Dr. Keating lacks personal knowledge under Federal Rule of

5

Evidence 602. Defendants' Br. at 3. This argument completely ignores the fact that, under the Federal Rules of Evidence, Dr. Keating, Skyline's technical expert, need not possess personal knowledge of all of the facts at issue. Rather, Rule 602 is "subject to the provisions of Rule 703, relating to opinion testimony by expert witnesses." Fed. Rule of Evid. 602; *see also* Advisory Committee Notes to Rule 602. Rule 703 provides that an expert can base his or her opinions and inferences on facts or data that the expert perceives, or the expert is informed of at or before the hearing, which *need not* be based on the expert's personal knowledge. Fed. Rule of Evid. 703. Again, Dr. Keating reviewed Defendants' public documentation, including operation manuals and information contained on Defendants' website, and used the Google Earth product. Keating Decl., ¶¶ 10, 12-26. Based on this review, he was able to render the opinions contained in his declaration give his decades of experience in the relevant industry.

The Court should deny Defendants' Motion to Strike portions of Dr. Keating's declaration.

**B.    Defendants Fail To Articulate Any Basis Sufficient To Strike Portions of Mr. Yaron's Declaration.**

Next, Defendants trump up evidentiary criticisms of the Declaration of Mr. Yaron, Skyline's President. Defendants primarily argue that certain statements made in Mr. Yaron's declaration lack personal knowledge and are based on inadmissible hearsay. Defendants' Br. at 4-6. But affidavits and other hearsay materials are routinely accepted in preliminary injunction proceedings. The First Circuit has held that "the dispositive question is not [the statements'] classification as hearsay but whether, weighing all the attendant factors, including the need for expedition, this type of evidence was appropriate given the character and objectives of the injunctive proceeding." *Asseo v. Pan Am. Grain Co., Inc.*, 805 F.2d 23, 25-26 (1st Cir. 1986). *See also Flynt Distributing Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) (stating that

6

the urgency of obtaining a preliminary injunction "necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial.").

Almost no discovery has been conducted in this case. Defendants themselves are in possession of the information for which that chastise Mr. Yaron for lacking personal information, yet do not offer any evidence to rebut or deny his assertions. For example, Mr. Yaron states, in paragraph 11 of his declaration, that Defendants have entered into a licensing agreement with DigitalGlobe, the premier vendor of high resolution three dimensional terrain imagery. Further, in paragraph 6 of his declaration, Mr. Yaron states that on information and belief, In-Q-Tel "on behalf of NGA, made a substantial investment in Keyhole." On information and belief, Mr. Yaron further states, "I understand that In-Q-Tel asked Keyhole to attempt to replicate Skyline's product given the NGA's ongoing need for Skyline's patented technology and the 'sunset policy' issued by the NGA at that time." *Id*. In responding to Skyline's preliminary injunction request, Defendants have not denied these statements despite the fact that they are in the position to do so if the statements are inaccurate. Instead, they simply try to strike these unrebutted statements from the record. The law is clear that the Court may rely upon the statements made in Mr. Yaron's declaration "when to do so serves the purpose of preventing irreparable harm before trial." *Flynt Distributing Co.*, 734 F.2d at 1394.

Defendants also contend that the Court should strike Paragraphs 7-12 and 15-17 of Mr. Yaron's declaration as offering improper lay witness or "purported expert" opinion. Defendants' Br. at 6. Once again, Defendants' argument misses the mark. Rule 701 clearly supports Mr. Yaron's qualifications to state his lay opinions in the form of a declaration. *See* Fed. Rule of Evid. 701. As Rule 701 maintains, a "witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) *rationally based on the perception of the*

7

*witness*, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.  Fed. Rule of Evid. 701.  Indisputably, Mr. Yaron's declaration sets forth his well-founded understanding of events concerning and/or relating to Skyline's business, as well as to the businesses of Skyline's competitors, Keyhole and Google.  Like Dr. Keating, Mr. Yaron also states that he reviewed documentation obtained from Defendants' websites and has observed the Google Earth product.[1]  This information is rationally based on his perception, as required by Rule 701.  Moreover, as the Advisory Committee Notes point out, "most courts have permitted the owner or officer of a business to testify to the value or projected profits of the business, without the necessity of qualifying the witness as an accountant, appraiser, or similar expert." Advisory Committee Notes to Rule 701, *citing Lightning Lube, Inc. v. Witco Corp*. 4 F.3d 1153 (3d Cir. 1993).  "Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business."  *Id*.  Mr. Yaron's statements are entirely permitted by Rule 701.

