# ATTACHMENT 1

Westlaw.

Not Reported in F.Supp.2d                                                                                          Page 1
Not Reported in F.Supp.2d, 2003 WL 1908677 (D.Ariz.), 91 A.F.T.R.2d 2003-1655, 2003-1 USTC P 50,366
(Cite as: 2003 WL 1908677 (D.Ariz.))

C

**Motions, Pleadings and Filings**

United States District Court,
D. Arizona.
William A. WHEELIS, Plaintiff
v.
UNITED STATES OF AMERICA, Defendant.
No. CV 01-1905-PHX-PGR.

March 12, 2003.

*ORDER*

ROSENBLATT, J.

*1 Pending before the Court is the United States' Motion for Summary Judgment (doc. # 14) and the plaintiff's Motion to Strike (doc. # 20). Having considered the parties' memoranda in light of the entire record, the Court finds that the plaintiff's motion should be denied and that the United States' motion should be granted because there are no genuine issues of material fact and the United States is entitled to entry of judgment in its favor as a matter of law pursuant to Fed.R.Civ.P. 56.

This action stems from the Internal Revenue Service's assessment of civil penalties against the plaintiff pursuant to 26 U.S.C. § 6702 for filing frivolous income tax returns and/or claims for refunds for the 1995, 1996, and 1999 tax years. The three $500 penalties at issue were assessed against the plaintiff on July 17, 2000, and the plaintiff was issued a Notice of Intent to Levy for those tax years on October 12, 2000. Pursuant to the plaintiff's request, a Collection Due Process (CDP) hearing was held on June 25, 2001 pursuant to 26 U.S.C. § 6330. A Notice of Determination was issued by the Internal Revenue Service Office of Appeals on September 6, 2001; that notice stated that efforts to collect the assessed frivolous return penalties could proceed against the plaintiff.

The plaintiff, who is proceeding *pro se,* brought this action pursuant to 26 U.S.C. § 6330(d)(1)(B) in order to contest the validity of the Notice of Determination. The gravamen of the complaint is that the Notice of Determination should be set aside as arbitrary and capricious because the appeals officer who conducted the CDP hearing made no attempt to meet the requisite burden of proof and failed to provide any verification that the I.R.S. had met the applicable legal requirements for collecting the penalties. The United States argues, and the Court concurs, that it has met its burden of establishing that the I.R.S.'s administrative decision to proceed with a levy to effect the collection of the frivolous return penalties from the plaintiff should be upheld.

Section 6330(c)(1) requires that the appeals officer conducting the CDP hearing "obtain verification from the Secretary that the requirements of any applicable law or administrative procedure has been met." A review of the transcript of the plaintiff's CDP hearing establishes that the appeals officer properly made that verification based on certified transcripts of the Forms 4340 (the Certificates of Assessments and Payments) for the 1995, 1996 and 1999 tax years for the plaintiff showing that the penalties were assessed, that notice was given, that the required law and procedures were followed with regards to the assertion of the penalties, that payment was not made, that the notice of levy and right to a due process hearing were issued to the plaintiff. Courts have repeatedly ruled that such reliance on Form 4340 is sufficient for § 6330(c)(1) compliance purposes. See *Huff v. United States,* 10 F.3d 1440, 1446-47 (9th Cir.1993), *cert. denied,* 512 U.S. 1219 (1994); *Hughes v. United States,* 953 F.2d 531, 538-40 (9th Cir.1992); *Lemieux v. United States,* 230 F.Supp.2d 1143, 1146 (D.Nev.2002).

