# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKYLINE SOFTWARE SYSTEMS, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>KEYHOLE, INC., and<br>GOOGLE INC.<br><br>        Defendants. | CIVIL ACTION NO. 04-11129 DPW |

## DEFENDANTS' OBJECTIONS TO EVIDENCE SUBMITTED BY PLAINTIFF IN SUPPORT OF ITS REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

Nelson G. Apjohn (BBO No. 020373)
**NUTTER McCLENNEN & FISH LLP**
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 439-2000
Fax: (617) 310-9000

Attorneys for Defendants and
Counterclaimants
KEYHOLE, INC. and GOOGLE INC.

Of Counsel
Darryl M. Woo, admitted *pro hac vice*
**FENWICK & WEST LLP**
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111
Tel. (415) 875-2300
Fax (415) 281-1350

**INTRODUCTION**

As with its opening brief, Skyline's reply brief is rife with "evidence" that is either inadmissible, untimely, or simply inaccurate. Skyline asks this Court to grant a drastic remedy, but it cannot explain its delay in seeking relief without sleight-of-hand tricks that amount to nothing more than inadmissible hearsay. Indeed, while Skyline bears the burden of demonstrating irreparable harm, its claims of injury are supported only by speculation and unauthenticated hearsay news articles, incompetent evidence that Skyline only offers for the first time with its reply brief.

The "evidence" Skyline relies on in its attempt to establish the merits of its infringement claim are no less objectionable. Abandoning its strategy of relying on inadmissible hearsay to describe the Google Earth product, Skyline now resorts to having its expert misconstrue the declaration of Google Earth's Chief Technology Officer and opine on purported inaccuracies in the declaration despite the fact that Skyline's expert has no basis or foundation for such opinions. This is not the competent evidence required to establish infringement, particularly when the movant seeks the drastic remedy of preliminary injunctive relief. Nor does Skyline offer any evidence to overcome Defendants' invalidity arguments besides the lay opinion testimony of Skyline's president, which cannot rebut the substantial questions of validity raised by Defendants.

Accordingly, Defendants hereby object to the evidence, identified below, that Skyline submits in connection with its Reply Memorandum in Support of Motion for Preliminary Injunction.

**I.   SKYLINE SUBMITS UNTIMELY, INCOMPETENT, AND INACCURATE EVIDENCE TO DISTRACT FROM ITS SUBSTANTIAL DELAY IN SEEKING A PRELIMINARY INJUNCTION**

Skyline does not dispute that its request for a preliminary injunction comes *nineteen months* after Skyline first initiated suit against defendant Keyhole, *fourteen months* after defendant Google acquired defendant Keyhole and lowered the prices of the Google Earth

products, and a year after defendant Google was joined as a defendant in this matter. Skyline cannot offer an explanation, let alone a justification, for this delay. Instead, it inundates the Court with unauthenticated exhibits and unsubstantiated testimony that Skyline's purported injury is a result of events occurring only recently. Such evidence is neither accurate nor admissible.

      A.      **Exhibits to the Declaration of Geri Haight Have Not Been Properly Authenticated and Are Irrelevant Hearsay**

Skyline relies on Exhibits B, C, and D to the Declaration of Geri Haight ("Haight Decl.") to suggest that defendant Google's recent actions as reported on the Internet and in news publications are causing Skyline irreparable injury. *See* Skyline's Reply Brief at 7-8. Skyline, however, fails to authenticate these exhibits. As a preliminary matter, Ms. Haight's declaration attaching the exhibits is not made on personal knowledge. *See generally* Haight Decl. Ms. Haight does not offer a factual foundation sufficient to establish the authenticity of these exhibits, failing to indicate the source of the exhibits, how they were obtained, and who obtained them. *Id*. ¶¶ 3-5. Defendants therefore object to Exhibits B, C, and D for failure to authenticate. *See* Fed. R. Evid. 901.

Furthermore, Exhibits C and D constitute inadmissible hearsay. Fed. R. Evid. 802. Skyline submits Exhibits C and D to suggest that Google is recognized as a mapping innovator and Google Earth is one of the Top Ten Free Downloads. *See* Skyline's Reply Brief at 7-8. These exhibits are thus offered for the truth of the matters asserted, but do not fall into any hearsay exception.

