IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKYLINE SOFTWARE SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> KEYHOLE, INC., and GOOGLE INC. <br><br> Defendants. | CIVIL ACTION NO. 04-11129 DPW |

## STIPULATION REGARDING EXPERT REPORTS

H. Joseph Hameline (BBO No. 218710)
**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY, AND POPEO, P.C.**
One Financial Center
Boston, MA 02111
Tel. (617) 542-6000
Fax (617) 542-2241

Attorneys for Plaintiff and Counterdefendant,
SKYLINE SOFTWARE SYSTEMS, INC.

Nelson G. Apjohn (BBO No. 020373)
**NUTTER McCLENNEN & FISH LLP**
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
Tel. (617) 439-2000
Fax: (617) 310-9000

Of Counsel
Darryl M. Woo, admitted *pro hac vice*
Michael J. Sacksteder, admitted *pro hac vice*
Carolyn Chang, admitted *pro hac vice*
Saundra L. M. Riley, admitted *pro hac vice*
**FENWICK & WEST LLP**
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111
Tel. (415) 875-2300
Fax (415) 281-1350

Attorneys for Defendants and Counterclaimants
KEYHOLE, INC. and GOOGLE INC.

## STIPULATION

The parties hereby stipulate and agree upon the following discovery procedures in connection with expert witnesses in the above-referenced action (hereinafter the "Litigation").

1. With respect to non-party witnesses whom any party to this Litigation expects to call as an expert witness at trial, the parties shall exchange expert reports as defined in Federal Rule of Civil Procedure 26(a)(2), according to the following schedule:

    (a) June 23, 2006: Last day to serve expert disclosures and opening expert reports, on issues for which the party bears the burden of proof, by Federal Express or another method to ensure overnight delivery of expert reports with exhibits (including to Fenwick & West LLP); and

    (b) July 14, 2006: Last day to serve responsive expert reports by Federal Express or another method to ensure overnight delivery of expert reports with exhibits (including to Fenwick & West LLP).

    (c) Sub-paragraphs (a)-(b) are intended solely to set forth a specific schedule for the exchange of expert disclosures and reports, and shall not be read to otherwise supplant or alter the provisions of the Federal Rules of Civil Procedure and the Local Rules governing the disclosure of experts and exchange of expert reports.

2. Notwithstanding the parties' discovery obligations with respect to experts, the following information and materials shall be excluded from discovery and disclosure of non-party testifying experts:

    (a) Any draft reports prepared by experts or draft reports exchanged between counsel and their own retained experts; and

    (b) Any written or oral communications between counsel (or at counsel's direction) and the expert not substantively relied upon by the expert in forming his/her opinions. Thus, written or oral communications regarding the reports generally will not be discoverable unless the communications contain extensive legal or factual analysis (such

as a description or summary of relevant facts or law) which the expert considers in forming his/her opinions.

3. Notwithstanding paragraph 2 above, the parties shall disclose for each non-party testifying expert his/her compensation, including billing rate, and total hours worked on this Litigation as of the time of deposition and trial.

4. Any fees charged by experts for responding to reasonable discovery, including time spent at depositions, shall be paid by the party who retained the expert.

5. The parties agree to disclose in the expert reports all "data or other information considered by the witness in forming the opinions," as set forth in Rule 26(a)(2)(B). If such documents were produced in the Litigation, document control numbers (i.e., "Bates numbers") shall be provided in addition to a description of the documents. If the documents were not produced in the Litigation, copies of the documents shall be produced at or near the time the reports are exchanged, but in any event prior to the expert's deposition.

6. The parties agree to exchange any engagement agreements with any retained experts, to the extent such agreements exist.

7. Prior to trial and at a time to be agreed upon, the parties shall exchange any demonstratives (based upon information and opinions set forth in the expert reports) prepared by or about which any expert will testify.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

8. This Stipulation may be executed in one or more counterparts and by facsimile signature. All executed counterparts and each of them shall be deemed to be one and the same instrument.

**IT IS SO STIPULATED.**

Dated: 9\_ 22, 2006    MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.

By: _____
H. Joseph Hameline

Attorneys for Plaintiff
SKYLINE SOFTWARE SYSTEMS, INC.

Dated: May 19, 2006    FENWICK & WEST LLP

By: _____
Darryl M. Woo

Attorneys for Defendants and Counterclaimants
KEYHOLE, INC. and GOOGLE INC.

## ORDER

The parties having so stipulated, **IT IS SO ORDERED.**

Dated: _____    By: _____
Douglas P. Woodlock
United States District Judge