UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

SKYLINE SOFTWARE SYSTEMS, INC.

          Plaintiff,

    v.

KEYHOLE, INC. and GOOGLE INC.

          Defendant.

Civil Action No. 04-11129 DPW

DOCKETED

## STIPULATED PROTECTIVE ORDER

| | |
|---|---|
| H. Joseph Hameline (BBO No. 218710) | Nelson G. Apjohn (BBO No. 020373) |
| **MINTZ, LEVIN, COHN, FERRIS,** | **NUTTER McCLENNEN & FISH LLP** |
| **GLOVSKY, AND POPEO, P.C.** | World Trade Center West |
| One Financial Center | 155 Seaport Boulevard |
| Boston, MA 02111 | Boston, MA 02210 |
| Tel. (617) 542-6000 | Tel. (617) 439-2000 |
| Fax (617) 542-2241 | Fax: (617) 310-9000 |

Attorneys for Plaintiff and Counterdefendant,
SKYLINE SOFTWARE SYSTEMS, INC.

Of Counsel
Darryl M. Woo, admitted *pro hac vice*
**FENWICK & WEST LLP**
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111
Tel. (415) 875-2300
Fax (415) 281-1350

Attorneys for Defendants and Counterclaimants
KEYHOLE, INC. and GOOGLE INC.

STIPULATED PROTECTIVE ORDER
CASE NO. 04-11129 DPW



## STIPULATION AND PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26, and as the parties, through their counsel of record, have stipulated to the matters herein; and good cause appearing,

IT IS HEREBY ORDERED as follows:

## APPLICABILITY OF STIPULATION AND PROTECTIVE ORDER

1. All documents, materials, items, testimony or information, regardless of whether stored in electronic or paper form, produced or filed with the Court, submitted to the Court in connection with a hearing or trial, or produced or served either by a party or by a non-party, to or for any of the other parties, shall be governed by this Protective Order and used only for the purposes of this litigation and not for any business, patent prosecution, competitive or governmental purpose or function.

2. The terms of this Protective Order shall apply to all manner and means of discovery, including without limitation oral testimony, entry onto land or premises, and production and/or inspection of books, records, documents and tangible things.

## DESIGNATION OF MATERIALS

## CONFIDENTIAL DESIGNATION

3. Any documents, materials, items, testimony or information filed with the Court or produced or provided by any party or non-party as part of discovery in this action may be designated by such producing party or non-party as "CONFIDENTIAL." As a general guideline, materials designated "CONFIDENTIAL" shall be those things of a proprietary business or technical nature that are not publicly available and that might be of value to a party in this action or to a third party as an actual or potential competitor of the producing party or non-party, and that the producing party or non-party reasonably believes should be protected from disclosure to such other party and/or third parties. Absent a specific order by this Court, such information, once designated as "CONFIDENTIAL," shall be used by the persons or entities to whom such

information is disclosed solely for purposes of this action, and not for any business, litigation, patent prosecution, competitive or governmental purpose or function, and such information shall not be disclosed to anyone except as provided in this Protective Order.

4. Documents, materials, items, testimony or information designated "CONFIDENTIAL" pursuant to this Protective Order, or copies or extracts therefrom, and compilations and summaries thereof, and the information therein, may be given, shown, made available to or communicated in any way only to the following persons:

(a) outside attorneys for the parties in this action and persons working solely in secretarial, clerical, graphical and paralegal capacities who are assisting those attorneys in this action;

(b) three employees designated by the receiving party (which three employees may, but need not, include in-house counsel);

(c) court reporters, videographers and other such persons taking or recording testimony involving such documents or information and necessary stenographic and clerical personnel thereof;

(d) those consultants or technical experts and their staffs to the extent cleared by the parties pursuant to the Protective Order;

(e) the Court and the Court's staff; and

(f) any person to whom the designating party agrees in writing.

However, the persons identified in subsections (b), (d), and (f) of this Paragraph shall not be permitted access to materials or information unless and until they sign a written acknowledgment substantially in the form attached hereto as Exhibit A, to the effect, *inter alia*, that they have read this Protective Order and agree to be bound by its terms.

Persons identified in subsection (c) shall be informed of the existence of this Protective Order prior to, or contemporaneously with, taking or recording testimony in this matter, and be provided with a copy hereof at their request.

## HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL ONLY DESIGNATION

5.  Certain documents, materials, items, testimony or information may be designated by a party or non-party as "HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL ONLY." Documents, testimony, information and other things designated "HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL ONLY" may be disclosed only to the persons identified in subsections (a) and (c) through (f) of Paragraph 4 of this Protective Order, and pursuant to the procedures set forth in Paragraph 15 *infra,* provided that any attorney or patent agent for Skyline, Keyhole or Google who actually receives or reviews any documents of an adverse party under this Protective Order designated as "HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL ONLY," or "RESTRICTED ELECTRONIC MEDIA" (described herein below) shall not thereafter prosecute, supervise or assist in any way in the prosecution of any patent application on behalf of Skyline, Keyhole, Google, or any of their respective affiliates, including without limitation any continuation, continuation-in-part, divisional, renewal, substitute or conventional application, whether or not claiming priority from any patent asserted in this litigation, and any foreign counterparts, during the pendency of this case and for one year after the conclusion of this litigation. The "HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL ONLY" designation shall be limited to such documents, materials, testimony or information that are not publicly available and that the designating party believes, in good faith, contain information the disclosure of which may cause harm to the competitive position of the designating party if disclosed more broadly than as set forth in this section. Examples of such information may include without limitation:

(a) Current and future business plans

(b) Unpublished or otherwise non-public financial data and pricing information

(c) Product development and design information (for new, old, suspended and abandoned projects)

(d) New business development (for old and new products)

(e) Trade secrets

(f) Proprietary engineering information (not generally available to the public)

(g) Competitor market analyses

(h) Customer lists

(i) Distributor agreements and licenses

·(j) Agreements with sales representatives

(k) Materials or information concerning business relationships with third parties

(l) Manufacturing processes for products currently offered or under development

(m)Unpublished source code and schematics, including but not limited to algorithms, flow charts and documents reflecting or containing technical discussions of such source code, flow charts or algorithms or of actual or proposed product features and functionalities.

(n) Patent applications

It is understood by the parties, however, that documents within the above categories may not, solely by virtue of their falling within a particular category, appropriately be marked "HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL ONLY." All documents, testimony, information or other things designated "HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL ONLY" are included within the meaning of "CONFIDENTIAL" information as used in this Protective Order and all of the protections set forth in this Protective Order that apply to "CONFIDENTIAL" information also apply to materials designated "HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL ONLY."

## HANDLING SOURCE CODE AND SIMILAR ELECTRONIC MEDIA

6. Documents, testimony, information and other things designated "RESTRICTED ELECTRONIC MEDIA" may be disclosed only to the persons identified in subsections (a) and (c) through (f) of Paragraph 4 of this Protective Order. "RESTRICTED ELECTRONIC MEDIA" consists of source code as well as algorithms, flow charts, and documents reflecting or containing technical discussions of such source code, flow charts or algorithms, or of actual or proposed product features and functionalities. If a party determines that documents or materials

not identified in this paragraph require designation as "RESTRICTED ELECTRONIC MEDIA,"
upon request of the designating party, the parties shall meet and confer in good faith about such
proposed designation. All documents, testimony, information or other things designated
"RESTRICTED ELECTRONIC MEDIA" are included within the meaning of "HIGHLY
CONFIDENTIAL–OUTSIDE COUNSEL ONLY" information as used in this Protective Order,
and will be treated with at least the same level of confidentiality as material designated
"HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL ONLY" and shall also be subject to the
following additional restrictions on copying and use.

    7. A producing party need not produce more than three (3) copies of the source code for
a particular product. If the receiving party determines it requires additional copies, upon request
of the receiving party, the parties shall meet and confer about provision of additional copies of
the requested source code. Counsel for the requesting party may not make any copies of the
produced source code or relinquish or transfer possession or control of any particular copy
thereof, except that one of the provided copies may be forwarded to an expert or consultant who
has been retained by such counsel (pursuant to the restrictions set forth in Paragraph 8) for the
requesting party to assist in the prosecution, defense or settlement of this action.

    8. Any expert or consultant who has been retained by such counsel for the requesting
party to assist in the prosecution, defense or settlement of this action may review the produced
RESTRICTED ELECTRONIC MEDIA only if all of the following conditions are met:

        (a) Such expert may not be, and no member of such expert's clerical staff, if any,
may be:

            (i) A party to this action or an officer, director, employee or regularly
retained independent contractor of a party to this action; or

            (ii) An officer, director or employee of a competitor of a party to this
action in the relevant business of providing web-based 3D visualizations of the
Earth; and

(b) Such expert must agree not to accept employment with or be retained by a party to this action that involves working on the subject matter of this litigation, or related subject matter, as follows:

      (i)    For technical experts, for one year after resolution of the liability phase of the action, or one year after involvement in the action, whichever is shorter EXCEPT that, if there is any interim discussion between outside counsel and the technical expert of any of the information designated pursuant to the terms of this Protective Order, then the one-year period starts over to a maximum of one year after resolution of the action at the district court level; and

      (ii)    For non-technical experts, for one year after resolution of the action at the district court level, or one year after involvement in the action, whichever is shorter EXCEPT that, if there is any interim discussion between outside counsel and the non-technical expert of any of the information designated pursuant to the terms of this Protective Order, then the one-year period starts over to a maximum of one year after resolution of the action at the district court level.

