# MINTZ LEVIN

One Financial Center
Boston, MA 02111
617-542-6000
617-542-2241 fax
www.mintz.com

Geri L. Haight | 617 348 1675 |
glhaight@mintz.com

JUNE 8, 2006

**VIA HAND DELIVERY**

The Honorable Douglas P. Woodlock
John Joseph Moakley United States Courthouse
One Courthouse Way, Suite 2300
Boston, MA 02210

    Re:    <u>Skyline Software Systems, Inc. v. Keyhole, Inc.</u>
             Civil Action No. 04-11129 DPW

Dear Judge Woodlock:

      I write in response to a correspondence from counsel for Defendants Keyhole, Inc. and Google Inc. ("Defendants") regarding whether Plaintiff Skyline Software Systems, Inc. ("Skyline") may assert the remaining claims of U.S. Patent No. 6,496,189 (the "'189 Patent") in the above-referenced action, as well as to bring a few additional issues to the Court's attention.

      In response to a dispute between the parties regarding the scope of the above-referenced matter, on June 5, 2006, Skyline instituted an action entitled *Skyline Software Systems, Inc. v. Keyhole, Inc. and Google Inc.*, 06-CV-10980-DPW, in which it alleges that Defendants Keyhole, Inc. and Google Inc. ("Defendants") infringe all remaining claims of the '189 Patent other than Claims 1 and 12. A copy of that Complaint is attached hereto as Exhibit A for the Court's convenience. Yesterday, Skyline filed a Motion to Clarify or, in the Alternative, to Consolidate (a courtesy copy of the memorandum in support of the Motion to Clarify is attached hereto as Exhibit B), in which it asks the Court to clarify which claims of the '189 Patent are presently at issue. Should the Court determine that only Claims 1 and 12 are at issue in the present case, Skyline has requested that the Court consolidate the two pending action involving the same parties, the same patent and the same accused products. Counsel for Skyline are available to discuss the issues raised in its Motion, as well as in the letter submitted yesterday to the Court by counsel for Defendants, at the Court's convenience.

      One point raised in Defendants' counsel's letter that is not addressed in Skyline's Motion to Clarify is the suggestion that the parties would be unable to adhere to the schedule set by the Court if the remaining claims of the '189 Patent are at issue in this case. Skyline strongly disagrees with this suggestion. Given the relatedness of Claims 1 and 12 to the remaining claims, Skyline believes that little, if any, additional discovery would be required. Nonetheless, the current schedule may be unrealistic for other reasons. For example, while Skyline's counsel has been in California conducting the depositions of Defendants' employees, Defendants have produced -- *in Boston* -- five CDs containing several boxes of additional documents. Due to their belated production at a location remote from the site of the depositions, Skyline's counsel was unable to review, analyze or use these documents at the depositions. (Only one of the CDs was provided to counsel in California.) As a result, certain depositions will potentially need to

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

June 8, 2006
Page 2

be re-opened in light of Defendants' belated production. Second, the depositions have revealed that certain of Defendants' employees did not conduct a review of their files to retrieve responsive documentation. Third, it is clear from the deposition testimony that Defendants have not produced the complete file histories for their pending patent applications for technology relating to streaming and three-dimensional visualization techniques. Skyline, therefore, anticipates that Defendants' rolling production of documents will only continue. Expert reports are currently due to be exchanged between the parties in two weeks, on June 23rd. It is unlikely that fact discovery will be completed by that date. Given Defendants' failure to produce documents in a timely manner, any need to extend the discovery deadline in this case will result from Defendants' own conduct -- not from the consolidation of the two pending patent infringement cases.

Finally, and perhaps most importantly, Skyline wishes to bring one additional issue to the Court's attention. Defendants' counsel has recently informed us that, on June 3, 2006, a CD containing *all* of the source code for *all* of Skyline's products was stolen from the trunk of Defendants' counsel's car, where it had been left overnight following counsel's return to California after conducting depositions in Virginia. Attached hereto as Exhibit C is an email from Defendants informing us of this incident. In addition to the CD containing the product source code, Defendants' counsel also informed us that hard copy print outs of the vast majority of core components of the source code were also stolen. Defendants' counsel has not yet provided us with a police report of the incident.

The ramifications of this loss are potentially catastrophic to our client. Anyone with basic knowledge of software development would be able to use the CD to compile and create runtime versions of Skyline's software products, some of which retail for tens of thousands of dollars. The ability of a third-party to create products based on Skyline's source code would be devastating to Skyline's business. Skyline is similarly alarmed by the potential for its source code to find its way into the hands of organizations, entities or nations to which Skyline, as a U.S.-based business, is prohibited under U.S. laws from selling its software. In the event that this source code, the products of which are used by several U.S. defense and intelligence agencies, is used by such prohibited entities, Skyline could potentially be liable for any harm caused by such improper use. Skyline remains in the process of comprehending and analyzing the potential ramifications of this shocking loss, and wanted to bring it promptly to the Court's attention.

We welcome the opportunity to discuss these matters with the Court at its convenience.

Very truly yours,

Geri L. Haight

Enclosures
cc:  Darryl Woo, Esq., Counsel for Defendants Keyhole, Inc. and Google Inc.
     H. Joseph Hameline, Esq.