# EXHIBIT A

FILED
IN CLERKS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS -5 P 4 47

U.S. DISTRICT COURT
DISTRICT OF MASS.

SKYLINE SOFTWARE SYSTEMS, INC., )
    Plaintiff, )
     )
     )
v. )    CIVIL ACTION NO. _____
     )
KEYHOLE, INC. and )
GOOGLE, INC. )    MAGISTRATE JUDGE M b b
    Defendants. )
     )

06 CA 1 0 9 8 0 DPW

RECEIPT # 72853
AMOUNT $ 350.00
SUMMONS ISSUED Y
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK _____
DATE 6 6 06

**COMPLAINT FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL**

Plaintiff Skyline Software Systems, Inc. ("Skyline") as and for its Complaint

alleges against Defendants Keyhole Corporation ("Keyhole") and Google, Inc.

("Google") as follows:

**JURISDICTION**

1.    This action arises under the Patent Laws of the United States, 35 U.S.C.

§§ 1 et seq. This Court has jurisdiction pursuant to 28 U.S.C., §§ 1331 and §1338(a).

**VENUE**

2.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)

and (c), and 28 U.S.C. § 1400(b) because defendants' acts of patent infringement are

occurring within this judicial district and defendants are subject to personal jurisdiction in

this judicial district.

**THE PARTIES**

3.    Plaintiff Skyline is a Delaware corporation. Skyline's corporate

headquarters are located at 4506 Daly Drive, Suite 100, Chantilly, VA. Skyline is the

owner of United States Patent No. 6,496,189 (the '189 Patent) entitled "Remote Landscape Display and Pilot Training."

4.    Skyline is in the business of providing network based, 3D visualization software products and services. Skyline's technology enables the fusion and delivery, through a number of platforms (such as laptops, wireless handheld devices and over any type of network), of complex geo-spatial information in realistic 3D form.

5.    Google is a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA.

6.    Google's principal activity is to provide advertising solutions, global internet search solutions through its internet site and intranet solutions via an enterprise search appliance. Google's automated search technology helps people obtain access to relevant information from Google's vast online index.

7.    On October 27, 2004, Google acquired Keyhole. Prior to its acquisition, Keyhole was a Delaware corporation with its principal place of business at 1100A La Avenide, Mountain View, CA. At all relevant times prior to its acquisition by Google, Keyhole has made, used, sold and offered for sale software and services which provide 3D graphics, mapping and visualization for geographic locations. Since its acquisition, Keyhole and Google have used, sold and offered for sale the same software and services previously marketed by Keyhole that provide 3D graphics, mapping and visualization for geographic locations. On information and belief, all of Keyhole's employees are now employees of Google.

8.    Google and Keyhole are engaging in acts of infringement, contributory infringement, and/or inducement of infringement of Skyline's patent. On information

2

and belief, the products of which Skyline currently is aware that infringe the '189 Patent include, but are not limited to: Keyhole Pro, Keyhole 2 Pro, Keyhole LT, Keyhole 2 LT, Keyhole NV, Keyhole 2 NV, Earthviewer, Keyhole Enterprise Client, Keyhole 2 Enterprise Client, Keyhole EC, Keyhole 2 EC, Keyhole's Enterprise Solutions products, Keyhole 2 Fusion LT, Keyhole 2 Server, Google Earth, Google Earth Plus, Google Earth Pro, and Google Earth Enterprise Solution (including Google Earth Fusion, Google Earth Server and Google Earth Enterprise Client) and services provided by Google and Keyhole in connection with these products.

9.      Skyline filed a Complaint for Patent Infringement and Demand for a Jury Trial against Keyhole in the U.S. District Court for the District of Massachusetts on May 28, 2004 (Civil Action No. 04-CV-11129-DPW). Following Google's acquisition of Keyhole, Skyline filed an Amended Complaint. Although discovery has only recently commenced, Defendants have asserted that Skyline is limited to asserting that Google and Keyhole infringe Claims 1 and 12 of the '189 Patent in that action. Skyline disputes this position, but in order to resolve any potential ambiguity as to whether any additional claims of the '189 Patent are at issue, Skyline brings the instant action asserting that Google and Keyhole infringe Claims 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, and 24 (the "Asserted Claims"). Skyline is willing to consolidate the actions, as appropriate.

