# EXHIBIT E

## Carolyn Chang

**From:** Carolyn Chang
**Sent:** Wednesday, September 13, 2006 1:35 PM
**To:** 'Haight, Geri'; Hameline, Joe
**Cc:** Darryl Woo; Michael Sacksteder
**Subject:** Skyline v. Google: Claim Construction Meet and Confer

Geri and Joe -

Below is a summary of what we discussed during our meet and confer today. I understand you will be conferring with your clients and hopefully, we can reach some agreement on the list of terms to be construed by the Court.

1. **"downloading"** (claims 2-3, 7-9, 11, 13, 14, 16, 18-19, and 21-22)

Defendants' proposed construction of this term is "requesting over a network and receiving in local memory from a separate computer." Based on the proposed constructions exchanged by the parties, my understanding is that Skyline proposes the term be construed as "transferring from a remote server to a local computer."

2. **"succession of resolution levels"** (claim 2)
Defendants propose this term be construed as "in order of increasing resolution levels." Currently, Skyline does not have a proposed construction for this term. Please let me know if Skyline believes the term needs no construction, or if it will be providing a construction for this term.

We discussed the possibility of dropping the "level immediately higher . . . " phrase. I indicated that I think we can reach agreement on the "maximal existent resolution level on the server" phrase.

3. **"receiving from the renderer"** (claims 3, 7-9, 11, 13, 14, 16, 18-19, and 21-22)
The original phrase identified was "receiving from the renderer a plurality of coordinates in the terrain along with indication of a respective resolution level." As it seems the parties do not disagree with respect to the "plurality of coordinates in the terrain along with indication of a respective resolution level," we discussed perhaps dropping that clause.

4. **"plurality of coordinates being included in a plurality of respect distinct blocks"** (claim 3)
We discussed the competing constructions of this phrase and it seems the parties have a disagreement.

5. **"providing the renderer"** (claims 3, 7-9, 11, 13, 14, 16, 18-19, and 21-22)
The original phrase identified was "providing the renderer with first data block which includes data corresponding to at least some of the plurality of coordinates from a local memory." We discussed limiting the dispute to the "providing the renderer" phrase as that seems to be where the parties disagree.

We also discussed dropping or reaching some agreement on the the "data corresponding to a plurlaity of respective distinct blocks" phrase as any dispute would likely be resolved with construction of term #4, above.

6. **"downloading . . . if the provided block from local memory is not at the indicated resolution level"** (claims 3, 7-9, 11, 13-14, 16, 18-19, and 21-22)
Many of the identified claim terms include this limitation. We discussed the possibilty of resolving most of those issues and just having this clause construed.

We also discussed dropping the "wherein blocks of lower resolution levels are downloaded before blcosk of higher resolution levels."

7. **"when not downloading blocks required by the renderer"**
Defendants propose that this term be construed as "during periods of time when the local computer is not downloading data blocks describing three-dimensional terrain in response to the one or more coordinates provided by the renderer." Skyline proposes the term be construed as "when not downloading data for display of

9/27/2006

the current view." This appears to be a true dispute between the parties.

We discussed perhaps dropping or reaching an agreement on the "excess blocks not currently needed by the renderer" and the "fill up the local memory" phrase as the proposed constructions were similar.

8. "Internet"
This appeared to be a term for which the parties had a real dispute.

9. "substantially all the blocks surrounding a point in the terrain seen from the current viewpoint within a predetermined distance range"
The parties have different constructions; Defendants construes this to require "all sides" or directions, and Skyline's construction is limited to "one or more directions." You indicated you would check with your clients to see if any agreement could be reached as to this term.

We discussed either dropping or agreeing to a construction of "renders a view."

10. "from the first block up to a maximal level of blocks stored on the server that is not aboive the indicated resolution level"
The dispute centers around whether the level of the first block is included or not. You indicated you would give this term some further consideration.

11. "according to the order in which the coordinates were provided"
The parties' constructions differ in that Defendants propose "in the order in which the sets of coordiantes were provided" and Skyline proposes "in an order which corresponds to the order . . . " You indicated you would consider whether we could reach an agreement on these issues.

Finally, we discussed the fact that certain claims are just apparatus claims that implement the methods of certain other method claims, and therefore include the same limitations. Specifically, claim 18 implements the method of claim 7. Claim 19 implements the mehtod of claim 9. Claim 21 implements the method of claim 11. And claim 22 implements the method of claim 8.

I look forward to hearing from you.

Regards,
Carolyn

Carolyn Chang, Esq.
Fenwick & West LLP
801 California Street
Mountain View, CA 94041
(650) 335-7654 - direct
(650) 938-5200 - facsimile

9/27/2006

**Carolyn Chang**

| | |
|---|---|
| **From:** | Haight, Geri [GLHaight@mintz.com] |
| **Sent:** | Thursday, September 28, 2006 9:09 AM |
| **To:** | Carolyn Chang |
| **Cc:** | Haight, Geri; Hameline, Joe |
| **Subject:** | Claim Construction |

Hello Carolyn -

To follow-up on our conversation, we agree with your proposal to drop "from the first block up to the maximal resolution level ) (No. 10 in your email dated September 13th) as a disputed claim term.

With respect to the claim phrase "level immediately higher ..." (under No. 2 in your September 13th email), we agreed to drop this as a disputed claim term as well.

It appears that we still a dispute with respect to the term "Internet" despite your addition of the phrase "publicly available" to your proposed definition.

Finally, I have reviewed your draft motion to exceed the page limitation and Skyline agreed to join Defendants in making the request.

Please let me know if you have any additional comments or questions.


Geri L. Haight | Attorney
Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
One Financial Center | Boston, MA 02111
Phone: 617.348.1675 | Fax: 617.542.2241
E-mail: glhaight@mintz.com
Web: www.mintz.com


------------------------------------------------------------------

IRS CIRCULAR 230 NOTICE

In compliance with IRS requirements, we inform you that any U.S. tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of avoiding tax penalties or in connection with marketing or promotional materials.


------------------------------------------------------------------

STATEMENT OF CONFIDENTIALITY:
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, or the person responsible for delivering the e-mail to the intended recipient, be advised you have received this message in error and that any use, dissemination, forwarding, printing, or copying is strictly prohibited. Please notify Mintz, Levin, Cohn, Ferris, Glovsky and Popeo immediately at either (617) 542-6000 or at ISDirector@Mintz.com, and destroy all copies of

this message and any attachments. You will be reimbursed for reasonable costs incurred in notifying us.

9/29/2006