# **EXHIBIT E**

**Haight, Geri**

| | |
|---|---|
| **From:** | Carolyn Chang [CChang@fenwick.com] |
| **Sent:** | Wednesday, September 13, 2006 4:35 PM |
| **To:** | Haight, Geri; Hameline, Joe |
| **Cc:** | Darryl Woo; Michael Sacksteder |
| **Subject:** | Skyline v. Google: Claim Construction Meet and Confer |

Geri and Joe -

Below is a summary of what we discussed during our meet and confer today. I understand you will be conferring with your clients and hopefully, we can reach some agreement on the list of terms to be construed by the Court.

1. **"downloading"** (claims 2-3, 7-9, 11, 13, 14, 16, 18-19, and 21-22)

Defendants' proposed construction of this term is "requesting over a network and receiving in local memory from a separate computer." Based on the proposed constructions exchanged by the parties, my understanding is that Skyline proposes the term be construed as "transferring from a remote server to a local computer."

2. **"succession of resolution levels"** (claim 2)
Defendants propose this term be construed as "in order of increasing resolution levels." Currently, Skyline does not have a proposed construction for this term. Please let me know if Skyline believes the term needs no construction, or if it will be providing a construction for this term.

We discussed the possibility of dropping the "level immediately higher . . ." phrase. I indicated that I think we can reach agreement on the "maximal existent resolution level on the server" phrase.

3. **"receiving from the renderer"** (claims 3, 7-9, 11, 13, 14, 16, 18-19, and 21-22)
The original phrase identified was "receiving from the renderer a plurality of coordinates in the terrain along with indication of a respective resolution level." As it seems the parties do not disagree with respect to the "plurality of coordinates in the terrain along with indication of a respective resolution level," we discussed perhaps dropping that clause.

4. **"plurality of coordinates being included in a plurality of respect distinct blocks"** (claim 3)
We discussed the competing constructions of this phrase and it seems the parties have a disagreement.

5. **"providing the renderer"** (claims 3, 7-9, 11, 13, 14, 16, 18-19, and 21-22)
The original phrase identified was "providing the renderer with first data block which includes data corresponding to at least some of the plurality of coordinates from a local memory." We discussed limiting the dispute to the "providing the renderer" phrase as that seems to be where the parties disagree.

We also discussed dropping or reaching some agreement on the the "data corresponding to a plurlaity of respective distinct blocks" phrase as any dispute would likely be resolved with construction of term #4, above.

6. **"downloading . . . if the provided block from local memory is not at the indicated resolution level"** (claims 3, 7-9, 11, 13-14, 16, 18-19, and 21-22)
Many of the identified claim terms include this limitation. We discussed the possibilty of resolving most of those issues and just having this clause construed.

We also discussed dropping the "wherein blocks of lower resolution levels are downloaded before blcosk of higher resolution levels."

7. **"when not downloading blocks required by the renderer"**
Defendants propose that this term be construed as "during periods of time when the local computer is not downloading data blocks describing three-dimensional terrain in response to the one or more coordinates provided by the renderer." Skyline proposes the term be construed as "when not downloading data for display of

9/27/2006

the current view." This appears to be a true dispute between the parties.

We discussed perhaps dropping or reaching an agreement on the "excess blocks not currently needed by the renderer" and the "fill up the local memory" phrase as the proposed constructions were similar.

### 8. "Internet"
This appeared to be a term for which the parties had a real dispute.

### 9. "substantially all the blocks surrounding a point in the terrain seen from the current viewpoint within a predetermined distance range"
The parties have different constructions; Defendants construes this to require "all sides" or directions, and Skyline's construction is limited to "one or more directions." You indicated you would check with your clients to see if any agreement could be reached as to this term.

We discussed either dropping or agreeing to a construction of "renders a view."

### 10. "from the first block up to a maximal level of blocks stored on the server that is not aboive the indicated resolution level"
The dispute centers around whether the level of the first block is included or not. You indicated you would give this term some further consideration.

### 11. "according to the order in which the coordinates were provided"
The parties' constructions differ in that Defendants propose "in the order in which the sets of coordiantes were provided" and Skyline proposes "in an order which corresponds to the order . . . " You indicated you would consider whether we could reach an agreement on these issues.

Finally, we discussed the fact that certain claims are just apparatus claims that implement the methods of certain other method claims, and therefore include the same limitations. Specifically, claim 18 implements the method of claim 7. Claim 19 implements the mehtod of claim 9. Claim 21 implements the method of claim 11. And claim 22 implements the method of claim 8.

I look forward to hearing from you.

Regards,
Carolyn

Carolyn Chang, Esq.
Fenwick & West LLP
801 California Street
Mountain View, CA 94041
(650) 335-7654 - direct
(650) 938-5200 - facsimile

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

ATTENTION:
The information contained in this message may be legally privileged and confidential. It is intended to be read only by the individual or entity to whom it is addressed or by their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy of this message.

9/27/2006