# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKYLINE SOFTWARE SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> KEYHOLE, INC., and GOOGLE INC. <br><br> Defendants. | CIVIL ACTION NO. 04-11129 DPW <br> & 06-10980 DPW |

## DECLARATION OF SAUNDRA L. M. RILEY IN OPPOSITION TO SKYLINE'S MOTION TO COMPEL DEFENDANTS TO PRODUCE WITNESS FOR 30(B)(6) DEPOSITION

**(Select Exhibits Contain Confidential Information Pursuant To Stipulated Protective Order and Are Subject to a Motion File Under To Seal)**

Nelson G. Apjohn (BBO No. 020373)
**NUTTER McCLENNEN & FISH LLP**
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 439-2000
Fax: (617) 310-9000

Attorneys for Defendants and
Counterclaimants
KEYHOLE, INC. and GOOGLE INC.

Of Counsel
Darryl M. Woo, admitted *pro hac vice*
Michael J. Sacksteder, admitted *pro hac vice*
Heather N. Mewes, admitted *pro hac vice*
Carolyn Chang, admitted *pro hac vice*
Saundra L. M. Riley, admitted *pro hac vice*
**FENWICK & WEST LLP**
Embarcadero Center West
275 Battery Street
San Francisco, CA  94111
Tel.  (415) 875-2300
Fax  (415) 281-1350

I, Saundra L. M. Riley, declare and state as follows:

1.      I am an associate of Fenwick & West LLP, counsel for Defendants Keyhole, Inc. and Google Inc. in the above-captioned matter.  I make this declaration of my personal knowledge and can competently testify thereto if called upon to do so.

2.      Between June 1, 2006 and September 12, 2006, Defendants have produced witnesses for a total of ten depositions by Skyline as follows:

| Deponent | Deposition Date |
|---|---|
| Edward Ruben | May 31, 2006 |
| Philip Keslin | June 1, 2006 |
| John Hanke (the only non-engineer) | June 2, 2006 |
| Brian McClendon | June 6, 2006 |
| Mark Aubin | June 7, 2006 |
| Chikai Ohazama | June 8, 2006 |
| Michael Jones | June 26-27, 2006 |
| John Rohlf | June 28, 2006 |
| Francois Bailly | September 12, 2006 |

3.      Defendants produced Michael T. Jones to testify in his individual capacity and as Defendants' Rule 30(b)(6) designee on June 26-27, 2006.  Attached hereto as *Exhibit A* are true and correct copies of Skyline's Notice of Rule 30(b)(6) Deposition (dated May 4, 2006) and Amended Notice of Rule 30(b)(6) Deposition (dated June 20, 2006).  Defendants objected to the amended and initial notices and, without waiving their objections, agreed to produce a designee on select topics.  Attached hereto as *Exhibit B* are true and correct copies of Defendants' Objections to Skyline Software System, Inc.'s Notice of Rule 30(b)(6) Deposition (dated May 24, 2006) and Objections to Skyline Software System, Inc.'s Amended Notice of Rule 30(b)(6) Deposition (dated June 21, 2006).  Among other topics, Mr. Jones was designated as the representative to address Topic 2 of Skyline's initial and amended deposition notices as follows: "The design, structure, function, specification and operation of each of the Accused Products, including content and functionality of source code."

4.  On July 13, 2006, Skyline's counsel, Geri Haight, Esq., sent me a letter requesting that Defendants produce John Rohlf as a Rule 30(b)(6) deponent on Defendants' source code. Skyline claimed Mr. Jones lacked sufficient knowledge on the source code aspect relating to Topic 2 and requested Mr. Rohlf as a substitute Rule 30(b)(6) witness. Attached hereto as ***Exhibit C*** is a true and correct copy of the letter I received from Ms. Haight on July 13, 2006. At no time has Skyline challenged the adequacy of Mr. Jones' knowledge, preparation or testimony concerning any other Rule 30(b)(6) topic for which he was designated.

5.  During the five weeks following Ms. Haight's July 13, 2006 letter, the parties (including Ms. Haight, me and other counsel for the parties) continued to discuss many issues relating to this litigation. For instance, the parties addressed various discovery concerns, including document production and the scheduling of additional depositions. During the last two weeks of July, in particular, the parties were discussing the appropriate scope of the case and negotiating a new case schedule. It is my understanding, based on representations from Skyline's counsel, that Ms. Haight was out of the country for approximately the first two weeks of August and that she returned to the office on August 14, 2006.

6.  On August 21, 2006, I responded to Ms. Haight's letter requesting further Rule 30(b)(6) testimony. I explained that Defendants disagreed with Skyline's contention concerning the adequacy of Mr. Jones as a Rule 30(b)(6) witness on Google Earth source code. I invited Ms. Haight to "identify the specific matters regarding the source code about which it believe[d] Defendants ha[d] provided inadequate testimony." Attached hereto as ***Exhibit D*** is a true and correct copy of the letter I sent to Ms. Haight on August 21, 2006.

7.  On or about August 30, 2006, Ms. Haight sent me a further letter regarding Skyline's request for further Rule 30(b)(6) testimony. While Ms. Haight identified instances where Skyline considered Mr. Jones' testimony inadequate, she did not attempt to identify the subject areas regarding Defendants' source code about which Skyline sought further testimony. Attached hereto as ***Exhibit E*** is a true and correct copy of the letter I received from Ms. Haight on or about August 30, 2006.

