# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKYLINE SOFTWARE SYSTEMS, INC., )<br>  )<br>　　　Plaintiff, )<br>  )<br>v. )<br>  )<br>KEYHOLE, INC. and GOOGLE INC., )<br>  )<br>　　　Defendants. )<br>  ) | CIVIL ACTION NO. 04-11129-DPW |

### NOTICE OF RULE 30(B)(6) DEPOSITION

TO:　Nelson G. Apjohn
　　　Nutter McClennen & Fish LLP
　　　World Trade Center West
　　　155 Seaport Boulevard
　　　Boston, MA 02210

PLEASE TAKE NOTICE that pursuant to Rule 30(b) of the Federal Rules of Civil Procedure, Plaintiff Skyline Systems, Inc. will take the deposition upon oral examination of Defendant Keyhole, Inc. ("Keyhole") (collectively with Defendant Google Inc. ("Google") "Defendants" or "you") by or through person(s) designated by Keyhole to testify on its behalf regarding the topics set forth in Schedule A, attached. If more than one individual is designated for any one subject matter category, you shall specify each designee's name and the extent of knowledge of information set forth in the particular category for which you are designating that individual.

The deposition will take place on **Wednesday, May 24, 2006** beginning at 9:30 a.m. at the offices of Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111. The deposition shall be taken before a notary public in and for the

Commonwealth of Massachusetts, or before some other officer authorized to administer oaths.

The deposition may be videotaped and may include the real-time display of testimony (*i.e.*, LiveNote). You are invited to attend and cross-examine.

Respectfully submitted,

*/s/ Geri Haight/*

H. Joseph Hameline, BBO #218710
Geri L. Haight, BBO# 638185
MINTZ, LEVIN, COHN, FERRIS,
  GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Tel.: 617-542-6000
Fax: 617-542-2241

May 4, 2006

### Certificate of Service

I hereby certify that on May 4, 2006 a true copy of the above **Notice of Rule 30(b)(6) Deposition** was served upon the following individuals by facsimile and first class mail:

Nelson G. Apjohn
Nutter McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210

Darryl M. Woo
Fenwick & West LLP
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111

*/s/ Geri Haight/*
Geri L. Haight BBO # 638185

## EXHIBIT A

## PREAMBLE

The following terms shall be defined as follows for purposes of these requests:

1. The words "AND," "OR" and "AND/OR" should be construed disjunctively OR conjunctively as necessary to make the request inclusive rather than exclusive.

2. The words "ANY" or "ALL" shall both be construed to mean "any AND all."

3. Documents should be produced as kept in the usual course of business OR organized AND labeled to correspond with the number of EACH request to which a produced document is responsive.

4. File folders with tabs OR labels identifying documents called for by these requests must be produced intact with such documents.

5. Selection of documents from the files AND other sources AND the numbering of such documents shall be performed in such a manner as to enable the source AND original location of EACH document to be determined.

6. Documents attached to each other must not be separated.

7. Electronic records AND computerized information must be produced in an intelligible format OR together with a description of the system from which it was derived sufficient to permit the materials to be rendered intelligible.

8. In responding the following Requests, please produce ALL documents, communication and things in your possession, custody or control, regardless of whether such documents are possessed directly by you OR whether copies of such documents are also under a third party's control.

9. The term "document" is used herein in its customary broad sense to include without limitation the following items, whether printed or reproduced by any process, or written or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, namely: notes, letters, correspondence, communications, telegrams, e-mails, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations, diaries, reports, laboratory and research reports and notebooks, engineering notebooks, graphs, charts, plans, drawings, photographs, minutes or recordings of meetings, including directors' meetings, reports or summaries of interviews, reports or summaries of investigations, opinions or reports of consultants, reports of patent searches, patent appraisals, opinions of counsel, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of documents, data compilations, spreadsheets, flow charts, computer code, including executable and source code, Internet or website information and other data compilations, including those in electronic form, from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form, e-mail, electronically stored data, computer tapes or disks, computer printouts, computer directories, computer files and all material fixed in a tangible medium, including computers, of whatever kind known to or in the possession, custody and/or control of Defendants. The term "document" also includes all copies, which are not identical to the original. A draft or non-identical copy is a separate document within the meaning of this term.

