# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKYLINE SOFTWARE SYSTEMS, INC., | |
| Plaintiff, | CIVIL ACTION NO. 04-11129 DPW |
| v. | |
| KEYHOLE, INC., and GOOGLE INC. | |
| Defendants. | |

## DEFENDANTS' OBJECTIONS TO SKYLINE SOFTWARE SYSTEMS, INC.'S NOTICE OF RULE 30(B)(6) DEPOSITION

Nelson G. Apjohn (BBO No. 020373)
**NUTTER McCLENNEN & FISH LLP**
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 439-2000
Fax: (617) 310-9000

Attorneys for Defendants and
Counterclaimants
KEYHOLE, INC. and GOOGLE INC.

Of Counsel
Darryl M. Woo, admitted *pro hac vice*
Michael J. Sacksteder, admitted *pro hac vice*
Carolyn Chang, admitted *pro hac vice*
Saundra L. M. Riley, admitted *pro hac vice*
**FENWICK & WEST LLP**
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111
Tel. (415) 875-2300
Fax (415) 281-1350

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Defendants Keyhole, Inc. and Google Inc. ("Defendants") respond to the Notice of Rule 30(B)(6) Deposition (the "Notice"), served by Plaintiff Skyline Software Systems, Inc. on or about May 4, 2006, in the above-referenced action now pending in the U.S. District Court for the District of Massachusetts, as follows:

## GENERAL OBJECTIONS

Defendants make the following general objections to Skyline's Notice:

1. Defendants object to all definitions, instructions, and deposition topics to the extent they seek information that is not relevant to a claim or defense in the above-captioned action, and specifically not conforming to the Court's phasing of discovery limited to liability (i.e., noninfringement/invalidity/unenforceability). Defendants further object to all definitions, instructions and deposition topics to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence.

2. Defendants object to all definitions, instructions, and deposition topics to the extent they purport to impose any requirement or obligation on Defendants beyond those set forth in the Federal Rules of Civil Procedure and any applicable local rules or orders of the Court.

3. Defendants object to all definitions, instructions, and deposition topics to the extent that they are overbroad, vague, ambiguous, unintelligible, fail to identify the information sought with reasonable particularity, and impose an undue burden on Defendants.

4. Defendants object to all definitions, instructions, and deposition topics to the extent they are violative of the right of privacy of Defendants' current or former employees or of third parties.

5. Defendants object to all definitions, instructions, and deposition topics to the extent they seek information containing confidential financial, proprietary or trade secret information (collectively "confidential information"). Defendants will only provide such information pursuant to the Stipulated Protective Order entered or to be entered in this matter ("Stipulated Protective Order").

6. Defendants further object to all definitions, instructions, and deposition topics to the extent they seek information containing confidential financial, proprietary or trade secret information of or relating to any third party, or information subject to a confidentiality agreement or protective order.

7. Defendants object to all definitions, instructions, and deposition topics to the extent they seek information protected by any privilege, including the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine or any other applicable privilege or immunity or restriction on discovery. Furthermore, Defendants object to the extent any definitions, instructions, or deposition topics seek to require Defendants' litigation counsel to log their work product or communications with their clients since the commencement of this litigation or in anticipation thereof, on the grounds of undue burden and oppression.

8. Defendants objects to all definitions, instructions, and deposition topics to the extent they seek information already in Skyline's possession, custody or control, are duplicative of discovery already propounded, are available to Skyline from some other source that is more convenient, less burdensome or less expensive, or are available to Skyline from public sources.

9. Defendants object to all definitions, instructions, and deposition topics to the extent that they seek information not known or reasonably available to Defendants.

10. Defendants object to paragraphs 3 – 10 of the Preamble as inapplicable to the Notice and deposition topics contained therein.

11. Defendants object to Skyline's definitions of "concerning," "Keyhole," "Google," and "Skyline," to the extent that they are inconsistent with the definitions set forth in Local Rule 26.5.

12. Defendants object to the extent that Skyline's definitions of "Accused Keyhole Product" and "accused product(s) and/or service(s)" (paragraph 18 of the Preamble) are vague and ambiguous. Defendants will interpret these phrases to refer to the specific software products

identified in paragraph 18 as follows: "Earthviewer, Keyhole LT, Keyhole NV, Keyhole Pro,

Keyhole2 LT, Keyhole 2 NV, Keyhole2 Pro, Keyhole Enterprise Solutions, Keyhole 2 EC,

Keyhole FUSION LT, Keyhole 2 FUSION PRO, Google Earth, Google Earth Plus, Google Earth

Pro, and Google Earth Enterprise Solution (including Google Earth Fusion, Google Earth Server,

and Google Earth Enterprise Client) and any predecessor or successor products and related

software services."

13. Defendants further object on the grounds that Skyline failed to meet and confer with

Defendants to identify a location, time, or date on which Defendants' representative(s) and

counsel for Defendants would be available.

14. Defendants further object on the grounds that the Notice is burdensome and unduly

expensive in that it purports to subject Defendants' witnesses who reside in California to a

deposition in Boston, Massachusetts. *See Fortune Management, Inc. v. Bly,* 118 F.R.D. 21, 22

(D. Mass 1987) (finding that "in general, the defendant in an action should be examined at his or

her residence or place of business or employment"); *see also Buzzeo v. Board of Educ.,* 178

F.R.D. 390, 392 (E.D.N.Y. 1998) ("Where a corporation is involved as a part to the litigation,

there is a general presumption in favor of conducting depositions of a corporation in its principal

place of business.").

15. Unless otherwise stated, Defendants shall provide responses according to its

reasonable interpretation of these deposition topics.  Defendants shall not be held accountable if

their reasonable interpretation of these deposition topics does not comport with the Skyline's

intention.

16. In responding to this Notice, Defendants do not concede the relevancy or materiality

of any of its subject matter.  Defendants' responses to this Notice are made expressly subject to

and without waiving any objections in any proceeding, including trial of this action, as to

competency, relevancy, materiality, or privilege of any of the issues referred to or the responses

given.

