# EXHIBIT D

**FENWICK & WEST LLP**

SILICON VALLEY CENTER

801 CALIFORNIA STREET | MOUNTAIN VIEW, CA 94041

TEL 650.988.8500 | FAX 650.938.5200 | WWW.FENWICK.COM

August 21, 2006

SAUNDRA L. M. RILEY

EMAIL SRILEY@FENWICK.COM
DIRECT DIAL (650) 335-7170

**VIA E-MAIL AND U.S. MAIL**

Geri L. Haight, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo PC
One Financial Center
Boston, MA 02111

Re: ***Skyline Software Systems, Inc. v. Keyhole, Inc.;***
USDC (MA) 04-11129-DPW

Dear Geri:

I write in response to your letter of July 13, 2006, in which Skyline requests the deposition of Francois Bailly and further depositions of Michael Jones and John Rohlf. Defendants will produce Mr. Bailly for deposition at your Palo Alto, California office. I understand that Skyline is not available on Defendants' proffered dates of August 25, 28, 29, or 30; I will coordinate additional proposed dates for early September and get back to you with those dates. Additionally, per your recent request, the portions of Defendants' production sourced to Mr. Bailly are the documents bearing Bates-labels GOOG 1098.0001-1279.0001 and GOOG 29486-29677.

From your letter, it appears you seek further deposition of Michael Jones because Skyline believes it is entitled to additional time with Mr. Jones, although it is unclear whether you request him in an individual capacity or as a corporate representative. Our records indicate Skyline has used over seven hours with Mr. Jones as a 30(b)(6) witness and over four hours with Mr. Jones as an individual witness. We will produce Mr. Jones for an additional three hours of deposition. We understand that Mr. Jones is out of the office until September 16 and are trying to coordinate a deposition date in mid-September after his return.

Skyline also asks Defendants to produce Mr. Rohlf again for deposition, having already taken a full day's examination of him. Skyline wants Mr. Rohlf to testify about the source code, arguing that Mr. Jones was not "an appropriate Rule 30(b)(6) witness" on the topic. Skyline has not cited any authority to the effect that Skyline may dictate to an opposing party who that party must designate as a Rule 30(b)(6) witness, and contrary to Skyline's claims, Mr. Jones was willing to and did competently testify regarding Defendants' source code. As you know, a Rule 30(b)(6) deposition is not a memory test, and it is unreasonable to expect any witness to know completely the entirety of the relevant source code, which contains tens of thousands of lines. Nonetheless, Skyline's examiner, Flavio Rose, asked Mr. Jones a number of questions

Geri L. Haight, Esq.
August 21, 2006
Page 2

about the source code and Mr. Jones provided competent responses to those inquiries. Any
remaining dissatisfaction with the responses stems from Skyline's own conduct. On more than
one occasion, Mr. Jones offered to review relevant portions of Defendants' source code to assist
him in responding to Skyline's particular questions; however, Skyline deposition examiner Mr.
Rose[1] declined to allow Mr. Jones to review the source code "because of the constraints of
deposition." *See, e.g.,* Deposition of Michael T. Jones at 418:18-419:15. Skyline also refused
Defendants' offer that they separately identify the location of files in the source code outside of
the deposition process to save time. Further, to the extent Skyline remained dissatisfied with Mr.
Jones' responses, evidently, because Mr. Jones helpfully identified Mr. Rohlf's superior
knowledge of some aspects of the source code, Skyline had the opportunity to follow up with
Mr. Rohlf on such matters during Mr. Rohlf's deposition the next day (June 28, 2006); however,
Skyline chose not to do so.

As such, Defendants have fully complied with the requirements of Rule 30(b)(6) and
Skyline has now also completed the depositions of the individuals who wrote the pertinent
portions of the Keyhole/Google source code, save perhaps for Mr. Bailly, whose deposition we
are attempting to schedule. Consequently, Defendants need not produce under Rule 30(b)(6)
anyone else to testify about the source code. Skyline cannot rely on its own refusal to provide
Mr. Jones with reasonable access to the source code and its failure to take up its questions with
Mr. Rohlf when those subject areas were clearly identified by Mr. Jones in order to manufacture
an excuse for more deposition time or to dictate to Defendants who they must designate as a
witness. If Skyline wishes to pursue this matter further, Defendants request that Skyline identify
the specific matters regarding the source code about which it believes Defendants have provided
inadequate testimony.

Sincerely,

FENWICK & WEST LLP

Saundra L. M. Riley

SMR:mrb

cc:    H. Joseph Hameline, Esq. (via email)
       Darryl M. Woo, Esq. (via email)
       Nelson Apjohn, Esq. (via email)

---

[1] Indeed, Skyline's "double-teaming" of Mr. Jones's deposition with two deposition examiners, Mr. Ibrahim Hallaj
and Mr. Rose, was improper and resulted in inefficiency.