# EXHIBIT E

# MINTZ LEVIN

Geri L. Haight | 617 348 1675 |
glhaight@mintz.com

One Financial Center
Boston, MA 02111
617-542-6000
617-542-2241 fax
www.mintz.com

AUGUST 30, 2006

VIA FIRST CLASS MAIL
& FACSIMILE

Saundra M. Riley, Esq.
Fenwick & West LLP
801 California Street
Mountain View, CA 94041

Re:   <u>Skyline Software Systems, Inc v. Keyhole, Inc. & Google Inc.</u>

Dear Saundra:

I write in response to your letter dated August 21, 2006.

We disagree with your position that Skyline may only depose Mr. Jones as an individual (as opposed to a Rule 30(b)(6) witness) for an additional three hours. Mr. Jones was noticed both as an individual deponent and was designated by Defendants as its Rule 30(b)(6) witness. As with the deposition of Skyline's witnesses who were noticed individually and were designated pursuant to Rule 30(b)(6), the depositions were conducted in parallel so as not to be duplicative (the wording of the question dictates whether it is directed toward the corporate entities or the individual). Indeed, even though Skyline's Ofer Shor was designated only as to one portion of a single Rule 30(b)(6) topic, Skyline produced him for a full day of testimony. In fact, when I suggested that Defendants were entitled only to a half day of testimony, Attorney Sacksteder stated that Defendants were entitled to a full day (at least) on the topic of source code alone, given the inherent complexities involved. Therefore, any time remaining under the Federal Rules for Mr. Jones' deposition is not (and cannot be) restricted merely to individual testimony. Rather, it follows on in the same manner as the depositions have been conducted to date.

I understand from your letter that Mr. Jones is "out of the office" until September 16th (a Saturday) and that you do not intend to provide us with proposed dates for his continued deposition until after that date. This is unacceptable. As you know, discovery closes on September 22nd. If you do not provide us with dates for Mr. Jones' continued deposition until after September 16th, it is unlikely that we will have adequate time to complete the deposition during the final week of the discovery period. Even though Mr. Jones has apparently been out of the office since the date of your letter (August 21st), I note that Mr. Jones was able to read and sign his deposition transcript and coordinate with Fenwick for service of that errata sheet during his absence. I assume, therefore, that Mr. Jones is equally able to provide you with dates of his availability for his continued deposition before September 16th. I also note that we requested Mr. Jones' continued deposition on July 13th. Surely a month and a half is sufficient time to

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

August 30, 2006
Page 2

determine dates of Mr. Jones's availability. Please provide us with proposed dates as quickly as possible.

We further disagree with your position on the adequacy of Mr. Jones as a Rule 30(b)(6) designee as to Defendants' source code. Skyline is not suggesting that Defendants' Rule 30(b)(6) is required to "know completely the entirety of the relevant source code, which contains tens of thousands of lines." The Rule requires that the witness be reasonably knowledgeable of the topic for which s/he is designated. Mr. Jones does not meet this threshold. Mr. Jones testified that he had not written any of the source code for the client (with the exception of one minor contribution) and had made an insignificant contribution to the source code for the server. See Jones Dep. Tr. at 251-52, 255 & 411. Perhaps most strikingly, Mr. Jones was thoroughly unprepared to be questioned on this topic, as he even admitted that he had not reviewed any of the code nor did he talk to any of Defendants' programmers in advance of the deposition (in stark contrast to Skyline's thoroughly prepared witness on source code) despite his lack of personal knowledge. Id. at 404-05.

Mr. Jones repeatedly testified that he could not answer questions about specifics of the source code. See, e.g., id. at 118, 251, 296-98, 321, 323 & 403-05. When Mr. Jones was asked to identify portions of the source code that related to certain functions, Mr. Jones testified: "I have no reason to think I could find one file out of thousands.... But I could look at a thousand and see if I find it." Id. at 297. Mr. Jones further testified that: "If I looked at all the source code, I would know the file when I saw it. I don't know that I would know what file it's in to go look for it." Id. at 251. Defendants' offer to have Mr. Jones "separately identify the locations of files in the source code outside of the deposition process to save time" (presumably in response to interrogatories) is meaningless. Defendants made this offer only in response to questions asking what files belong to certain broad subdivisions of the client code identified in the declaration Mr. Jones submitted in opposition to Skyline's Preliminary Injunction Motion. Because the identification of the subdivisions came from his declaration, it was necessary to have Mr. Jones testify as to his understanding, as well as to identify about the bases for his assertions. Moreover, when a person has not actually worked on a particular set of source code, and is seeing it for the first time at a deposition (like Mr. Jones), it will be difficult if not impossible for that witness to answer question about it. This includes not only questions about the location of files but also, for example, questions about what a variable is used for or what a particular routine does. As Mr. Jones himself testified, to understand the variable, one must look at how it is used, otherwise they are just "bins in which bytes are placed." Id. at 410.

In deferring responses to the questions poses by Skyline's counsel, Mr. Jones testified that John Rohlf was "the best witness on the source code." Id. at 251, 261, 297-98 & 404-06. Mr. Rohlf, however, was not designated as Defendants' Rule 30(b)(6) witness on this topic. That Mr. Rohlf was deposed the day following Mr. Jones' deposition is irrelevant. His testimony was not governed by Rule 30(b)(6) and is not binding on Defendants. We are clearly entitled to obtain binding testimony, governed by Rule 30(b)(6), from a witness as to the operation of the source code. If Mr. Jones cannot provide this testimony, than Mr. Rohlf (or another appropriate witness) must be produced immediately to testify under the provisions of Rule 30(b)(6) on this

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.

August 30, 2006
Page 3

topic. As with Skyline's Rule 30(b)(6) witness, Defendants' Rule 30(b)(6) designee should be prepared to testify about the source code for seven hours, as permitted under the Federal Rules.

Please let me know by no later than Tuesday, September 5th whether Defendants will designate Mr. Rohlf (or another appropriate witness) as their Rule 30(b)(6) witness as to the source code of the accused products so we have time within the remaining discovery period to raise this issue with the Court, if necessary.

Very truly yours,

Geri L. Haight

cc:   H. Joseph Hameline, Esq.

LIT 1584437v.2