# EXHIBIT G

# FENWICK & WEST LLP

EMBARCADERO CENTER WEST | 275 BATTERY STREET | SAN FRANCISCO, CA 94111

TEL 415.875.2300 | FAX 415.281.1350 | WWW.FENWICK.COM

September 15, 2006

DARRYL M. WOO

EMAIL DWOO@FENWICK.COM
DIRECT DIAL (415) 875-2368

**VIA FACSIMILE (617.542.2241)**

Geri L. Haight, Esq.
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo PC
One Financial Center
Boston, MA 02111

    Re:    *Skyline Software Systems, Inc. v. Keyhole, Inc.;*
             USDC (MA) 04-11129-DPW

Dear Geri:

    This will respond further to your letter of September 14, 2006 and prior letters requesting a further witness on "source code." I apologize for sending this out so late in the day, but I have been in a mediation on another matter today.

    We obviously disagree as to many things, including the proper use of Rule 30(b0(6). The Rule is not a facility to allow a party to take multiple depositions of a witness so as to get the same testimony twice, once as an individual and again as a corporate designee, which is what Skyline is attempting to do. Rather, the Rule is a means to insure that facts known to an organization may be elicited without having to depose witness after witness who may or may not have that information. But that is not how Skyline is attempting to use the Rule here. Instead, Skyline appears to be using the Rule as gamesmanship.

    As you know, the source code for Keyhole and Google Earth is very complex and consists literally of millions of lines of code. No one person can be expected to know every line of the code. Nevertheless, Mr. Jones was prepared to explain its operation, and to identify portions of the code that performed various functions. But Skyline did not pursue such questions, it did not allow Mr. Jones to look at the code except in limited circumstances, and neither did Skyline follow up on our offer to identify, post-deposition, those portions of the code that performed or were involved in various functions.

    Defendants also properly put up witnesses knowledgeable about source code and the operation of the accused products, and Skyline has deposed each of them. Skyline feigns that it has not been able to obtain testimony about "source code," but Skyline has deposed nearly every engineer who worked on the code. Skyline claims that it needs more testimony on the broad subject of "source code," but despite knowing how vast that code is, Skyline has refused to

Geri L. Haight, Esq.
September 15, 2006
Page 2

provide any specifics despite our reasonable attempts to find out what portion(s) out of the millions of lines of code Skyline thinks no witness has been able to cover, or to narrow or adequately identify the topic areas so that we can put up a witness that could better be prepared to address specific areas.

Skyline instead insists upon designating Mr. Rohlf as defendants' designee, but Skyline cites no authority for the ability of a hostile party to designate the opposing party's witness. Further, Skyline was told (under oath) about Mr. Rohlf's role and knowledge areas prior to his deposition, such that Skyline had every opportunity to examine him. But Skyline chose not to examine Mr. Rohlf on the code. Indeed, Skyline had every opportunity to examine Mr. Jones about any specific portion of the source code, but it chose not to, and even ended his deposition early. As such, if Skyline lacks knowledge about any specific area of the source code, it only has its own gamesmanship to fault.

Based on Skyline's pattern of conduct here, we are concerned that no witness that we provide will ever be able to satisfy Skyline's unarticulated requirements for an "adequate" Rule 30(b)(6) witness. Instead, no matter who we designate, Skyline will find something lacking in the witness's knowledge given the enormity of the source code, and continue to press for more and more deposition time. We have made every attempt to be reasonable and to put up witnesses to address any shortcomings perceived by Skyline, but Skyline will not be reasonable in telling us what areas on which it thinks it needs further testimony.

We will be available to discuss this further next week in the hopes of resolving this issue.

Sincerely,

FENWICK & WEST LLP

Darryl M. Woo