---

[1] In seeking to strike portions of Mr. Yaron's declaration for lack of personal knowledge, Defendants again rely on the same quote from Dr. Feiner's declaration that "[o]ne cannot deduce whether the Google Earth software operates according to the asserted claims simply by using the software and reading the publicly available information …." Defendants' Br. at 5.  As Dr. Feiner himself does not state that he has reviewed any non-public information about the operation of the accused products, but merely relies on the statements of Michael Jones, he similarly lacks personal knowledge about the statements made in paragraphs 11-16 & 18 of his declaration.  To the extent that the Court strikes portions of Mr. Yaron's declaration on this basis, Skyline respectfully requests that the Court strike portions of Dr. Feiner's declaration as well.

8

Based on the foregoing, Defendants' contentions that portions of Mr. Yaron's declaration should be stricken are without merit and accordingly, should be denied.

**C.     Defendants' Arguments To Strike Portions Of The Hameline Declaration Lack Merit.**

Incredibly, Defendants even seek to strike certain exhibits attached to the Declaration of H. Joseph Hameline, Skyline's lead counsel in this litigation, on a litany of grounds. First, Defendants contend that Exhibits 1-6, 8-14, 16-17 and 20-22 are not based on personal knowledge and constitute improper hearsay. Defendants' Br. at 7. As discussed above, in the context of a preliminary injunction motion, reliance on evidence that may not be admissible at trial is entirely appropriate. *Asseo*, 805 F.2d at 25-26. Moreover, courts have found that an attorney's declaration is an acceptable method of proving authentication of this kind of evidence under Federal Rule of Evidence 901(a). *Wheelis v. United States*, No. CV 01-1905-PHX-PGR, 2003 WL 1908677 at *2 (D. Ariz. Mar. 12, 2003); *Art. II Gun Shop, Inc. v. Ashcroft*, No. 03 C 4598, 2005 WL 701053 at *4 (N.D. Ill. Mar. 25, 2005). *See also United States v. MacMahon*, 938 F.2d 1501, 1508-1509 (1st Cir. 1991) (providing that the proponent may use *any available method* to satisfy Rule 901(a)'s basic requirement for authentication). Finally, virtually all of the exhibits that Defendants seek to exclude were obtained from Defendants' own websites. *See, e.g.*, Exhibits 3, 5-6, 11-14, 16-17, 20-22. Again, in seeking to strike these exhibits, Defendants essentially take the position that information contained on their own website is somehow unreliable. Such a position entirely lacks merit.

Next, Defendants assert that Exhibits 10 (screen shots from the Google Earth product), 13 (the Keyhole 2 Pro manual) and 14 (the Keyhole 2 QuickStart guide) are somehow "irrelevant." Defendants' Br. at 7-8. Once again relying on the same unsubstantiated (and

9

contradictory) statement contained in the declaration of their technical expert, Defendants reason that these public documents are "irrelevant" because they do not bear "on the internal operation of the Google Earth products[.]" *Id.* at 8. This argument is wrong for the reasons discussed above. Moreover, Defendants' operation manuals are highly relevant to the issues in this case, as they set forth in detail the operation of the accused products. Similarly, the screen shots of the Google Earth products are also relevant, as they demonstrate, by example, the streaming and downloading of information in the manner claimed in Skyline's patent.[2]

Defendants' arguments assailing Mr. Hameline's declaration provide no basis for striking any exhibits offered in support of Skyline's Preliminary Injunction Motion.

For the foregoing reasons, Defendants' Motion to Strike should be denied.

>Respectfully submitted,
>
>SKYLINE SOFTWARE SYSTEMS, INC.,
>
>By its attorneys,
>
>/s/ Geri L. Haight
>H. Joseph Hameline, BBO# 218710
>Geri L. Haight, BBO# 638185
>Mintz, Levin, Cohn, Ferris
>  Glovsky and Popeo, P.C.
>One Financial Center
>Boston, MA  02111
>Tel.  (617) 542-6000
>Fax  (617-542-2241
>hhameline@mintz.com

Dated: February 17, 2006

---

[2] Defendants also seek to strike Exhibit 6, a German language article, claiming that Skyline has deprived them of the opportunity to respond to or evaluate whether the article is admissible by failing to provide a translation. Defendants' Br. at 8. As made clear in Mr. Hameline's declaration, this German language article was obtained directly from Defendants' website, www.earth.google.com. *See also* Exhibit 5, listing "CHIP Online 5-Star Award Most popular download:  Google Earth (July 2005)." Defendants are fully aware of the substance and admissibility of this article, as they affirmatively rely on it in marketing the accused products.

**Certificate of Service**

      I hereby certify that on February 17, 2006, I caused a true and accurate copy of the foregoing document to be served upon all counsel of record for each party, by complying with this Court's Administrative Procedures for Electronic Case Filing.

                                        /s/ Geri L. Haight
                                        Geri L. Haight, BBO # 638185

LIT 1560745v.1