*2 The plaintiff's contention that the Notice of Determination is invalid because the appeals officer failed to honor his demand that he be provided the documents underlying the § 6330(c)(1) verification is meritless. [FN1] *Rennie v. Internal Revenue Service,* 216 F.Supp.2d 1078, 1080 (E.D.Cal.2002) (Court concluded that "[n]othing in either [§ 6330(c)(1) or 26 C.F.R. 301.6330-1(e) ] requires that the verification be sent to or provided to the taxpayer."); *Kelly v. United States,* 209 F.Supp.2d 981, 989 (E.D.Mo.2002) (Court concluded that there is no right to discovery in § 6330 hearings); *Danner v. United States* USTC ¶ 50,436], 208 F.Supp.2d 1166, 1172 (E.D.Wash.2002) ("Section 6330 does not provide authorization for production of documents or other investigative demands in connection with a Collections Due Process hearing.")

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-11129-DPW   Document 85-5   Filed 02/17/2006   Page 3 of 4

Not Reported in F.Supp.2d                                                                                                  Page 2
Not Reported in F.Supp.2d, 2003 WL 1908677 (D.Ariz.), 91 A.F.T.R.2d 2003-1655, 2003-1 USTC P 50,366
(Cite as: 2003 WL 1908677 (D.Ariz.))

FN1. The transcript establishes that the appeals officer provided the plaintiff with his Forms 4340 for the relevant tax years during the hearing.

The appeals officer's determination that the plaintiff's federal income tax returns at issue were frivolous for purposes of 26 U.S.C. § 6702 is clearly valid. [FN2] Under § 6702, a frivolous return penalty is appropriate when the tax return contains information that on its face indicates that the self-assessment is substantially incorrect and is due to a position which is frivolous. The plaintiff's returns and claims for refund at issue are patently frivolous because they requested full refunds of all withheld taxes, while also showing substantial earned compensation, on the ground that the plaintiff, as an individual, is not a taxpayer subject to any federal tax law, that his labor is not a taxable activity, that all Internal Revenue Code taxes are invalid, *etc.* All of the grounds raised by the plaintiff as to why he owed no taxes have been universally deemed to be frivolous by the courts. *See e.g., Grimes v. C.I.R.,* 806 F.2d 1451, 1453 (9th Cir.1986) ("There can be no doubt that the tax on income is constitutional and that, for the purpose of the Sixteenth Amendment, income includes gain derived from capital, from labor, or from both combined.") (Internal quotation marks omitted); *United States v. Studley,* 783 F.2d 934, 937 and n.3 (9th Cir.1986) (The Court rejected as "utterly meritless" the argument that an individual is not a taxpayer for purposes of the Internal Revenue Code.); *Olson v. United States,* 760 F.2d 1003, 1005 (9th Cir.1995) ("This court has repeatedly rejected the argument that wages are not income as frivolous[.]")

FN2. The plaintiff has moved to strike five of the United States' summary judgment exhibits, which include the copies of the plaintiff's 1995 and 1996 federal income tax returns and of his numerous claims for refund filed in 1999, as well as those portions of the United States' statements of fact referring to the exhibits, on the ground that the exhibits are "extra-record" evidence that cannot be considered by the Court because they were not presented as evidence at the CDP hearing. The Court concludes that the motion is meritless because there is no legal requirement that such exhibits be formally made a part of the CDP hearing record. Further-more, the transcript of the CDP hearing establishes that the appeals officer had before him the I.R.S. administrative file reflecting the documents filed by the plaintiff which resulted in the frivolous return penalties and that he considered those documents.

The two other exhibits submitted by the United States that the plaintiff has moved to strike are a copy of this Court's summary judgment decision in another of the plaintiff's cases, *Wheelis v. United States,* CV 98-1179-PHX-SMM, wherein the plaintiff's refund action for the 1995 and 1996 tax years was dismissed for lack of subject matter jurisdiction, and a copy of the Ninth Circuit's decision affirming the dismissal of the refund action. While the Court may take notice of such court records, the Court has not relied on them in any manner in resolving this action.