Finally, Exhibits B, C, and D are not relevant to the issue of irreparable harm or Skyline's substantial delay in seeking preliminary injunctive relief. Google's position in the marketplace and the recent recognition of Google Earth's popularity all stem from Google's acquisition of Keyhole in October 2004. While suggesting that such recent reporting justifies Skyline's fourteen month delay in bringing its preliminary injunction motion because Google Earth has only "now" become popular, Skyline fails to show that Google Earth had no popularity prior to

these recent periods. All these exhibits can suggest is that Google Earth has received recent acclaim; but, the articles notwithstanding, that product could well have been popular previously, and indeed, beginning over a year ago when Google acquired and began to offer it to Google users. The exhibits are thus inadmissible under Federal Rule of Evidence 402.

> B. **Testimony in the Declaration of Aharon Yaron Contains and Relies on Speculation and Inadmissible Hearsay**

In addition to the Haight Declaration exhibits, Skyline submits the Declaration of Aharon Yaron ("Yaron Decl.") in an attempt to explain its delay and irreparable injury. *See* Skyline's Reply Brief at 6-8. Notably, while Skyline had the burden of proving irreparable injury in its moving papers, this evidence is submitted for the first time in Skyline's reply brief. Mr. Yaron first incorrectly states that its preliminary injunction motion was brought fourteen months after filing of the suit, when in fact, it was brought nineteen months after the suit was initiated against Keyhole, and fourteen months after Google acquired Keyhole and began offering Google Earth at reduced prices. *See* Yaron Decl. ¶ 3.

In addition, Mr. Yaron submits testimony that is pure speculation, made without any foundation or personal knowledge. In paragraph 4 of his declaration, Mr. Yaron indicates that Skyline's customers have inquired into the Google Earth products, but does not indicate the basis for this understanding. *Id*. ¶ 4. In paragraph 6, Mr. Yaron testifies about the free NASA World Wind satellite imagery program, but again fails to explain his personal knowledge or any other basis of understanding. *Id*. ¶ 6. Accordingly, Defendants object to this evidence pursuant to Federal Rule of Evidence 602.

Just as importantly, paragraphs 4 and 5 of Mr. Yaron's declaration are based upon inadmissible hearsay. Mr. Yaron's testimony either relies on the hearsay exhibits in the Haight Declaration (*see id*. ¶ 4), or relies on hearsay statements of Skyline's customers regarding the Google Earth product to try to establish irreparable injury (*see id.* ¶¶ 4-5). As the Yaron Declaration offers these statements for the truth of the matter asserted, without establishing any hearsay exception, the testimony is inadmissible. *See* Fed. R. Evid. 802.

Therefore, Defendants object to Skyline's evidence of alleged irreparable injury submitted in support of its Reply Brief.

## II. SKYLINE'S ATTEMPTS TO REBUT DEFENDANTS' NON-INFRINGEMENT ARGUMENTS ARE MADE WITHOUT FOUNDATION

Defendants further object to Skyline's purported evidence regarding infringement. Skyline relies solely on the Declaration of Terry Keating, Ph.D. ("Keating Decl.") in its attempt to rebut Defendants' non-infringement arguments. Because Skyline cannot demonstrate how Google Earth meets each and every limitation of the patent-in-suit (which is required for a showing of infringement), it instead has its expert attack the description by Google Earth's Chief Technology Officer of the Google Earth products. Such testimony, however, is made without foundation. *See* Fed. R. Evid. 602.

Dr. Keating's declaration fails to set forth a proper infringement analysis, which requires the proper construction of claim terms followed by a description of how the accused product meets that claim limitation. Instead, Dr. Keating improperly and inaccurately restates the declaration of Michael T. Jones ("Jones Declaration"), Google Earth's Chief Technology Officer. *See generally* Keating Decl. Specifically, Dr. Keating lacks foundation for his testimony in paragraphs 8, 9, 15-16, 18, 20-21, 26, and 30-32 of his declaration. In these paragraphs, Dr. Keating misconstrues statements in the Jones Declaration and makes statements about the operation of Google Earth without foundation or personal knowledge. Most egregious is Dr. Keating's statement in paragraph 15, suggesting that Mr. Jones "is misstating or overstating" facts as to the operation of Google Earth when Dr. Keating himself has never seen the internals of the Google Earth software or analyzed any of its source code. *See* Keating Decl. ¶ 15. Such statements are pure speculation, and Dr. Keating has no basis to offer such testimony. *See* Fed. R. Evid. 602.