The restrictions of this sub-paragraph 8(b) do not apply to the employment or retention of an expert in said expert's capacity as an expert consultant or expert witness in litigation on behalf of the same party for which said expert has been retained in this action, provided that any expert accepting such employment must not use, disclose, or otherwise access any information beyond the extent permitted and authorized by this Protective Order. Nothing herein shall permit the expert to reveal confidential information designated and produced in accordance with this Protective Order.

(c) Such expert may not be presently engaged in, and shall not engage in, the preparation and/or prosecution of any patent application (or portion thereof) claiming any invention disclosed in documents, testimony, information or other things designated "HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL ONLY" or "RESTRICTED ELECTRONIC MEDIA" (or provide advice, counsel, assistance, or supervision in

connection with any such patent application) during the pendency of this litigation, including any appeals therefrom, for a period of one year thereafter; and

(d) Such expert has first been disclosed and cleared to receive information designated "RESTRICTED ELECTRONIC MEDIA," and has received this Protective Order and executed Exhibit A to the same.

9. None of the RESTRICTED ELECTRONIC MEDIA source code of a producing party existing in any medium may be used, reviewed or copied by any person acting on behalf of a requesting party, counsel for a requesting party, or an expert for a requesting party in this action except as expressly permitted herein:

(a) If produced in electronic, magnetic or other machine-readable form, the RESTRICTED ELECTRONIC MEDIA source code of a producing party may be copied into the RAM and/or virtual RAM of a stand-alone (i.e., neither networked nor connected to the Internet) desktop computer for the purposes of conducting analyses of the source code, but not otherwise copied except to make "excerpts," described in paragraph 9(b) *infra*. Because of the increased risk of theft, RESTRICTED ELECTRONIC MEDIA source code may not be copied or stored in a laptop computer at any time. RESTRICTED ELECTRONIC MEDIA source code furthermore shall be handled as follows:

(i) RESTRICTED ELECTRONIC MEDIA source code may be used by outside counsel and by outside counsel's retained and disclosed consultants, experts, and clerical staff solely for the purposes of this litigation. If produced in electronic, magnetic or other machine-readable form, said RESTRICTED ELECTRONIC MEDIA source code is to be kept secure throughout the litigation by keeping the physical media bearing said RESTRICTED ELECTRONIC MEDIA source code under lock and key;

(ii) Any computer into whose RAM or virtual RAM the RESTRICTED ELECTRONIC MEDIA source code of the producing party is

copied must, prior to or contemporaneously with such copying, be equipped with a password protection/lockout/screen saver function having a "timeout" period of thirty (30) minutes or less; the password for such password protection/lockout/screen saver function shall be known only to those persons satisfying all of the requirements of Paragraphs 5 and 8, *supra*; and any such protection/lockout/screen saver function shall remain enabled continuously during any period that such computer is in use while the RESTRICTED ELECTRONIC MEDIA source code of a producing party remains on such computer; provided, however, notwithstanding the foregoing, if counsel for Plaintiff and counsel for Defendant agree in writing beforehand, an alternative security mechanism may be substituted for such password protection/lockout/screen saver function on any particular computer;

(iii)    In the event that RESTRICTED ELECTRONIC MEDIA source code is produced in electronic form, any particular copy of the producing party's RESTRICTED ELECTRONIC MEDIA source code, at any given time, may only be copied into the hard drive and/or into the RAM or virtual RAM of a single computer for purposes of analyses of the same; without limiting the generality of the foregoing, a particular copy of the producing party's RESTRICTED ELECTRONIC MEDIA source code may not be copied into the hard drive and/or into the RAM of one computer and then, while leaving that copy on the first computer, subsequently copied into the hard drive and/or into the RAM or virtual RAM of another computer without the prior written approval of the counsel for the producing party. As set forth above, any computer that has RESTRICTED ELECTRONIC MEDIA source code residing on its hard drive and/or RAM or virtual RAM must be a "stand-alone" (e.g., neither networked nor connected to the Internet), non-laptop computer.

(b) Certain portions of the RESTRICTED ELECTRONIC MEDIA source code of a producing party may be copied onto paper or secure electronic media by outside counsel or a person acting on behalf of such counsel for a requesting party in this action if, and only if, all of the following conditions are met:

(i)    The total amount of a producing party's RESTRICTED ELECTRONIC MEDIA source code copied either onto paper or onto electronic media by outside counsel for a requesting party or a person acting on behalf of such counsel (collectively, the "EXCERPTS OF RESTRICTED ELECTRONIC MEDIA") shall be restricted to that which is reasonably necessary to perform analyses that are necessary and relevant to the claims and defenses in the case, and to prepare court filings or exhibits in this matter;

(ii)    Outside counsel for a requesting party or a person acting on behalf of such counsel may make one (1) electronic backup copy of the EXCERPTS OF RESTRICTED ELECTRONIC MEDIA, including, for example, to preserve analyses or to preserve it to the extent incorporated into a report;