## COUNT I

### (Infringement of U.S. Patent No. 6,496,189)

10.     On December 17, 2002, the '189 Patent was duly and legally issued to Skyline Software Systems, Ltd. for an invention relating to digital imaging devices. The

3

'189 Patent was assigned to Plaintiff in October 2003. A copy of the Patent is attached hereto as Exhibit A.

11.     On information and belief, Keyhole and Google have been and still are infringing the Asserted Claims of the '189 Patent by making, selling, using and/or offering for sale software systems and apparatus that practice the patented invention and will continue to do so unless enjoined by this Court.

12.     On information and belief, Keyhole and Google's infringement of the Asserted Claims of the '189 Patent has been and continues to be willful, entitling Skyline to enhanced damages.

13.     Skyline has been damaged by Keyhole and Google's infringement of the Asserted Claims, which will continue unless enjoined by this Court.

## COUNT II

### (Contributory Infringement of U.S. Patent No. 6,496,189)

14.     On December 17, 2002, the '189 Patent was duly and legally issued to Skyline Software Systems, Ltd. for an invention relating to digital imaging devices. The '189 Patent was assigned to Plaintiff in October 2003.

15.     On information and belief, Keyhole and Google have been and still are contributing to the infringement of the Asserted Claims of the '189 Patent.

16.     On information and belief, Keyhole and Google's contributory infringement of the Asserted Claims of the '189 Patent has been and continues to be willful, entitling Skyline to enhanced damages.

4

17.    Skyline has been damaged by Keyhole and Google's contributory infringement of the Asserted Claims of the '189 Patent, which will continue unless enjoined by this Court.

## COUNT III

### (Inducement of Infringement of U.S. Patent No. 6,496,189)

18.    On December 17, 2002, the '189 Patent was duly and legally issued to Skyline Software Systems, Ltd. for an invention relating to digital imaging devices. The '189 Patent was assigned to Plaintiff in October 2003.

19.    On information and belief, Keyhole and Google have been and still are inducing the infringement of the Asserted Claims of the '189 Patent.

20.    On information and belief, Keyhole and Google's inducement of infringement of the Asserted Claims of the '189 Patent has been and continues to be willful, entitling Skyline to enhanced damages.

21.    Skyline has been damaged by Keyhole and Google's inducement of infringement, which will continue unless enjoined by this Court.

**WHEREFORE**, Skyline prays for judgment and relief as follows:

A.    A preliminary and permanent injunction against Keyhole and Google's continued infringement, contributory infringement and inducing of infringement of the '189 Patent;

B.    An award of damages in favor of Skyline and against Keyhole and Google sufficient to compensate Skyline for Keyhole and Google's infringement, contributory infringement and inducement of infringement of the '189 Patent, and an assessment of prejudgment interest and post-judgment interest;

5

C.    A finding by the Court that Keyhole and Google's infringement,

contributory infringement and inducement of infringement of the '189 Patent is willful,

and an award of enhanced damages of up to three times the amount found or assessed;

D.    A finding by the Court that this case is exceptional under 35 U.S.C. § 285;

E.    An award to Skyline of its reasonable expenses, including attorneys' fees,

and costs of this action; and

F.    Such other and further relief as the Court finds just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Skyline hereby demands a trial by jury on all issues so triable.