8.     The parties scheduled a meet and confer teleconference for September 14, 2006. On September 14, 2006, I called Geri Haight to discuss Skyline's request for another Rule 30(b)(6) deposition on Defendants' source code.  I again requested that Ms. Haight identify with more particularity the alleged inadequacies with Mr. Jones' testimony and the proposed areas for further Rule 30(b)(6) testimony.  While Ms. Haight said Skyline was interested in the "client source code," she was "not prepared" to identify the areas of further inquiry and expressed that Defendants' request for more detail was "not reasonable."  She reiterated Skyline's position that Mr. Jones was an inadequate witness and that his proposal to look at the code would take too long and could not be completed in the seven hours allowed by the Federal Rules of Civil Procedure.  She also reiterated that, based on Mr. Jones' testimony, Mr. Rohlf was the key person familiar with the source code.  Ms. Haight confirmed Skyline's position in a letter later that day.  Attached hereto as *Exhibit F* is a true and correct copy of the letter I received from Ms. Haight on September 14, 2006.

9.     On Friday, September 15, 2006, my colleague, Darryl M. Woo, Esq., sent a letter to Ms. Haight responding to her September 14, 2006 letter and Skyline's demand for further Rule 30(b)(6) deposition.  In addition to addressing Skyline's demand and outlining Defendants' efforts to resolve the dispute and their concerns with Skyline's proposed resolution, Mr. Woo also indicated he would be available the following week "in the hopes" of resolving the dispute. Attached hereto as *Exhibit G* is a true and correct copy of the letter sent to Ms. Haight.

10.    On September 22, 2006, Skyline filed its Motion to Compel Defendants to Produce Witness for Rule 30(b)(6) Deposition ("Motion").  Between September 15, 2006 and September 22, 2006, Skyline did not contact Defendants regarding their continued attempts to address Skyline's demand.

11.    On August 22, 2006, Skyline served a further deposition notice pursuant to Rule 30(b)(6), independent of the notice at issue in its September 22, 2006 Motion. On September 20, 2006, two days prior to Skyline filing its Motion, Ms. Haight and I met and conferred on several discovery issues, including both parties further Rule 30(b)(6) deposition notices (which covered,

among other things, claims other than Claims 1 and 12 – those claims Skyline added to the action on June 6, 2006). We agreed to review and reconsider the scope of each party's further Rule 30(b)(6) deposition notice, discuss limitations on those topics, and then discuss the designees on those limited topics.

12. Attached hereto as *Exhibit H* (filed under seal) are true and correct copies of excerpts from the certified deposition transcript of Michael T. Jones, which was taken on June 26 and 27, 2006, and relevant portions of which were designated as "Highly Confidential" pursuant to the Stipulated Protective Order entered by this Court on May 22, 2006.

13. Attached hereto as *Exhibit I* (filed under seal) are true and correct copies of excerpts from the certified deposition transcript of Ofer Shor, which was taken on June 1, 2006, and relevant portions of which were designated as "Highly Confidential" pursuant to the Stipulated Protective Order entered by this Court on May 22, 2006.

14. Attached hereto as *Exhibit J* (filed under seal) are true and correct copies of excerpts from the certified deposition transcript of John Rohlf, which was taken on June 28, 2006, and relevant portions of which were designated as "Highly Confidential" pursuant to the Stipulated Protective Order entered by this Court on May 22, 2006.

15. Attached hereto as *Exhibit K* are true and correct copies of excerpts from the certified deposition transcript of Francois Bailly, which was taken on September 12, 2006.

16. Attached hereto as *Exhibit L* (filed under seal) are true and correct copies of excerpts from the certified deposition transcript of Philip Keslin, which was taken on June 1, 2006, and relevant portions of which were designated as "Highly Confidential" pursuant to the Stipulated Protective Order entered by this Court on May 22, 2006.

17. Attached hereto as *Exhibit M* (filed under seal) are true and correct copies of excerpts from the certified deposition transcript of Chikai Ohazama, which was taken on June 8, 2006, and relevant portions of which were designated as "Confidential" pursuant to the Stipulated Protective Order entered by this Court on May 22, 2006.

/ / /

18.     Attached hereto as ***Exhibit N*** (filed under seal) is a true and correct copy of the Expert Report (without exhibits and filed under seal) by Dinesh Manocha, Ph.D., Skyline's retained expert. I received the report, which was designated as "Highly Confidential," from Ms. Haight on or about July 10, 2006.

I declare under the penalty of perjury that the foregoing is true and correct and that the declaration was executed on the 6th day of October at Mountain View, California.

                    /s/ Saundra L. M. Riley
                    Saundra L. M. Riley

### Certificate of Service

I hereby certify that, on October 6th, 2006, I caused a true and accurate copy of the foregoing document to be served upon all counsel of record for each party by complying with this Court's Administrative Procedures for Electronic Case Filing.

By:    /s/ Saundra L. M. Riley
       Saundra L. M. Riley
       **FENWICK & WEST LLP**
       Embarcadero Center West
       275 Battery Street
       San Francisco, CA 94111
       Tel. (415) 875-2300
       Fax (415) 281-1350
       email: sriley@fenwick.com

       Attorneys for Defendants and
       Counterclaimants
       KEYHOLE, INC. and GOOGLE INC..