10. If any document requested is withheld on the basis of privilege or work-product protection, please state the privilege or immunity being claimed and provide:

    (a) a general description of the document, including its name or title and whether any business or non-legal matter is discussed or contained therein;
    (b) the name and position of each individual or other person to whom the document, or a copy thereof, was sent;

  (c) the date of the document;
  (d) a description of any accompanying material transmitted with or attached to the document;
  (e) the number of pages in the document.

11. The term "Prior Art" includes without limitation the subject matter described in each subsection of 35 U.S.C. §§ 102 and 103.

12. The term "Keyhole" refers to Defendant Keyhole, Inc., and includes any and all of its parents or predecessors, subsidiaries, affiliates, officers, directors, agents, servants, employees, attorneys, and other representatives, or related entities.

13. The term "Google" refers to Google, Inc. and includes any and all of its parents or predecessors, subsidiaries, affiliates, officers, directors, agents, servants, employees, attorneys, and other representatives, and affiliated companies.

14. The term "Defendants" refers to Keyhole and Google.

15. "Skyline" means the Plaintiff Skyline Software Systems, Inc. and includes any and all of its parents or predecessors, subsidiaries, affiliates, officers, directors, agents, servants, employees, attorneys, and other representatives, or related entities.

16. The "Complaint" refers to the complaint filed by Skyline in the above captioned matter.

17. The "'189 Patent" means United States Patent No. 6,496,189 entitled "Remote Landscape Display and Pilot Training."

18. The "Accused Product(s)" and "accused product(s) and/or service(s)" refers to all products and/or services related to and/or incorporating the following Keyhole and/or Google products and/or services related to landscape display, and any product and/or service employing the client or server software and/or technology related to landscape display or acquisition, display and/or rendering of 3D terrain data of the following products and services: Earthviewer,

Keyhole LT, Keyhole NV, Keyhole Pro; Keyhole2 LT; Keyhole 2 NV; Keyhole2 Pro; Keyhole Enterprise Solutions, products including Keyhole's EarthStream technology, Keyhole 2 EC, Keyhole 2 FUSION LT, Keyhole 2 FUSION PRO, and Server, as well as Google Earth, Google Earth Plus, Google Earth Pro, and Google Earth Enterprise Solution (including Google Earth Fusion, Google Earth Server, and Google Earth Enterprise Client "EC") and any predecessor or successor products and related hardware and/or software and/or computer media.

## DEPOSITION TOPICS

1. Knowledge of the '189 Patent and all steps taken to analyze or avoid infringing it.

2. The design, structure, function, and operation of each of the Accused Products, including the content and functionality of the source code.

3. The structure and function of any system or device used by Keyhole to stream three dimensional terrain data over the Internet for display on a local computer.

4. The engineering, design, research or development of the Accused Products, or any other product or service having, employing, using, including, incorporating or enabling the Accused Products.

5. The advertising, marketing or promotion of Accused Products, or any other product or service having, employing, using, including, incorporating or enabling Accused Products.

6. The sale, offer for sale, licensing, distribution or use of the Accused Products, or any other product or service having, employing, using, including, incorporating or enabling the Accused Products including initial sales presentations, product demonstrations, proof concept evaluations, closing meetings and purchase process.

7. Any opinion(s) (including opinion(s) of counsel) received by Keyhole concerning the validity, enforceability and/or infringement of the Patents-in-Suit, or concerning the Accused Products and/or in any other product or service having, employing, using, including, incorporating and/or enabling the Accused Products.

8. The circumstance(s) (including dates) by which Keyhole first learned of the existence of the '189 Patent and/or Skyline's invention embodied by the '189 Patent.

9. All facts and circumstances forming the basis of Keyhole's denial of infringement and affirmative defense that Keyhole and/or Google have not infringed the '189 Patent.

10. All facts and circumstances forming the basis of Keyhole's affirmative defenses of laches, waiver and estoppel, and patent misuse.

11. All facts and circumstances forming the basis of Keyhole's affirmative defense and counterclaim of invalidity of the '189 Patent.

12. Any communication with third parties concerning or relating to Prior Art with respect to the '189 Patent.

13. The scope and content of any Prior Art that Keyhole contends render one or more claims of the '189 Patent invalid.

14. Any Prior Art study, search, or investigation made by or on behalf of Keyhole relating to the validity or enforceability of any of the claims of the '189 Patent.