17. Defendants have not yet completed its investigation of the facts relating to this case. Any and all responses to this Notice are therefore based solely on information presently known or reasonably available to Defendants and Defendants reserve the right to conduct further discovery, investigation, and analysis, and to use at trial or any other proceeding evidence of any subsequently discovered facts or information.

18. Defendants incorporate the objections stated above into each and every response to the deposition topics identified separately below as though fully set forth therein.

## SPECIFIC OBJECTIONS

### DEPOSITION TOPIC NO. 1:

Knowledge of the '189 Patent and all steps taken to analyze or avoid infringing it.

### RESPONSE TO DEPOSITION TOPIC NO. 1:

Defendants incorporate by reference each of the General Objections set forth above as if fully set forth herein. Defendants also object on the ground that this topic is overly broad, unduly burdensome, and oppressive to the extent that it exceeds the scope of the Court's phasing of this case and discovery, limiting it, at this stage of the litigation, to liability on Skyline's claims, it seeks information that is not relevant to any claim or defense in this action, or not relevant to the current phase concerning liability. Defendants further object on the ground that this topic is vague, ambiguous, overbroad and/or unintelligible as to the meaning of the terms "knowledge" and "steps." Defendants further object to this topic to the extent is seeks information protected by any privilege, including the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.

Because the topic does not relate to any issue relevant to the liability phase of this action, defendants decline to designate a witness to testify concerning this topic at this time.

**DEPOSITION TOPIC NO. 2:**

The design, structure, function, and operation of each of the Accused Products, including the content and functionality of the source code.

**RESPONSE TO DEPOSITION TOPIC NO. 2:**

Defendants incorporate by reference each of the General Objections set forth above as if fully set forth herein. Defendants also object on the ground that this topic is overly broad, unduly burdensome, and oppressive to the extent that it is not limited to products alleged to be covered by the Patent-in-Suit, and to the extent that it seeks information that is not relevant to any claim or defense in this action. Defendants further object on the ground that this topic is vague, ambiguous, overbroad and/or unintelligible as to the meaning of the "Accused Product(s)" and "accused product(s) and/or services." Defendants will interpret these phrases as identified in General Objection No. 12. Defendants further object on the ground that this topic is vague, ambiguous, overbroad and/or unintelligible as to the meaning of the phrases "design, structure, function, and operation" and "content and functionality of the source code."

Subject to and without waiving the foregoing objections, Defendants will designate a witness concerning this topic.

**DEPOSITION TOPIC NO. 3:**

The structure and function of any system or device used by Keyhole to stream three dimensional terrain data over the Internet for display on a local computer.

**RESPONSE TO DEPOSITION TOPIC NO. 3:**

Defendants incorporate by reference each of the General Objections set forth above as if fully set forth herein. Defendants further object to this topic as exceeding the permissible scope of discovery by seeking information neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Defendants also object on the ground that this topic is overly broad, unduly burdensome, and oppressive to the extent that it is not limited to products alleged to be covered by the Patent-in-Suit, and to the extent that it seeks information

that is not relevant to any claim or defense in this action. Defendants will interpret this topic to reference the Accused Products identified in General Objection No. 12. Defendants further object on the ground that this topic is vague, ambiguous, overbroad and/or unintelligible as to the meaning of the phrases "any system or device" and "three dimensional terrain data," and the term "stream."

Subject to and without waiving the foregoing objections, Defendants will designate a witness concerning this topic.

**DEPOSITION TOPIC NO. 4:**

The engineering, design, research or development of the Accused Products, or any other product or service having, employing, using, including, incorporating or enabling the Accused Products.

**RESPONSE TO DEPOSITION TOPIC NO. 4:**

Defendants incorporate by reference each of the General Objections set forth above as if fully set forth herein. Defendants also object on the ground that this topic is overly broad, unduly burdensome, and oppressive to the extent that it is not limited to products alleged to be covered by the Patent-in-Suit, and to the extent that it seeks information that is not relevant to any claim or defense in this action. Defendants further object on the ground that this topic is vague, ambiguous, overbroad and/or unintelligible as to the meaning of the "Accused Product(s)" and "accused product(s) and/or services." Defendants will interpret these phrases as identified in General Objection No. 12.

Subject to and without waiving the foregoing objections, Defendants will designate a witness concerning this topic.

**DEPOSITION TOPIC NO. 5:**

The advertising, marketing or promotion of Accused Products, or any other product or service having, employing, using, including, incorporating or enabling Accused Products.

**RESPONSE TO DEPOSITION TOPIC NO. 5:**

Defendants incorporate by reference each of the General Objections set forth above as if

fully set forth herein. Defendants also object on the ground that this topic is overly broad, unduly burdensome, and oppressive to the extent that it exceeds the scope of the Court's phasing of this case and discovery, limiting it, at this stage of the litigation, to liability on Skyline's claims, and it seeks information that is not relevant to any claim or defense in this action, or not relevant to the current phase concerning liability. Defendants further object on the ground that this topic is vague, ambiguous, overbroad and/or unintelligible as to the meaning of the "Accused Product(s)" and "accused product(s) and/or services." Defendants will interpret these phrases as identified in General Objection No. 12. Defendants further object on the ground that this topic is vague, ambiguous, overbroad and/or unintelligible as to the meaning of the term "promotion."

Because the topic does not relate to any issue relevant to the liability phase of this action, defendants decline to designate a witness to testify concerning this topic at this time.

## DEPOSITION TOPIC NO. 6:

The sale, offer for sale, licensing, distribution or use of the Accused Products, or any other product or service having, employing, using, including, incorporating or enabling the Accused Products including initial sales presentations, product demonstrations, proof concept evaluations, closing meetings and purchase process.

## RESPONSE TO DEPOSITION TOPIC NO. 6:

Defendants incorporate by reference each of the General Objections set forth above as if fully set forth herein. Defendants also object on the ground that this topic is overly broad, unduly burdensome, and oppressive to the extent that it exceeds the scope of the Court's phasing of this case and discovery, limiting it, at this stage of the litigation, to liability on Skyline's claims, and it seeks information that is not relevant to any claim or defense in this action, or not relevant to the current phase concerning liability. Defendants further object on the ground that this topic is vague, ambiguous, overbroad and/or unintelligible as to the meaning of the "Accused Product(s)" and "accused product(s) and/or services." Defendants will interpret these phrases as identified in General Objection No. 12. Defendants further object on the ground that

this topic is vague, ambiguous, overbroad and/or unintelligible as to the meaning of the phrases "initial sales presentations," "proof concept evaluations," "closing meetings," and "purchase process."