The plaintiff has also moved to strike the **declaration** of the United States' **counsel** authenticating the exhibits supporting its summary judgment motion on the ground that counsel does not have personal knowledge of the exhibits' authenticity. The Court is unpersuaded by the plaintiff's argument because a proper foundation for exhibits may be established through personal knowledge or through any manner permitted by **Fed.R.Evid. 901**(b) or 902, and the United States' exhibits relied on by the Court in resolving this action, *i.e.,* Exhibits A-E, all of which are public records, satisfy the requirements of admissibility. *See* **Fed.R.Evid. 901**(b)(7), 902(4); *Wausau Sulphate Fibre Co. v. C.I.R.* 61 F.2d 879 (7th Cir.1932) (Evidence from government counsel that waivers came from I.R.S. files is sufficient to authenticate them.) Furthermore, the plaintiff has not disputed the authenticity of any of the exhibits.

The plaintiff argues in the body of his responsive memorandum that he, and not the United States, is entitled to summary judgment because he did not receive the notices of assessment of the penalties required to be given by 26 U.S.C. § 6303, which provides in relevant part that the I.R.S. must issue the taxpayer a notice of assessment which sets forth the amount of the tax and a demand for its payment within sixty days after the date of the assessment. [FN3] He contends that the United States must establish proof of actual mailing given his sworn denial of receipt. The Court rejects the plaintiff's

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-11129-DPW    Document 85-5    Filed 02/17/2006    Page 4 of 4

Not Reported in F.Supp.2d                                                                                                  Page 3
Not Reported in F.Supp.2d, 2003 WL 1908677 (D.Ariz.), 91 A.F.T.R.2d 2003-1655, 2003-1 USTC P 50,366
**(Cite as: 2003 WL 1908677 (D.Ariz.))**

contention because the Forms 4340 are sufficient to show that the required notices of assessments and demands for payment were sent to the plaintiff, *Hansen v. United States,* 7 F.3d 137, 138 (9th Cir.1993), and the plaintiff's declaration of non-receipt fails to raise a genuine issue of triable fact because it does not affirmatively establish that the required notices were not sent. *Id.* (Court concluded that taxpayers' affidavit that they never received the § 6303 notice and demand noted on the Form 4340 was insufficient to defeat the government's summary judgment motion because the affidavit did not show that the notice was not sent.); *United States v. Chila,* 871 F.2d 1015, 1019 (11th Cir.), *cert. denied,* 493 U.S. 975 (1989) ("The Certificate of Assessment and Payments certified that the first notice and the final notice had been sent [.] Appellant did not deny on the record that the notice was sent. He denied only that he had received it. We hold that since the appellant failed to establish affirmatively that the notice was not sent, it is clear that the government has shown that it was sent[.]")

> FN3. The plaintiff's argument is supported by his declaration which states in part: "I did not receive either of the Notices of Assessment of the frivolous return penalties alleged to have been assessed against me on July 17, 2000."

*3 In summary, for the reasons stated above, the Court concludes that under any standard of review the I.R.S.'s Notice of Determination Concerning Collection Action Under Section 6330 should be affirmed because the United States has met its burden of establishing that the plaintiff's federal income tax returns for the 1995 and 1996 tax years and his claims for refunds for the 1999 tax year were frivolous within the meaning of 26 U.S.C. § 6702 and the I.R.S. correctly assessed the $500 penalty against him for each of those tax years, and that the I.R.S. complied with all applicable procedural requirements in imposing the penalties, including holding a fair and meaningful CDP hearing in accordance with statutory requirements. Therefore,

IT IS ORDERED that the plaintiff's Motion to Strike (doc. # 20) is denied.

IT IS FURTHER ORDERED that the United States' Motion for Summary Judgment (doc. # 14) is granted and that this action is dismissed. The Clerk of the Court shall enter judgment accordingly.

Not Reported in F.Supp.2d, 2003 WL 1908677 (D.Ariz.), 91 A.F.T.R.2d 2003-1655, 2003-1 USTC P 50,366

**Motions, Pleadings and Filings (Back to top)**

• 2:01CV01905 (Docket) (Oct. 05, 2001)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.