In addition, Exhibits A, B, and C to Dr. Keating's declaration are not authenticated. *See* Keating Decl. ¶ 18. As such, they are not competent evidence. *See* Fed. R. Evid. 901. In addition, the exhibits are completely irrelevant to the non-infringement arguments at issue. The

definition of "asynchronous" (*see* Keating Decl., Ex. A) is not relevant to any claim limitation. According to Dr. Keating, Exhibits B and C purport to describe quad node data structures as hierarchical, but the patent requires that the levels of the hierarchy each be different, going from lower to higher resolution, and the exhibits do not discuss "hierarchical structure" in that manner at all. Thus, they are not relevant to an infringement analysis in this case. *See* Fed. R. Evid. 402.

Therefore, Defendants object to paragraphs 8, 9, 15-16, 18, 20-21, 26, and 30-32 of the Declaration of Dr. Keating and the accompanying exhibits as inadmissible evidence.

## III.   SKYLINE RELIES ON INADMISSIBLE LAY OPINION REGARDING INVALIDITY

### A.   Testimony in the Declaration of Aharon Yaron Regarding Validity Constitute Inadmissible Lay Opinion

Interestingly, Skyline's expert does not offer any opinion regarding the substantial questions Defendants raise as to the validity of the patent-in-suit. Instead, Skyline relies on Paragraphs 8 through 10 of the Yaron Declaration, offering Mr. Yaron's non-expert opinion regarding the invalidity issue. Skyline, however, has not established that Mr. Yaron is qualified to offer opinion testimony. *See* Fed. R. Evid. 701-703.

Moreover, Mr. Yaron's testimony in Paragraphs 9 and 10 is complete speculation, made without foundation. Mr. Yaron first testifies that the Patent Examiner "carefully examined" the Migdal patent during prosecution of the patent-in-suit (*see* Yaron Decl. ¶ 9), but demonstrates no basis to speak as to what the Patent Examiner did or did not do. Mr. Yaron goes on to testify that the Patent Office was "fully aware" of the Cosman Article, as it was cited in the Migdal patent (*see* Yaron Decl. ¶ 10) to suggest it cannot be an invalidating reference, but again, Mr. Yaron establishes no foundation to testify as to the awareness of the Patent Office. Finally, Mr. Yaron's declaration relies on the incorrect legal conclusion that a prior art reference disclosed during prosecution is somehow incapable of invalidating an issued patent. *But see Brown v. 3M*, 265 F.3d 1349, 1352-53 (Fed. Cir. 2001) (finding that a prior art patent disclosed during prosecution was an anticipating reference that invalidated the patent-in-suit). Therefore,

Defendants object to Skyline's validity evidence pursuant to Federal Rules of Evidence 602, and 701-703, and as irrelevant, as it relies on an incorrect legal foundation.

## CONCLUSION

For the foregoing reasons, Defendants hereby object to the evidence Skyline submitted in support of its Reply.

Dated:  March 15, 2006                        Respectfully submitted,


By:      /s/ Darryl M. Woo
    Darryl M. Woo
    **FENWICK & WEST LLP**
    Embarcadero Center West
    275 Battery Street
    San Francisco, CA  94111
    Tel.  (415) 875-2300
    Fax  (415) 281-1350
    email: dwoo@fenwick.com

    Attorneys for Defendants and
    Counterclaimants
    KEYHOLE, INC. and GOOGLE INC.

## Certificate of Service

I hereby certify that, on March 15, 2006, I caused a true and accurate copy of the foregoing document to be served upon all counsel of record for each party by complying with this Court's Administrative Procedures for Electronic Case Filing.

By:      /s/ Darryl M. Woo
    Darryl M. Woo