(iii)    Except for transitory copies created in the RAM, virtual RAM or other internal operating circuitry of a computer, a producing party's EXCERPTS OF RESTRICTED ELECTRONIC MEDIA shall only be copied onto paper or electronic media by outside counsel, a person acting on behalf of such counsel for a requesting party, or a party's expert who has been authorized in accordance with Paragraph 15 of this Protective Order, for the purpose of analyzing the same, creating deposition exhibits, creating submissions to the Court or for presentation to the Court at hearings or at trial, and, once having been made, all such copies of a producing party's EXCERPTS OF RESTRICTED ELECTRONIC MEDIA shall be marked as "RESTRICTED ELECTRONIC MEDIA" in the name of the producing party and shall be filed under seal;

(iv)    A producing party's EXCERPTS OF RESTRICTED ELECTRONIC MEDIA must remain in the direct control of the Court or persons satisfying all of the requirements of Paragraphs 5 and 8, *supra*. EXCERPTS OF RESTRICTED ELECTRONIC MEDIA may be transported only to the extent permitted by paragraphs 11 and 12 herein. EXCERPTS OF RESTRICTED ELECTRONIC MEDIA may not, under any circumstances, be transmitted electronically. In the event that EXCERPTS OF RESTRICTED ELECTRONIC MEDIA are the subject of briefs to be electronically filed, those portions containing EXCERPTS OF RESTRICTED ELECTRONIC MEDIA and any copies of same submitted as exhibits shall be filed in paper copy form only, under seal and marked appropriately consistent with the provisions above; and

(c) Within 30 days of the conclusion of the litigation:

(i)    The RESTRICTED ELECTRONIC MEDIA and EXCERPTS OF RESTRICTED ELECTRONIC MEDIA must be returned to the producing party;

(ii)    Each person who had access to the RESTRICTED ELECTRONIC MEDIA pursuant to Paragraphs 5 and 8 must sign a declaration that shall be sent to the producing party certifying that: (1) to the best of that person's knowledge, the RESTRICTED ELECTRONIC MEDIA had been returned to the producing party; and (2) every copy, whether whole or partial, of the RESTRICTED ELECTRONIC MEDIA and EXCERPTS OF RESTRICTED ELECTRONIC MEDIA that exists in electronic, magnetic or other machine-readable form has been "electronically shredded" or "wiped" in its entirety by overwriting all addressable locations with a character, its complement, and then a random character through 3 passes or through the use of a utility program such as Sdelete, PGPWipe, Stellar Wipe, DiskScrub or their equivalents, such that deleted files may not be recovered absent extraordinary efforts, if at all;

(iii)    Notwithstanding the provisions of subparagraphs (c) (i) and (ii) above, outside counsel may retain for archive purposes one (1) electronic, read-only copy of EXCERPTS OF RESTRICTED ELECTRONIC MEDIA separately stored on physical electronic media such as a flash memory drive, magnetic diskette or CD-ROM, and one (1) paper copy of all pleadings exchanged by the parties or filed with the Court that contain EXCERPTS OF RESTRICTED ELECTRONIC MEDIA, provided that such electronic copy shall be password protected and encrypted using an encryption product employing at least 128 bit encryption.

10. A producing party's RESTRICTED ELECTRONIC MEDIA and EXCERPTS OF RESTRICTED ELECTRONIC MEDIA may not be disclosed by outside counsel for a requesting party or otherwise made available to anyone other than the Court, persons satisfying all of the requirements of paragraphs 5 and 8, *supra*, and court reporters and videographers employed in this action who are neither a party to this action nor an officer, director, or employee of a party to this action, unless authorized by a prior order of the Court or the prior written approval of counsel for the producing party (collectively, "Persons Authorized To View Electronic Media"). Nothing herein shall preclude however, a requesting party from appropriately using RESTRICTED ELECTRONIC MEDIA or EXCERPTS OF RESTRICTED ELECTRONIC MEDIA at the deposition of an officer or employee of the producing party, or an author of the RESTRICTED ELECTRONIC MEDIA.

11. A producing party's RESTRICTED ELECTRONIC MEDIA source code and EXCERPTS OF RESTRICTED ELECTRONIC MEDIA may only be transported within the direct control of a person acting on behalf of a requesting party, counsel for a requesting party, or an expert for a requesting party, except for shipments of the same on encrypted physical electronic media such as a flash memory drive, magnetic diskette or CD-ROM, or paper via Federal Express or other similar courier directly from one Person Authorized to View Electronic Media to another Person Authorized to View Electronic Media. Under no circumstances may

RESTRICTED ELECTRONIC MEDIA source code or EXCERPTS OF RESTRICTED
ELECTRONIC MEDIA be transmitted electronically, *e.g.*, via modem, network or the Internet.