SKYLINE SOFTWARE SYSTEMS, INC.,

By its attorneys,

H. Joseph Hameline, BBO #218710
Geri L. Haight, BBO #638185
Mintz, Levin, Cohn, Ferris,
  Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

June 5, 2006

LIT 1574561v.1

6

# EXHIBIT B

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

SKYLINE SOFTWARE SYSTEMS, INC., )
    Plaintiff, )
       )
v.        )   CIVIL ACTION NO. 04-11129-DPW
       )
KEYHOLE, INC. and GOOGLE INC., )
    Defendants. )

### PLAINTIFF'S MOTION TO CLARIFY
### OR, IN THE ALTERNATIVE, TO CONSOLIDATE

Plaintiff Skyline Software Systems, Inc. ("Plaintiff") hereby respectfully requests that

this Court clarify whether Skyline may assert in this action the remaining claims of U.S. Patent

No. 6,496,189 (the "'189 Patent") other than Claims 1 and 12. In the alternative, pursuant to

Fed. R. Civ. P. 42(a) and Local Rule 40.1(J), Skyline respectfully requests that the Court

consolidate the action entitled *Skyline Software Systems, Inc. v. Keyhole, Inc. and Google Inc.*,

06-CV-10980-DPW, filed on June 5, 2006, with the instant case. As explained more fully in the

supporting memorandum, consolidation is appropriate given that the two pending actions involve

the same parties, the same patent, and the same accused products.

**WHEREFORE**, Skyline requests that the Court grant this Motion.

COURTESY COPY

## REQUEST FOR HEARING

Skyline respectfully requests a hearing on this Motion.


Respectfully submitted,

SKYLINE SOFTWARE SYSTEMS, INC.,

By its attorneys,


/s/ Geri L. Haight, BBO #638185
H. Joseph Hameline, BBO #218710
Geri L. Haight, BBO #638185
Mintz, Levin, Cohn, Ferris,
  Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

June 7, 2006

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

Prior to the filing of this Motion, counsel for Plaintiff exchanged written correspondences with counsel for Defendants in an attempt to resolve this matter, and counsel were unable to resolve or narrow the issues presented in this Motion. Counsel for Plaintiff notes that earlier today, counsel for Defendants delivered a letter to the Court seeking its assistance in resolving the issues raised, in part, in this Motion.


/s/ Geri L. Haight
Geri L. Haight, BBO #638185

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2006, I caused a true and accurate copy of the foregoing document to be served upon all counsel of record for each party, by complying with this Court's Administrative Procedures for Electronic Case Filing.


/s/ Geri L. Haight
Geri L. Haight, BBO # 638185

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

)
SKYLINE SOFTWARE SYSTEMS, INC., )
    Plaintiff, )
                          )
                          )
v.                           )    CIVIL ACTION NO. 04-11129-DPW
                          )
KEYHOLE, INC. and GOOGLE INC.,     )    FILED UNDER SEAL PURSUANT
    Defendants.                   )    TO PROTECTIVE ORDER
                          )

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO CLARIFY
## OR, IN THE ALTERNATIVE, TO CONSOLIDATE

Plaintiff Skyline Software Systems, Inc. ("Plaintiff") hereby respectfully requests that

this Court clarify whether Skyline may assert in this action the remaining claims of U.S. Patent

No. 6,496,189 (the "'189 Patent") other than Claims 1 and 12. Should the Court determine that

Skyline may not assert the remaining claims of the '189 Patent in this action, pursuant to Fed. R.

Civ. P. 42(a) and Local Rule 40.1(J), Skyline respectfully requests that the Court consolidate the

action entitled *Skyline Software Systems, Inc. v. Keyhole, Inc. and Google Inc.*, 06-CV-10980-

DPW, filed on June 5, 2006, with the instant case given that it involves the same parties, the

same patent, and the same accused products.

### A.    FACTUAL BACKGROUND

Skyline filed this patent infringement action against Defendant Keyhole, Inc. ("Keyhole")

on May 28, 2004, alleging that Keyhole infringes the '189 Patent. *See* Docket No. 1

(Complaint). Following the acquisition of Keyhole by Defendant Google, Inc. ("Google,"

collectively with Keyhole, "Defendants"), Skyline amended its Complaint to add Google as a

party. *See* Docket No. 27 (Amended Complaint). Each claim of the patent-in-suit relates to

COURTESY COPY

method and apparatus for visualizing three-dimensional terrain over a computer network, such as the Internet. *See* Haight Decl., Exh. A ('189 Patent).