15. The documents and/or things requested in **PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS KEYHOLE, INC. AND GOOGLE INC.**, including the location of such documents as they are kept in the ordinary course of business, the keeper of the requested documents in the ordinary course of business and the steps taken by Keyhole to respond to Skyline's document requests.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKYLINE SOFTWARE SYSTEMS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KEYHOLE, INC. and GOOGLE INC., )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 04-11129-DPW |

## AMENDED NOTICE OF RULE 30(B)(6) DEPOSITION

TO: Nelson G. Apjohn
Nutter McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210

PLEASE TAKE NOTICE that pursuant to Rule 30(b) of the Federal Rules of Civil Procedure, Plaintiff Skyline Systems, Inc. will take the deposition upon oral examination of **Defendant Keyhole, Inc. ("Keyhole") (collectively with Defendant Google Inc. ("Google") "Defendants" or "you")** by or through person(s) designated by Keyhole to testify on its behalf regarding the topics set forth in Schedule A, attached. If more than one individual is designated for any one subject matter category, you shall specify each designee's name and the extent of knowledge of information set forth in the particular category for which you are designating that individual.

The deposition will take place on **Tuesday, June 27, 2006** beginning at **9:30 a.m.** at the offices of **Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., 1400 Page Mill Road, Palo Alto, CA 94304**. The deposition shall be taken before a notary public in and for the

Commonwealth of Massachusetts, or before some other officer authorized to administer oaths.

The deposition may be videotaped and may include the real-time display of testimony (*i.e.*, LiveNote). You are invited to attend and cross-examine.

Respectfully submitted,

*/s/ H. Joseph Hameline/*

H. Joseph Hameline, BBO #218710
Geri L. Haight, BBO# 638185
MINTZ, LEVIN, COHN, FERRIS,
 GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, MA 02111
Tel.: 617-542-6000
Fax: 617-542-2241

June 20, 2006

### Certificate of Service

I hereby certify that on June 20, 2006 a true copy of the above **Amended Notice of Rule 30(b)(6) Deposition** was served upon the following individuals by facsimile and first class mail:

Nelson G. Apjohn
Nutter McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210

Darryl M. Woo
Fenwick & West LLP
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111

*/s/ Geri L. Haight/*
Geri L. Haight BBO # 638185

## EXHIBIT A

## PREAMBLE

The following terms shall be defined as follows for purposes of these requests:

1. The words "AND," "OR" and "AND/OR" should be construed disjunctively OR conjunctively as necessary to make the request inclusive rather than exclusive.

2. The words "ANY" or "ALL" shall both be construed to mean "any AND all."

3. Documents should be produced as kept in the usual course of business OR organized AND labeled to correspond with the number of EACH request to which a produced document is responsive.

4. File folders with tabs OR labels identifying documents called for by these requests must be produced intact with such documents.

5. Selection of documents from the files AND other sources AND the numbering of such documents shall be performed in such a manner as to enable the source AND original location of EACH document to be determined.

6. Documents attached to each other must not be separated.

7. Electronic records AND computerized information must be produced in an intelligible format OR together with a description of the system from which it was derived sufficient to permit the materials to be rendered intelligible.

8. In responding the following Requests, please produce ALL documents, communication and things in your possession, custody or control, regardless of whether such documents are possessed directly by you OR whether copies of such documents are also under a third party's control.

9.  The term "document" is used herein in its customary broad sense to include without limitation the following items, whether printed or reproduced by any process, or written or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery, namely: notes, letters, correspondence, communications, telegrams, e-mails, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations, diaries, reports, laboratory and research reports and notebooks, engineering notebooks, graphs, charts, plans, drawings, photographs, minutes or recordings of meetings, including directors' meetings, reports or summaries of interviews, reports or summaries of investigations, opinions or reports of consultants, reports of patent searches, patent appraisals, opinions of counsel, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of documents, data compilations, spreadsheets, flow charts, computer code, including executable and source code, Internet or website information and other data compilations, including those in electronic form, from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form, e-mail, electronically stored data, computer tapes or disks, computer printouts, computer directories, computer files and all material fixed in a tangible medium, including computers, of whatever kind known to or in the possession, custody and/or control of Defendants. The term "document" also includes all copies, which are not identical to the original. A draft or non-identical copy is a separate document within the meaning of this term.

10.  If any document requested is withheld on the basis of privilege or work-product protection, please state the privilege or immunity being claimed and provide:

    (a)    a general description of the document, including its name or title and whether any business or non-legal matter is discussed or contained therein;

    (b)    the name and position of each individual or other person to whom the document, or a copy thereof, was sent;

  (c) the date of the document;
  (d) a description of any accompanying material transmitted with or attached to the document;
  (e) the number of pages in the document.