Because the topic does not relate to any issue relevant to the liability phase of this action, defendants decline to designate a witness to testify concerning this topic at this time.

## DEPOSITION TOPIC NO. 7:

Any opinion(s) (including opinion(s) of counsel) received by Keyhole concerning the validity, enforceability and/or infringement of the Patents-in-Suit, or concerning the Accused Products and/or in any other product or service having, employing, using, including, incorporating and/or enabling the Accused Products.

## RESPONSE TO DEPOSITION TOPIC NO. 7:

Defendants incorporate by reference each of the General Objections set forth above as if fully set forth herein. Defendants also object on the ground that this topic is overly broad, unduly burdensome, and oppressive to the extent that it exceeds the scope of the Court's phasing of this case and discovery, limiting it, at this stage of the litigation, to liability on Skyline's claims, and it seeks information that is not relevant to any claim or defense in this action, or not relevant to the current phase concerning liability. Defendants further object on the ground that this topic is overly broad, unduly burdensome, and oppressive to the extent that it is not limited to products covered by the Patent-in-Suit, and to the extent that it seeks information that is not relevant to any claim or defense in this action. Defendants further object on the ground that this topic is vague, ambiguous, overbroad and/or unintelligible as to the meaning of the "Accused Product(s)" and "accused product(s) and/or services." Defendants will interpret these phrases as identified in General Objection No. 12. Defendants further object to this topic to the extent is seeks information protected by any privilege that has not yet been waived, including the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery. Defendants further object to this topic to the extent it prematurely seeks disclosure of Defendants' expert witnesses and/or expert

opinions.

Because the topic does not relate to any issue relevant to the liability phase of this action, defendants decline to designate a witness to testify concerning this topic at this time.

**DEPOSITION TOPIC NO. 8:**

The circumstance(s) (including dates) by which Keyhole first learned of the existence of the '189 Patent and/or Skyline's invention embodied by the '189 Patent.

**RESPONSE TO DEPOSITION TOPIC NO. 8:**

Defendants incorporate by reference each of the General Objections set forth above as if fully set forth herein. Defendants also object on the ground that this topic is overly broad, unduly burdensome, and oppressive to the extent that it exceeds the scope of the Court's phasing of this case and discovery, limiting it, at this stage of the litigation, to liability on Skyline's claims, and it seeks information that is not relevant to any claim or defense in this action, or not relevant to the current phase concerning liability. Defendants further object on the ground that this topic is vague, ambiguous, overbroad and/or unintelligible as to the meaning of the terms "circumstance(s)," and "invention." Defendants further object to this topic to the extent is seeks information protected by any privilege, including the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.

Because the topic does not relate to any issue relevant to the liability phase of this action, defendants decline to designate a witness to testify concerning this topic at this time.

**DEPOSITION TOPIC NO. 9:**

All facts and circumstances forming the basis of Keyhole's denial of infringement and affirmative defense that Keyhole and/or Google have not infringed the '189 Patent.

**RESPONSE TO DEPOSITION TOPIC NO. 9:**

Defendants incorporate by reference each of the General Objections set forth above as if fully set forth herein. Defendants also object on the ground that this topic is overly broad, unduly burdensome, and oppressive to the extent that it is not limited to products alleged to be

covered by the Patent-in-Suit, and to the extent that it seeks information that is not relevant to any claim or defense in this action. Defendants will interpret this topic to reference the Accused Products identified in General Objection No. 12. Defendants further object on the ground that this topic is vague, ambiguous, overbroad and/or unintelligible as to the meaning of the term "circumstances." Defendants further object to this topic to the extent is seeks information protected by any privilege, including the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery. Defendants further object to this topic to the extent it prematurely seeks disclosure of Defendants' expert witnesses and/or expert opinions.

Subject to and without waiving the foregoing objections, Defendants will designate a witness to testify concerning factual information known or reasonably available to defendants relating to this topic. Defendants will provide expert disclosure concerning this topic on the schedule set forth in the Stipulation Regarding Expert Reports filed in this action.

## DEPOSITION TOPIC NO. 10:

All facts and circumstances forming the basis of Keyhole's affirmative defenses of laches, waiver and estoppel, and patent misuse.

## RESPONSE TO DEPOSITION TOPIC NO. 10:

Defendants incorporate by reference each of the General Objections set forth above as if fully set forth herein. Defendants also object on the ground that this topic is overly broad, unduly burdensome, and oppressive to the extent that it is not limited to products covered by the Patent-in-Suit, and to the extent that it seeks information that is not relevant to any claim or defense in this action. Defendants further object on the ground that this topic is vague, ambiguous, overbroad and/or unintelligible as to the meaning of the term "circumstances." Defendants further object to this topic to the extent is seeks information protected by any privilege, including the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.

Subject to and without waiving the foregoing objections, Defendants will designate a

witness to testify concerning factual information known or reasonably available to defendants relating to this topic. Defendants will provide expert disclosure concerning this topic on the schedule set forth in the Stipulation Regarding Expert Reports filed in this action.

## DEPOSITION TOPIC NO. 11:

All facts and circumstances forming the basis of Keyhole's affirmative defense and counterclaim of invalidity of the '189 Patent.

## RESPONSE TO DEPOSITION TOPIC NO. 11:

Defendants incorporate by reference each of the General Objections set forth above as if fully set forth herein. Defendants also object on the ground that this topic is overly broad, unduly burdensome, and oppressive to the extent that it is not limited to the specific claims of the '189 Patent at-issue in this matter. Defendants will interpret this topic to reference claims 1 and 12 of the '189 Patent. Defendants further object on the ground that this topic is vague, ambiguous, overbroad and/or unintelligible as to the meaning of the term "circumstances." Defendants further object to this topic to the extent is seeks information protected by any privilege, including the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery. Defendants further object to this topic to the extent it prematurely seeks disclosure of Defendants' expert witnesses and/or expert opinions.