    12. No computer having a copy of a producing party's RESTRICTED ELECTRONIC
MEDIA source code or EXCERPTS OF RESTRICTED ELECTRONIC MEDIA in its hard drive
and/or in its RAM or virtual RAM, and none of a producing party's EXCERPTS OF
RESTRICTED ELECTRONIC MEDIA may be transported by any means or in any medium at
any time to any place authorized by this Protective Order except in compliance with Paragraph
11, *supra*.

## STORING OR VIEWING CONFIDENTIAL DOCUMENTS

    13. Information designated "CONFIDENTIAL" may be stored or viewed only at: (a) the
business locations of outside counsel of record; (b) the business locations of an independent
expert or consultant approved in accordance with Paragraph 15 of this Protective Order; (c) the
·site where any deposition relating to the information is taken; (d) the Court; (e) any intermediate
location reasonably necessary to transport the information (*e.g.*, a hotel prior to the deposition);
or (f) the office of the employees approved under paragraph 4(b) or (f) to receive such materials,
provided reasonable measures are taken to limit access to such materials only to those approved
under this Protective Order. Copies of information designated "CONFIDENTIAL" and
"HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY" may be made only to the extent
reasonably necessary to prepare work product or conduct proceedings in this litigation.
Information designated "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY," or
"RESTRICTED ELECTRONIC MEDIA" may be stored or viewed only at: (a) the business
locations of outside counsel of record; (b) the business locations of an independent expert or
consultant approved in accordance with Paragraph 15 of this Protective Order; (c) the site where
any deposition relating to the information is taken; (d) the Court; or (e) any intermediate location
reasonably necessary to transport the information (*e.g.*, a hotel prior to the deposition), provided

reasonable measures are taken to limit access to such materials only to those approved under this Protective Order.

14. Nothing in this Protective Order shall require a party to produce particular documents, including source code, at all, or in a particular format, or limit a party's right to demand production of documents, including source code, in any particular form.

### PROCEDURE FOR PROVIDING CONFIDENTIAL INFORMATION TO AUTHORIZED RECIPIENTS

15. The procedure for authorizing the persons described in Paragraph 4(d) to receive information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL ONLY," or "RESTRICTED ELECTRONIC MEDIA" shall be as follows:

(a) The party seeking to disclose such information shall, at least seven (7) court days prior to such initial disclosure, provide by facsimile to each party and third party who has designated the particular material or information "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL ONLY," or "RESTRICTED ELECTRONIC MEDIA":

      (i)     The name of the person;

      (ii)    The present employer and title of the person;

      (iii)   A copy of a signed, written acknowledgment by the person that he/she has read this Protective Order and agrees to be bound by its terms, in the form attached in Exhibit A; and

      (iv)   For technical experts and consultants, a current *curriculum vitae* and a list of all current clients in the software industry for whom they have performed services within the past three (3) years or are performing services.

(b) Within seven (7) court days of receipt of the information and written acknowledgment described in subparagraph 15(a) *supra,* the producing party or non-party may object to the disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–

OUTSIDE COUNSEL ONLY," or "RESTRICTED ELECTRONIC MEDIA" information to the proposed recipient by serving a written objection by fax and mail. The parties shall meet and confer to try to resolve the objection. In the event that the parties are unable to do so, the party seeking to disclose the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL ONLY," or "RESTRICTED ELECTRONIC MEDIA" information may file a motion that disclosure be permitted. Unless otherwise directed by the Court, said motion shall be filed and the parties shall request a hearing or decision on the earliest date available. No disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL ONLY," or "RESTRICTED ELECTRONIC MEDIA" documents or information may be made to the person pending the parties' resolution of the objection or the Court's ruling on the would-be disclosing party's motion. Nothing herein shall alter the respective burdens of proof that would otherwise apply.

16. "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL ONLY," or "RESTRICTED ELECTRONIC MEDIA" materials may be disclosed to professional document handling service agencies or vendors and their staff in performance of their duties connected to this litigation, provided they are contractually or legally obligated to maintain the confidentiality of the materials.

## PROCEDURE FOR DESIGNATING MATERIALS PRODUCED

17. Any party or non-party wishing to invoke the provisions of this Protective Order shall designate any documents, materials, items or information, or portions thereof, that he, she or it considers confidential at the time such information is disclosed, or as soon thereafter as the person or entity seeking protection becomes aware of the nature of the information or materials disclosed and sought to be protected. With respect to documents, the items produced must be marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL ONLY," or "RESTRICTED ELECTRONIC MEDIA" on all pages by the producing party or non-party. In

the case of information stored on electronic media, the items produced shall be clearly marked or stamped on the media if possible. If it is not possible to so stamp such electronic media, such records may be produced in a sealed envelope or other suitable enclosure that is appropriately marked.