At the outset of this case, the Court stayed all discovery other than that relevant to claim construction. *See* Docket No. 38 (Scheduling Order dated December 20, 2004). On April 27, 2005, the Court held a hearing on claim construction issues and, eleven months later, issued its ruling. *See* Electronic Clerk's Notes on 4/27/2005 & Docket No. 96 (Claim Construction Ruling). On January 4, 2006, while awaiting the Court's claim construction ruling, Skyline filed a Motion for a Preliminary Injunction. *See* Docket No. 62 (Preliminary Injunction Motion). The Court heard argument on that Motion on March 22, 2006. *See* Electronic Clerk's Notes on 3/22/2006.

Following that hearing, the Court issued a revised Scheduling Order, which set, *inter alia*, the close of fact discovery for July 28, 2006. *See* Electronic Clerk's Notes on 3/22/2006. Approximately three weeks ago, on May 15, 2006, the parties exchanged documents and interrogatory answers on the issues of infringement and validity. *See* Haight Decl., ¶ 3. Ten days later, on May 25, 2006, the first deposition was conducted. *Id.*, ¶ 3. The parties are currently in the midst of conducting additional fact depositions. *Id.*, ¶ 3.

In response to an interrogatory seeking the identification of which claims of the '189 Patent Skyline is asserting against Defendants in this case, Skyline answered by identifying Claims 1, 2, 3, 7-9, 11-14, 16-19, and 21-22. *See* Haight Decl., Exh. B (Interrogatory Answer No. 1). In response, Defendant objected, asserting that the Court had prohibited Skyline from raising any additional claims in this case during the hearing on claim construction issues. *See* Haight Decl., Exh. C (Letters dated May 25 and May 26). At that hearing, the Court indicated that it would only construe claim terms found in Claims 1 and 12, and that Skyline could bring a

2

separate lawsuit if it later determined, once it received discovery, that Defendants infringed additional claims of the '189 Patent. *See* Docket No. 100.

In its Complaint (and its Amended Complaint adding Google as a Defendant), Skyline asserted that Defendants infringed the '189 Patent in its entirety. *See* Docket Nos. 1 and 27 (Complaint and Amended Complaint). It did not limit its patent infringement allegations solely to Claims 1 and 12. *Id.* Nor did it limit its patent infringement allegations at any time subsequent to the filing of the Complaint. Now that Skyline has received discovery from Defendants, and its counsel has conducted the depositions of several of Defendants' employees, Skyline has confirmed that Defendants' products infringe multiple claims of the '189 Patent in addition to Claims 1 and 12, as indicated in its initial Complaint. Given Defendants' objection to Skyline's assertion of the remaining claims of the '189 Patent in this case, Skyline has filed a new Complaint in the District of Massachusetts, in which it explicitly asserts the remaining claims of the '189 Patent.[1] *See* Haight Decl., Exh. D (Complaint). This action has been assigned to this Court.

The remaining claims of the '189 Patent that Skyline seeks to assert in this case are substantially similar to Claims 1 and 12. Indeed, the remaining claims contain the same claim terms that the Court has already construed with respect to Claims 1 and 12. *See* Docket No. 96 (Claim Construction Ruling dated March 24, 2006). Moreover, Defendants' own documents reveal that they admit and appreciate the similarity of and overlap between the claims in the '189 Patent. *See* Haight Decl., Exh. E (GOOG14494). Shortly after Skyline filed its Complaint against Defendant Keyhole asserting infringement of the '189 Patent, a Keyhole employee reviewed the patent and summarized it as follows:

---

[1] Skyline filed the Complaint in response to the Court's suggestion, at the claim construction hearing, that Skyline should file a new complaint if it desired to assert additional patent claims.