11. The term "Prior Art" includes without limitation the subject matter described in each subsection of 35 U.S.C. §§ 102 and 103.

12. The term "Keyhole" refers to Defendant Keyhole, Inc., and includes any and all of its parents or predecessors, subsidiaries, affiliates, officers, directors, agents, servants, employees, attorneys, and other representatives, or related entities.

13. The term "Google" refers to Google, Inc. and includes any and all of its parents or predecessors, subsidiaries, affiliates, officers, directors, agents, servants, employees, attorneys, and other representatives, and affiliated companies.

14. The term "Defendants" refers to Keyhole and Google.

15. "Skyline" means the Plaintiff Skyline Software Systems, Inc. and includes any and all of its parents or predecessors, subsidiaries, affiliates, officers, directors, agents, servants, employees, attorneys, and other representatives, or related entities.

16. The "Complaint" refers to the complaint filed by Skyline in the above captioned matter.

17. The "'189 Patent" means United States Patent No. 6,496,189 entitled "Remote Landscape Display and Pilot Training."

18. The "Accused Product(s)" and "accused product(s) and/or service(s)" refers to all products and/or services related to and/or incorporating the following Keyhole and/or Google products and/or services related to landscape display, and any product and/or service employing the client or server software and/or technology related to landscape display or acquisition, display and/or rendering of 3D terrain data of the following products and services: Earthviewer,

Keyhole LT, Keyhole NV, Keyhole Pro; Keyhole2 LT; Keyhole 2 NV; Keyhole2 Pro; Keyhole Enterprise Solutions, products including Keyhole's EarthStream technology, Keyhole 2 EC, Keyhole 2 FUSION LT, Keyhole 2 FUSION PRO, and Server, as well as Google Earth, Google Earth Plus, Google Earth Pro, and Google Earth Enterprise Solution (including Google Earth Fusion, Google Earth Server, and Google Earth Enterprise Client "EC") and any predecessor or successor products and related hardware and/or software and/or computer media.

## DEPOSITION TOPICS

1. Knowledge of the '189 Patent and all steps taken to analyze or avoid infringing it.

2. The design, structure, function, and operation of each of the Accused Products, including the content and functionality of the source code.

3. The structure and function of any system or device used by Keyhole to stream three dimensional terrain data over the Internet for display on a local computer.

4. The engineering, design, research or development of the Accused Products, or any other product or service having, employing, using, including, incorporating or enabling the Accused Products.

5. The advertising, marketing or promotion of Accused Products, or any other product or service having, employing, using, including, incorporating or enabling Accused Products.

6. The sale, offer for sale, licensing, distribution or use of the Accused Products, or any other product or service having, employing, using, including, incorporating or enabling the Accused Products including initial sales presentations, product demonstrations, proof concept evaluations, closing meetings and purchase process.

7. Any opinion(s) (including opinion(s) of counsel) received by Keyhole concerning the validity, enforceability and/or infringement of the Patents-in-Suit, or concerning the Accused Products and/or in any other product or service having, employing, using, including, incorporating and/or enabling the Accused Products.

8. The circumstance(s) (including dates) by which Keyhole first learned of the existence of the '189 Patent and/or Skyline's invention embodied by the '189 Patent.

9. All facts and circumstances forming the basis of Keyhole's denial of infringement and affirmative defense that Keyhole and/or Google have not infringed the '189 Patent.

10. All facts and circumstances forming the basis of Keyhole's affirmative defenses of laches, waiver and estoppel, and patent misuse.

11. All facts and circumstances forming the basis of Keyhole's affirmative defense and counterclaim of invalidity of the '189 Patent.

12. Any communication with third parties concerning or relating to Prior Art with respect to the '189 Patent.

13. The scope and content of any Prior Art that Keyhole contends render one or more claims of the '189 Patent invalid.

14. Any Prior Art study, search, or investigation made by or on behalf of Keyhole relating to the validity or enforceability of any of the claims of the '189 Patent.

15. The documents and/or things requested in **PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS KEYHOLE, INC. AND GOOGLE INC.**, including the location of such documents as they are kept in the ordinary course of business, the keeper of the requested documents in the ordinary course of business and the steps taken by Keyhole to respond to Skyline's document requests.