Subject to and without waiving the foregoing objections, Defendants will designate a witness as to factual information known or reasonably available to employees of Defendants concerning this topic. Defendants will provide expert disclosure concerning this topic on the schedule set forth in the Stipulation Regarding Expert Reports filed in this action.

## DEPOSITION TOPIC NO. 12:

Any communication with third parties concerning or relating to Prior Art with respect to the '189 Patent.

## RESPONSE TO DEPOSITION TOPIC NO. 12:

Defendants incorporate by reference each of the General Objections set forth above as if

fully set forth herein. Defendants also object on the ground that this topic is overly broad, unduly burdensome, and oppressive to the extent that it seeks information that is not relevant to any claim or defense in this action. Defendants further object on the ground that this topic is vague, ambiguous, overbroad and/or unintelligible as to the meaning of the phrases "third parties" and "concerning or relating to." Defendants further object to this topic to the extent it seeks confidential; such information will only be disclosed pursuant to the Stipulated Protective Order. Defendants further object to this topic to the extent is seeks information protected by any privilege, including the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery. Defendants further object to this topic to the extent it prematurely seeks disclosure of Defendants' expert witnesses and/or expert opinions.

Subject to and without waiving the foregoing objections, Defendants will designate a witness to testify concerning non-privileged, non-protected factual information known or reasonably available to defendants relating to this topic.

**DEPOSITION TOPIC NO. 13:**

The scope and content of any Prior Art that Keyhole contends render one or more claims of the '189 Patent invalid.

**RESPONSE TO DEPOSITION TOPIC NO. 13:**

Defendants incorporate by reference each of the General Objections set forth above as if fully set forth herein. Defendants also object on the ground that this topic is overly broad, unduly burdensome, and oppressive to the extent that it is not limited to the specific claims of the '189 Patent at-issue in this matter. Defendants will interpret this topic to reference claims 1 and 12 of the '189 Patent. Defendants further object on the ground that this topic is vague, ambiguous, overbroad and/or unintelligible as to the meaning of the phrase "scope and content." Defendants further object to this topic to the extent is seeks information protected by any privilege, including the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery. Defendants

further object to this topic to the extent it prematurely seeks disclosure of Defendants' expert witnesses and/or expert opinions.

Subject to and without waiving the foregoing objections, Defendants will designate a witness as to factual information known or reasonably available to employees of Defendants concerning this topic. Defendants will provide expert disclosure concerning this topic on the schedule set forth in the Stipulation Regarding Expert Reports filed in this action.

## DEPOSITION TOPIC NO. 14:

Any Prior Art study, search, or investigation made by or on behalf of Keyhole relating to the validity or enforceability of any of the claims of the '189 Patent.

## RESPONSE TO DEPOSITION TOPIC NO. 14:

Defendants incorporate by reference each of the General Objections set forth above as if fully set forth herein. Defendants also object on the ground that this topic is overly broad, unduly burdensome, and oppressive to the extent that it is not limited to the specific claims of the '189 Patent at-issue in this matter. Defendants will interpret this topic to reference claims 1 and 12 of the '189 Patent. Defendants further object on the ground that this topic is vague, ambiguous, overbroad and/or unintelligible as to the meaning of the phrases "Prior Art study, search, or investigation," and "relating to." Defendants further object to this topic to the extent it seeks confidential; such information will only be disclosed pursuant to the Stipulated Protective Order. Defendants further object to this topic to the extent is seeks information protected by any privilege that has not been waived, including the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery. Defendants further object to this topic to the extent it prematurely seeks disclosure of Defendants' expert witnesses and/or expert opinions.

Because this topic seeks discovery of protected work product, Defendants decline to designate a witness concerning this topic. To the extent that this topic seeks expert testimony, Defendants will provide expert disclosure concerning this topic on the schedule set forth in the Stipulation Regarding Expert Reports filed in this action.

## DEPOSITION TOPIC NO. 15:

The documents and/or things requested in **PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS KEYHOLE, INC. AND GOOGLE INC.,** including the location of such documents as they are kept in the ordinary course of business, the keeper of the requested documents in the ordinary course of business and the steps taken by Keyhole to respond to Skyline's document requests.

## RESPONSE TO DEPOSITION TOPIC NO. 15:

Defendants incorporate by reference each of the General Objections set forth above as if fully set forth herein. Defendants herein incorporate by reference their General Objections to Plaintiff's Request for Production of Documents and Things to Defendants Keyhole, Inc. and Google Inc. and their specific objections to each request therein. Defendants further object to this topic as exceeding the permissible scope of discovery by seeking information neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Defendants also object on the ground that this topic is overly broad, unduly burdensome, and oppressive to the extent that it exceeds the scope of the Court's phasing of this case and discovery, limiting it, at this stage of the litigation, to liability on Skyline's claims, it seeks information that is not relevant to any claim or defense in this action, or not relevant to the current phase concerning liability. Defendants also object on the ground that this topic is overly broad, unduly burdensome, and oppressive to the extent that it seeks testimony concerning the content or "keeper" of specific individual documents. Defendants further object to this topic to the extent is seeks information protected by any privilege, including the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.

Subject to and without waiving the foregoing objections, Defendants will designate a witness to testify concerning non-privileged, non-protected factual information concerning the location of the requested documents as they are kept in the ordinary course of business and the

steps taken by Keyhole to respond to Skyline's document requests, to the extent that such

information is known or reasonably available to defendants.

Dated: May 24, 2006

Respectfully submitted,

By: _____
Michael J. Sacksteder
**FENWICK & WEST LLP**
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111
Tel. (415) 875-2300
Fax (415) 281-1350
email: msacksteder@fenwick.com

Attorneys for Defendants and
Counterclaimants
KEYHOLE, INC. and GOOGLE INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy
of the above document was served upon
the attorney of record for each party by
hand / fax / Fed Ex / mail on 5/24/06.

By: _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

SKYLINE SOFTWARE SYSTEMS, INC.,

      Plaintiff,

   v.

KEYHOLE, INC., and
GOOGLE INC.