## DEPOSITION TESTIMONY

18. Parties (and deponents) may, at any time during the deposition or within ten (10) days after receipt of the deposition transcript, designate portions of the testimony for protection under this Protective Order. Pending expiration of this designation period, the entire deposition transcript (with the exception of the exhibits to the transcript, discussed *infra*) shall be treated as "HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL ONLY," or "RESTRICTED ELECTRONIC MEDIA as appropriate. Exhibits to the deposition transcript will be treated in accordance with whatever designation was given those materials, if any, at the time of their production or, if not previously produced, at the time of the deposition. Information within the deposition transcript shall be designated by marking the pages containing such information either "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL ONLY," or "RESTRICTED ELECTRONIC MEDIA" and forwarding copies of these pages to the court reporter, to counsel for the parties, and to any other person known to have a copy of the transcript.

19. If no party or deponent timely designates information in a deposition, then none of the transcript will be treated as protected as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL ONLY," or "RESTRICTED ELECTRONIC MEDIA" under this Protective Order, with the exception of any exhibits to the deposition that were previously designated pursuant to this Protective Order and for which such designation has not been lifted by court order or agreement of the producing party or non-party shall remain so designated and treated as such. Nevertheless, said transcripts, even if not expressly designated under one of the

foregoing categories, will in any event be used solely for the purposes of this litigation and for no other purpose.

20. A deponent who is not a party or representative of a party shall be furnished a copy of this Protective Order at the time of service of the notice of deposition or subpoena pursuant to which the deponent is to appear.

21. If any information designated pursuant to this Protective Order is used during the course of a deposition, the portion of the deposition record reflecting such information shall be sealed and stamped with the appropriate designation, as set forth in Paragraph 18, *supra*, and access thereto shall be limited pursuant to the other terms of this Protective Order.

22. Any individual, such as a deposition witness, trial witness, or potential witness, may be shown by an attorney designated materials bound by this Protective Order under the following conditions:

(a) if the individual is identified as having been a signatory, author, addressee or recipient of a copy of the document prior to its production in this litigation;

(b) if the individual is a current officer, director or employee of a party or non-party and the document has been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL ONLY," or "RESTRICTED ELECTRONIC MEDIA" by that party or non-party;

(c) the individual is a witness designated by a party or non-party pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and the document has been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL ONLY," or "RESTRICTED ELECTRONIC MEDIA" by that party or the non-party;

(d) if the individual is a former officer, director or employee of a party and the document has been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL– OUTSIDE COUNSEL ONLY," or "RESTRICTED ELECTRONIC MEDIA" by that party *and* if it appears from the face of the document that the individual previously had access to the document or the information it contains while employed by the party, or if

such other proof of the same can be shown to the reasonable satisfaction of the producing
party's counsel of record at the deposition, or if such counsel otherwise agrees; or

(e) if the individual is a testifying expert for a party and has complied with the
provisions of Paragraph 15(a)(i)-(iv) hereto.

Nothing herein shall restrict the use by a party of its own "CONFIDENTIAL," "HIGHLY
CONFIDENTIAL–OUTSIDE COUNSEL ONLY," or "RESTRICTED ELECTRONIC MEDIA"
documents, information or other materials. Under no circumstances, however, shall the use of
such designated materials by such producing party during a deposition or trial constitute a waiver
of the designated status of the materials.

23. Any document, thing or information that has been designated as "CONFIDENTIAL,"
"HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL ONLY," or "RESTRICTED
ELECTRONIC MEDIA" (including, subject to the limitations above, any EXCERPTS OF
RESTRICTED ELECTRONIC MEDIA) and that is included with, or the contents are in any way
disclosed in, any pleading, motion, deposition transcript, or other papers filed with the Clerk of
the Court shall be filed in sealed envelopes prominently marked with the notation:

CONFIDENTIAL
(or HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL ONLY or RESTRICTED
ELECTRONIC MEDIA)
SUBJECT TO PROTECTIVE ORDER
Case No. 04-11129 DPW

THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS DISPLAYED, COPIED
OR REVEALED EXCEPT BY THE COURT, COURT ORDER OR BY WRITTEN
AGREEMENT OF THE PARTIES.

### THIRD PARTY DESIGNATIONS

24. Where a subpoena, deposition question, or discovery request, other than a party
interrogatory or document request under Federal Rule of Civil Procedure 33 or 34, calls for
otherwise discoverable information that is held by a party or non-party to whom it is directed
under obligations of confidentiality owed to another, and the party or non-party to whom the
subpoena, deposition question, or discovery request is directed refuses to provide such

documents or information on that ground, the following procedures shall apply. If the discovery request is directed to a party, that party:

(a) shall promptly identify to the party seeking the information the name and address of each person or entity whose confidentiality interests are implicated by the discovery request;

(b) shall promptly provide to each such person or entity whose confidentiality interests are implicated:

(i)    notice of its intention to disclose materials or information held under obligations of confidentiality; and

(ii)    a copy of this Protective Order; and

(c) The party from whom such discovery is sought shall within ten (10) court days thereafter disclose in compliance with this Protective Order any responsive materials or information held under obligations of confidentiality to such person unless said party moves for or obtains a protective order in this Court within that time.