> There are 24 claims [of the '189 Patent], but it only boils down to one. There are two main sections, one describing their patent as a "method" (claims 1-11, & 23) and another describing it as an "apparatus" (12-22, & 24). They are completely identical, except one is the software implementation and the other is the hardware implementation.
>
> So let's focus on just the "method," which will in turn apply exactly for the "apparatus." Claims [sic] 1 is the "boiler plate" and all the others are just slight modifications of that one....

*Id.* Not only have Defendants recognized the similarity of the patent claims, but the discovery conducted to date over the past weeks is relevant to the issues of infringement and validity of the remaining claims of the '189 Patent -- not just Claims 1 and 12. Thus, as Defendants well know, allowing Skyline to assert the remaining claims of the '189 Patent would not substantially expand the scope of the instant litigation.

## B.    LEGAL ARGUMENT

By seeking clarification of the Court's position as to the scope of this case, Skyline is not seeking to add a new party or a new patent to this case. Rather, Skyline is simply seeking to assert claims of the patent-in-suit that have been at issue throughout this case, all of which directly relate to 3D terrain visualization. Given the relatedness of the claims, and that the parties have already engaged in discovery that is relevant to all claims of the '189 Patent, judicial economy compels that these claims be the subject of the pending litigation rather than to a new and separate action.

To the extent that the Court has limited this action to a determination of whether Defendants infringe Claims 1 and 12 of the '189 Patent, the Court should consolidate this action with the recently filed action against Defendants in which Skyline asserts the remaining claims of the '189 Patent. Pursuant to Fed. R. Civ. P. 42(a), the Court has discretion to consolidate two or more cases if they involve "a common question of law or fact" which are pending before the

4

Court and "may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." *See also Howard Gunty Profit Sharing Plan v. Carematrix Corp.,* 354 F. Supp. 2d 18 (D. Mass. 2000) (Wolf, J.). Common issues of fact and law, such as the validity of a patent, the enforceability of the patent and its infringement, make patent cases reasonable candidates for consolidation. *See, e.g., Cedars-Sinai Med. Ctr. V. Revlon, Inc.*, 111 F.R.D. 24, 31-34 (D. Del. 1986) (consolidating two patent infringement actions involving the same parties where related patents asserted).

Here, the two pending actions against the *same Defendants* involve the *same patent* and the *same accused products*. The similar issues of infringement and validity are present in both cases. From the start, Skyline sought to assert all claims of the '189 Patent against Defendants in this litigation. And Defendant knew it. As of the filing of the Complaint on May 28, 2004, Defendant Keyhole (and subsequently Defendant Google) was on notice of Skyline's allegation that it infringed the '189 Patent in its entirety, as the Complaint was not limited to Claims 1 and 12. In fact, Defendants' document production confirms that, shortly after the filing of the Complaint, Defendant Keyhole analyzed *each clai*m of the '189 Patent in order to develop potential infringement and invalidity theories with respect to *each and every claim*. *See* Haight Decl., Exh. 4 (GOOG14494). Indeed, a Keyhole employee who analyzed the '189 Patent noted the similarities between the patent claims, stating: "There are 24 claims [of the '189 Patent], but it only boils down to one." *Id.* Defendants, therefore, recognize that both pending patent infringement actions raise common issues of fact and law.

Defendants will suffer no prejudice by allowing Skyline to raise the remaining claims in this case (or, in the alternative, allowing Skyline to consolidate the recently-filed action with this case). Skyline did not receive *any* discovery from Defendants as to the operation of their

5

products until Defendants submitted an affidavit outlining in broad and general terms the functionality of the accused products in opposition to Skyline's Preliminary Injunction Motion. *See* Docket No. 63. Thereafter, as soon as the Court authorized the parties to conduct discovery on the underlying infringement issues, Skyline promptly asserted the additional patent claims in response to Defendants' interrogatory requests. *Id.* Simultaneously with this disclosure, Defendants produced their source code and certain design documents, which further compel the assertion of the remaining claims of the '189 Patent. *Id.* This discovery has only confirmed what Skyline believed at the outset of this case, as reflected in its Complaint: Defendants products infringe the claims of the '189 Patent. As the parties have only begun discovery in this matter, time remains for the parties to conduct additional discovery – if any – on the additional patent claims.