      Defendants.

CIVIL ACTION NO. 04-11129 DPW

---

## DEFENDANTS' OBJECTIONS TO SKYLINE SOFTWARE SYSTEMS, INC.'S AMENDED NOTICE OF RULE 30(B)(6) DEPOSITION

Nelson G. Apjohn (BBO No. 020373)
**NUTTER McCLENNEN & FISH LLP**
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 439-2000
Fax: (617) 310-9000

Attorneys for Defendants and
Counterclaimants
KEYHOLE, INC. and GOOGLE INC.

Of Counsel
Darryl M. Woo, admitted *pro hac vice*
Michael J. Sacksteder, admitted *pro hac vice*
Carolyn Chang, admitted *pro hac vice*
Saundra L. M. Riley, admitted *pro hac vice*
**FENWICK & WEST LLP**
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111
Tel. (415) 875-2300
Fax (415) 281-1350

Pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, Defendants Keyhole, Inc. and Google Inc. ("Defendants") respond to the Amended Notice of Rule 30(B)(6) Deposition (the "Notice"), served by Plaintiff Skyline Software Systems, Inc. on or about June 21, 2006, in the above-referenced action now pending in the U.S. District Court for the District of Massachusetts, as follows:

## GENERAL OBJECTIONS

Defendants make the following general objections to Skyline's Notice:

1.  Defendants object to all definitions, instructions, and deposition topics to the extent they seek information that is not relevant to a claim or defense in the above-captioned action, and specifically not conforming to the Court's phasing of discovery limited to liability (i.e., noninfringement/invalidity/unenforceability). Defendants further object to all definitions, instructions and deposition topics to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence.

2.  Defendants object to all definitions, instructions, and deposition topics to the extent they purport to impose any requirement or obligation on Defendants beyond those set forth in the Federal Rules of Civil Procedure and any applicable local rules or orders of the Court.

3.  Defendants object to all definitions, instructions, and deposition topics to the extent that they are overbroad, vague, ambiguous, unintelligible, fail to identify the information sought with reasonable particularity, and impose an undue burden on Defendants.

4.  Defendants object to all definitions, instructions, and deposition topics to the extent they are violative of the right of privacy of Defendants' current or former employees or of third parties.

5.  Defendants object to all definitions, instructions, and deposition topics to the extent they seek information containing confidential financial, proprietary or trade secret information (collectively "confidential information"). Defendants will only provide such information pursuant to the Stipulated Protective Order entered or to be entered in this matter ("Stipulated Protective Order").

6. Defendants further object to all definitions, instructions, and deposition topics to the extent they seek information containing confidential financial, proprietary or trade secret information of or relating to any third party, or information subject to a confidentiality agreement or protective order.

7. Defendants object to all definitions, instructions, and deposition topics to the extent they seek information protected by any privilege, including the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery. Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, the work product doctrine or any other applicable privilege or immunity or restriction on discovery. Furthermore, Defendants object to the extent any definitions, instructions, or deposition topics seek to require Defendants' litigation counsel to log their work product or communications with their clients since the commencement of this litigation or in anticipation thereof, on the grounds of undue burden and oppression.

8. Defendants objects to all definitions, instructions, and deposition topics to the extent they seek information already in Skyline's possession, custody or control, are duplicative of discovery already propounded, are available to Skyline from some other source that is more convenient, less burdensome or less expensive, or are available to Skyline from public sources.

9. Defendants object to all definitions, instructions, and deposition topics to the extent that they seek information not known or reasonably available to Defendants.

10. Defendants object to paragraphs 3 – 10 of the Preamble as inapplicable to the Notice and deposition topics contained therein.

11. Defendants object to Skyline's definitions of "concerning," "Keyhole," "Google," and "Skyline," to the extent that they are inconsistent with the definitions set forth in Local Rule 26.5.

12. Defendants object to the extent that Skyline's definitions of "Accused Keyhole Product" and "accused product(s) and/or service(s)" (paragraph 18 of the Preamble) are vague and ambiguous. Defendants will interpret these phrases to refer to the specific software products

identified in paragraph 18 as follows: "Earthviewer, Keyhole LT, Keyhole NV, Keyhole Pro, Keyhole2 LT, Keyhole 2 NV, Keyhole2 Pro, Keyhole Enterprise Solutions, Keyhole 2 EC, Keyhole FUSION LT, Keyhole 2 FUSION PRO, Google Earth, Google Earth Plus, Google Earth Pro, and Google Earth Enterprise Solution (including Google Earth Fusion, Google Earth Server, and Google Earth Enterprise Client) and any predecessor or successor products and related software services."

13. Defendants further object on the grounds that Skyline failed to meet and confer with Defendants to identify a location, time, or date on which Defendants' representative(s) and counsel for Defendants would be available.

14. Defendants further object on the grounds that the Notice is burdensome and unduly expensive in that it purports to subject Defendants' witnesses who reside in California to a deposition in Boston, Massachusetts. *See Fortune Management, Inc. v. Bly*, 118 F.R.D. 21, 22 (D. Mass 1987) (finding that "in general, the defendant in an action should be examined at his or her residence or place of business or employment"); *see also Buzzeo v. Board of Educ.*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998) ("Where a corporation is involved as a part to the litigation, there is a general presumption in favor of conducting depositions of a corporation in its principal place of business.").

15. Unless otherwise stated, Defendants shall provide responses according to its reasonable interpretation of these deposition topics. Defendants shall not be held accountable if their reasonable interpretation of these deposition topics does not comport with the Skyline's intention.

16. In responding to this Notice, Defendants do not concede the relevancy or materiality of any of its subject matter. Defendants' responses to this Notice are made expressly subject to and without waiving any objections in any proceeding, including trial of this action, as to competency, relevancy, materiality, or privilege of any of the issues referred to or the responses given.

17. Defendants have not yet completed its investigation of the facts relating to this case. Any and all responses to this Notice are therefore based solely on information presently known or reasonably available to Defendants and Defendants reserve the right to conduct further discovery, investigation, and analysis, and to use at trial or any other proceeding evidence of any subsequently discovered facts or information.