In the case of a discovery request, subpoena, or deposition question directed to a non-party who refuses to disclose such information on the grounds that it implicates a confidentiality obligation owed to another, such discovery shall not be had unless and until the party propounding such request shall obtain an order compelling disclosure of such information from this Court or in the case of third parties not subject to this Court's *in personam* jurisdiction, from a court of competent jurisdiction.

## INADVERTENT FAILURE TO DESIGNATE AND/OR INADVERTENT DISCLOSURE

25. A producing party or non-party that inadvertently fails to designate an item pursuant to this Protective Order at the time of the production may thereafter make a designation pursuant to this Protective Order by serving notice thereof in writing, accompanied by substitute copies of each item, appropriately designated. Those individuals who reviewed the documents or information prior to notice of the misdesignation or failure to designate by the producing party

shall return to outside counsel or destroy all copies of the misdesignated documents and shall honor, to the extent reasonably practicable, the provisions of this Protective Order with respect to the use and disclosure of any confidential information contained in the misdesignated documents.

26. In the event that information designated pursuant to this Protective Order is disclosed to any person not authorized by this Protective Order to receive the information, the party responsible for this disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all interested parties, and without prejudice to other rights and remedies of the producing party, shall make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information.

## DECLASSIFICATION OF CONFIDENTIALITY DESIGNATIONS

27. The parties acknowledge that it may be impractical to currently assess the confidentiality of any or all information in documents, testimony, transcripts, and/or other materials and things produced by a party or producing entity in the course of this litigation. Therefore, if a party wishes to challenge the "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL ONLY," or "RESTRICTED ELECTRONIC MEDIA" status of any such information, the party shall in good faith narrowly limit such efforts solely to those documents, testimony, transcripts, and/or other materials or things (or portions thereof) for which declassification reasonably appears to be appropriate. The party or producing entity who designated the information at issue shall, within ten (10) business days after receiving the party's request for declassification, make a good faith determination as to whether the information at issue should be declassified and notify the requesting party of its determination.

28. If, at any stage of these proceedings, and after utilizing the procedure set forth in Paragraph 27 above, the parties and/or producing entity cannot agree on whether certain information should be declassified, they should first attempt to resolve such dispute in good faith on an informal basis (without assistance from the Court). If informal resolution of the matter is

not effective, at any time during the pendency or trial of this action, counsel for any party or producing entity who claims that information is not appropriately designated may serve a captioned notice of objection on all parties and other affected persons, identifying with particularity the items as to which the designation is challenged, stating the basis for each challenge, and proposing a new designation for each item. If the designating party does not redesignate the material, the objecting party may file and serve a motion for an order that the material be redesignated. The original designation shall, unless otherwise ordered by the Court, remain effective until three (3) court days after entry of any order redesignating the materials.

29. The parties shall not be obligated to challenge the propriety of any designation of information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL ONLY," or "RESTRICTED ELECTRONIC MEDIA at the time such information is produced or so designated, or thereafter. As such, any failure to request declassification of such information shall not operate as an acquiescence in such designation or a waiver of a party's right to request declassification of such information.

## USE OF CONFIDENTIAL INFORMATION AT HEARING OR TRIAL

30. Counsel of record shall refrain from referring in open court to any information designed "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL ONLY," or "RESTRICTED ELECTRONIC MEDIA" except under such conditions and safeguards that the Court employs to protect against disclosure of such confidential information. Such conditions and safeguards may include, but are not limited to, *in camera* proceedings in chambers or proceedings where the courtroom is closed to the general public. Such confidential information may be referred to or offered in evidence at hearing or trial only after first providing notice reasonable under the circumstances to the Court and to the producing party or producing entity of the intended disclosure of such confidential information. The Court, either through its own initiative or after motion of the party or producing entity claiming such confidential treatment, may subject such confidential information to further protections, including, but not limited to, *in*

*camera* proceedings in chambers or conducting proceedings closed to the general public. By
their signatures to this Stipulation and Protective Order, counsel of record for the parties hereby
consent to and agree not to object to a request by any other Party for such *in camera* proceedings
in chambers or conducting proceedings closed to the general public with respect to such
confidential information. Nothing herein shall operate as a waiver of a party's objection to the
designation of material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–OUTSIDE
COUNSEL ONLY," or "RESTRICTED ELECTRONIC MEDIA"; such disputes shall be
resolved pursuant to the mechanisms set forth in Paragraphs 27-29, although an expedited
schedule for resolution may be required. Further, nothing herein shall operate as a waiver or
relinquishment of a "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL
ONLY," or "RESTRICTED ELECTRONIC MEDIA" designation, should such materials be
disclosed at a Court hearing or other proceeding where the general public is not so excluded.