## C.     CONCLUSION

Because the remaining claims of the '189 Patent that Skyline seeks to assert in this case are substantially similar to those previously at issue, Skyline respectfully requests that the Court clarify its previous statement as to the scope of the instant litigation and allow Skyline to assert additional claims in this case. In the alternative, Skyline respectfully requests that the Court consolidate the action entitled *Skyline Software Systems, Inc. v. Keyhole, Inc. and Google Inc.*, 06-CV-10980-DPW, with the instant pending action given that that case involves the same parties, the same patent and the same accused products.

6

Respectfully submitted,

SKYLINE SOFTWARE SYSTEMS, INC.,

By its attorneys,

H. Joseph Hameline, BBO #218710
Gery I. Haight, BBO #638185
Mintz, Levin, Cohn, Ferris,
  Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111
(617) 542-6000

June 7, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2006, I caused a true and accurate copy of the foregoing document to be served upon all counsel of record for each party, by complying with this Court's Administrative Procedures for Electronic Case Filing.

Geri L. Haight, BBO # 638185

# EXHIBIT C

## Haight, Geri

**Subject:**        Theft Report

-----Original Message-----
From: Darryl Woo [mailto:DWoo@fenwick.com]
Sent: Saturday, June 03, 2006 7:12 PM
To: Hameline, Joe
Cc: Michael Sacksteder
Subject: Theft Report

Dear Joe:

We wanted to let you know as soon as possible of an unfortunate situation and can be available by phone later today or tomorrow to discuss this. As you probably know, my partner, Michael Sacksteder, was in Washington the last few days taking the deposition of Ofer Shore. Mr. Shore was Skyline's designated Rule 30(b)(6) witness on the subject of Skyline's source code. As such, Mr. Sacksteder had brought with him a copy of the Skyline source code produced by your office in this litigation, as well as excerpts of the code that were used for examining the witness.

Mr. Sacksteder arrived home late last night from the deposition, and left his computer bag and brief case in the locked trunk of his car parked in front of his home overnight. Sometime between midnight and 9 a.m., Mr. Sacksteder's car was broken into, and those items, among others, were stolen from the car. In addition to his laptop computer and some personal items, Mr. Sacksteder's computer bag contained one of the copies of the Skyline source code that your firm produced to us on DVD, and the briefcase contained the printed source code excerpts that were marked as exhibits to Mr. Shor's deposition. None of these items had been left in sight; rather, they were inside the trunk.

Because of the obvious sensitivity of these materials, we wanted to let you know about this situation as soon as possible. Mr. Sacksteder has already filed a police report about the theft. All indications are that this was an ordinary street crime and that the thief is unlikely to have any knowledge or interest in the materials of your client. As a result, we expect and hope that they will be discarded without any harm. We regret this unfortunate incident, and both Mr. Sacksteder and I will be available to discuss this matter with you.

Please email me to suggest a time for a conference call, or call me on my cell phone so we can set something up. My number is (650) 892-1679.

Darryl Woo

--------------------------------------------------------

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

--------------------------------------------------------

ATTENTION:
The information contained in this message may be legally privileged and confidential. It is intended to be read only by the individual or entity to whom it is addressed or by their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or Fenwick & West LLP by

1

telephone at (650) 988-8500 and delete or destroy any copy of this message.

## Haight, Geri

| | |
|---|---|
| **From:** | Darryl Woo [DWoo@fenwick.com] |
| **Sent:** | Monday, June 05, 2006 6:40 PM |
| **To:** | Haight, Geri |
| **Cc:** | Michael Sacksteder; Hameline, Joe |
| **Subject:** | RE: Theft Report |

Geri,

Responding to your requests. As for a copy of the police report, the procedures of the San Francisco Police Department are such that an officer takes the information for the report (which is the procedure Mr. Sacksteder followed in this case), and the officer will then create a formal report at a later time. The officer who took the report told Mr.
Sacksteder that the report typically takes ten days to be made available, and when Mr. Sacksteder asked if the process could be expedited, he was told it could not be. As such, we do not yet have a copy of the report, but will forward a copy as soon as it becomes available.