18. Defendants incorporate the objections stated above into each and every response to the deposition topics identified separately below as though fully set forth therein.

## SPECIFIC OBJECTIONS

### DEPOSITION TOPIC NO. 1:

Knowledge of the '189 Patent and all steps taken to analyze or avoid infringing it.

### RESPONSE TO DEPOSITION TOPIC NO. 1:

Defendants incorporate by reference each of the General Objections set forth above as if fully set forth herein.  Defendants also object on the ground that this topic is overly broad, unduly burdensome, and oppressive to the extent that it exceeds the scope of the Court's phasing of this case and discovery, limiting it, at this stage of the litigation, to liability on Skyline's claims, it seeks information that is not relevant to any claim or defense in this action, or not relevant to the current phase concerning liability.  Defendants further object on the ground that this topic is vague, ambiguous, overbroad and/or unintelligible as to the meaning of the terms "knowledge" and "steps."  Defendants further object to this topic to the extent is seeks information protected by any privilege, including the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.

Because the topic does not relate to any issue relevant to the liability phase of this action, defendants decline to designate a witness to testify concerning this topic at this time.

**DEPOSITION TOPIC NO. 2:**

The design, structure, function, and operation of each of the Accused Products, including the content and functionality of the source code.

**RESPONSE TO DEPOSITION TOPIC NO. 2:**

Defendants incorporate by reference each of the General Objections set forth above as if fully set forth herein. Defendants also object on the ground that this topic is overly broad, unduly burdensome, and oppressive to the extent that it is not limited to products alleged to be covered by the Patent-in-Suit, and to the extent that it seeks information that is not relevant to any claim or defense in this action. Defendants further object on the ground that this topic is vague, ambiguous, overbroad and/or unintelligible as to the meaning of the "Accused Product(s)" and "accused product(s) and/or services." Defendants will interpret these phrases as identified in General Objection No. 12. Defendants further object on the ground that this topic is vague, ambiguous, overbroad and/or unintelligible as to the meaning of the phrases "design, structure, function, and operation" and "content and functionality of the source code."

Subject to and without waiving the foregoing objections, Defendants will designate a witness concerning this topic.

**DEPOSITION TOPIC NO. 3:**

The structure and function of any system or device used by Keyhole to stream three dimensional terrain data over the Internet for display on a local computer.

**RESPONSE TO DEPOSITION TOPIC NO. 3:**

Defendants incorporate by reference each of the General Objections set forth above as if fully set forth herein. Defendants further object to this topic as exceeding the permissible scope of discovery by seeking information neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Defendants also object on the ground that this topic is overly broad, unduly burdensome, and oppressive to the extent that it is not limited to products alleged to be covered by the Patent-in-Suit, and to the extent that it seeks information

that is not relevant to any claim or defense in this action. Defendants will interpret this topic to reference the Accused Products identified in General Objection No. 12. Defendants further object on the ground that this topic is vague, ambiguous, overbroad and/or unintelligible as to the meaning of the phrases "any system or device" and "three dimensional terrain data," and the term "stream."

Subject to and without waiving the foregoing objections, Defendants will designate a witness concerning this topic.

**DEPOSITION TOPIC NO. 4:**

The engineering, design, research or development of the Accused Products, or any other product or service having, employing, using, including, incorporating or enabling the Accused Products.

**RESPONSE TO DEPOSITION TOPIC NO. 4:**

Defendants incorporate by reference each of the General Objections set forth above as if fully set forth herein. Defendants also object on the ground that this topic is overly broad, unduly burdensome, and oppressive to the extent that it is not limited to products alleged to be covered by the Patent-in-Suit, and to the extent that it seeks information that is not relevant to any claim or defense in this action. Defendants further object on the ground that this topic is vague, ambiguous, overbroad and/or unintelligible as to the meaning of the "Accused Product(s)" and "accused product(s) and/or services." Defendants will interpret these phrases as identified in General Objection No. 12.

Subject to and without waiving the foregoing objections, Defendants will designate a witness concerning this topic.

**DEPOSITION TOPIC NO. 5:**

The advertising, marketing or promotion of Accused Products, or any other product or service having, employing, using, including, incorporating or enabling Accused Products.

**RESPONSE TO DEPOSITION TOPIC NO. 5:**

Defendants incorporate by reference each of the General Objections set forth above as if

fully set forth herein. Defendants also object on the ground that this topic is overly broad, unduly burdensome, and oppressive to the extent that it exceeds the scope of the Court's phasing of this case and discovery, limiting it, at this stage of the litigation, to liability on Skyline's claims, and it seeks information that is not relevant to any claim or defense in this action, or not relevant to the current phase concerning liability. Defendants further object on the ground that this topic is vague, ambiguous, overbroad and/or unintelligible as to the meaning of the "Accused Product(s)" and "accused product(s) and/or services." Defendants will interpret these phrases as identified in General Objection No. 12. Defendants further object on the ground that this topic is vague, ambiguous, overbroad and/or unintelligible as to the meaning of the term "promotion."

Because the topic does not relate to any issue relevant to the liability phase of this action, defendants decline to designate a witness to testify concerning this topic at this time.

## DEPOSITION TOPIC NO. 6:

The sale, offer for sale, licensing, distribution or use of the Accused Products, or any other product or service having, employing, using, including, incorporating or enabling the Accused Products including initial sales presentations, product demonstrations, proof concept evaluations, closing meetings and purchase process.

## RESPONSE TO DEPOSITION TOPIC NO. 6:

Defendants incorporate by reference each of the General Objections set forth above as if fully set forth herein. Defendants also object on the ground that this topic is overly broad, unduly burdensome, and oppressive to the extent that it exceeds the scope of the Court's phasing of this case and discovery, limiting it, at this stage of the litigation, to liability on Skyline's claims, and it seeks information that is not relevant to any claim or defense in this action, or not relevant to the current phase concerning liability. Defendants further object on the ground that this topic is vague, ambiguous, overbroad and/or unintelligible as to the meaning of the "Accused Product(s)" and "accused product(s) and/or services." Defendants will interpret these phrases as identified in General Objection No. 12. Defendants further object on the ground that

this topic is vague, ambiguous, overbroad and/or unintelligible as to the meaning of the phrases "initial sales presentations," "proof concept evaluations," "closing meetings," and "purchase process."