### MISCELLANEOUS

31. Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a
designation under this Protective Order shall not be admissible for any purpose, nor shall the
designation or acceptance of any information designated pursuant to this Protective Order
constitute an admission or acknowledgment that the material so designated is in fact proprietary,
confidential or a trade secret.

32. Within 30 days after the final conclusion of this suit (either through settlement or
final judgment including appeals and petitions for review), all persons, including experts, client
representatives and outside counsel of record (except the Court and its personnel) shall destroy or
return to the respective party or producing entity claiming confidentiality, the original and all
copies of each document, transcript, and/or other things or materials embodying
"CONFIDENTIAL," "HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL ONLY," or
"RESTRICTED ELECTRONIC MEDIA" information and comply with the provisions
pertaining to the return of RESTRICTED ELECTRONIC MEDIA. As used in this paragraph,

documents, transcripts, and/or other things or materials embodying confidential information also include subsequent notes, summaries, digests and machine readable embodiments of such confidential information. However, subject to the provisions for RESTRICTED ELECTRONIC MEDIA and EXCERPTS OF RESTRICTED ELECTRONIC MEDIA, each party may retain one archival copy of each deposition or hearing transcript to which it is allowed under this Protective Order, and each party's counsel of record may retain one complete set of pleadings; deposition transcripts and their exhibits; and trial transcripts and their exhibits. Nothing herein shall act as a waiver of the attorney-client privilege, waiver of the protection of the work product doctrine, or waiver of any trade secret confidentiality.

33. The terms of this Protective Order shall survive termination of this action.

34. This Protective Order is being entered without prejudice to the right of any party or other person to move the Court for modification of or relief from any of its terms.

35. This Protective Order shall not be deemed (a) a waiver of any party's or producing entity's right to object to any discovery requests on any ground; (b) a waiver of any party's right to seek an order compelling discovery with respect to any discovery requests; (c) a waiver of any party's right to object to the admission of evidence on any ground; (d) a waiver of any party's or producing entity's right to use its own documents, testimony, transcripts, and/or other materials or things within its own discretion; or (e) any waiver of the attorney-client privilege, waiver of the protection of the work product doctrine, or waiver of any trade secret confidentiality.

36. Nothing in this Protective Order precludes any party or producing entity from seeking a further Protective Order for any particularly sensitive information as to which such party or producing entity believes this Protective Order insufficiently protects. Nothing in this Protective Order precludes any party or producing entity from seeking relief as to this Protective Order or portions thereof for good cause shown. All parties are subject to the continuing jurisdiction of this Court to modify and interpret this Protective Order.

37. Nothing in this Protective Order shall bar counsel from rendering advice to their client with respect to this litigation, and in the course thereof, relying upon any information

designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL ONLY,"
or "RESTRICTED ELECTRONIC MEDIA," provided counsel does not disclose such
information in a manner not specifically authorized under this Protective Order.

    38. If a third party, another court or an administrative agency subpoenas or orders
production of documents or information designated for protection under this Protective Order
which a party has obtained under the terms of this Protective Order, such party shall promptly
notify the party or producing entity of the pendency of such subpoena or order.

    **IT IS SO STIPULATED.**

Dated: May 16, 2006    MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.

By: _____
    H. Joseph Hameline

Attorneys for Plaintiff
SKYLINE SOFTWARE SYSTEMS, INC.

Dated: May 15, 2006    FENWICK & WEST LLP

By: _____
    Darryl M. Woo

Attorneys for Defendants and Counterclaimants
KEYHOLE, INC. and GOOGLE INC.

### ORDER

    The parties having so stipulated, **IT IS SO ORDERED.**

Dated: May 22, 2006    By: _____
    Douglas P. Woodlock
    United States District Judge

## EXHIBIT A

### UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF MASSACHUSETTS

SKYLINE SOFTWARE SYSTEMS, INC.   )
                      )       Civil Action No. 04-11129 DPW
        Plaintiff,        )
                      )
   v.                   )
                      )
KEYHOLE, INC. and GOOGLE INC.    )
                      )
        Defendant.     )
                      )

### CONSENT TO BE BOUND BY STIPULATION AND PROTECTIVE ORDER

I, the undersigned, hereby acknowledge that I have read the STIPULATION AND PROTECTIVE ORDER ("Protective Order") in this action, understand its terms and agree to be bound by them, and voluntarily submit to the jurisdiction of the United States District Court for the District of Massachusetts for the purposes of the enforcement of the terms and conditions of this Protective Order. I acknowledge that I will treat all information I receive in this action, including without limitation "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–OUTSIDE COUNSEL ONLY," and/or "RESTRICTED ELECTRONIC MEDIA," strictly in accordance with the terms and conditions of this Protective Order, and that I understand that any unauthorized use of such material that I receive may constitute contempt of court.

DATED: _____

                                          _____
                                             Signature

Address:                                   _____
                                             Print Name