The disc containing the source code was the original disk marked with production number SKY001597.3.

The printed source code pages were Mr. Sacksteder's copies of the printed pages that were marked as exhibits to Mr. Shor's deposition, copies of which you should have. These were the only printed pages that Mr. Sacksteder had with him.

Darryl

-----Original Message-----
From: Haight, Geri [mailto:GLHaight@mintz.com]
Sent: Monday, June 05, 2006 12:39 PM
To: Darryl Woo
Cc: Michael Sacksteder; Hameline, Joe
Subject: FW: Theft Report
Importance: High

Darryl - Our client is obviously quite upset and concerned about this incident. Please fax a copy of the police report to my attention today.
Also, can you confirm whether the CD containing the source code was encrypted? Please let me know the complete inventory of printed source code that was stolen.

Geri L. Haight| Attorney
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center | Boston, MA 02111
Phone: 617.348.1675 | Fax: 617.542.2241
E-mail: glhaight@mintz.com
Web: www.mintz.com

-
-----Original Message-----
From: Darryl Woo [mailto:DWoo@fenwick.com]
Sent: Saturday, June 03, 2006 7:12 PM
To: Hameline, Joe

1

Cc: Michael Sacksteder
Subject: Theft Report

Dear Joe:

We wanted to let you know as soon as possible of an unfortunate situation and can be available by phone later today or tomorrow to discuss this. As you probably know, my partner, Michael Sacksteder, was in Washington the last few days taking the deposition of Ofer Shore.

Mr. Shore was Skyline's designated Rule 30(b)(6) witness on the subject of Skyline's source code. As such, Mr. Sacksteder had brought with him a copy of the Skyline source code produced by your office in this litigation, as well as excerpts of the code that were used for examining the witness.

Mr. Sacksteder arrived home late last night from the deposition, and left his computer bag and brief case in the locked trunk of his car parked in front of his home overnight. Sometime between midnight and 9 a.m., Mr. Sacksteder's car was broken into, and those items, among others, were stolen from the car. In addition to his laptop computer and some personal items, Mr. Sacksteder's computer bag contained one of the copies of the Skyline source code that your firm produced to us on DVD, and the briefcase contained the printed source code excerpts that were marked as exhibits to Mr. Shor's deposition. None of these items had been left in sight; rather, they were inside the trunk.

Because of the obvious sensitivity of these materials, we wanted to let you know about this situation as soon as possible. Mr. Sacksteder has already filed a police report about the theft. All indications are that this was an ordinary street crime and that the thief is unlikely to have any knowledge or interest in the materials of your client. As a result, we expect and hope that they will be discarded without any harm. We regret this unfortunate incident, and both Mr. Sacksteder and I will be available to discuss this matter with you.

Please email me to suggest a time for a conference call, or call me on my cell phone so we can set something up. My number is (650) 892-1679.

Darryl Woo

--------------------------------------------------------

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be used, for the purpose of

(i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

--------------------------------------------------------

ATTENTION:
The information contained in this message may be legally privileged and confidential. It is intended to be read only by the individual or entity to whom it is addressed or by their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy of this message.

--------------------------------------------------------------

IRS CIRCULAR 230 NOTICE

In compliance with IRS requirements, we inform you that any U.S. tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties or in connection with marketing or promotional materials.

-----------------------------------------------------------

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify Mintz, Levin, Cohn, Ferris, Glovsky and Popeo immediately at either (617) 542-6000 or at ISDirector@Mintz.com, and destroy all copies of this message and any attachments. You will be reimbursed for reasonable costs incurred in notifying us.