Because the topic does not relate to any issue relevant to the liability phase of this action, defendants decline to designate a witness to testify concerning this topic at this time.

## DEPOSITION TOPIC NO. 7:

Any opinion(s) (including opinion(s) of counsel) received by Keyhole concerning the validity, enforceability and/or infringement of the Patents-in-Suit, or concerning the Accused Products and/or in any other product or service having, employing, using, including, incorporating and/or enabling the Accused Products.

## RESPONSE TO DEPOSITION TOPIC NO. 7:

Defendants incorporate by reference each of the General Objections set forth above as if fully set forth herein. Defendants also object on the ground that this topic is overly broad, unduly burdensome, and oppressive to the extent that it exceeds the scope of the Court's phasing of this case and discovery, limiting it, at this stage of the litigation, to liability on Skyline's claims, and it seeks information that is not relevant to any claim or defense in this action, or not relevant to the current phase concerning liability. Defendants further object on the ground that this topic is overly broad, unduly burdensome, and oppressive to the extent that it is not limited to products covered by the Patent-in-Suit, and to the extent that it seeks information that is not relevant to any claim or defense in this action. Defendants further object on the ground that this topic is vague, ambiguous, overbroad and/or unintelligible as to the meaning of the "Accused Product(s)" and "accused product(s) and/or services." Defendants will interpret these phrases as identified in General Objection No. 12. Defendants further object to this topic to the extent is seeks information protected by any privilege that has not yet been waived, including the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery. Defendants further object to this topic to the extent it prematurely seeks disclosure of Defendants' expert witnesses and/or expert

opinions.

Because the topic does not relate to any issue relevant to the liability phase of this action, defendants decline to designate a witness to testify concerning this topic at this time.

## DEPOSITION TOPIC NO. 8:

The circumstance(s) (including dates) by which Keyhole first learned of the existence of the '189 Patent and/or Skyline's invention embodied by the '189 Patent.

## RESPONSE TO DEPOSITION TOPIC NO. 8:

Defendants incorporate by reference each of the General Objections set forth above as if fully set forth herein. Defendants also object on the ground that this topic is overly broad, unduly burdensome, and oppressive to the extent that it exceeds the scope of the Court's phasing of this case and discovery, limiting it, at this stage of the litigation, to liability on Skyline's claims, and it seeks information that is not relevant to any claim or defense in this action, or not relevant to the current phase concerning liability. Defendants further object on the ground that this topic is vague, ambiguous, overbroad and/or unintelligible as to the meaning of the terms "circumstance(s)," and "invention." Defendants further object to this topic to the extent is seeks information protected by any privilege, including the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.

Because the topic does not relate to any issue relevant to the liability phase of this action, defendants decline to designate a witness to testify concerning this topic at this time.

## DEPOSITION TOPIC NO. 9:

All facts and circumstances forming the basis of Keyhole's denial of infringement and affirmative defense that Keyhole and/or Google have not infringed the '189 Patent.

## RESPONSE TO DEPOSITION TOPIC NO. 9:

Defendants incorporate by reference each of the General Objections set forth above as if fully set forth herein. Defendants also object on the ground that this topic is overly broad, unduly burdensome, and oppressive to the extent that it is not limited to products alleged to be

covered by the Patent-in-Suit, and to the extent that it seeks information that is not relevant to any claim or defense in this action. Defendants will interpret this topic to reference the Accused Products identified in General Objection No. 12. Defendants further object on the ground that this topic is vague, ambiguous, overbroad and/or unintelligible as to the meaning of the term "circumstances." Defendants further object to this topic to the extent is seeks information protected by any privilege, including the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery. Defendants further object to this topic to the extent it prematurely seeks disclosure of Defendants' expert witnesses and/or expert opinions.

Subject to and without waiving the foregoing objections, Defendants will designate a witness to testify concerning factual information known or reasonably available to defendants relating to this topic. Defendants will provide expert disclosure concerning this topic on the schedule set forth in the Stipulation Regarding Expert Reports filed in this action.

## DEPOSITION TOPIC NO. 10:

All facts and circumstances forming the basis of Keyhole's affirmative defenses of laches, waiver and estoppel, and patent misuse.

## RESPONSE TO DEPOSITION TOPIC NO. 10:

Defendants incorporate by reference each of the General Objections set forth above as if fully set forth herein. Defendants also object on the ground that this topic is overly broad, unduly burdensome, and oppressive to the extent that it is not limited to products covered by the Patent-in-Suit, and to the extent that it seeks information that is not relevant to any claim or defense in this action. Defendants further object on the ground that this topic is vague, ambiguous, overbroad and/or unintelligible as to the meaning of the term "circumstances." Defendants further object to this topic to the extent is seeks information protected by any privilege, including the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.

Subject to and without waiving the foregoing objections, Defendants will designate a

witness to testify concerning factual information known or reasonably available to defendants relating to this topic. Defendants will provide expert disclosure concerning this topic on the schedule set forth in the Stipulation Regarding Expert Reports filed in this action.

## DEPOSITION TOPIC NO. 11:

All facts and circumstances forming the basis of Keyhole's affirmative defense and counterclaim of invalidity of the '189 Patent.

## RESPONSE TO DEPOSITION TOPIC NO. 11:

Defendants incorporate by reference each of the General Objections set forth above as if fully set forth herein. Defendants also object on the ground that this topic is overly broad, unduly burdensome, and oppressive to the extent that it is not limited to the specific claims of the '189 Patent at-issue in this matter. Defendants will interpret this topic to reference claims 1 and 12 of the '189 Patent. Defendants further object on the ground that this topic is vague, ambiguous, overbroad and/or unintelligible as to the meaning of the term "circumstances." Defendants further object to this topic to the extent is seeks information protected by any privilege, including the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery. Defendants further object to this topic to the extent it prematurely seeks disclosure of Defendants' expert witnesses and/or expert opinions.

Subject to and without waiving the foregoing objections, Defendants will designate a witness as to factual information known or reasonably available to employees of Defendants concerning this topic. Defendants will provide expert disclosure concerning this topic on the schedule set forth in the Stipulation Regarding Expert Reports filed in this action.

## DEPOSITION TOPIC NO. 12:

Any communication with third parties concerning or relating to Prior Art with respect to the '189 Patent.

## RESPONSE TO DEPOSITION TOPIC NO. 12:

Defendants incorporate by reference each of the General Objections set forth above as if

fully set forth herein.  Defendants also object on the ground that this topic is overly broad, unduly burdensome, and oppressive to the extent that it seeks information that is not relevant to any claim or defense in this action.  Defendants further object on the ground that this topic is vague, ambiguous, overbroad and/or unintelligible as to the meaning of the phrases "third parties" and "concerning or relating to."  Defendants further object to this topic to the extent it seeks confidential; such information will only be disclosed pursuant to the Stipulated Protective Order.  Defendants further object to this topic to the extent is seeks information protected by any privilege, including the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.  Defendants further object to this topic to the extent it prematurely seeks disclosure of Defendants' expert witnesses and/or expert opinions.

Subject to and without waiving the foregoing objections, Defendants will designate a witness to testify concerning non-privileged, non-protected factual information known or reasonably available to defendants relating to this topic.

**DEPOSITION TOPIC NO. 13:**

The scope and content of any Prior Art that Keyhole contends render one or more claims of the '189 Patent invalid.

**RESPONSE TO DEPOSITION TOPIC NO. 13:**

Defendants incorporate by reference each of the General Objections set forth above as if fully set forth herein.  Defendants also object on the ground that this topic is overly broad, unduly burdensome, and oppressive to the extent that it is not limited to the specific claims of the '189 Patent at-issue in this matter.  Defendants will interpret this topic to reference claims 1 and 12 of the '189 Patent.  Defendants further object on the ground that this topic is vague, ambiguous, overbroad and/or unintelligible as to the meaning of the phrase "scope and content." Defendants further object to this topic to the extent is seeks information protected by any privilege, including the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.  Defendants

further object to this topic to the extent it prematurely seeks disclosure of Defendants' expert witnesses and/or expert opinions.

Subject to and without waiving the foregoing objections, Defendants will designate a witness as to factual information known or reasonably available to employees of Defendants concerning this topic. Defendants will provide expert disclosure concerning this topic on the schedule set forth in the Stipulation Regarding Expert Reports filed in this action.

## DEPOSITION TOPIC NO. 14:

Any Prior Art study, search, or investigation made by or on behalf of Keyhole relating to the validity or enforceability of any of the claims of the '189 Patent.

## RESPONSE TO DEPOSITION TOPIC NO. 14:

Defendants incorporate by reference each of the General Objections set forth above as if fully set forth herein. Defendants also object on the ground that this topic is overly broad, unduly burdensome, and oppressive to the extent that it is not limited to the specific claims of the '189 Patent at-issue in this matter. Defendants will interpret this topic to reference claims 1 and 12 of the '189 Patent. Defendants further object on the ground that this topic is vague, ambiguous, overbroad and/or unintelligible as to the meaning of the phrases "Prior Art study, search, or investigation," and "relating to." Defendants further object to this topic to the extent it seeks confidential; such information will only be disclosed pursuant to the Stipulated Protective Order. Defendants further object to this topic to the extent is seeks information protected by any privilege that has not been waived, including the attorney-client privilege, work product doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery. Defendants further object to this topic to the extent it prematurely seeks disclosure of Defendants' expert witnesses and/or expert opinions.

Because this topic seeks discovery of protected work product, Defendants decline to designate a witness concerning this topic. To the extent that this topic seeks expert testimony, Defendants will provide expert disclosure concerning this topic on the schedule set forth in the Stipulation Regarding Expert Reports filed in this action.

**DEPOSITION TOPIC NO. 15:**

The documents and/or things requested in **PLAINTIFF'S REQUESTS FOR**

**PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS KEYHOLE, INC.**

**AND GOOGLE INC.,** including the location of such documents as they are kept in the ordinary

course of business, the keeper of the requested documents in the ordinary course of business and

the steps taken by Keyhole to respond to Skyline's document requests.

**RESPONSE TO DEPOSITION TOPIC NO. 15:**

Defendants incorporate by reference each of the General Objections set forth above as if

fully set forth herein. Defendants herein incorporate by reference their General Objections to

Plaintiff's Request for Production of Documents and Things to Defendants Keyhole, Inc. and

Google Inc. and their specific objections to each request therein. Defendants further object to

this topic as exceeding the permissible scope of discovery by seeking information neither

relevant to this litigation nor reasonably calculated to lead to the discovery of admissible

evidence. Defendants also object on the ground that this topic is overly broad, unduly

burdensome, and oppressive to the extent that it exceeds the scope of the Court's phasing of this

case and discovery, limiting it, at this stage of the litigation, to liability on Skyline's claims, it

seeks information that is not relevant to any claim or defense in this action, or not relevant to the

current phase concerning liability. Defendants also object on the ground that this topic is overly

broad, unduly burdensome, and oppressive to the extent that it seeks testimony concerning the

content or "keeper" of specific individual documents. Defendants further object to this topic to

the extent is seeks information protected by any privilege, including the attorney-client privilege,

work product doctrine, common interest privilege, or any other applicable privilege, immunity,

or restriction on discovery.

Subject to and without waiving the foregoing objections, Defendants will designate a

witness to testify concerning non-privileged, non-protected factual information concerning the

location of the requested documents as they are kept in the ordinary course of business and the

steps taken by Keyhole to respond to Skyline's document requests, to the extent that such information is known or reasonably available to defendants.

Dated: June 2/, 2006

Respectfully submitted,

By: _____
Michael J. Sacksteder
**FENWICK & WEST LLP**
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111
Tel. (415) 875-2300
Fax (415) 281-1350
email: msacksteder@fenwick.com

Attorneys for Defendants and
Counterclaimants
KEYHOLE, INC. and GOOGLE INC.

**CERTIFICATE OF SERVICE**
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by hand// fax /)Fed Ex /(mail on 6/21/06.

By _____